**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ERIC EUGENE CROWL, ) | |
| ) | **Case No:** 25-7707 |
| *Defendant-Appellant,* ) | |
| ) | **RESPONSE TO MOTION TO DISMISS** |
| v. ) | **APPEAL FOR LACK OF JURISDICTION** |
| ) | |
| PIERCE COUNTY REPUBLICAN PARTY ) | |
| ) | |
| *Plaintiff-Appellee.* ) | |
| ) | |

**COMES NOW, Appellant**, Eric Eugene Crowl, Appellant Eric Eugene Crowl, pro se, responds to Appellee's Motion to Dismiss Appeal for Lack of Jurisdiction (Dkt. 3) in opposition, as follows:

**I. INTRODUCTION**

Appellee's motion is premature, speculative, and meritless. Appellant has not yet filed his opening brief, which will fully define the issues on appeal. Appellee cannot know the precise scope of the appeal and thus cannot demonstrate lack of jurisdiction.

The motion misreads Washington's Uniform Public Expression Protection Act (UPEPA), which grants an immediate appeal as a matter of right from the denial of a special motion for expedited relief: "A moving party may appeal as a matter of right from an order denying, in whole or in part, a motion under RCW 4.105.020." RCW 4.105.080.

Appellee's reliance on Gopher Media LLC v. Melone, No. 24-2626 (9th Cir. Oct. 9, 2025) (en banc), is misplaced, as that decision expressly limits its holding to California's anti-SLAPP statute: "For the foregoing reasons, we overrule Batzel's holding, but we confine our en banc consideration to orders denying motions to strike under California's anti-SLAPP statute. We do not address the application of the collateral order doctrine to other states' anti-SLAPP statutes because those statutes are not currently before us." Gopher, slip op. at 21–22. It further ignores plain tenets of the Erie doctrine.

Appellee's conclusory assertions that the collateral-order doctrine is the only controlling framework allowing an appeal is further deficient. The motion should be denied.

## II. ARGUMENTS

**A. Appellee's Motion Is Premature and Speculative**: Appellee's motion rests entirely on speculation about what Appellant's opening brief will or will not contain. Appellant has not yet filed his brief, which is the document that defines the issues on appeal pursuant to Fed. R. App. P. 28(a)(8). Until the brief is filed, Appellee cannot know the exact scope of the appeal and thus cannot demonstrate that this Court lacks jurisdiction. Dismissal at this stage would be improper. See, e.g., In re Grand Jury Subpoena, 190 F.3d 375, 380 (9th Cir. 1999) (denying premature jurisdictional challenge where full record not yet developed).

Appellee's motion is also an improper attempt to force Appellant to reveal privileged work product prior to established deadlines. By demanding dismissal based on assumed appeal issues, Appellee seeks to compel a premature disclosure of Appellant's brief contents. This violates work-product protections under Fed. R. Civ. P. 26(b)(3) and Hickman v. Taylor, 329 U.S. 495, 510 (1947) (work product includes "mental impressions, conclusions, opinions, or legal theories" prepared in anticipation of litigation).

It should be further noted that interlocutory appeals can cover a variety of topics including abuses of judicial discretion, procedural abuses, deprivation of due process rights, misapplication of controlling law, failure of a court to adequately restrain litigants, and a variety of other issues. Appellant believes it is Appellee's intent to ramrod a default judgment against other parties, and obtain summary judgment against Appellant, in direct opposition to Appellant's rights of appeal — as noted and evidenced in Appellant's Emergency Motion. This motion (to dismiss) appears to echo this same intent.

**B. This Court Has Jurisdiction Under RCW 4.105.080's Statutory Right of Immediate Appeal**: Washington's UPEPA provides an immediate appeal as a matter of right from the denial of a special motion for expedited relief: "A moving party may appeal as a matter of right from an order denying, in whole or in part, a motion under RCW 4.105.020. The appeal must be filed not later than twenty-one days after entry of the order." RCW 4.105.080.

The district court denied Appellant's special motion for expedited relief (Dkt. 85) on December 3, 2025 (Dkt. 102). Appellant timely appealed on December 5, 2025 (Dkt. 109), within 21 days. This statutory language creates jurisdiction independent of the collateral-order doctrine. The Ninth Circuit has upheld similar state-specific interlocutory appeal rights. Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coal. of Life Activists, 290 F.3d 1058, 1070 (9th Cir. 2002) (en banc) (affirming immediate appealability of Oregon anti-SLAPP denial).

Appellee's argument that the Notice of Appeal must list every issue is incorrect. FRAP 3(c)(1)(B) requires the notice to "designate the judgment—or the appealable order—from which the appeal is taken," and Ninth Circuit law holds it does not forfeit issues not listed, as long as the order is designated: "The notice of appeal is liberally construed... and issues not listed in the notice are not waived if fairly raised in the briefs." McCarthy v. Mayo, 827 F.2d 1310, 1314 (9th Cir. 1987) (emphasis added). See also United States v. Arkison, 34 F.3d 756, 761 (9th Cir. 1994) (notice sufficient if it identifies the appealed order). The notice is a formality, not a waiver mechanism.

Appellee's position that UPEPA cannot provide an interlocutory appeal right in federal court under the Erie doctrine is also meritless. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), requires federal courts to apply state substantive law in diversity cases while using federal procedural rules, but when state law provides protections like UPEPA's immediate appeal and stay (RCW 4.105.080; 4.105.030(3)), those are substantive if they ensure "equivalent" outcomes to state proceedings—preventing forum-shopping and inequity (Erie, 304 U.S. at 74–75; United States ex rel. Newsham v.

Lockheed Missiles & Space Co., 190 F.3d 963, 973 (9th Cir. 1999), upholding California's anti-SLAPP statute in federal court as "equivalent" in anti-chilling effect). Appellee's selective invocation of state law (CPA without UPEPA's equivalent protections) violates Erie's core purpose of uniform application: "The Erie rule is rooted in part in a concern that federal courts apply different substantive law than state courts." Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 428 (1996). By asking the court to apply CPA without UPEPA's "equivalent" safeguards against meritless suits (e.g., 60-day hearing, RCW 4.105.040(1); appeal right, RCW 4.105.080), Appellee seeks an unfair advantage denied in state court—reversible error under de novo review, as Ninth Circuit precedent upholds state protections in federal proceedings (Makaeff v. Trump Univ., LLC, 715 F.3d 254, 261 (9th Cir. 2013), affirming California's anti-SLAPP equivalency).

**C. Gopher Media LLC v. Melone Is Inapplicable**: Appellee relies on Gopher Media LLC v. Melone, No. 24-2626 (9th Cir. Oct. 9, 2025) (en banc), which held that denials of California's anti-SLAPP motions are not appealable under the collateral-order doctrine. Gopher, slip op. at 1. But Gopher expressly limits its holding to California's statute: "We hold that the denial of a motion to strike under California's anti-SLAPP statute is not appealable under the collateral order doctrine." and "For the foregoing reasons, we overrule Batzel's holding, but we confine our en banc consideration to orders denying motions to strike under California's anti-SLAPP statute. We do not address the application of the collateral order doctrine to other states' anti-SLAPP statutes because those statutes are not currently before us." Gopher, slip op. at 1 (emphasis added); see also id. at 21–22 (repeatedly specifying "California's anti-SLAPP statute").

Washington's UPEPA is a different statute with an explicit statutory appeal right. Gopher does not apply and does not disturb RCW 4.105.080. In fact, no part of Washington's UPEPA law guaranteeing a right to interlocutory appeal has been overturned by any court.

**D. The Appeal Encompasses Intertwined Claims and All Parties**: The appeal is taken from orders denying Appellant's special motion for expedited relief under UPEPA incorporating summary judgment (Dkt. 85), motion to dismiss under Rule 41 (Dkt. 96), motion for summary judgment (Dkt. 87), second motion for summary judgment (Dkt. 92), first motion for reconsideration (Dkt. 104), and second motion for reconsideration (Dkt. 105), as resolved in Dkts. 102 and 108. These orders address intertwined merits issues (including the viability of Lanham Act and CPA claims) as well as significant procedural matters. UPEPA provides an immediate appeal as a matter of right from the denial of a special motion (RCW 4.105.080), and pendent appellate jurisdiction extends to the non-UPEPA summary-judgment, dismissal, and procedural rulings that are inextricably intertwined with the UPEPA issues (Batzel v. Smith, 333 F.3d 1018, 1024–25 (9th Cir. 2003)). The UPEPA stay is case-wide (RCW 4.105.030(3)), covering all claims and parties. See Appellant's Emergency Motion to Enforce Stay (with supporting authorities: Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982); RCW 4.105.030(3); Planned Parenthood v. Newman, 51 F.4th 1125 (9th Cir. 2022)).

**E. Appellee's Motion Warrants Scrutiny**: Appellee's motion misrepresents Gopher Media as controlling Washington law and speculates about the appeal's scope before Appellant's brief is filed. This conduct, combined with unauthorized post-stay contact (attached emails, December 5–10, 2025), warrants judicial notice. In re DeVille, 361 F.3d 539, 558 (9th Cir. 2004); Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815, 828 (9th Cir. 2009). Appellee's counsel, Conner Edwards, was warned by Appellant to withdraw the motion as speculative and omitting key facts, yet persisted, further evidencing contempt for this Court's jurisdiction and continued bad faith.

**F. Additional Grounds for Interlocutory Review**: Even if the UPEPA denial were not immediately appealable (which it is), the appealed orders present multiple additional grounds for interlocutory review. The district court's denials of summary judgment turned on pure legal questions (absence of "use in commerce" and protected political speech) and are reviewable under pendent appellate

jurisdiction as inextricably intertwined with the UPEPA denial (Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 51 (1995); Meredith v. Oregon, 321 F.3d 807, 813–14 (9th Cir. 2003)). The orders also present controlling questions of law as to which there is substantial ground for difference of opinion (e.g., application of UPEPA in federal court, scope of First-Amendment protection for political parody), and immediate appeal would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

Appellee may argue that interlocutory review requires district-court certification under 28 U.S.C. § 1292(b). That provision is inapplicable here. RCW 4.105.080 grants an appeal as a matter of right from the denial of a UPEPA special motion — no certification is required. The Ninth Circuit has long upheld similar state-created rights of immediate appeal in federal court. Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coal. of Life Activists, 290 F.3d 1058, 1070 (9th Cir. 2002) (en banc) (affirming immediate appealability of Oregon anti-SLAPP denial without § 1292(b) certification). Moreover, the Lanham Act summary-judgment denials present pure legal questions reviewable under pendent appellate jurisdiction as inextricably intertwined with the UPEPA denial. Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 51 (1995); Meredith v. Oregon, 321 F.3d 807, 813–14 (9th Cir. 2003). No district-court permission is needed.

The appellee's motion must be denied because Washington's UPEPA provides an explicit **"right of appeal as a matter of right"** from an order denying a special motion. RCW 4.105.080. This statutory right, which includes a mandatory **automatic stay** of all proceedings, is a **substantive immunity from suit** that confers **immediate jurisdiction upon this court** and **divests the district court of control**. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1920 (2023).

### III. CONCLUSION

Appellee's motion omits key facts about this case, speculates about the appeal's scope before Appellant's brief is filed, and relies on snippets of caselaw by omitting critical details that limit Gopher Media to California's anti-SLAPP statute while leaving Washington's UPEPA untouched. Appellant has already identified twenty-four independently dispositive issues, fifteen of which are subject to de novo review, five reviewed for abuse of discretion, and four for clear error — all arising from the two appealed orders (Dkts. 102 & 108) — and significantly prejudicing Appellant and the originating case's disposition. The motion to dismiss should be denied. The Emergency Motion to Enforce Stay Pending Appeal should be granted.

**DATED this 16th day of December, 2025**

**Respectfully Submitted,**

/s/ Eric Eugene Crowl

Appellant, Eric Eugene Crowl, Pro Se

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Certificate of Service

**9th Cir. Case Number:** 25-7707

**Case Name:** Eric Eugene Crowl v. Pierce County Republican Party

I certify that I served on the person(s) listed below, by [X] ACMS, a copy of the:

1. Response to Motion to Dismiss Appeal For Lack of Jursidiction

I further certify that Attorney Conner Edwards has consented to electronic service by e-mail, as an attorney-filer using ACMS, and was served these documents electronically.

**Signature:** _[signature]_  **Date:** 12/16/2025

**Persons served:**

Pierce County Republican Party (Plaintiff-Appellee)
c/o Attorney Conner Edwards
cg.edwards53@gmail.com