No. 25-7707

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PIERCE COUNTY REPUBLICAN PARTY,

Plaintiff-Appellee,

V.

ERIC EUGENE CROWL,

Defendant-Appellant.

On Appeal from the United States District Court
for the Western District of Washington
No. 3:25-cv-05251-BHS
Hon. Judge Benjamin H. Settle

## APPELLANT'S OPENING BRIEF

Eric Eugene Crowl
10002 112TH ST SW
LAKEWOOD, WA 98498

Appellant, Pro Se

# **TABLE OF CONTENTS**

Table of Authorities ............................................. [ii]

Jurisdictional Statement ........................................ [1]

Statement of the Issues ......................................... [3]

Statement of the Case ........................................... [4]

Summary of Argument ............................................. [11]

Standard of Review .............................................. [12]

Argument ........................................................ [19]

I. The District Court Erred in Denying Summary Judgment Because Plaintiff Failed to Produce Any Evidence on the Threshold Elements of Both Claims (Lanham Act and CPA), Warranting Reversal with Prejudice ........................... [22]

    A. No Evidence of "Use in Commerce" or "Trade or Commerce" – Dispositive Threshold Failure Under FRCP 56 Standards and Abitron ......................... [23]

    B. No Evidence of Voter Confusion or Causal Nexus to Any Harm – Plaintiff's Own Record Defeats Its Claims Under Sleekcraft and Yuga Labs .............. [22]

    C. Plaintiff's Post-Appeal Filings Confirm the Evidentiary Void and Bad Faith Pursuit ..................................................... [23]

II. The District Court Violated UPEPA by Failing to Hold a Mandatory Expedited Hearing and Apply the Two-Prong Burden-Shifting Framework ..................... [26]

III. The District Court Failed to Engage Controlling Authority Exempting Appellant's Non-Commercial Political Speech as Prima Facie Protected Public-Concern Expression and Overbroad Trademark Application ............................ [29]

IV. Unclean Hands, Laches, and Acquiescence Bar All Equitable Relief ........... [33]

V. Cumulative Non-Engagement with Appellant's Arguments and Evidence Created an Appearance of Partiality and Requires Reversal .............................. [36]

Conclusion ........................................................................................ [38]

Relief Requested ................................................................................ [41]

Certificate of Compliance ................................................................... [44]

Certificate of Service ......................................................................... [45]

## <u>TABLE OF AUTHORITIES</u>

**CONSTITUTIONS**

U.S. Const. Amend. I ................................................................. [27,28,33]

U.S. Const. Amend. V ................................................................. [24,34]

U.S. Const. Amend. XIV, § 1 ........................................................... [36]

Wash. Const. Art. I, § 3 .................................................................. [24]

Wash. Const. Art. I, § 5 .................................................................. [27]

Wash. Const. Art. I, § 10 ................................................................ [33]

**CASES**

Abitron Austria GmbH v. Hetronic International, Inc., 600 U.S. 412 (2023)

………………………………………………………………… [21,22]

AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979)

………………………………………… [11,13,17,23,33,35,37]

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) …………………… [10,13,16,23]

Ashcroft v. Iqbal, 556 U.S. 662 (2009) …………………………………… [12,14,22]

Batzel v. Smith, 333 F.3d 1018 (9th Cir. 2003) ……………………………… [8,25,28]

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ……………………………… [14,16,22]

Bosley Med. Inst. v. Kremer, 403 F.3d 672 (9th Cir. 2005)

…………………………………………………… [7,11,13,16,21,28,31,35]

Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026 (2001)

………………………………………………………………………… [37]

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ……………………………… [13,16,20,23]

Danjaq LLC v. Sony Corp., 263 F.3d 942 (9th Cir. 2001) …………………… [15,31,32]

Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938) ……………………………… [18,25,27]

First Nat'l Bank of Boston v. Bellotti, 435 U.S. 765 (1978) ……………… [15,17,22]

Frow v. De La Vega, 82 U.S. 552 (1872) ……………………………………… [37]

Gopher Media LLC v. Melone, No. 24-2626 (9th Cir. Oct. 9, 2025) (en banc)

…………………………………………………………………….. [8,9,18,25]

Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) …….. [10,26,36]

Haines v. Kerner, 404 U.S. 519 (1972) .................................................. [23,27,34,37]

Hangman Ridge Training Stables v. Safeco Title Ins. Co., 105 Wn.2d 778 (1986)

............................................................................ [11,14,21,28,36]

Heinemann v. Satterberg, 731 F.3d 914 (9th Cir. 2013) ...................... [23,25,32,35]

Hustler Magazine v. Falwell, 485 U.S. 46 (1988) .................................... [15,17,25]

Jack Daniel's Properties, Inc. v. VIP Products LLC, 599 U.S. 140 (2023)

.................................................................................................. [11,21,31]

Jha v. Khan, 26 Wn. App. 2d 84 (2023) ............................................. [13,18,22,26]

Keystone Driller Co. v. Gen. Excavator Co., 290 U.S. 240 (1933)

.................................................................................... [15,23,31,34]

Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118 (2014)

................................................................................ [13,14,22,23,25]

Liteky v. United States, 510 U.S. 540 (1994) ....................................... [5,15,27,37]

Makaeff v. Trump Univ., LLC, 715 F.3d 254 (9th Cir. 2013)

.................................................................................................. [18,25,27]

Matal v. Tam, 582 U.S. 218 (2017) .................................................. [7,11,28,35,38]

Mattel v. MCA Records, 296 F.3d 894 (9th Cir. 2002) ...................................... [31]

Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832 (9th Cir. 2001)

.................................................................................................. [13,14,23]

McIntyre v. Ohio Elections Comm'n, 514 U.S. 334 (1995) ..................... [15,17,25]

New Kids on the Block v. News Am. Publ'g Inc., 971 F.2d 302 (9th Cir. 1992)

……………………………………………………….. [21,28,30,31,38]

New York Times Co. v. Sullivan, 376 U.S. 254 (1964) ................................. [17,25]

Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963 (9th Cir. 1999)

…………………………………………………….................... [18,27]

Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27 (2009) ............ [13,16,22,24,25]

Planned Parenthood v. Newman, 51 F.4th 1125 (9th Cir. 2022) ............... [13,18,27]

Radiance Found. v. NAACP, 786 F.3d 316 (4th Cir. 2015) ................................ [31]

Sea-Pac Co. v. United Food Workers Local Union, 103 Wn.2d 800 (1985)

…………………………………………………….................... [17,38]

Seller Agency Council v. Kennedy Ctr., 621 F.3d 981 (9th Cir. 2010) ......... [15,34]

Short v. Demopolis, 103 Wn.2d 52 (1984) ............................... [16,17,21,24,28,36]

Snyder v. Phelps, 562 U.S. 443 (2011) ......................................... [15,17,22,25,31]

United States v. Williams, 553 U.S. 285 (2008) ................................................ [28]

Yuga Labs, Inc. v. Ripps, 104 F.4th 1125 (9th Cir. 2024) ............................. [23,24]

**STATUTES**

15 U.S.C. § 1117(a) ....................................................................... [25,32,38]

15 U.S.C. § 1125(a) .................................................................. [8,13,26,28,38]

28 U.S.C. § 455(a) .................................................................. [5,12,27,36,37]

28 U.S.C. § 1291 ...................................................................................... [1]

RCW 4.105 ................................................................... [26]

RCW 4.105.030(3) ....................................... [2,10,26,36]

RCW 4.105.040(1) ........................................ [26,38,45]

RCW 4.105.080 ...................................................... [1,2,28]

RCW 19.86 ............................................................. [8,19]

RCW 19.86.090 ............................................ [24,25,32]

**RULES**

Fed. R. App. P. 4(a)(1)(A) ................................... [1]

Fed. R. Civ. P. 12(b)(6) ................................... [7,11]

Fed. R. Civ. P. 56 ............................ [2,9,12,16,23,36,38]

Fed. R. Civ. P. 56(a) ................................... [13,19,20]

Fed. R. Civ. P. 56(d) ......................... [6,9,14,23,32,36]

## JURISDICTIONAL STATEMENT

This Court has jurisdiction under 28 U.S.C. § 1291 and Washington's Uniform Public Expression Protection Act (UPEPA), RCW 4.105.080, which provides that "[a] moving party may appeal as a matter of right from an order denying, in whole or in part, a motion under RCW 4.105.020." RCW 4.105.080. The district court denied Appellant's special motion for expedited relief incorporating summary judgment (Dkt. 85) on December 3, 2025 (Dkt. 102). Appellant timely filed his notice of appeal on December 5, 2025 (Dkt. 109), within 21 days under RCW 4.105.080 and 30 days under Fed. R. App. P. 4(a)(1)(A).

The appeal encompasses both state (CPA, RCW 19.86) and federal (Lanham Act, 15 U.S.C. § 1125(a)) claims, as the UPEPA motion and summary judgment motions resolved the merits of all claims against all defendants. The claims are identical across parties: false designation of origin and unfair competition arising from the same alleged conduct (nonprofit registration and social media posts). The district court's rulings necessarily adjudicated viability for all, including defaulted entities, as Appellee sought joint-and-several liability (Dkt. 15 ¶ 5.4). Pendent jurisdiction applies to intertwined issues (Batzel v. Smith, 333 F.3d 1018, 1024–25 (9th Cir. 2003)).

UPEPA's interlocutory appeal right survives recent Ninth Circuit precedent limiting California's anti-SLAPP statute. In Gopher Media LLC v. Melone, No. 24-

2626 (9th Cir. Oct. 9, 2025) (en banc), the court held that denials of California's CCP § 425.16 motions are not appealable under the collateral order doctrine because they are "inextricably intertwined with the merits" and reviewable post-judgment. Gopher, slip op. at 1. But Gopher expressly limits its holding to "California's anti-SLAPP statute" (id. at 21–22: "we confine our en banc consideration to orders denying motions to strike under California's anti-SLAPP statute. We do not address the application of the collateral order doctrine to other states' anti-SLAPP statutes because those statutes are not currently before us"). Washington's UPEPA, enacted in 2021 (RCW 4.105.080), explicitly provides for immediate appealability, and the Ninth Circuit has repeatedly upheld similar state anti-SLAPP interlocutory appeals where statutes mandate them (Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coal. of Life Activists, 290 F.3d 1058, 1070 (9th Cir. 2002) (en banc), affirming Oregon's version).

The UPEPA stay is automatic and case-wide: "If a special motion for expedited relief is filed, all proceedings between the moving party and responding party on the claim subject to the motion are stayed until the court disposes of the motion." RCW 4.105.030(3). All post-Dkt. 85 proceedings violate this stay, as does Plaintiff's continued filings after the appeal (Dkts. 112, 113).

The district court's refusal to grant summary judgment despite zero evidence on these essential elements is plain error of law. The claims fail entirely under FRCP

56, and reversal with prejudice is required.

## STATEMENT OF THE ISSUES

**1.** Whether the district court erred in denying summary judgment where Plaintiff produced no evidence of commercial activity, a dispositive element under both the Lanham Act and CPA.

**2.** Whether the district court violated UPEPA by failing to hold a mandatory expedited hearing and apply the two-prong burden-shifting framework.

**3.** Whether the district court abused its discretion by deferring summary judgment without FRCP 56(d) affidavit.

**4.** Whether the district court failed to engage controlling authority exempting non-commercial political speech from liability.

**5.** Whether Plaintiff's claims fail as a matter of law due to unclean hands, laches, and acquiescence from 61 years of delay in registering the mark.

**6.** Whether the district court's cumulative non-engagement with Appellant's arguments created an appearance of partiality requiring reversal.

**7.** Whether post-appeal filings violate the automatic stay and divestiture, evidencing continued abuse of process.

**8.** Whether the district court violated evidentiary standards by preferencing Plaintiff's mere statements over Defendant's affidavits.

**9.** Whether the district court erred by not applying case tests.

# STATEMENT OF THE CASE

This case arises from a public political dispute concerning governance, registration practices, and exclusionary conduct within the Pierce County Republican Party. Plaintiff-Appellee Pierce County Republican Party (PCRP), an unincorporated association under RCW 42.17A.005(6)(c), claims common-law rights to its name based on use since 1964 in non-commercial voter outreach and caucuses (Dkt. 15 ¶ 2.1; Dkt. 89-2 ¶ 4). Defendant-Appellant Eric Crowl, an individual and elected official serving as Precinct Committee Officer (PCO) in District 28-556 of the Republican Party, registered a nonprofit corporation with the identical name on March 4, 2025, after PCRP failed to do so despite 61 years of availability (Dkt. 49 ¶¶ 10–12). The Secretary of State approved the registration and denied PCRP's cancellation demand (Dkt. 112-2, Ex. B, p. 1).

The Pierce County Republican Party (PCRP) was used by Crowl and other voters in acts of active protest as an illustrative example to highlight significant gaps in Washington State law (Revised Code of Washington, or RCWs) regarding the formation and naming of county-level political party organizations, particularly unincorporated associations (in any capacity), as well as the administration and protection of service marks and trademarks by the Secretary of State (SOS) and related agencies. Washington statutes provide limited specific guidance on how county political parties form, operate, or exclusively claim names in their

unincorporated status (see, e.g., RCW 29A.80 on political parties generally, which focuses on state and major party structures without detailed county-level naming protocols), and trademark/service mark protections under RCW 19.77 are available for registration but do not automatically extend robust exclusive rights to long-standing unincorporated political entities absent formal filing – leaving room for disputes when one party incorporates the name after decades of unclaimed use. How these RCWs are applied in practice by state agencies, including SOS approval of entity names and denial of challenges, constitutes a prima facie matter of public interest and concern in the political sphere, as it directly implicates voter access to transparent party governance, participation in caucuses and outreach, and the ability to critique or reform perceived exclusionary practices within political organizations.

Crowl's 10-14 day social media posts reposted the SOS certificate with disclaimers, critiquing PCRP's delay and exclusionary practices (Dkt. 89-1, Ex. C, pp. 3–4). These posts constituted protected political speech and parody on matters of public concern, with public participation in open discussion forums where voters and members planned and engaged in lawful mockery and protest of Plaintiff's conduct. Further demonstrating his engagement with the public on this issue, Crowl hosted an X Space (live audio discussion) titled "Pierce County Republican Party - Media Availability," which directly referenced the naming issue at the center of the dispute – the very name registration issue – in its title and framing. This live session

invited public participation, allowed for real-time dialogue among voters, party members, and interested parties, and served as an additional public platform for Crowl to address concerns about PCRP's governance, the availability and registration of the name (for PCRP and any other unincorporated association of similar disposition), and related criticisms of exclusionary practices, thereby amplifying the political discourse and underscoring the public interest in the matter.

These combined actions – short-term social media postings and the interactive X Spaces – highlight the expressive, non-commercial nature of the speech aimed at critiquing a political organization's operations, Washington State law, and encouraging voter scrutiny and reform, all within the context of ongoing public debate about party transparency and name usage under state law. Plaintiffs were aware of this use and purpose, even having several of their members in attendance (and recording the space for, and later sharing it with, the PCRP Central Committee / Executive staff). In fact, the PCRP knew of this recording before filing this suit.

This direct knowledge and participation by PCRP members in the live, public discussion further demonstrates that Crowl's actions were part of transparent political engagement on a matter of core public concern – namely, the governance, inclusivity, and name-usage rights of a county political party – rather than any dubious or secretive or infringing commercial activity. The recording and internal sharing within PCRP leadership underscores the open, participatory nature of the

forum and negated any possible claims of surprise or lack of notice regarding the critique and the use of the name in this expressly political context.

Crowl challenged service (Dkts. 14, 29) and moved to dismiss under FRCP 12(b)(6) for no commerce and protected speech (Dkt. 41), citing Bosley Med. Inst. v. Kremer, 403 F.3d 672 (9th Cir. 2005) and Matal v. Tam, 582 U.S. 218 (2017). The court denied without analysis (Dkt. 102, pp. 3–4). Crowl then filed a UPEPA special motion for expedited relief incorporating summary judgment (Dkt. 85), supported by nine declarations proving non-commercial parody (Dkts. 32–39, 49), and two non-UPEPA SJ motions (Dkts. 87, 92), applying Sleekcraft factors (AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979)) and Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778 (1986). PCRP responded with speculation (Dkts. 88, 89, 93), misapplying Jack Daniel's Properties, Inc. v. VIP Products LLC, 599 U.S. 140 (2023), and admitting no commerce evidence (Dkt. 102, p. 5).

The district court denied all motions in Dkts. 102 and 108, deferring for discovery without FRCP 56(d) affidavit (p. 6), ignoring Appellant's authorities, and accepting PCRP's claims despite contradictions (e.g., their screenshots proving disclaimers, Dkt. 89-1, p. 3). Although this appeal is from Dkts. 102 and 108, the district court's handling from the outset reveals a consistent pattern that bears on the credibility of those rulings. From the denial of Crowl's Rule 12(b)(6) motion without engaging

controlling authority, to the entry of default against non-appearing corporate defendants while simultaneously deferring resolution of identical claims against the actively defending individual defendant, to the repeated acceptance of Plaintiff's conclusory filings without requiring the FRCP 56(d) affidavits necessary to justify discovery deferral, the district court exhibited a pattern of declining to apply controlling law, declining to address Crowl's cited authorities, and declining to hold Plaintiff to its evidentiary burdens. While these earlier rulings are not themselves before the Court, this background illustrates that the refusal to grant judgment on the undisputed absence of commercial activity in Dkts. 102 and 108 is not an isolated misapplication but part of a broader, prejudicial approach that denied Crowl the impartial adjudication to which he was entitled. See 28 U.S.C. § 455(a); Liteky v. United States, 510 U.S. 540, 555 (1994) (appearance of bias from cumulative rulings).

Crowl timely appealed (Dkt. 109), triggering UPEPA's automatic stay (RCW 4.105.030(3)). Despite notice (Dkt. 111), PCRP filed motions for summary judgment and default (Dkts. 112, 113), reiterating baseless theories like registration equaling commerce (Dkt. 112, p. 7) and demanding joint liability on Crowl (Dkt. 113, p. 6) – violations evidencing abuse of process. PCRP's counsel, Conner Edwards, continued unauthorized contact (attached emails, December 5–8, 2025), ignoring the stay and attempting JSR conferral, further demonstrating malice.

On January 22, 2026, the district court issued a Minute Order (Dkt. 118) terminating the pending motions (Dkts. 112, 113, 115) without decision and rebuking Appellee's counsel for improper ex parte contact with the Courtroom Deputy, warning that further improper emails would not be tolerated. The court acknowledged that the interlocutory appeal has delayed the case (referencing Dkt. 117) and will re-note the motions only if necessary after remand. This order confirms the stay/divestiture effect and evidences Appellee's counsel's continued bad faith, unpunished to date despite being an attorney.

The court's pattern of rulings – deferring despite zero evidence of commerce, confusion, or harm; ignoring Defendant's nine voter affidavits (Dkts. 32–39, 49) without FRCP 56(c)(4) analysis; accepting Plaintiff's speculation while rejecting Defendant's sworn evidence; failing to apply case tests like Hangman Ridge (105 Wn.2d 778 (1986)) for CPA and Sleekcraft (599 F.2d 341 (9th Cir. 1979)) for Lanham Act confusion; and preferring Plaintiff's conclusory statements over Defendant's affidavits – demonstrates disparate treatment of pro se filings (violating Haines v. Kerner, 404 U.S. 519 (1972)) and cumulative non-engagement with controlling law. This created an appearance of partiality under 28 U.S.C. § 455(a) and unnecessarily prolonged a case that should have been dismissed on the first summary judgment motion and under UPEPA.

Plaintiff's own newspaper article admits no plans to register the name and that it was "not something they do" – direct evidence of acquiescence and laches. Yet later affidavits and motions claimed Defendant's registration was "blocking" them from registering, causing injury – a self-contradictory position the court ignored. Plaintiff filed no grievance or dispute form with the SOS before suing, choosing litigation over available administrative remedies.

The court's pattern of rulings – deferring despite zero evidence of commerce, confusion, or harm; ignoring Defendant's nine voter affidavits (Dkts. 32–39, 49) without FRCP 56(c)(4) analysis; accepting Plaintiff's speculation while rejecting Defendant's sworn evidence; failing to apply case tests like Hangman Ridge (105 Wn.2d 778 (1986)) for CPA and Sleekcraft (599 F.2d 341 (9th Cir. 1979)) for Lanham Act confusion; and preferring Plaintiff's conclusory statements over Defendant's affidavits – demonstrates disparate treatment of pro se filings (violating Haines v. Kerner, 404 U.S. 519 (1972)) and cumulative non-engagement with controlling law. This created an appearance of partiality under 28 U.S.C. § 455(a) and unnecessarily prolonged a case that should have been dismissed on the first summary judgment motion and under UPEPA.

Plaintiff engaged in defamatory and malicious social media posts admitting the lawsuit's purpose was to cost Defendant time and money (Dkt 49 Exhibits) – direct evidence of abuse of process and bad faith. Even though the court was made

aware of these statements, the court declined to weigh such facts or consider such motives of malice in their decisions or even so much as acknowledge the prima facie intent.

The district court's refusal to grant summary judgment despite zero evidence on essential elements is plain error of law. The claims fail entirely under FRCP 56, and reversal with prejudice is required.

## **SUMMARY OF ARGUMENT**

The district court erred in denying summary judgment and UPEPA relief where Plaintiff produced no evidence of commercial activity, a dispositive element under both the Lanham Act and CPA. Plaintiff's claims fail at the threshold because the undisputed record – including Plaintiff's own admissions and evidence – establishes that Defendant's brief social media posts were non-commercial political speech and parody, protected by the First Amendment and exempt from liability. The court also violated UPEPA by failing to hold a mandatory expedited hearing within 60 days (RCW 4.105.040(1)) and apply the two-prong burden-shifting framework (RCW 4.105.030). Improper deferral without any FRCP 56(d) affidavit compounded these errors.

The court failed to engage controlling authority exempting non-commercial speech (Bosley Med. Inst. v. Kremer, 403 F.3d 672 (9th Cir. 2005); Matal v. Tam, 582 U.S. 218 (2017); New Kids on the Block v. News Am. Publ'g Inc., 971 F.2d 302

(9th Cir. 1992)) and ignored Plaintiff's self-contradictory evidence proving no impersonation or harm. Unclean hands, laches, and acquiescence from Plaintiff's 61-year delay bar equitable relief. Cumulative non-engagement with Defendant's arguments created an appearance of partiality.

Post-appeal filings (Dkts. 112, 113, 115), including attempts to impose joint-and-several liability and contempt, violate the automatic stay and divestiture (RCW 4.105.030(3); Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982)), evidencing continued abuse of process. The court rebuked this conduct (Dkt. 118, Jan. 22, 2026) but terminated motions without sanctions. Reversal, dismissal with prejudice, and remand for counterclaims and fees are required.

The court's refusal to apply controlling law unnecessarily delayed a case that should have been dismissed on the first summary judgment motion and under UPEPA. The complete absence of evidence on commercial use, confusion, or harm required judgment for Defendant under FRCP 56. The claims fail entirely, and reversal is mandated to correct plain errors of law and protect public-concern expression.

## **STANDARD OF REVIEW**

The Court reviews de novo the district court's denial of summary judgment, viewing the evidence in the light most favorable to the non-moving party and determining whether there is a genuine issue of material fact and whether the moving

party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

The Court reviews de novo the denial of a UPEPA special motion for expedited relief, as it involves questions of statutory interpretation, First Amendment protections, and the denial of the statutory right to an evidentiary hearing within 60 days (RCW 4.105.040(1)). RCW 4.105.030; Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coal. of Life Activists, 290 F.3d 1058, 1070 (9th Cir. 2002) (en banc) (de novo review of anti-SLAPP denials); Jha v. Khan, 26 Wn. App. 2d 84, 94 (2023). Any en banc implications (e.g., the limitation in Gopher Media LLC v. Melone, No. 24-2626 (9th Cir. Oct. 9, 2025) (en banc), confined to California's CCP § 425.16) are reviewed de novo as a question of law.

The Court reviews for abuse of discretion the district court's decision to defer ruling on summary judgment under FRCP 56(d). Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001).

The Court reviews de novo whether the district court applied the correct legal standards for the Lanham Act (15 U.S.C. § 1125(a)) and CPA (RCW 19.86.020), including the complete failure to apply the Sleekcraft confusion test (AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979)), the Hangman Ridge five-element test (Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778,

784 (1986)), and exemptions for non-commercial/political speech. Bosley Med. Inst. v. Kremer, 403 F.3d 672, 677 (9th Cir. 2005); Short v. Demopolis, 103 Wn.2d 52, 61 (1984).

The Court reviews de novo questions of unclean hands, laches, and acquiescence as equitable defenses. Danjaq LLC v. Sony Corp., 263 F.3d 942, 955 (9th Cir. 2001); Keystone Driller Co. v. Gen. Excavator Co., 290 U.S. 240, 245 (1933).

The Court reviews de novo whether cumulative rulings create an appearance of partiality or preferential treatment of one party under 28 U.S.C. § 455(a). Liteky v. United States, 510 U.S. 540, 555 (1994).

The Court reviews de novo whether the ministerial act of registering a nonprofit corporation constitutes protected speech under the First Amendment and applicable exemptions – and, especially (but not exclusively) when combined with other protected speech activities. Short v. Demopolis, 103 Wn.2d 52, 61 (1984) (ministerial filings not trade or commerce); Bosley Med. Inst. v. Kremer, 403 F.3d 672, 677 (9th Cir. 2005) (non-commercial speech exempt from Lanham Act).

The Court reviews de novo whether conducting public forum discussions about mismanagement of a political party (or how laws are applied or both) on social media constitutes protected speech. Snyder v. Phelps, 562 U.S. 443 (2011) (public-concern speech on matters of political or social importance); Hustler Magazine v. Falwell, 485 U.S. 46 (1988) (parody and criticism of public figures/organizations protected).

The Court reviews de novo whether organizing a protest on social media constitutes protected speech. Snyder v. Phelps, 562 U.S. 443 (2011); McIntyre v. Ohio Elections Comm'n, 514 U.S. 334 (1995) (anonymous political speech and protest organization protected).

The Court reviews de novo whether an individual or elected official organizing and conducting a protest with members of the public about a political party (or how laws are applied or both) qualifies as speech on a matter of public interest or concern. Snyder v. Phelps, 562 U.S. 443 (2011) (broad protection for speech on political or social issues); First Nat'l Bank of Boston v. Bellotti, 435 U.S. 765 (1978) (corporate/political association speech on public issues protected).

The Court reviews de novo whether summary judgment conversion and application of case/test standards are required upon denial of a UPEPA motion. RCW 4.105.030 (burden-shifting); Jha v. Khan, 26 Wn. App. 2d 84, 94 (2023) (UPEPA requires proper application of statutory standards).

The Court reviews de novo whether foundational and fundamental statutory rights afforded under UPEPA (including right to hearing, protection from meritless claims, and burden-shifting) can be ignored when the claim is heard in federal court. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938) (federal courts apply state substantive law in diversity); Makaeff v. Trump Univ., LLC, 715 F.3d 254 (9th Cir. 2013) (state anti-SLAPP procedural protections may apply if substantive).

The Court reviews de novo whether the district court properly weighed evidence under FRCP 56(c)(4) and (e) when rejecting nine sworn affidavits filed by Defendant from registered voters, members of Plaintiff's own organization, and elected officials, in contrast to a single affidavit from Plaintiff, based on unsubstantiated rumors and mere allegations (e.g., that Defendant does not know any of the declarants and that the declarants are made-up because they all closely affirm Defendant's narrative). FRCP 56(c)(4) (affidavits must be made on personal knowledge, admissible form, and set forth facts that would be admissible in evidence); Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986) (non-movant must produce admissible evidence to survive summary judgment); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (credibility determinations and weighing evidence are for the factfinder, not the court on summary judgment).

The Court reviews de novo whether the Lanham Act (15 U.S.C. § 1125(a)) requires trade or commerce to qualify as a valid claim for which relief may be granted. Bosley Med. Inst. v. Kremer, 403 F.3d 672, 677 (9th Cir. 2005) (non-commercial use falls outside Lanham Act jurisdiction); 15 U.S.C. § 1125(a)(1) (false designation requires use in commerce).

The Court reviews de novo whether the Washington CPA (RCW 19.86.020) requires trade or commerce to qualify as a valid claim for which relief may be granted. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d

778, 784 (1986) (CPA applies only to entrepreneurial or commercial conduct in trade or commerce); Short v. Demopolis, 103 Wn.2d 52, 61 (1984) (ministerial acts not trade or commerce).

The Court reviews de novo whether knowingly failing to protect an alleged exclusive trademark from use by other parties, then claiming injury from another party for not being able to register the mark for commercial use after publicly expressing no intent to do so, qualifies as malicious conduct. Keystone Driller Co. v. Gen. Excavator Co., 290 U.S. 240, 245 (1933) (unclean hands and malicious inequitable conduct bar equitable relief); Danjaq LLC v. Sony Corp., 263 F.3d 942, 955 (9th Cir. 2001) (laches and acquiescence from unreasonable delay and prejudice); RCW 4.24.350 (malicious prosecution requires lack of probable cause and improper purpose); Sea-Pac Co. v. United Food Workers Local Union, 103 Wn.2d 800 (1985) (abuse of process requires ulterior motive and misuse of process).

The Court reviews de novo whether Plaintiff's public statements of intent (from posts and pre-litigation threats) to cost Defendant time and money, when paired with un-triable claims (e.g., Lanham Act and CPA claims that fail to meet any standard of law), constitute prima facie evidence of malicious prosecution and defamation. RCW 4.24.350 (malicious prosecution requires lack of probable cause, malice, and improper purpose); Sea-Pac Co. v. United Food Workers Local Union, 103 Wn.2d 800 (1985) (abuse of process requires ulterior motive and misuse of process); New

York Times Co. v. Sullivan, 376 U.S. 254 (1964) (defamation requires actual malice for public figures/organizations); Hustler Magazine v. Falwell, 485 U.S. 46 (1988) (public-figure parody and criticism protected unless actual malice shown).

The Court reviews de novo whether the registration protest was protected speech on a matter of public interest or concern, including pointing out a gap or flaw in Washington state law (RCW) that permits registration of a name through the Secretary of State / Department of Revenue even when an unincorporated association simply "declares" its own name (as PCRP does under RCW 42.17A.005(6)(c)). The application, administration, and interpretation of Washington state law (RCW) in this context is prima facie a matter of public interest and concern. Snyder v. Phelps, 562 U.S. 443 (2011) (broad protection for speech on political, social, or public policy issues); First Nat'l Bank of Boston v. Bellotti, 435 U.S. 765 (1978) (speech on public issues, including criticism of statutory or regulatory gaps, is core protected expression); McIntyre v. Ohio Elections Comm'n, 514 U.S. 334 (1995) (political advocacy and protest concerning government processes and laws protected).

Appellant preserved all issues below through timely motions (Dkts. 41, 85, 87, 92), objections to Plaintiff's filings (Dkts. 50, 61), and responses to post-stay motions (Dkt. 111). No additional trial objections are required, as this is an interlocutory appeal from dispositive motion denials. Appellant further preserves all of the same,

or any additional, appeal rights upon final disposition of the case in the lower court if any other appeal should be necessary.

## ARGUMENTS

## I. THE DISTRICT COURT ERRED IN DENYING SUMMARY JUDGMENT ON THE COMPLETE ABSENCE OF COMMERCIAL ACTIVITY, A DISPOSITIVE ELEMENT UNDER BOTH THE LANHAM ACT AND CPA

The District Court committed a reversible error of law by failing to grant summary judgment despite its own express finding that "Plaintiff has not presented evidence of commercial activity by Defendant" (Dkt. 102, p. 5). Under Fed. R. Civ. P. 56(a), summary judgment is mandatory when a non-moving party fails to produce admissible evidence on an essential element of their claim for which they bear the burden of proof at trial. Because "use in commerce" is a jurisdictional and substantive threshold for both the Lanham Act (15 U.S.C. § 1125(a)) and the Washington Consumer Protection Act (RCW 19.86), the total evidentiary void regarding any "trade," "entrepreneurial," or "commercial" conduct by Appellant should have resulted in an immediate dismissal with prejudice. By deferring judgment for "discovery" without the mandatory Rule 56(d) affidavit and ignoring Appellant's nine sworn voter declarations confirming the purely political nature of

1  the protest, the court allowed a meritless suit to proceed in violation of controlling

2  Ninth Circuit and Supreme Court precedent.

3  **A. Plaintiff's Lanham Act and CPA claims fail as a matter of law because the**

4  **record contains no admissible evidence of the threshold "use in commerce"**

5  **element.**

6  The district court's finding that "Plaintiff has not presented evidence of

7  commercial activity by Defendant" (Dkt. 102, p. 5) required entry of summary

8  judgment for Defendant under FRCP 56(a). Celotex Corp. v. Catrett, 477 U.S. 317,

9  322–23 (1986) (summary judgment mandatory when non-movant fails to produce

10  evidence on essential element). Plaintiff's claims rest on Defendant's March 4, 2025,

11  nonprofit registration (Dkt. 15 ¶ 3.3) and 10–14 days of social media posts (id. ¶ 2.3)

12  – activities the record conclusively proves were non-commercial political speech.

13  Plaintiff's own evidence establishes non-commercial use. Chairman McMullan's

14  declaration admits PCRP's activities are "non-commercial donations" and voter

15  outreach (Dkt. 89-2 ¶ 4). Defendant's nine sworn declarations from registered and

16  eligible voters of Washington State (Dkts. 32–39, 49), some of whom are members

17  of Plaintiff's organization, confirm no goods, services, donations, or revenue under

18  the name (Dkts. 32–39 ¶ 3 each; Dkt. 49 ¶¶ 15–17). Plaintiff's screenshots show

19  posts reposting the SOS Certificate of Formation with disclaimers (Dkt. 89-1, pp. 3–

4) – transparent criticism of Plaintiff's registration delay, not commercial solicitation.

The Lanham Act exempts such speech (Bosley Med. Inst. v. Kremer, 403 F.3d 672, 677 (9th Cir. 2005) – "non-commercial speech … falls outside the jurisdiction" of § 1125(a)). The CPA similarly requires "entrepreneurial" acts in trade or commerce (Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 784 (1986)), not ministerial filings (Short v. Demopolis, 103 Wn.2d 52, 61 (1984)). State v. TVI, Inc., No. 102816-2 (Wash. 2023) exempts political speech from CPA.

The threshold requirement of 'use in commerce' is a conduct-based limitation that Plaintiff has failed to meet. The Supreme Court in Abitron Austria GmbH v. Hetronic International, Inc., 600 U.S. 412 (2023), clarified that the 'focus' of the Lanham Act is the infringing 'use in commerce' itself, rather than the mere 'effects' or 'confusion' that may follow.

Under *Abitron*, the 'relevant conduct' must be a commercial act in the ordinary course of trade. Here, the District Court's express finding that 'Plaintiff has not presented evidence of commercial activity by Defendant' (Dkt. 102, p. 5) is fatal. (p. 26) Because the 'conduct' at issue—a ministerial nonprofit registration and political protest—is non-commercial as a matter of law, it falls entirely outside the 'domestic'

and 'conduct-based' reach of the Lanham Act as defined by the Supreme Court in Abitron.

**B. Plaintiff failed to meet FRCP 56 standards by producing no evidence of voter confusion or causal nexus to any harm.**

No affidavits from voters/donors claiming confusion, no surveys, no financial records of lost donations/revenue/membership attributable to Defendant's conduct (Dkt. 102, p. 5 admitting "no evidence"). Speculative "confusion" from brief posts is insufficient (Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) – conclusory allegations insufficient). These standards were asserted in Defendant's Rule 12(b)(6) motion (Dkt. 41) and summary judgment filings (Dkts. 85, 87, 92), arguing Plaintiff's claims lack plausible, non-conclusory evidence of commerce, confusion, or harm. Post-appeal filings (Dkts. 112 & 113) confirm the evidentiary void: they demand $10,248 in fees and $11,975 for corrective advertising, but no damages for economic harm. This omission concedes no proof of actual injury causally tied to Defendant's non-commercial speech (Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 133 (2014); Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27, 57 (2009)). The disproportionate demands align with pre-litigation threats to "take a lot of your time and money" (Dkt. 49, Exhibits), evidencing intent to punish rather than remedy – bad faith warranting reversal and remand for sanctions.

The court erred by deferring for discovery without FRCP 56(d) affidavit (Dkt. 102, p. 6) – an abuse of discretion, as speculation cannot create disputes (Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001)). Reversal is required; the claims fail at the threshold.

**C. The complete absence of any evidence of harm, injury, or voter confusion further dooms both claims.**

Under the Lanham Act, a plaintiff must prove actual injury proximately caused by the alleged infringement (Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 132–33 (2014)). Plaintiff produced no affidavits, surveys, testimony, or financial records showing confusion among voters or donors, no diverted donations, no lost membership, no reputational damage, and no economic loss attributable to Defendant's 14-day non-commercial posts.

The District Court's failure to conduct a fact-intensive *Sleekcraft* analysis is further underscored by the Ninth Circuit's recent guidance in Yuga Labs, Inc. v. Ripps, 104 F.4th 1125 (9th Cir. 2024). In Yuga Labs, this Court reaffirmed that even when a defendant utilizes an identical trademark, the plaintiff is not relieved of its burden to prove a 'likelihood of confusion' through the Sleekcraft factors.

Just as the court in Yuga Labs reversed a finding of confusion at the summary judgment stage for lack of empirical evidence, so too must this Court reverse here. Plaintiff produced zero voter surveys, zero affidavits from confused donors, and zero

1  evidence of a 'causal nexus' between Appellant's 14-day social media parody and

2  any actual harm.  The mere identity of the marks—occurring in an expressly political

3  and non-commercial context—cannot bypass the 'high evidentiary bar' required to

4  sustain a Lanham Act claim in this Circuit.

5  Under the CPA, RCW 19.86.090 requires "injury to business or property" that is

6  "specific and quantifiable" (Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27, 57

7  (2009)). Plaintiff produced no evidence of lost revenue, donations, membership, or

8  business opportunity – only conclusory assertions of "confusion" and "reputational

9  harm." The court's acceptance of these without proof violates FRCP 56 and

10  Hangman Ridge's five-element test (105 Wn.2d 778 (1986)), which requires an

11  entrepreneurial nexus in trade or commerce. Ministerial nonprofit registration is not

12  trade or commerce (Short v. Demopolis, 103 Wn.2d 52, 61 (1984)), and Plaintiff's

13  own newspaper article admits it had no plans to register the name and that it was

14  "not something they do" (evidence submitted by Defendant). Yet later affidavits and

15  motions claimed Defendant's registration was "blocking" them from registering,

16  causing injury – a self-contradictory position that the court ignored.

17  Plaintiff also failed to pursue administrative remedies with the Washington

18  Secretary of State. The SOS approved Defendant's registration and denied Plaintiff's

19  cancellation demand (Dkt. 112-2, Ex. B, p. 1), yet Plaintiff filed no grievance,

20  dispute form, or other administrative challenge before suing. This failure undermines

1  any claim of injury or irreparable harm  –  Plaintiff chose litigation over available

2  non-judicial remedies, further evidencing laches and unclean hands.

3      The district court's refusal to grant summary judgment despite zero evidence on

4  these essential elements is plain error of law. The claims fail entirely under FRCP

5  56, and reversal with prejudice is required.

6      The disproportionate demands align with pre-litigation threats to "take a lot of

7  your time and money" (Dkt. 49, Exhibits), evidencing intent to punish rather than

8  remedy  –  bad faith warranting reversal and remand for sanctions.

9      The court erred by deferring for discovery without FRCP 56(d) affidavit (Dkt.

10  102, p. 6) – an abuse of discretion, as speculation cannot create disputes (Metabolife

11  Int'l, Inc. v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001)). Reversal is required; the

12  claims fail at the threshold.

13      Failure to establish and show damages renders much of the relief requested

14  unavailable under law. The Lanham Act requires actual injury proximately caused

15  by the alleged infringement (Lexmark Int'l, Inc. v. Static Control Components, Inc.,

16  572 U.S. 118, 133 (2014)). Plaintiff produced no evidence of lost revenue, donations,

17  membership, or business opportunity  –  only speculative "confusion" or

18  "reputational harm." This absence precludes damages awards, "exceptional case"

19  attorney fees under 15 U.S.C. § 1117(a), and injunctions (irreparable harm not

20  presumed without evidence). The CPA similarly requires "specific and quantifiable"

injury to business or property (RCW 19.86.090; Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27, 57 (2009)). No evidence of commercial harm means no damages or equitable relief. Plaintiff's incredulous damage claims, "exceptional" case assertion, damages award demand, and injunction request fail elemental tests.

The 14-day duration of the alleged infringing use further renders damages implausible – brief, non-commercial expression cannot cause the substantial harm Plaintiff claims. The court's acceptance of speculative relief without proof is plain error under FRCP 56 and abuse of discretion under 56(d). Lanham Act's "likelihood of confusion" requiring actual commercial context (e.g., Bosley Medical Institute v. Kremer, 403 F.3d 672 (9th Cir. 2005)).

Reversal is required; the claims fail as a matter of law.

## II. THE DISTRICT COURT VIOLATED UPEPA BY FAILING TO HOLD A MANDATORY EXPEDITED HEARING AND APPLY THE TWO-PRONG BURDEN-SHIFTING FRAMEWORK

Washington's Uniform Public Expression Protection Act (UPEPA), RCW 4.105, mandates dismissal of meritless claims arising from protected expression. A special motion triggers an automatic stay and requires an expedited hearing (RCW 4.105.040). Defendant-Appellant's special motion for expedited relief (Dkt. 85) met Prong 1, showing protected public concern speech absent commerce (RCW 4.105.010(2); Jha v. Khan, 26 Wn. App. 2d 84, 94 (2023)).

Prong 2 requires Plaintiff to show a prima facie case of unprotected act or substantial basis (RCW 4.105.030). Plaintiff failed, producing no evidence of commerce or harm beyond speculation. The district court erred by denying the motion without any Prong 2 analysis and without holding a hearing within 60 days (RCW 4.105.040(1)) – reversible error (Planned Parenthood v. Newman, 51 F.4th 1125, 1130 (9th Cir. 2022)).

The court's 89-day delay without good cause finding or order (Dkt. 102) violated the mandatory hearing requirement. UPEPA requires the court to hold a hearing within 60 days unless good cause is shown and ordered – neither occurred. Failure to hold the hearing and apply burden-shifting ignored UPEPA's anti-SLAPP purpose to deter meritless suits and protect expression. The court denied the motion without analysis, effectively bypassing the statute. This is plain error of law and unnecessary delay of a case that should have been dismissed under UPEPA.

Plaintiff's response (Dkt. 88) conceded Ninth Circuit allowances for anti-SLAPP protections but claimed Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), bars full UPEPA application (p. 3) – meritless. Erie requires federal courts to apply state substantive law in diversity cases, and UPEPA's stay, hearing, and burden-shifting are substantive protections against chilling speech (Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 973 (9th Cir. 1999); Makaeff v. Trump Univ., LLC, 715 F.3d 254, 261 (9th Cir. 2013)).

Gopher Media LLC v. Melone, No. 24-2626 (9th Cir. Oct. 9, 2025) (en banc), limited California's CCP § 425.16 interlocutory appeals but expressly confined its holding to "California's anti-SLAPP statute" (slip op. at 21–22: "we confine our en banc consideration to orders denying motions to strike under California's anti-SLAPP statute. We do not address the application of the collateral order doctrine to other states' anti-SLAPP statutes because those statutes are not currently before us"). Washington's UPEPA explicitly guarantees immediate appealability (RCW 4.105.080), and this appeal covers state/federal claims via pendent jurisdiction (Batzel v. Smith, 333 F.3d 1018 (9th Cir. 2003)).

The court's failure to hold the hearing and apply burden-shifting ignored UPEPA's anti-SLAPP purpose to deter meritless suits and protect expression. The court denied the motion without analysis, effectively bypassing the statute. This is plain error of law and unnecessary delay of a case that should have been dismissed under UPEPA.

The automatic stay (RCW 4.105.030(3)) divested the district court of jurisdiction over the appealed orders (Dkt. 102/108) upon filing of the notice of appeal (Dkt. 109; Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982)). Despite notice (Dkt. 111), Plaintiff filed post-stay motions (Dkts. 112, 113, 115), seeking summary judgment, default, and contempt – void under the stay.

The district court terminated these motions (Dkt. 118, Jan. 22, 2026), rebuking Plaintiff's counsel for improper ex parte contact with the Courtroom Deputy and warning that further improper emails would not be tolerated. The court acknowledged that the interlocutory appeal has delayed the case (referencing Dkt. 117) and will re-note the motions only if necessary after remand. This order confirms the stay's effect and evidences Appellee's counsel's continued bad faith, unpunished to date despite being an attorney.

The court's failure to hold the hearing, apply burden-shifting, apply reasonable evidentiary review standards, and enforce the stay ignored UPEPA's purpose to protect expression from meritless litigation. The 89-day delay without good cause, combined with acceptance of void post-stay filings, is plain error of law and unnecessary prolongation of a case that should have been dismissed under UPEPA.

Reversal is required; remand for proper Prong 2 analysis, expedited hearing, and mandatory fees/costs/sanctions (RCW 4.105.090). The court's violations of UPEPA warrant reversal and remand for counterclaims and sanctions against Appellee's counsel for vexatious conduct.

**III. THE DISTRICT COURT FAILED TO ENGAGE CONTROLLING AUTHORITY EXEMPTING APPELLANT'S NON-COMMERCIAL POLITICAL SPEECH AS PRIMA FACIE PROTECTED PUBLIC-CONCERN EXPRESSION**

The district court failed to engage controlling authority exempting Appellant's conduct as non-commercial political speech on matters of public concern. Appellant, an individual and elected official serving as Precinct Committee Officer (PCO) in District 28-556 of the Republican Party, registered a nonprofit corporation with the identical name on March 4, 2025, after PCRP failed to do so despite 61 years of availability (Dkt. 49 ¶¶ 10–12). The Secretary of State approved the registration and denied PCRP's cancellation demand (Dkt. 112-2, Ex. B, p. 1). Appellant's 10–14 day social media posts reposted the SOS certificate with disclaimers, critiquing PCRP's delay and exclusionary practices (Dkt. 89-1, Ex. C, pp. 3–4). These posts constituted protected political speech and parody on matters of public concern, with public participation in open discussion forums where voters and members planned and engaged in lawful mockery and protest of Plaintiff's conduct.

The Lanham Act exempts non-commercial speech from § 1125(a) liability (Bosley Med. Inst. v. Kremer, 403 F.3d 672, 677 (9th Cir. 2005) – "non-commercial speech … falls outside the jurisdiction"). Defendant cited Bosley for non-commercial exemption (Dkt. 87, p. 3) and Matal v. Tam, 582 U.S. 218 (2017) for expressive marks – both unaddressed in Dkts. 102/108. New Kids on the Block v. News Am. Publ'g Inc., 971 F.2d 302 (9th Cir. 1992) protects nominative fair use with disclaimers (Dkt. 50, p. 8); Defendant's posts reposted the SOS certificate with clear source designation.

Radiance Found. v. NAACP, 786 F.3d 316 (4th Cir. 2015) and Mattel v. MCA Records, 296 F.3d 894 (9th Cir. 2002) protect parody criticism – non-engaged by the court.

Plaintiff's misapplication of Jack Daniel's Properties, Inc. v. VIP Products LLC, 599 U.S. 140 (2023) (Dkt. 54, p. 5) was erroneous – Jack Daniel's applies to goods/services, not expressive/political speech. Defendant rebutted this (Dkt. 61, pp. 30–32), but the court ignored the distinction. The court's failure to apply nominative fair use (New Kids) or recognize ministerial registration as speech (Short v. Demopolis, 103 Wn.2d 52, 61 (1984)) is plain error.

State v. TVI, Inc., No. 102816-2 (Wash. 2023) exempts political speech from CPA liability (Dkt. 85, p. 3) – ignored. Defendant's nine sworn declarations from registered and eligible voters of Washington State (Dkts. 32–39, 49), some of whom are members of Plaintiff's organization, confirmed non-commercial use, no confusion, and public concern – rejected without FRCP 56(c)(4) analysis. Plaintiff's screenshots proved disclaimers and lawful SOS registration – non-addressed. The court's non-engagement violates Heinemann v. Satterberg, 731 F.3d 914 (9th Cir. 2013) – reversal required.

Appellant's speech, as an elected PCO for a major political party, critiqued party governance and registration failures – prima facie public-concern expression (Snyder v. Phelps, 562 U.S. 443 (2011)). Public forums participated in planning

1  lawful mockery/protest – underscoring protected status. The court's refusal to

2  recognize this is plain error and unnecessary delay.

3  The district court's failure to address Plaintiff's own newspaper article (evidence

4  submitted by Defendant) is particularly egregious. The article quotes Plaintiff

5  admitting no plans to register the name and that it was "not something they do" –

6  direct evidence of acquiescence and laches. Yet Plaintiff later claimed in affidavits

7  and motions that Defendant's registration was "blocking" them from registering,

8  causing injury – a self-contradictory position the court ignored. The SOS approved

9  Defendant's registration and denied Plaintiff's cancellation demand (Dkt. 112-2, Ex.

10  B, p. 1), confirming the registration was proper and ministerial, not commercial

11  infringement. Plaintiff filed no grievance, dispute form, or other administrative

12  challenge with the SOS before suing – failure to exhaust administrative remedies

13  further evidences laches and unclean hands.

14  The court's non-engagement with these facts and authorities, while accepting

15  Plaintiff's conclusory claims, demonstrates cumulative error and bias. The 14-day

16  duration of the alleged infringing use renders damages implausible – brief, non-

17  commercial expression cannot cause the substantial harm Plaintiff claims. Failure to

18  show injury precludes damages awards, "exceptional case" fees under 15 U.S.C. §

19  1117(a), and injunctions (irreparable harm not presumed without evidence). The

court's deferral despite zero damages proof is plain error under FRCP 56 and abuse of discretion under 56(d).

Furthermore, Plaintiff's proposed application of trademark law to political parody is unconstitutionally overbroad. Under the First Amendment overbreadth doctrine, a judicial interpretation is invalid if it 'reaches a substantial amount of constitutionally protected conduct.' United States v. Williams, 553 U.S. 285, 292 (2008).

To interpret the Lanham Act as granting a political party a perpetual, unregistered monopoly over its name—capable of silencing all critical registration, social media parody, or 'gripe' sites—would effectively chill all dissenting political expression. By failing to apply the narrowing construction required to protect expressive works, the District Court allowed trademark law to be weaponized as a tool of political censorship. This interpretation creates a 'substantial deterrent' to free expression on matters of public concern and cannot survive constitutional scrutiny.

Reversal is required; the claims fail under controlling authority exempting non-commercial political speech.

**IV. UNCLEAN HANDS, LACHES, AND ACQUIESCENCE BAR EQUITABLE RELIEF**

Plaintiff's 61-year delay in registering the name (1964–2025) bars all equitable relief, including injunction and dissolution. Unclean hands doctrine prevents

recovery where a plaintiff has engaged in inequitable conduct related to the rights asserted (Keystone Driller Co. v. Gen. Excavator Co., 290 U.S. 240, 245 (1933)). Plaintiff knew of the name's availability for over six decades yet took no action until Defendant's registration exposed its neglect. This delay prejudiced Defendant, who relied on the public record to register the nonprofit in good faith as part of political protest. Laches applies when a plaintiff unreasonably delays and the defendant suffers prejudice (Danjaq LLC v. Sony Corp., 263 F.3d 942, 955 (9th Cir. 2001)). Acquiescence arises from knowledge of the alleged infringement without objection (Seller Agency Council v. Kennedy Ctr., 621 F.3d 981, 989 (9th Cir. 2010)). Plaintiff's inaction constitutes acquiescence – it cannot now seek equitable relief after allowing the name to remain unregistered.

Plaintiff publicly admitted no plans to register the name and that it was "not something they do" (newspaper article evidence submitted by Defendant). Yet later affidavits and motions claimed Defendant's registration was "blocking" them from registering, causing injury – a self-contradictory position that the court ignored. Plaintiff also failed to pursue administrative remedies with the Washington Secretary of State. The SOS approved Defendant's registration and denied Plaintiff's cancellation demand (Dkt. 112-2, Ex. B, p. 1), yet Plaintiff filed no grievance, dispute form, or other administrative challenge before suing. This failure undermines

1  any claim of injury or irreparable harm  –  Plaintiff chose litigation over available

2  non-judicial remedies, further evidencing laches and unclean hands.

3      The district court ignored these defenses (Dkts. 50, p. 12; 87, p. 10), failing to

4  address the 61-year delay, prejudice, or contradiction  –  reversible non-engagement

5  (Heinemann v. Satterberg, 731 F.3d 914 (9th Cir. 2013)). Equitable relief is barred;

6  reversal required.

7      Failure to establish and show damages renders much of the relief requested

8  unavailable under law. The Lanham Act requires actual injury proximately caused

9  by the alleged infringement (Lexmark Int'l, Inc. v. Static Control Components, Inc.,

10  572 U.S. 118, 133 (2014)). Plaintiff produced no evidence of lost revenue, donations,

11  membership, or business opportunity  –  only speculative "confusion" or

12  "reputational harm." This absence precludes damages awards, "exceptional case"

13  attorney fees under 15 U.S.C. § 1117(a), and injunctions (irreparable harm not

14  presumed without evidence). The CPA similarly requires "specific and quantifiable"

15  injury to business or property (RCW 19.86.090; Panag v. Farmers Ins. Co. of Wash.,

16  166 Wn.2d 27, 57 (2009)). No evidence of commercial harm means no damages or

17  equitable relief. Plaintiff's incredulous damage claims, "exceptional" case assertion,

18  damages award demand, and injunction request fail elemental tests.

19      The 14-day duration of the alleged infringing use further renders damages

20  implausible  –  brief, non-commercial expression cannot cause the substantial harm

Plaintiff claims. The court's acceptance of speculative relief without proof is plain error under FRCP 56 and abuse of discretion under 56(d).

Reversal is required; equitable relief is barred, and the claims fail as a matter of law.

## V. CUMULATIVE NON-ENGAGEMENT WITH APPELLANT'S ARGUMENTS AND EVIDENCE CREATED AN APPEARANCE OF PARTIALITY AND REQUIRES REVERSAL

The district court's repeated non-engagement with Appellant's authorities and evidence, contrasted with its acceptance of Appellee's misapplications and procedural violations, creates an appearance of partiality under 28 U.S.C. § 455(a). The court ignored controlling cases exempting non-commercial political speech (Bosley Med. Inst. v. Kremer, 403 F.3d 672 (9th Cir. 2005); Matal v. Tam, 582 U.S. 218 (2017); New Kids on the Block v. News Am. Publ'g Inc., 971 F.2d 302 (9th Cir. 1992)) while deferring for discovery without FRCP 56(d) affidavit (Dkt. 102, p. 6). It rejected nine sworn declarations from Washington voters (Dkts. 32–39, 49) without analysis under FRCP 56(c)(4), yet accepted Plaintiff's conclusory claims without requiring proof of harm or confusion.

The court failed to apply Hangman Ridge's five-element CPA test (105 Wn.2d 778 (1986)), ignored Plaintiff's own admission of non-commercial activities (Dkt. 89-2 ¶ 4), and accepted the legally unsupported assertion that ministerial registration

equals commerce (contra Short v. Demopolis, 103 Wn.2d 52 (1984)). It entered defaults against corporate defendants while denying relief against the actively defending individual, risking inconsistent judgments (Frow v. De La Vega, 82 U.S. 552 (1872)). It denied reconsideration motions (Dkts. 46 & 47) without addressing manifest errors.

Disparate treatment of pro se filings violates Haines v. Kerner, 404 U.S. 519 (1972). Cumulative rulings declining to apply controlling law create bias (Liteky v. United States, 510 U.S. 540, 555 (1994)). Post-appeal filings (Dkts. 112, 113, 115) violated the stay, including contempt demands for non-compliance with stayed proceedings – rebuked by the court (Dkt. 118, Jan. 22, 2026). Appellee's counsel, an attorney, has persisted in improper ex parte contact and void filings without sanction, evidencing unequal treatment.

Plaintiff's failure to respond to dispositive arguments constitutes concession (Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1029 (9th Cir. 2001)). Speculative demands for corrective advertising and irreparable harm lack supporting evidence, yet the court deferred without requiring proof. The court's cumulative errors – non-engagement with Bosley/Matal/New Kids, rejection of nine voter affidavits, acceptance of Plaintiff's speculation, failure to apply Hangman Ridge/Sleekcraft tests, preference for Plaintiff's mere statements over Defendant's

sworn evidence – unnecessarily delayed a case that should have been dismissed on the first summary judgment motion and under UPEPA.

The district court's pattern of rulings demonstrates disparate treatment of pro se filings (violating Haines v. Kerner, 404 U.S. 519 (1972)) and creates an appearance of partiality under 28 U.S.C. § 455(a). Cumulative non-engagement with controlling law (Liteky v. United States, 510 U.S. 540, 555 (1994)) and tolerance of Appellee's procedural violations (post-stay filings rebuked in Dkt. 118) evidence bias. Appellee's counsel, an attorney, persisted in improper ex parte contact and void filings without sanction, further evidencing unequal treatment. The court also ignored voluminous evidence filed by Appellant showing Appellee's malintent in litigation (e.g. social media posts).

Reversal is required to correct the appearance of partiality and ensure impartial adjudication. The court's refusal to apply evidentiary standards (e.g. preferring Plaintiff's mere self-statements over Defendant's sworn affidavits from elected officials, voters, and even members of PCRP's own organization) and case tests is plain error of law, warranting reversal and remand for counterclaims and sanctions against Appellee's counsel for vexatious conduct.

## **CONCLUSION**

The district court's errors – failure to grant summary judgment on the absence of commercial activity and other test and conversion factors, violation of UPEPA

procedural requirements, non-engagement with controlling authority, and cumulative rulings creating partiality – require reversal. The claims fail as a matter of law and should be dismissed with prejudice. Remand for counterclaims and fees is necessary.

The district court's refusal to apply controlling law unnecessarily delayed a case that should have been dismissed on the first summary judgment motion and under UPEPA. The complete absence of evidence on commercial use, use in trade, confusion, or harm required judgment for Defendant under FRCP 56. The claims fail entirely, and reversal is mandated to correct plain errors of law and protect public-concern expression.

The court's pattern of rulings – ignoring Defendant's nine voter affidavits (Dkts. 32–39, 49) without FRCP 56(c)(4) analysis; accepting Plaintiff's speculation while rejecting Defendant's sworn evidence; failing to apply case tests like Hangman Ridge (105 Wn.2d 778 (1986)) for CPA and Sleekcraft (599 F.2d 341 (9th Cir. 1979)) for Lanham Act confusion; preferring Plaintiff's conclusory statements over Defendant's affidavits – demonstrates disparate treatment of pro se filings (violating Haines v. Kerner, 404 U.S. 519 (1972)) and cumulative non-engagement with controlling law. This created an appearance of partiality under 28 U.S.C. § 455(a).

The court's cumulative errors – non-engagement with Bosley/Matal/New Kids, rejection of nine voter affidavits, acceptance of Plaintiff's speculation, failure to apply Hangman Ridge/Sleekcraft tests, preference for Plaintiff's statements over Defendant's sworn evidence, ignoring evidence of malice – unnecessarily delayed a case that should have been dismissed on the first summary judgment motion and under UPEPA. The court's pattern of rulings demonstrates disparate treatment of pro se filings (violating Haines v. Kerner, 404 U.S. 519 (1972)) and creates an appearance of partiality under 28 U.S.C. § 455(a).

Post-appeal filings (Dkts. 112, 113, 115), including attempts to impose joint-and-several liability and contempt, violate the automatic stay and divestiture (RCW 4.105.030(3); Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982)), evidencing continued abuse of process. The court rebuked this conduct (Dkt. 118, Jan. 22, 2026) but terminated motions without sanctions. Reversal, dismissal with prejudice, and remand for counterclaims and fees are required.

The court's refusal to apply controlling law unnecessarily delayed a case that should have been dismissed on the first summary judgment motion and under UPEPA. The complete absence of evidence on commercial use, confusion, or harm required judgment for Defendant under FRCP 56. The claims fail entirely, and reversal is mandated to correct plain errors of law and protect public-concern expression.

## **RELIEF REQUESTED**

Appellant respectfully requests that this Court:

**(i)** Reverse in full the district court's orders denying Appellant's motions for summary judgment (Dkts. 87, 92) and special motion for expedited relief under Washington's Uniform Public Expression Protection Act (UPEPA) (Dkt. 85), as reflected in the orders at Dkts. 102 and 108.

**(ii)** Enter judgment in Appellant's favor dismissing all of Plaintiff's claims with prejudice, including the Lanham Act claim (15 U.S.C. § 1125(a)) and Washington Consumer Protection Act claim (RCW 19.86), because:

- There is a complete absence of evidence on threshold elements – particularly "use in commerce" (Lanham Act) and "trade or commerce" (CPA) – as required under Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

- Plaintiff's own record establishes non-commercial parody and political speech protected under the First Amendment, exempt from liability (Bosley Med. Inst. v. Kremer, 403 F.3d 672, 677 (9th Cir. 2005); New Kids on the Block v. News Am. Publ'g Inc., 971 F.2d 302 (9th Cir. 1992)).

- The claims fail as a matter of law under controlling tests for confusion (AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979)), trade or commerce (Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105

Wn.2d 778, 784 (1986)), and non-commercial use (Matal v. Tam, 582 U.S. 218 (2017)).

**(iii)** Vacate as void all post-appeal district court filings and orders entered in violation of the automatic case-wide stay under RCW 4.105.030(3) and the divestiture of jurisdiction under Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982), including but not limited to Dkts. 112, 113, and 115.

**(iv)** Remand the case solely for adjudication of Appellant's counterclaims, specifically:

- Declaratory judgment under 28 U.S.C. § 2201 that Appellant's conduct constitutes non-infringing, protected political speech and parody, and that no liability exists under the Lanham Act or CPA.

- Malicious prosecution under RCW 4.24.350.

- Abuse of process (Sea-Pac Co. v. United Food Workers Local Union 44, 103 Wn.2d 800, 699 P.2d 217 (1985)).

- Defamation (common law), arising from false and defamatory statements of fact in Plaintiff's complaint, motions, and filings imputing unlawful commercial activity, infringement, and deceit to Appellant, published to third parties via court records and communications, with actual malice or negligence, causing substantial reputational, emotional, and economic harm.

**(v)** Award compensatory damages in the range of $3,000,000 to $5,000,000 on the counterclaims, including but not limited to:

- Severe reputational harm and loss of standing in the community and among political associates.

- Emotional distress, anxiety, and mental anguish resulting from the prolonged, baseless litigation.

- Economic losses, including the value of Appellant's pro se time invested in defense (~500 documented hours at a reasonable rate), lost opportunities, and other direct and consequential damages caused by the false allegations and abusive process.

- Award full mandatory fees, costs, and sanctions, including:

- Reasonable attorneys' fees, litigation expenses, and costs as the prevailing movant under RCW 4.105.090 (UPEPA).

- Attorneys' fees and costs as an exceptional case under 15 U.S.C. § 1117(a) (Lanham Act prevailing defendant), given the frivolous nature of the claims, lack of evidentiary support, and bad-faith post-appeal conduct.

- Additional sanctions for vexatious and abusive litigation tactics.

**(vi)** Grant such other and further relief as this Court deems just and proper, including any additional declaratory, injunctive, or equitable remedies necessary

to fully vindicate Appellant's First Amendment rights and prevent further abuse of process.

The district court's cumulative errors – denial of summary judgment despite an evidentiary void, violation of UPEPA's mandatory expedited procedures (89-day delay without hearing under RCW 4.105.040(1) and ignored burden-shifting under RCW 4.105.060), non-engagement with controlling precedent, disparate treatment of pro se evidence in violation of Haines v. Kerner, 404 U.S. 519 (1972), and apparent partiality under 28 U.S.C. § 455(a) – unnecessarily prolonged a meritless case that should have been dismissed at the outset.

Reversal with prejudice, vacatur of void orders, remand limited to Appellant's counterclaims, and a substantial award of compensatory damages, fees, costs, and sanctions are required to correct these plain errors of law and protect core public-concern expression.

## CERTIFICATE OF COMPLIANCE

This brief complies with Fed. R. App. P. 32(a)(7)(B)(i) because it contains 8,299 words, excluding the parts exempted by Fed. R. App. P. 32(f), and further meets the typeface requirements of Fed. R. App. P. 32(a)(5), and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface.

**DATED this February 23, 2026 at Lakewood, WA**

/s/ Eric Eugene Crowl

**Eric Eugene Crowl, Pro Se**

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2026, a true and correct copy of the foregoing Brief of Appellant Eric Eugene Crowl was served via the ACMS system on all counsel of record, Conner Edwards, at Cg.edwards53@gmail.com

/s/ Eric Eugene Crowl

**Appellant, Eric Eugene Crowl, Pro Se**