**No. 25-7707**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**PIERCE COUNTY REPUBLICAN PARTY,**
Plaintiff-Appellee,
v.
**ERIC EUGENE CROWL,**
Defendant-Appellant.

On Appeal from the United States District Court
for the Western District of Washington
No. 3:25-cv-05251-BHS
Hon. Benjamin H. Settle, United States District Judge

# ANSWERING BRIEF OF APPELLEE PIERCE COUNTY REPUBLICAN PARTY

Conner Edwards, WSBA No. 62961
CG Edwards PLLC
P.O. Box 12082
Seattle, Washington 98102
(425) 533-1677
CG.Edwards53@gmail.com
Counsel for Plaintiff-Appellee

## CORPORATE DISCLOSURE STATEMENT

Per FRAP 26.1, Pierce County Republican Party (PCRP) is an unincorporated association. It has no parent corporation, and no publicly held corporation owns ten percent or more of any interest in it.

## TABLE OF CONTENTS

**CORPORATE DISCLOSURE STATEMENT**....................................................2
**TABLE OF CONTENTS**........................................................................2
**TABLE OF AUTHORITIES**....................................................................3
**JURISDICTIONAL STATEMENT**.............................................................4
**ISSUES PRESENTED**..........................................................................5
**STATEMENT OF THE CASE**.................................................................5
**SUMMARY OF ARGUMENT**.................................................................7
I. THE COURT LACKS APPELLATE JURISDICTION. ..................................8
A. The orders are not final, and 28 U.S.C. § 1292(a)(1) does not apply. .....8
B. The UPEPA ruling is not an appealable collateral order. ............................8
II. THE ORDERS SHOULD BE AFFIRMED IF THE COURT REACHES THE MERITS. ..........................................................................................9
C. Reconsideration and Crowl's remaining theories do not justify reversal....12
D. PCRP should receive UPEPA-related appellate fees. ............................13
**CONCLUSION**..................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814 ............................... 12

*Gardner v. Westinghouse Broadcasting Co*., 437 U.S. 478 ..................................... 8

*Gopher Media LLC v. Melone*, 154 F.4th 696 ................................................ 7, 8, 9

*Jack Daniel's Properties, Inc. v. VIP Products LLC*, 143 S.Ct. 1578 ..................... 10

*Law Office of John Randolph, PLLC v. EWU Media LLC*, No. 87958-8 .............. 13

**Statutes**

§ 1292(a)(1) ............................................................................................. 5, 8

28 U.S.C § 1292(a)(1) ................................................................................. 5

28 U.S.C 1292(a)(1) .................................................................................... 8

28 U.S.C. § 1291 ....................................................................................... 5, 8

28 U.S.C. § 1367 ......................................................................................... 4

28 U.S.C. §§ 1331 ....................................................................................... 4

28 U.S.C. §§ 1338 ....................................................................................... 4

RCW 19.86.010(2) ...................................................................................... 12

RCW 4.105.010(3)(a)(xi) ............................................................................ 10

RCW 4.105.010(3)(a)(xii) ........................................................................... 10

RCW 4.105.050 ........................................................................................ 9, 10

RCW 4.105.050-.060 .................................................................................... 9

RCW 4.105.090(2) .......... 5, 7, 13

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) .......... 4

**Rules**

FRCP 56 .......... 6, 8, 11

Ninth Circuit Rule 39-1.6 .......... 13

## JURISDICTIONAL STATEMENT

The case involves a frivolous appeal filed by a pro-se litigant who attempted to hijack an existing organization's identity in violation of state and federal law. This appeal is intended to cause delay and impose additional legal costs on the PCRP.

The district court had jurisdiction under 28 U.S.C. §§ 1331 and 28 U.S.C. §§ 1338 over PCRP's claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and supplemental jurisdiction under 28 U.S.C. § 1367 over its Washington Consumer Protection Act claim.

This Court lacks appellate jurisdiction. On December 3, 2025, the district court denied Crowl's UPEPA special motion and summary judgement motions; on December 5, it denied reconsideration.[1] No claim was resolved and no judgment was entered. Crowl filed his notice of appeal on December 5, identifying only

[1] 1-SER-2-14

those orders.[2] The notice was timely, but neither 28 U.S.C. § 1291, the collateral-order doctrine, nor 28 U.S.C § 1292(a)(1) makes the orders appealable. The motions panel denied PCRP's earlier motion to dismiss without prejudice to renewal here. Because of this Court's recent precedent set in *Gopher Media LLC v. Melone*, the Court should dismiss this improper interlocutory appeal.

## ISSUES PRESENTED

1. Whether the Court has jurisdiction over interlocutory orders denying a Washington UPEPA motion, two summary-judgment motions, and reconsideration.

2. If jurisdiction exists, whether the orders should be affirmed and PCRP should receive UPEPA-related appellate fees under RCW 4.105.090(2).

## STATEMENT OF THE CASE

PCRP has long used the name "Pierce County Republican Party" for voter outreach, candidate recruitment, fundraising, caucuses, and related political services.[3] After the PCRP excluded Crowl from an organizational meeting, Crowl registered a nonprofit corporation under PCRP's exact name, created social-media accounts using that name, publicly portrayed himself as the organization's chair, and hosted a "Pierce County Republican Party - Press Availability."[4]. PCRP alleges that Crowl's actions have intentionally caused illegally commercial

---

[2] 3-SER-316-318
[3] 3-SER-303-305
[4] 3-SER-305-306; 2-SER-139-143

confusion about source, affiliation, and services; and further that this confusion has injured the PCRP.[5]

Crowl filed a UPEPA motion expressly directed to the state CPA claim and requested dismissal of that claim.[6] Crowl moved twice for summary judgment. The first motion relied principally on nearly identical declarations asserting that all challenged conduct was protected speech and that no trade occurred.[7] The second relied on an out-of-context social-media post concerning PCRP's treatment of donations and sales tax applicability.[8]

The district court denied the motions. It held that Crowl had not established the required elements for a complaint to be dismissed under UPEPA, that the declarations were conclusory and insufficient under FRCP 56, and that the social-media post did not support summary judgment.[9] The district court denied reconsideration, reiterated that the declarations were insufficient, observed that UPEPA did not dispose of the federal Lanham Act claim, and permitted Crowl to renew his theories with actual evidence.[10]

---

[5] 3-SER-306-308
[6] 2-SER-158-161
[7] 2-SER-150-154, 280-295
[8] 2-SER-125-129
[9] 1-SER-8-12
[10] 1-SER-2-4

## SUMMARY OF ARGUMENT

Crowl's appeal is a premature attempt to convert denials of dispositive motions into a final judgment. The district court resolved no claim and expressly contemplated further proceedings. This Court, en banc, has now overruled the precedent on which Crowl relies and held that denial of a state anti-SLAPP motion is not an appealable collateral order because the inquiry is intertwined with the merits and remains reviewable after final judgment.[11] Washington's state-law appeal provision cannot enlarge federal jurisdiction. The summary-judgment and reconsideration rulings are also plainly interlocutory.

The merits independently support affirmance. UPEPA expressly excludes federal claims, and Crowl's own UPEPA motion sought relief only against the CPA claim. The challenged conduct was not merely criticism: PCRP alleges that Crowl used its exact name as the identity of another organization and held himself out as its chair. Crowl's submitted cookie-cutter declarations mostly contained conclusory statements without showing personal knowledge, and the sales-tax post cited by Crowl did not resolve commerce, source identification, confusion, or injury issues. PCRP also requests UPEPA-related appellate fees under RCW 4.105.090(2).

---

[11] *Gopher Media LLC v. Melone*, 154 F.4th 696, 701-06 (9th Cir. 2025) (en banc)

## ARGUMENT

### I. THE COURT LACKS APPELLATE JURISDICTION.

This Court reviews jurisdiction de novo. Federal appellate jurisdiction ordinarily extends only to decisions that end the litigation. 28 U.S.C. § 1291.

#### A. The orders are not final, and 28 U.S.C. § 1292(a)(1) does not apply.

The district court denied dismissal under UPEPA and FRCP 56; the district court's order denied reconsideration and invited later evidence-based filings.[12] Denial of summary judgment is a paradigmatic nonfinal order.[13] Reconsidering that ruling did not make it final. Crowl's request that this Court now enter judgment, decide defenses, direct treatment of counterclaims, and award fees confirms that those matters remain unadjudicated below.

28 U.S.C 1292(a)(1) does not give the Court jurisdiction over Crowl's appeal. The appealed orders did not grant or deny an injunction; they denied special-motion and Rule 56 relief. Crowl can challenge these rulings after final judgment has been entered.

#### B. The UPEPA ruling is not an appealable collateral order.

*Gopher Media* controls the federal finality analysis. It overruled *Batzel v. Smith* and held that denial of California's anti-SLAPP motion is neither completely

[12] 1-SER-2-14

[13] *Gardner v. Westinghouse Broadcasting Co*., 437 U.S. 478, 480-81 (1978)

separate from the merits nor effectively unreviewable after judgment.[14] The same reasons apply to UPEPA, Washington State's version of California's anti-SLAPP statute. A court deciding a UPEPA motion asks whether the claim arises from protected expression and whether the claimant can establish essential elements or the movant can establish failure to state a claim or entitlement under the summary-judgment standard.[15] Crowl's appeal itself asks this Court to decide commerce, confusion, injury, causation, parody, and equitable defenses.

Washington's state-court appeal provision cannot define a 'final decision' in federal court; *Gopher Media* rejected that reasoning.[16] Because an adverse UPEPA decision remains reviewable after final judgment, the collateral-order doctrine does not apply.

## II. THE ORDERS SHOULD BE AFFIRMED IF THE COURT REACHES THE MERITS.

The Court reviews legal conclusions de novo and the denial of reconsideration for abuse of discretion. Each ruling was correct on the record presented.

---

[14] *Gopher Media LLC v. Melone*, 154 F.4th 696, 701-06 (9th Cir. 2025) (en banc)
[15] RCW 4.105.050-.060.
[16] Gopher Media LLC v. Melone, 154 F.4th 696, 705-06 (9th Cir. 2025) (en banc)

## A. The UPEPA motion did not establish a right to dismissal.

First, UPEPA expressly excludes "[a]ny claim brought under federal law."[17] It also excludes CPA claims unless subsection (3)(b)'s defined carveback (primarily relating to journalistic efforts) applies.[18] Crowl's motion sought relief only against the CPA claim and did not analyze that carveback.[19] Even complete success would have left the Lanham Act claim pending and would not have entitled Crowl to a case-wide judgment.

Second, Crowl did not establish that the state claim was based on protected public expression within the meaning of UPEPA. PCRP does not seek liability against Crowl for Crowl's criticism of its leadership. It challenges the alleged use of its exact name as another organization's source identity, coupled with representations that Crowl controlled the party and was its chair.[20] A motive to create a parody (which Crowl claims as his intent) does not create a categorical exemption when a designation is used as a source identifier.[21]

Third, UPEPA permits only material to be considered that could be considered under the summary-judgment standard.[22] The cookie-cutter declarations submitted

[17] RCW 4.105.010(3)(a)(xii)
[18] RCW 4.105.010(3)(a)(xi)
[19] 2-SER-158-161
[20] 3-SER-305-306; 2-SER-139-143
[21] *Jack Daniel's Properties, Inc. v. VIP Products LLC*, 143 S.Ct. 1578, 216 L.Ed.2d 161 (2023)
[22] RCW 4.105.050

by Crowl repeated that all activity was 'protected speech' and that no 'trade' occurred, but did not explain how each declarant knew every defendant's conduct, purpose, disclosures, or public reception.[23] The district court properly did not give any weight to declarations that contained unsupported legal conclusions.[24] The district court considered the motion, response, declarations, and statutory standard; Crowl identifies no omitted evidence or argument.

**B. Crowl did not carry his FRCP 56 burden.**

It is well established that a FRCP 56 movant must first identify competent evidence showing the absence of a genuine dispute. Crowl did not do so. The declarations' statements about constitutional protection, commerce, and every defendant's conduct were opinions and conclusions, not facts shown to rest on personal knowledge.[25] The district court accurately held that these conclusory declarations did not carry any weight.[26]

The second motion for summary judgement fared no better. Even assuming Crowl properly authenticated the post, a statement that PCRP treats receipts as donations rather than taxable sales does not establish that PCRP renders no services, that Crowl's use was disconnected from his own organization's services,

[23] 2-SER-280-295
[24] 1-SER-10-12
[25] FRCP 56(c)(4)
[26] 1-SER-11-12

or that identical-name source confusion was impossible.[27] PCRP's evidence submitted showed the exact-name corporate registration, a claim of chairmanship, a purported town hall, and a "Pierce County Republican Party - Press Availability."[28]At minimum, that evidence created disputes about source, affiliation, intent, and public understanding.

Crowl's legal premises contained in his summary judgement motions was also incorrect. Nonprofit organizations can possess protectable naming interests.[29] Likelihood of confusion is a contextual inquiry, not a label resolved by calling the conduct 'political' or 'parody.'

Neither the Lanham Act claim nor the CPA claim can be resolved by bare assurances that no trade occurred. Washington defines trade and commerce broadly to include activity directly or indirectly affecting the people of the state.[30]. The orders being appealed decided only that Crowl had not established judgment on the existing record. They left him free to develop competent evidence.[31] That was not error.

**C. Reconsideration and Crowl's remaining theories do not justify reversal.**

Reconsideration is an extraordinary remedy, not another opportunity to repeat

[27] 2-SER-125-129
[28] 2-SER-139-143
[29] *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 818-20 (9th Cir. 1996)
[30] RCW 19.86.010(2)
[31] 1-SER-4

prior arguments. The district court's two orders addressed the declarations, the protected-expression theory, and federal claim, and permitted later filings supported by actual evidence.[32] Crowl's brief identifies no intervening law or new evidence requiring a different result. Crowl raises a number of other issues which provide no basis for reversing the two orders that he is appealing. We are not required to address these issues and therefore will not.

**D. PCRP should receive UPEPA-related appellate fees.**

RCW 4.105.090(2) mandates fees and expenses when the responding party prevails and the UPEPA motion was not substantially justified or was filed solely to delay. The statute applies on appeal, although prevailing alone is insufficient.[33] Here, Crowl addressed only the CPA claim, ignored UPEPA's CPA exclusion and carveback, and relied on nearly identical declarations stating legal conclusions without factual foundation.[34] The district court found no supporting authority or threshold showing for the motions that Crowl brought.[35] PCRP requests UPEPA-related appellate fees and expenses, with the amount to be determined under Ninth Circuit Rule 39-1.6.

---

[32] 1-SER-2-4
[33] *Law Office of John Randolph, PLLC v. EWU Media LLC*, No. 87958-8, slip op. at 29-30 (Wash. Ct. App. May 11, 2026)
[34] 2-SER-158-161, 280-295
[35] 1-SER-2-4, 8-10

## CONCLUSION

The Court should dismiss the appeal for lack of jurisdiction. Alternatively, it should affirm the two orders being appealed and remand for further proceedings. The Court should award PCRP reasonable appellate fees, costs, and litigation expenses.

Dated: September 1, 2026.

Respectfully submitted,

/s/ Conner Edwards
Conner Edwards, WSBA No. 62961
CG Edwards PLLC
Counsel for Plaintiff-Appellee Pierce
County Republican Party (PCRP)

## CERTIFICATE OF SERVICE

I certify that on September 1st, 2026, I electronically filed the foregoing Appellee's Answering Brief with the Clerk of the United States Court of Appeals for the Ninth Circuit using ACMS. Service will be accomplished through ACMS on registered participants and by mail to Eric Crowl at 10002 112th St SW, Lakewood, WA 98498.

Dated: September 1st, 2026. /s/ Conner Edwards