**No. 25-7707**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

**PIERCE COUNTY REPUBLICAN PARTY,**
Plaintiff-Appellee,

*v.*

**ERIC EUGENE CROWL,**
Defendant-Appellant.

---

On Appeal from the United States District Court
for the Western District of Washington
No. 3:25-cv-05251-BHS
Hon. Benjamin H. Settle, United States District Judge

# SUPPLEMENTAL EXCERPTS OF RECORD

## VOLUME 2 OF 3

SER pages 15-295

**Conner Edwards, WSBA No. 62961**
CG EDWARDS PLLC
PO Box 12082
Seattle, Washington 98102
(425) 533-1677
CG.Edwards53@gmail.com
Counsel for Plaintiff-Appellee

Case: 25-7707, 09/01/2026, DktEntry: 15.1, Page 2 of 281

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

PIERCE COUNTY REPUBLICAN PARTY,

Plaintiff,

v.

ERIC CROWL,

WASHINGTON47 PAC,

PIERCE COUNTY REPUBLICAN PARTY

Defendant.

Case No. 3:25-cv-05251-BHS

MOTION FOR CONTEMPT

MOTION NOTED FOR JAN 9, 2025

ORAL ARGUMENT REQUESTED

COMES NOW PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY, by and through their counsel of record Conner Edwards, and respectfully submits this MOTION FOR CONTEMPT.

## I. BASIS FOR MOTION

In ECF 102 (issued 12/3/25), the Court issued an order directing the parties to work with each other to file a Joint Status Report within 10 days. While the parties did engage in some limited exchanges for proposals for a Joint Status Report[1], Defendant Crowl quickly filed an appeal with the Court of Appeals and claimed:

> "[t]he filing of that interlocutory appeal divests this Court over the subject matter of the appealed orders and stays further proceedings in the district court pending the Ninth Circuit's resolution of the appeal. Accordingly, no further action (including discovery, motions practice, **submission of a Joint Status Report, or any other proceeding) may occur until the Ninth Circuit issues its mandate. Defendant [Crowl] so shall act accordingly.**"[2] [emphasis added]

[1] See Exhibit A – Email String Between Conner Edwards and Defendant Crowl.

[2] ECF 111, pg 1, line 25-26



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

Defendant Crowl's interlocutory appeal is entirely baseless. The Court of Appeals has no jurisdiction to hear Defendant Crowl's appeal for the reasons described in Exhibit B – Plaintiff PCRP's Motion to Dismiss Appeal for Lack of Jurisdiction (currently pending in the Court of Appeals).

By refusing to obey the Court's order in ECF 102 to work with Plaintiff's counsel to file a Joint Status Report, Defendant Crowl is in contempt.

Over the life of this case, Defendant Crowl has repeatedly ignored the rules of civil procedure and filed motion after motion to drag out this case and prevent the Court from deciding it on the merits. Defendant Crowl has received many, many warnings from the Court. If sanctions are not imposed, Defendant Crowl's behavior will continue.

## II. CONCLUSION

For the foregoing reasons, we respectfully request that the Court GRANT Plaintiff's Motion for Contempt, award sanctions to Plaintiff PCRP, and enter default judgement against Defendant Crowl.

DATED this December 15, 2025

**CG EDWARDS PLLC**



**Conner Edwards, WSBA No. 62961**
**Attorney for Plaintiff PCRP**



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

**CERTIFICATE OF SERVICE**

I certify that I mailed a copy of the foregoing MOTION FOR CONTEMPT and accompanying documents to DEFENDANT ERIC CROWL, at 10002 112th ST SW, LAKEWOOD, WA 98498, postage prepaid.

**December 15, 2025**
**Date**



______________________________________

**Conner Edwards, WSBA No. 62961**
**Attorney for PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY**



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

Gmail **Conner Edwards <cg.edwards53@gmail.com>**

## Draft Proposed JSR

**Conner Edwards** <cg.edwards53@gmail.com> Fri, Dec 12, 2025 at 11:32 AM
To: Eric Crowl <eric.crowl@citizenobservers.org>

Hi Mr. Crowl:

Are you open to working with me to submit the Joint Status Report? Have you looked at the draft proposal I sent on December 8th? Please let me know.

**Conner Edwards**
Attorney, CG Edwards, PLLC
PO Box 12082
Seattle, WA 98102
WSBA # 62961
(425) 533-1677 cell
CG.Edwards53@gmail.com

On Thu, Dec 11, 2025 at 7:55 PM Conner Edwards <cg.edwards53@gmail.com> wrote:

> Hi Mr. Crowl: Just hoping to connect with you to discuss the Joint Status Report. Is now a good time to talk?
>
> **Conner Edwards**
> Attorney, CG Edwards, PLLC
> PO Box 12082
> Seattle, WA 98102
> WSBA # 62961
> (425) 533-1677 cell
> CG.Edwards53@gmail.com
>
> On Tue, Dec 9, 2025 at 4:50 PM Conner Edwards <cg.edwards53@gmail.com> wrote:
>
>> Hello Mr. Crowl:
>>
>> I just wanted to check in since I haven't heard back from you. Please let me know if you've changed your mind and would like to work on this Joint Status Report with me.
>>
>> **Conner Edwards**
>> Attorney, CG Edwards, PLLC
>> PO Box 12082
>> Seattle, WA 98102
>> WSBA # 62961
>> (425) 533-1677 cell
>> CG.Edwards53@gmail.com
>>
>> On Mon, Dec 8, 2025 at 10:19 AM Conner Edwards <cg.edwards53@gmail.com> wrote:
>>
>>> Hi Mr. Crowl:
>>>
>>> You've indicated (in ECF #111) that you believe that your appeal stays submission of the Joint Status Report in this case pending the appeal.
>>>
>>> Just in case you want to reconsider, I've attached a draft Joint Status Report, please let me know if you've changed your mind and would like to work on this with me.
>>>
>>> **Conner Edwards**

Attorney, CG Edwards, PLLC
PO Box 12082
Seattle, WA 98102
WSBA # 62961
(425) 533-1677 cell
CG.Edwards53@gmail.com

On Fri, Dec 5, 2025 at 9:46 PM Conner Edwards <cg.edwards53@gmail.com> wrote:

Hi Mr. Crowl:

Can you describe why you believe you can assert a counterclaim under UPEPA to create a stay? UPEPA does allow litigations to file motions (which you have already done), but there is no such thing as a UPEPA counterclaim.

At any rate, would you have any objection to us setting an actual firm calendar day for the individual deadlines? If the Court ultimately does find that a stay is appropriate, the Court can alter the deadlines.

**Conner Edwards**
Attorney, CG Edwards, PLLC
PO Box 12082
Seattle, WA 98102
WSBA # 62961
(425) 533-1677 cell
CG.Edwards53@gmail.com

On Fri, Dec 5, 2025 at 4:53 PM Eric Crowl <eric.crowl@citizenobservers.org> wrote:

Hi,

I sent you the updated draft that included your requested edits, on 12/3 — requesting you edit and send a copy back, with tracked changes.

I filed a counter claim including UPEPA, which is different than a UPEPA motion — but, it still has the same force and effect of staying discovery.

Regards.

- EC

---

**From:** Eric Crowl <eric.crowl@citizenobservers.org>
**Sent:** Wednesday, December 3, 2025 8:20 PM
**To:** Conner Edwards <cg.edwards53@gmail.com>
**Subject:** Re: Draft Proposed JSR

Updated - again, please edit and return with tracked changes.

- EC

---

**From:** Conner Edwards <cg.edwards53@gmail.com>
**Sent:** Friday, December 5, 2025 12:19 PM
**To:** Eric Crowl <eric.crowl@citizenobservers.org>
**Subject:** Re: Draft Proposed JSR

Hello Mr. Crowl:

Just wanted to touch base, are you able to respond to my previous e-mail? From our perspective the draft proposal presents a problem with the dates as we don't believe that there is any stay now that the UPEPA motion has been denied. Was hoping to hear from you what you believe the basis for the stay is so that we can get on the same page.

**Conner Edwards**
Attorney, CG Edwards, PLLC
PO Box 12082
Seattle, WA 98102
WSBA # 62961
(425) 533-1677 cell
CG.Edwards53@gmail.com

On Wed, Dec 3, 2025 at 8:29 PM Conner Edwards <cg.edwards53@gmail.com> wrote:

Thank you Mr. Crowl: this looks like progress in the correct direction.

One of the big sticking points appears related to the "UPEPA stay" that you reference. Your UPEPA motion was denied earlier today.

Can you briefly describe what you believe entitles you to a stay under UPEPA?

On Wed, Dec 3, 2025 at 8:20 PM Eric Crowl <eric.crowl@citizenobservers.org> wrote:

Updated - again, please edit and return with tracked changes.

- EC

---

**From:** Conner Edwards <cg.edwards53@gmail.com>
**Sent:** Wednesday, December 3, 2025 6:15 PM
**To:** Eric Crowl <eric.crowl@citizenobservers.org>
**Subject:** Re: Draft Proposed JSR

Hi Mr. Crowl:

Thank you for your e-mail. Unfortunately, it looks like your draft version is missing some of the information that joint status reports usually include. Below is a template from the Western District of the information that is usually included in this report. The version I sent to you back in July is also attached.

**Conner Edwards**
Attorney, CG Edwards, PLLC
PO Box 12082
Seattle, WA 98102
WSBA # 62961
(425) 533-1677 cell
CG.Edwards53@gmail.com

1. A statement of the nature and complexity of the case.

2. A proposed deadline for joining additional parties.

3. The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. §636(c) and Local Rule MJR 13 to conduct all proceedings. The Western District of Washington assigns a wide range of cases

to Magistrate Judges. The Magistrate Judges of this district thus have significant experience in all types of civil matters filed in our court. Additional information about our district's Magistrate Judges can be found at wawd.uscourts.gov. The parties should indicate whether they agree that the Honorable S. Kate Vaughan may conduct all proceedings including trial and the entry of judgment. When responding to this question, the parties should only respond "yes" or "no". Individual party responses should not be provided. A "yes" response should be indicated only if all parties consent. Otherwise, a "no" response should be provided.

4. A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items set forth in Fed. R. Civ. P. 26(f)(3), which includes the following topics:

(A) initial disclosures;

(B) subjects, timing, and potential phasing of discovery;

(C) electronically stored information;

(D) privilege issues;

(E) proposed limitations on discovery; and

(F) the need for any discovery related orders.

5. The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:

(A) prompt case resolution;

(B) alternative dispute resolution;

(C) related cases;

(D) discovery management;

(E) anticipated discovery sought;

(F) phasing motions;

(G) preservation of discoverable information;

(H) privilege issues;

(I) Model Protocol for Discovery of ESI; and

(J) alternatives to Model Protocol.

6. The date by which discovery can be completed.

7. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.

8. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.

9. Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.

10. Any other suggestions for shortening or simplifying the case.

11. The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.

12. Whether the trial will be jury or non-jury.

13. The number of trial days required.

14. The names, addresses, and telephone numbers of all trial counsel.

15. The dates on which trial counsel may have complications to be considered in setting a trial date.

16. If, on the due date of the Report, all defendant(s) or respondent(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

17. Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.

18. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 7.1.

On Wed, Dec 3, 2025 at 4:03 PM Eric Crowl <eric.crowl@citizenobservers.org> wrote:

> Dear Mr. Edwards,
>
> Attached is a **working draft** of the Joint Status Report for your review and additions.
>
> Please insert Plaintiff's position wherever you see **fit** or add new sections as needed, then return your revised version by e-mail (as a word document attachment) to me by Monday, December 9, 2025.
>
> If I do not receive your edits by that date, I will file this as an Individual Status Report noting the lack of conferral.

Thank you.

Eric Eugene Crowl
Pro Se Defendant

--

Best,

Conner Edwards
(425) 533-1677 cell

--

Best,

Conner Edwards
(425) 533-1677 cell

--

Best,

Conner Edwards
(425) 533-1677 cell

--

Best,

Conner Edwards
(425) 533-1677 cell

--

Best,

Conner Edwards
(425) 533-1677 cell

--

Best,

Conner Edwards
(425) 533-1677 cell

--

Best,

Conner Edwards
(425) 533-1677 cell

--

Best,

Conner Edwards
(425) 533-1677 cell

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY,<br>Plaintiff,<br>v.<br>ERIC CROWL, et. al,<br>Defendant. | Case No. 25-7707<br><br>MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION |

COMES NOW PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY, by and through their counsel of record Conner Edwards, and respectfully submits this MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION.

## I. LEGAL AUTHORITY FOR MOTION

Circuit Rule 3-6 provides that: "[a]t any time prior to the disposition of a civil appeal or petition for review if the Court determines that the appeal is not within its jurisdiction, the Court may issue an order dismissing the appeal without notice or further proceedings."

## II. BACKGROUND

The final judgment rule is a foundational principle of U.S. appellate procedure. It provides that a party may generally appeal only after the trial court has issued a final judgment — meaning the decision ends the litigation on the merits and leaves nothing left for the court to do except execute the judgment. This rule prevents piecemeal appeals and promotes judicial



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

efficiency by ensuring that appellate courts review cases only once the trial court has fully resolved them.[1]

The orders (ECF 102 & 108 – also attached to this motion) which Defendant Crowl seeks to appeal are not final judgements because they do not resolve the case. Defendant Crowl asserts 28 U.S.C. § 1292(a)(1) and also cites *Batzel v. Smith*, 333 F.3d 21 1018 (9th Cir. 2003) as the basis for his appeal. 28 U.S.C. § 1292(a)(1) is not applicable as the interlocutory order being appealed does not relate to an injunction.

By citing the *Batzel* case, Defendant Crowl is invoking the collateral order doctrine. To fall into this narrow class of appealable nonfinal orders, a district court decision must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." [2]

In total, Defendant Crowl cites 8 separate issues for appeal (lettered A through H).[3] Of these, only C, D, E, and F collectively form a coherent basis for an interlocutory appeal under the collateral order doctrine. In essence, these four issues constitute Defendant Crowl's attempt to appeal the denial of his anti-SLAPP motion by the trial court. The rest of the issues cited are purely frivolous appeals of interlocutory orders (or, in one instance, "anticipated" interlocutory orders) that have <u>not</u> been certified for appeal as required by 28 U.S.C. § 1292(b).

---

[1] 28 U.S.C. § 1291

[2] *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)

[3] Exhibit A – Notice of Appeal by Defendant Crowl - ECF 109, pgs. 1-2.



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

The *Batzel* case was recently overruled, with an *en banc* panel of the 9th Circuit Court of Appeals finding that denial of an anti-SLAPP motion does not satisfy the requirements for an interlocutory appeal under the collateral order doctrine.[4] In overturning *Batzel,* the 9th Circuit Court of Appeals determined that an order denying an anti-SLAPP motion does not resolve issues "completely separate from the merits of the action" and does not render the decision "effectively unreviewable on appeal from a final judgment."[5]. The order that Defendant Crowl is appealing is Washington's version of the anti-SLAPP statute (known as UPEPA).

As noted in the Court's order[6] being appealed, Defendant Crowl's anti-SLAPP motion only applies to Plaintiff's state law claim.[7] A federal claim for violation of the Lanham Act is also part of the case, meaning that even if *Batzel* had not been overturned, the order should not be appealable under the collateral order doctrine.

## III. CONCLUSION

For the foregoing reasons, we respectfully request that the Court GRANT our MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION.

. DATED this December 10, 2025

**CG EDWARDS PLLC**

**Conner Edwards, WSBA No. 62961**
**Attorney for PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY**

---

[4] *Gopher Media LLC v. Melone*, 24-2626 (9th Cir. Oct 09, 2025)
[5] *Id.*, pg 5.
[6] Exhibit B – Order - ECF 102, pg. 5, line 9.
[7]RCW 4.105.010(3)(a)(xii)



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

**CERTIFICATE OF SERVICE**

I certify that I mailed a copy of the foregoing MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION and accompanying documents to ERIC CROWL, at 10002 112th ST SW, Lakewood, WA 98498, postage prepaid.

**December 10, 2025**
**Date**

______________________________

**Conner Edwards, WSBA No. 62961**
**Attorney for PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY**



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

PIERCE COUNTY REPUBLICAN PARTY,

Plaintiff,

v.

ERIC CROWL,

WASHINGTON47 PAC,

PIERCE COUNTY REPUBLICAN PARTY

Defendant.

Case No. 3:25-cv-05251-BHS

PROPOSED ORDER

Having considered MOTION FOR CONTEMPT, any responses, and the record, the Court hereby issues an order stating that:

1. Defendant Eric Crowl is ordered to make payment to Plaintiff PCRP in the amount of $1000 as punitive sanctions for failing to work with Plaintiff's counsel to submit a Joint Status Report as required by the Court in ECF 102, pg 9.
2. Default judgement is entered against Defendant Crowl. Defendant Crowl is hereby ORDERED to make payment to Plaintiff PCRP in the amount of $10,248.00 for reasonable attorney fees ($9,710) and filings fees/service costs ($538). All Defendants are jointly and severally liable for this payment. It shall occur within 30 days of this order.
3. Additionally, Defendants are hereby ORDERED to make payment to Plaintiff in the amount of $12,813.45 for corrective advertising to ameliorate the actions of



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

Defendants. Defendants are jointly and severally liable for this payment. It shall occur within 30 days of this order.

4. Defendants are hereby ENJOINED from using the name "Pierce County Republican Party" or any other name confusingly similar thereto; and maintaining any corporate/non-profit registration utilizing such name.

DATED this __________ day of _____________, 2025

___________________________________

Judge

**Presented By: Conner Edwards, WSBA No. 62961**
**Attorney for Plaintiff Pierce County Republican Party**

**Note: Explanation for the calculation of the amounts for default judgement can be found at Exhibit G (Declaration of Conner Edwards) for both ECF 112 & 113.**



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY,<br>Plaintiff,<br>v.<br>ERIC CROWL,<br>WASHINGTON47 PAC,<br>PIERCE COUNTY REPUBLICAN PARTY<br>Defendant. | Case No. 3:25-cv-05251-BHS<br><br>MOTION FOR DEFAULT JUDGEMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS PIERCE COUNTY REPUBLICAN PARTY & WASHINGTON47 PAC<br><br>MOTION NOTED FOR DECEMBER 8, 2025 |

COMES NOW PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY, by and through their counsel of record Conner Edwards, and respectfully submits this MOTION FOR DEFAULT JUDGEMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS PIERCE COUNTY REPUBLICAN PARTY & WASHINGTON47 PAC.

## I. INTRODUCTION & STATEMENT OF FACTS

On 7/10/25, the Court entered default against Defendants Washington47 PAC and Defendant Pierce County Republican Party.[1] These entities have not appeared, answered, or otherwise defended in this case.

Plaintiff Pierce County Republican Party has operated continuously in the Pierce County area since at least 1964.[2] The PCRP's activities include: voter outreach, candidate

[1] ECF #43

[2] Exhibit A - Declaration of David McMullan, pg. 1, paragraph 3.



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

recruitment, holding caucuses, fundraising, volunteer coordination, get-out-the-vote efforts, platform development, community engagement, and messaging.[3]

In November of 2024, the Executive Board of Plaintiff Pierce County Republican Party voted unanimously to deny Defendant Eric Crowl entry to the organization's biennial meeting due to Defendant Crowl's behavior.[4] This action was subsequently ratified by a vote of the Pierce County Republican Party's full membership at the biennial meeting in December of 2024.[5]

After this occurred, Defendant Crowl registered the name "Pierce County Republican Party" as a Washington nonprofit corporation, using Defendant Crowl's other Washington nonprofit corporation (Washington47 PAC).[6]

Following this, Defendant Crowl took to Facebook and X (formerly known as Twitter) to announce that he was in control of the Pierce County Republican Party as the organization's new chair and incorporator.[7] Defendant Crowl also held at least one "press availability" session, purportedly on behalf of the Pierce County Republican Party.[8] Following this, the Tacoma News Tribune published a story which highlighted Defendant Crowl's new organization and the dispute surrounding it. [9] Defendant Crowl would later claim that his actions in creating and

[3] Id, pg. 1, paragraph 4.

[4] Id., pg. 2, paragraph 5.

[5] Id., pg. 2, paragraph 6.

[6] Exhibit B – WA Secretary of State Articles of Incorporation for Defendants Pierce County Republican Party and Washington47 PAC.

[7] Exhibit C – Screenshots of Social Media Posts / Screenshot of X-Space

[8] Id, pg. 7.

[9] Exhibit D – The News Tribune Newspaper Article "Pierce County Republican Party urges judge: Stop the 'Pierce County Republican Party" from 4/3/25.



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

promoting Defendant PCRP were to bring "public attention" to his exclusion from Plaintiff PCRP's events and to mock Plaintiff PCRP. [10]

After Defendant Crowl's infringing actions came to light, Plaintiff PCRP sent a letter to Defendant Crowl informing him that he would face legal consequences if he did not amend the name of his nonprofit corporation within two weeks.[11] Defendant Crowl did not amend the name of his nonprofit corporation.

Defendants' actions injured the PCRP by causing confusion as to which of the two organizations (here, Plaintiff PCRP and Defendant PCRP) was legitimate.[12] Additionally, the association of Defendant Crowl – who was previously arrested for filming a police precinct with a vehicle full of guns and ammunition – with the PCRP damages the brand of the PCRP as a pro-law enforcement organization.[13] Additionally, Crowl's actions would prevent the PCRP from incorporating as a nonprofit association as nonprofits cannot share the same name.[14]

## II. APPLICABLE LAW & ANALYSIS

FRCP 55 permits the Court to enter judgement against a Defendant who has failed to plead or otherwise defend. The Court has already entered default against the two Defendant nonprofit corporations.[15]

---

[10] ECF 41 – Declaration of Eric Crowl, pg. 2, paragraph 3.

[11] Exhibit F – Demand Letter

[12] Exhibit A - Declaration of David McMullan, pg. 2, paragraph 11, see also Exhibit C, pg. 5, paragraph 6.

[13] Exhibit D – The News Tribune Newspaper Article "Pierce County Republican Party urges judge: Stop the 'Pierce County Republican Party" from 4/3/25, pg. 4.

[14] Exhibit A - Declaration of David McMullan, pg. 2, paragraph 11, see also RCW 24.03A.095, RCW 23.95.300.

[15] ECF 43 – Order



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

### 1) Violation of Lanham Act / False Designation of Origin

Section 43(a) of the Lanham Act provides, in pertinent part, as follows:

> *"Any person who shall ... use in connection with any goods or services ... a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same ... shall be liable to a civil action by any person ... who believes that he is or is likely to be damaged by use of any such false description or representation."*

It has been well established that charitable, educational, and other non-profit organizations are entitled to the protections of the Lanham Act. A decision regarding an analogous case brought under the Lanham Act summed up the issue well with a quote.

*"The fact that an organization is non-profit and sells no goods does not take it out of the protection of the law of unfair competition… …[t]he retention of a distinct identity here is just as important as it is to a commercial company. If the distinct identity of such non-profit organizations is lost through a confusingly similar use of a name by another, then it is obvious that the organization will have serious difficulty in raising funds and attracting members and support."*[16]

As described above, Plaintiff PCRP's activities include: voter outreach, candidate recruitment, holding caucuses, fundraising, volunteer coordination, get-out-the-vote efforts, platform development, community engagement, and messaging. After being barred from the Plaintiff PCRP's meetings, Defendant Crowl registered the name "Pierce County Republican Party" as a Washington nonprofit corporation, using Defendant Crowl's other Washington

---

[16] *Committee for Idaho High Desert v. Yost*, 881 F. Supp. 1457 (D. Idaho 1995) (quoting McCarthy on Trademarks and Unfair Competition (3d ed. 1994))



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

nonprofit corporation (Washington47 PAC). Following this, Defendant Crowl took to Facebook and X (formerly known as Twitter) to announce that he was in control of the Pierce County Republican Party as the organization's new chair and incorporator. Defendant Crowl also held at least one "press availability" session, purportedly on behalf of the Pierce County Republican Party. Following this, the Tacoma News Tribune published a story which highlighted Defendant Crowl's co-opting of the PCRP name for his new organization and the dispute surrounding it. Defendant Crowl's actions had the combined effect of injuring the PCRP by causing confusion as to which of the two organizations (here, Plaintiff PCRP and Defendant PCRP) were legitimate. Additionally, the association of Defendant Crowl – who was previously arrested for filming a police precinct with a vehicle full of guns and ammunition – with the PCRP damages the brand of the PCRP as a pro-law enforcement organization.

An analysis of the relevant likelihood of confusion factors identified by the Ninth Circuit in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979) further bolsters Plaintiff's case.

**The Defendant's Intent.** Based on the timeline provided above and statements of Defendant Crowl himself, it is clear that Defendant Crowl's intent in setting up the nonprofit corporation Pierce County Republican Party was to cause confusion and injury to Plaintiff PCRP as retaliation for being banned from Plaintiff PCRP's meetings.

**Strength or Weakness of the Plaintiff's Mark.** Plaintiff PCRP has been operating in Pierce County since the 1960s as one of the county's two major political parties. The PCRP's activities



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

include: voter outreach, candidate recruitment, holding caucuses, fundraising, volunteer coordination, get-out-the-vote efforts, platform development, community engagement, and messaging.

**The Defendant's Use of the Mark.** Defendant Crowl used his presence on commercial social media platforms to fraudulently represent his nonprofit corporation as the PCRP and himself as the Chair of the PCRP. Defendant Crowl knew, or should have known, the confusion that would result from this.

**Similarity of the trademarks.** The name Defendant Crowl chose for his nonprofit corporation (and for the social media pages he subsequently created) exactly match the name of Plaintiff Pierce County Republican Party.

**Marketing/Advertising Channels.** Both Defendant Crowl and Plaintiff PCRP largely target their messages to politically active Republicans in Pierce County/Washington State on social media.

**Analysis of Defendant Crowl's Personal Liability**

A corporate "officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf."[17]Accordingly, courts have found owners and

[17] *Murphy Tugboat Co. v. Shipowners & Merchants Towboat Co.*, 467 F.Supp. 841, 852 (N.D.Cal.1979) (citations omitted)



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

operators of a corporate entity to be directly liable for trademark and false designation of origin claims.[18]

Additionally, courts have held that joint and several liability is appropriate against Defendants who engage in tortious conduct under the Lanham Act. A passage of a 2018 opinion sums of the issue well.

> "A trademark, like a patent or a copyright, may be infringed by an individual as well as a corporation and all participants, including those acting merely as officers of a corporation, **may be jointly and severally liable**." 4 Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 25:24 (4th ed.). "A corporate 'officer or director is, in general, **personally** liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf.'" *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996) [19] [emphasis added]

Under the fact patterns described above, Defendant Crowl should be held personally liable along with the two non-profit corporate Defendants he controls. Defendant Crowl, as the controlling individual for his two co-defendants, was the only actual person who engaged in the activity giving rise to liability under this complaint.

**Relief Requested for Lanham Act Violation**

As described above and in the attached Declarations, the actions of Defendant Crowl and his two nonprofit corporations constitute false designation of origin under the Lanham Act. For this reason, Plaintiff PCRP is requesting a permanent injunction pursuant to 15 U.S.C. § 1116, which allows Courts to grant injunctions to prevent a violation of 15 U.S.C. 1125(a). As

---

[18] *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 143 F.Supp.3d 982, 1016 (N.D. Cal. 2015)

[19] *Stanley Black & Decker, Inc. v. D&L Elite Invs., LLC*, No. C 12-04516 SC (LB) (N.D. Cal. Jun 20, 2014)



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

described below, Plaintiff PCRP also requests attorney fees. Regarding damages, the damages inflicted on Plaintiff PCRP are not readily quantifiable as they primarily consist of damage to brand identity and loss of goodwill. For this reason, Plaintiff PCRP argues that the most appropriate remedy would be for the Court to award to Plaintiff PCRP the costs of a corrective newspaper advertisement in the largest newspaper in Pierce County, as detailed in Exhibit E.

**2. Violation of Washington Consumer Protection Act ("WCPA")**

Absent unusual circumstances, the analysis of a CPA claim follows that of the [federal] trademark infringement and unfair competition claims; it will turn on the likelihood of confusion regarding a protectable mark.[20] A 2024 opinion from the Federal District Court for the Western District of Washington summed up this issue well.

> *"A Washington Consumer Protection Act claim is "substantially congruous" to federal claims under the Lanham Act, BBC Grp. NV LLC v. Island Life Rest. Grp. LLC, No. C18-1101-RSM, 2020 WL 758070, at *2 (W.D. Wash. Feb. 14, 2020), and requires a plaintiff to show "(1) an unfair or deceptive act or practice; (2) occurring in the conduct of trade or commerce; (3) affecting the public interest; (4) injuring its business or property; and (5) a causal link between the unfair or deceptive act and the injury suffered." Id. (citing Lahoti v. Vericheck, Inc., No. C06-1132-JLR, 2007 WL 2570247, at *9 (W.D. Wash. Aug. 30, 2007), aff'd, 586 F.3d 1190 (9th Cir. 2009))."*[21]

As described above, after being barred from the Plaintiff PCRP's meetings, Defendant Crowl registered the name "Pierce County Republican Party" as a Washington nonprofit corporation, using Defendant Crowl's other Washington nonprofit corporation (Washington47 PAC). Following this, Defendant Crowl took to the commercial social media platforms Facebook and X (formerly known as Twitter) to announce that he was in control of the Pierce

[20] *Safeworks, LLC v. Teupen Am., LLC*, 717 F.Supp.2d 1181, 1192 (W.D. Wash. 2010)

[21] *Amazon.com v. Tang Zhi*, 2:20-cv-01215-TMC-MLP (W.D. Wash. Mar 04, 2024)



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

County Republican Party as the organization's new chair and incorporator. Defendant Crowl also held at least one "press availability" session on the commercial social media platform X, purportedly on behalf of the Pierce County Republican Party. Following this, the Tacoma News Tribune published a story which highlighted Defendant Crowl's co-opting of the PCRP name for his new organization and the dispute surrounding it. These actions had the combined effect of injuring the PCRP by causing confusion as to which of the two organizations (here, Plaintiff PCRP and Defendant PCRP) were legitimate. The commercial actions in question in the fact pattern of this case are twofold. First, Defendant Crowl registered Defendant Pierce County Republican Party (thus obtaining limited liability protection) and paid a fee to the Washington Secretary of State's Office.[22] Second, Defendant Crowl utilized commercial social media platforms to propagate his fraudulent claims that he was in control of the Pierce County Republican Party as its chair, as described above.

These facts demonstrate Plaintiff PCRP's entitlement to injunctive relief under the Washington Consumer Protection Act. This relief parallels the relief to which Plaintiff PCRP is entitled to under the Lanham Act.

**<u>Attorney Fees</u>**

Plaintiff PCRP asserts entitlement to attorney fees based on two separate statutes. The Fee Declaration is attached to this Motion as Exhibit G.

---

[22] See WAC 434-112-085.



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

First, 15 U.S. Code § 1117 provides that "in exceptional cases may award reasonable attorney fees to the prevailing party" when a violation of § 43(a) of the Lanham Act has been established. "While the term 'exceptional' is not defined in the statute, generally a trademark case is exceptional for purposes of an award of attorneys' fees when the infringement is malicious, fraudulent, deliberate or willful."[23]

Because Defendant Crowl - by and through his two nonprofit associations - knowingly, intentionally and deliberately adopted and used the PCRP's name after being barred from PCRP's meetings, this case falls within that class of exceptional cases in which courts may award attorney's fees pursuant to § 1117(a). Plaintiff PCRP is therefore entitled to attorney fees.

Additionally, RCW 19.86.090 authorizes the Plaintiff in a successful Washington Consumer Protection Act suit *"...to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee.*"

---

[23]*Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir.), cert. denied, 510 U.S. 815, 114 S.Ct. 64, 126 L.Ed.2d 34 (1993).



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

## III. CONCLUSION

For the foregoing reasons, we respectfully request that the Court GRANT Plaintiff's Motion.

DATED this December 7, 2025

**CG EDWARDS PLLC**

**Conner Edwards, WSBA No. 62961**
**Attorney for Plaintiff PCRP**

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of the foregoing MOTION FOR DEFAULT JUDGEMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS PIERCE COUNTY REPUBLICAN PARTY & WASHINGTON47 PAC and accompanying documents to DEFENDANT ERIC CROWL, at 10002 112th ST SW, LAKEWOOD, WA 98498, postage prepaid.

**December 7, 2025**
**Date**

**Conner Edwards, WSBA No. 62961**
**Attorney for PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY**



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

Exhibit A - Declaration of David McMullan

**FEDERAL DISTRICT COURT**
**FOR WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY,<br>Plaintiff,<br>v.<br>ERIC CROWL, et. al,<br>Defendants. | Case No. 3:25-cv-05251-BHS<br><br>DECLARATION OF DAVID MCMULLAN |

I, DAVID MCMULLAN, state as follows:

1. I am over the age of 18, competent to testify, and make this declaration based on personal knowledge.
2. I am the Chair of the Pierce County Republican Party (PCRP) and have served in that role since being first elected in 2018. I have been involved with the PCRP since 2010.
3. The PCRP is an unincorporated, bona-fide county political party that is headquartered at 10209 Bridgeport Way SW, #C1 Lakewood, WA 98499. The PCRP has operated continuously since at least 1964 and is well known in Pierce County, Washington.
4. PCRP activities include: voter outreach, candidate recruitment, holding caucuses, fundraising, volunteer coordination, get-out-the-vote efforts, platform development, community engagement, and messaging.



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

5. In November of 2024, the Executive Board of the PCRP voted to exclude Defendant Eric Crowl from party events due, in part, to Defendant Crowl's behavior towards other party members.

6. The vote to exclude Defendant Crowl was subsequently ratified by a vote of PCRP's membership in early December of 2024.

7. Several weeks later, Defendant Crowl filed incorporation paperwork with the Secretary of State's office with the name "Pierce County Republican Party."

8. Following this, Defendant Crowl made a number of public statements on commercial social media platforms online where he claimed to be the Chair of the PCRP and in control of the organization.

9. Defendant Crowl did not have permission from the Pierce County Republican Party to use this name.

10. The actions of Eric Crowl in registering an organization that bears the name "Pierce County Republican Party" and subsequently making numerous social media posts under that name injured the actual Pierce County Republican Party.

11. This damage includes but is not limited to: 1) causing confusion amongst the public as to which organization was legitimate, and 2) preventing the PCRP from registering as a nonprofit corporation (as no two nonprofit corporations can share the same name).

///

///

///



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 7 of DEC, 2025

**DECLARANT**

**DAVID MCMULLAN**



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

Exhibit B - Washington Secretary of State Articles of Incorporation for Defendants Pierce County Republican Party & Washington47 PAC

WASHINGTON
Secretary of State
Corporations & Charities Division

Filed
Secretary of State
State of Washington
Date Filed: 03/04/2025
Effective Date: 03/04/2025
UBI #: 605 777 314

**ARTICLES OF INCORPORATION**

## UBI NUMBER

UBI Number: **605 777 314**

## BUSINESS NAME

Business Name: **PIERCE COUNTY REPUBLICAN PARTY**

## NONPROFIT GROSS REVENUE CERTIFICATION

Did the Nonprofit Corporation certify that the Gross Revenue is less than $500,000? **- Yes**

## CHARITABLE NONPROFIT CORPORATION

Is the Nonprofit Corporation a Charitable Nonprofit as defined by RCW 24.03A.010(6)? **- No**

## PURPOSE OF CORPORATION

**POLITICAL PARTY**

## PURPOSE OF CORPORATION - STAFF CONSOLE CONFIRMATION

Customer provided purpose of corporation? **- Yes**

## ANY OTHER PROVISIONS

Required by IRS for Tax Exempt Status https://www.irs.gov/:

## REGISTERED AGENT RCW 23.95.410

| **Registered Agent Name** | **Street Address** | **Mailing Address** |
|---|---|---|
| WASHINGTON47 PAC | 10002 112TH ST SW, LAKEWOOD, WA, 98498-1602, UNITED STATES | 10002 112TH ST SW, LAKEWOOD, WA, 98498-1602, UNITED STATES |

## REGISTERED AGENT CONSENT

Customer provided Registered Agent consent? * **- Yes**

## DURATION

Duration: **PERPETUAL**

## EFFECTIVE DATE

Effective Date: **03/04/2025**

MEMBERS RCW 24.03A.010(45)

Does the Nonprofit Corporation have members? **- No**

INITIAL BOARD OF DIRECTOR

| Title | Initial Board of Director Type | Entity Name | First Name | Last Name | Address |
|---|---|---|---|---|---|
| INITIAL BOARD OF DIRECTORS | ENTITY | WASHINGTON47 PAC | | | 10002 112TH ST SW, LAKEWOOD, WA, 98498-1602, UNITED STATES |

INCORPORATOR

| Title | Incorporator Type | Entity Name | First Name | Last Name | Address |
|---|---|---|---|---|---|
| INCORPORATOR | ENTITY | WASHINGTON47 PAC | | | 10002 112TH ST SW, LAKEWOOD, WA, 98498-1602, UNITED STATES |

INCORPORATOR SIGNATURE - ATTESTATION

☑ By adding each Incorporator, the business attests that the incorporator signature(s) have been obtained.

INCORPORATORS SIGNATURE CONFIRMATION

Signature of each incorporator has been provided? **- Yes**

DISTRIBUTION OF ASSETS

**ALL ASSETS WILL BE DISTRIBUTED IN ACCORDANCE WITH RCW 24.03A.906 BY A SIMPLE MAJORITY VOTE OF THE BOARD OF DIRECTORS, OR IN THE ALTERNATIVE AT THE DIRECTION OF ANY SURVIVING TRUSTEES. SUCH DISTRIBUTION SHALL CONSIDER THE NATURE OF THE ASSET (SUCH AS CHARITABLE, NON-CHARITABLE) AND ANY STIPULATIONS ATTACHED TO AN ASSET REQUIRING RETURN, TRANSFER, OR CONVEYANCE -- IN ACCORDANCE WITH STATE LAW.**

DISTRIBUTION OF ASSETS PROVIDED

Customer provided information on distribution of assets? **- Yes**

RETURN ADDRESS FOR THIS FILING

Attention:

Email:

Address:

UPLOAD ADDITIONAL DOCUMENTS

| Name | Document Type |
|---|---|
| No Value Found. | |

UPLOADED DOCUMENTS

| Document Type | Source | Created By | Created Date |
|---|---|---|---|
| No Value Found. | | | |

AUTHORIZED PERSON - STAFF CONSOLE

☑ Document is signed.

Person Type:
**ENTITY**

First Name:
**ERIC**

Last Name:
**CROWL**

Entity Name:
**WASHINGTON47 PAC**

Title:
**CHAIRMAN**

WASHINGTON
Secretary of State
Corporations & Charities Division

Filed
Secretary of State
State of Washington
Date Filed: 01/06/2025
Effective Date: 01/06/2025
UBI #: 605 667 113

**ARTICLES OF INCORPORATION**

### UBI NUMBER

UBI Number: **605 667 113**

### BUSINESS NAME

Business Name: **WASHINGTON47 PAC**

### NONPROFIT GROSS REVENUE CERTIFICATION

Did the Nonprofit Corporation certify that the Gross Revenue is less than $500,000? **- Yes**

### CHARITABLE NONPROFIT CORPORATION

Is the Nonprofit Corporation a Charitable Nonprofit as defined by RCW 24.03A.010(6)? **- No**

### PURPOSE OF CORPORATION

**ANY LAWFUL PURPOSE**

### PURPOSE OF CORPORATION - STAFF CONSOLE CONFIRMATION

Customer provided purpose of corporation? **- Yes**

### ANY OTHER PROVISIONS

Required by IRS for Tax Exempt Status https://www.irs.gov/:

### REGISTERED AGENT RCW 23.95.410

| Registered Agent Name | Street Address | Mailing Address |
|---|---|---|
| ERIC CROWL | 10002 112TH ST SW, LAKEWOOD, WA, 98498-1602, UNITED STATES | 10002 112TH ST SW, LAKEWOOD, WA, 98498-1602, UNITED STATES |

### REGISTERED AGENT CONSENT

Customer provided Registered Agent consent? * **- Yes**

### DURATION

Duration: **PERPETUAL**

### EFFECTIVE DATE

Effective Date: **01/06/2025**

## MEMBERS RCW 24.03A.010(45)

Does the Nonprofit Corporation have members? **- Yes**

| Title | Member Type | Entity Name | First Name | Last Name |
|---|---|---|---|---|
| MEMBER | INDIVIDUAL | | ERIC | CROWL |

## INITIAL BOARD OF DIRECTOR

| Title | Initial Board of Director Type | Entity Name | First Name | Last Name | Address |
|---|---|---|---|---|---|
| INITIAL BOARD OF DIRECTORS | INDIVIDUAL | | ERIC | CROWL | 10002 112TH ST SW, LAKEWOOD, WA, 98498-1602, UNITED STATES |

## INCORPORATOR

| Title | Incorporator Type | Entity Name | First Name | Last Name | Address |
|---|---|---|---|---|---|
| INCORPORATOR | INDIVIDUAL | | ERIC | CROWL | 10002 112TH ST SW, LAKEWOOD, WA, 98498-1602, UNITED STATES |

## INCORPORATOR SIGNATURE - ATTESTATION

☑ By adding each Incorporator, the business attests that the incorporator signature(s) have been obtained.

## INCORPORATORS SIGNATURE CONFIRMATION

Signature of each incorporator has been provided? **- Yes**

## DISTRIBUTION OF ASSETS

**ALL ASSETS WILL BE DISTRIBUTED IN ACCORDANCE WITH RCW 24.03A.906 — BY A SIMPLE MAJORITY VOTE OF THE BOARD OF DIRECTORS, OR IN THE ALTERNATIVE AT THE DIRECTION OF ANY SURVIVING TRUSTEES. SUCH DISTRIBUTION SHALL CONSIDER THE NATURE OF THE ASSET (SUCH AS CHARITABLE,NON-CHARITABLE) AND ANY STIPULATIONS ATTACHED TO AN ASSET REQUIRING RETURN, TRANSFER, OR CONVEYANCE -- IN ACCORDANCE WITH STATE LAW. IN ALL CASES, THE BOARD SHALL FIRST CONSIDER THE INITIAL BOARD OF DIRECTOR OF THE - FULL TEXT ON FILE.**

## DISTRIBUTION OF ASSETS PROVIDED

Customer provided information on distribution of assets? **- Yes**

## RETURN ADDRESS FOR THIS FILING

Attention:
**WASHINGTON47 PAC**

Email:
**ERIC.CROWL@CITIZENOBSERVERS.ORG**

Address:
**10002 112TH ST SW, LAKEWOOD, WA, 98498-1602, UNITED STATES**

## UPLOAD ADDITIONAL DOCUMENTS

| Name | Document Type |
|---|---|
| WASHINGTON47 PAC - DISTIBUTION OF ASSETS.pdf | ARTICLES OF INCORPORATION |

## UPLOADED DOCUMENTS

| Document Type | Source | Created By | Created Date |
|---|---|---|---|
| No Value Found. | | | |

## AUTHORIZED PERSON - STAFF CONSOLE

☑ Document is signed.

Person Type:
**INDIVIDUAL**

First Name:
**ERIC**

Last Name:
**CROWL**

Title:
**PRINCIPAL**

Exhibit C - Screenshots of Social Media Posts / Screenshot of X-Space

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

PIERCE COUNTY REPUBLICAN PARTY,

Plaintiff,

v.

ERIC CROWL, et. al,

Defendants.

Case No. 3:25-cv-05251-BHS

DECLARATION OF CONNER EDWARDS

I, CONNER EDWARDS, state as follows:

1. I am over the age of 18, competent to testify, and make this declaration based on personal knowledge.
2. The purpose of this declaration is to share digitally captured images with the Court which evidence Defendants' actions. These actions violated the Lanham Act and the Washington Consumer Protection Act.

///

///

///

///

///

///

///



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

3. Below is an image digitally captured by me at 8:09 PM on March 7, 2025. It was posted on Defendant Pierce County Republican Party's Facebook page. The post claims that Defendant Crowl was appointed Chair of the Pierce County Republican Party, which was false.






THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

4. Below is an image digitally captured by me at 10:03 PM on March 7, 2025. It shows additional information about the page created by Defendant Pierce County Republican Party. The page claims to be the "official" page for the PCRP, located in Lakewood, WA. Plaintiff PCRP is also located in Lakewood, WA.






THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

5. Below is an image digitally captured by me at 6:15 AM on March 8, 2025. It shows a post that Defendant Crowl made (on his X social media handle "OutragePNW") where Defendants Crowl and Washington47 PAC purport to be the "owners" of Pierce County Republican Party.






THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

6. Below are two images digitally captured by me at 5:53 PM on 12/6/26. They show a Facebook post made by the 28th District Republicans of Pierce County on March 9, 2025, containing a screenshot of the legal demand letter sent to Defendant Crowl requesting him to change the name of his nonprofit corporation. A comment at the bottom of the post (made around the time of the post) exemplifies the confusion caused by Defendant Crowl's actions.

28th District Republicans of Pierce County
March 9 ·

Pierce County Republican Party
10209 Bridgeport Way SW, #C-1
Lakewood, WA 98499
(253) 722-5353

March 8, 2025

Eric Crowl
10002 112th St SW
Lakewood, WA, 98498
Eric.Crowl@CitizenObservers.org
*Mailed & Sent Electronically*

Mr. Crowl:

The purpose of this letter is to demand that you cease using the name of the Pierce County Republican Party. You do not have permission from the Pierce County Republican Party to use the organization's name or to make filings on the organization's behalf.

First, we are demanding that you amend the name of the nonprofit corporation that you have recently formed (UBI: 605-777-314). You listed the name of your nonprofit corporation as "Pierce County Republican Party". Filing false information with the Secretary of State in an application to create a nonprofit corporation constitutes a criminal offense. See RCW 43.07.210.

Second, we are demanding you amend the name of the Facebook page you have recently created (https://www.facebook.com/PierceCountyRepublicanParty).

Finally, we are demanding that you cease any further similar uses of the name Pierce County Republican Party. Again, you do not have permission from the Pierce County Republican Party to use the organization's name or to make filings on the organization's behalf.

If you fail to comply with this request by March 21, 2025, the Pierce County Republican Party intends to pursue all available legal recourse.

Sincerely,

**Conner Edwards**
Attorney for Pierce County Republican Party
WSBA #62961

Pierce County Republican Party
March 9 ·

Fun and games are over now Eric, We are going to protect our brand and it's in your best interests to drop the social media page, cancel the UBI, and just go away. Or, we will see you in court. You won't like that.

Like Comment Share

Most relevant

Jenifer Alexandra Short
Good. This is misleading the public as well. Today I saw their post that he was the new Chair of Pierce and I thought Dave stepped down. I was confused and concerned.
38w Like Reply

Jenifer Alexandra Short
Also their PAC WA 47 for Trump 2024-2028 established in 2024 appears to the public they are fund raising for Trump. I would like to look at their donations and the FEC report. If it even exists.
38w Like Reply



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

7. Below is an image digitally captured by me at 11:26 PM on March 10, 2025. It shows an "X-Space" (a live chatroom where participants can communicate with each other in real time) hosted by Defendant Crowl. The title of the space was "Pierce County Republican Party – Press Availability". A press availability is a media event where officials, spokespeople, or organizations make themselves accessible to journalists for questions and comments.






THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

8. Attached to my Motion for Summary Judgement & Motion for Default Judgement is Exhibit B – which contains two public document (Articles of Incorporation) I downloaded from the Washington Secretary of State's website on the evening of 12/7/25.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 7th of December, 2025

**DECLARANT**



**CONNER EDWARDS**



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

Case: 25-3707, 09/01/2026, DktEntry: 15.4, Page 45 of 281
Case 3:25-cv-05231-BHS Document 11-4 Filed [illegible] Page 1 of 7



CYBER SALE 6 MONTHS for $19.99 + FREE bonus subscription CLAIM YOUR GIFT!

Exhibit D - The News Tribune Newspaper Article

LOCAL

# Pierce County Republican Party urges judge: Stop the ‘Pierce County Republican Party’

By **Shea Johnson**

Updated April 3, 2025 10:00 AM Gift Article



Creatas *Getty Images/Creatas RF*



Case: 25-3707, 03/01/2026, DktEntry: 15.1, Page 46 of 281

**Listen to this article**

The name “Pierce County Republican Party” was recently registered as a nonprofit corporation with the Washington Secretary of State’s Office, but not by the local GOP.

Eric Crowl, an elected Republican precinct committee officer who’s been entrenched in a bitter fight with the party, registered the available name on March 4 through a political action committee he controls called Washington47 PAC, state business records show.

TOP VIDEOS

Watch More

00:00

02:00

Now, the Pierce County Republican Party is suing the Pierce County Republican Party — sort of. The official party has taken to court its nonprofit namesake, Crowl and his PAC.

In a lawsuit filed March 23 in U.S. District Court, Western District of Washington, the Pierce County Republican Party alleges that Crowl has proclaimed to be the party’s new chair and used its name on social media, including during live audio rooms on X advertised as “Pierce County Republican Party — Press Availability.”

deceive voters and interfere with the party's political relationships while violating federal trademark law.

"From our perspective, it seems that he is trying to steal the brand and trying to claim that he owns the party," Pierce County Republican Party attorney Conner Edwards told The News Tribune.

An unincorporated organization, such as the county Republican Party, may still litigate to enforce its trademark, according to Edwards. Asked whether the party should have registered its name to prevent someone else from doing so, Edwards noted that most county parties don't file for incorporation.

"It's not an oversight," he said.

In an interview with The News Tribune, Crowl called the suit's allegations contrived and driven by personal animus toward him.

"At no point have I attempted to conduct business as the Pierce County Republican Party," he said.

The lawsuit was preceded by a conflict that arose in November when the party's Executive Board unanimously voted to deny Crowl entry into the party's biennial reorganization meeting held the following month in Puyallup. Crowl was excluded from the meeting despite winning election for precinct committee officer (PCO) in August in a race that Edwards said was uncontested.

During the reorganization meeting, PCOs are sworn in and Central Committee officers are elected, according to the party's current bylaws. PCOs are members of the Central Committee, which is the party's governing body. PCOs represent the party, participate in related activities and may elect State Central Committee

Hilles Cashmere Quarter-Zip Sweater
$288.75
Wide-Stripe Cotton Crewneck T-Shirt
$75
Clin

Crowl was informed in November that the county Republican Party didn't recognize him as a member in good standing, however, citing several years of alleged repeat behavior "damaging to the mission and goals of the party," according to a letter Crowl received from Edwards, which Crowl posted to his X account last fall.

In an interview Tuesday, Crowl said that the party never clarified what purported damaging behaviors he had demonstrated. Asked about those behaviors, Edwards referred The News Tribune to party Chairman Dave McMullan, who didn't immediately return a message.

Nearly a decade ago, Crowl pleaded no contest to one count of unlawful possession of a firearm and was sentenced to three years of probation in a case stemming from Oregon, according to news outlet KOIN 6 in Portland. He appeared to be monitoring and filming a Portland police precinct in 2016 when his vehicle was discovered to have multiple guns and hundreds of rounds of ammunition inside, the outlet reported.

Crowl, who was purportedly observing police as a citizen journalist and had done so previously that year, failed to empty his car from a recent family camping trip and inadvertently stored one of his lawfully purchased, unloaded firearms in violation of the state's concealed-carry law, according to Crowl's attorney at the time, KOIN 6 reported.

"The hysteria surrounding the case was pretty wild," Crowl told The News Tribune.

Crowl, who frequently posts on X, has defended himself online when others occasionally bring up the case. He also has documented his criticisms about the county GOP, including in one post referring to his exclusion from its reorganization meeting as an apparent "unlawful criminal conspiracy to obstruct me from performing my official duties" as PCO.

Crowl told The News Tribune that he had been shut out from attending due to "political differences" and because he intended to run against McMullan.

"I think Dave McMullan was very aware that he was going to lose the election for chairman to me," Crowl said. "I had widespread support to replace him."

Crowl, who described himself as a supporter of President Donald Trump, said he believed that the county Republican Party is not aligned with Trump's agenda. He also claimed to have been at odds with the party for backing controversial gubernatorial candidate Semi Bird last year.

He declined to specify his reasons for registering the party's name, citing the pending litigation.

Edwards said there's legal precedent that allowed the party to exclude Crowl from its meeting and that the Executive Board was "confident" it had made the right decision to do so.

The lawsuit claims that Crowl had been threatening to sue the party over his exclusion when he discovered that the party wasn't incorporated with the Secretary of State's Office.

"Following this, Defendant Crowl rushed to social media, announced the organization's registration, created a Facebook page with the name 'Pierce County Republican Party', and proclaimed himself the new party chair," the suit said.

The Facebook page was no longer up at the time the lawsuit was filed.

"You cannot steal an organization's brand," Edwards said. "He cannot do what he has done."

The lawsuit is also seeking unspecified damages related to the alleged trademark infringement and legal fees.

This story was originally published April 2, 2025 at 10:52 AM.

**Afternoon Update**

We'll help you catch up on the day's top stories at 3 p.m. with today's headlines from TheNewsTribune.com.

SIGN UP

By submitting, I agree to the Privacy Policy and Terms of Service.

**Want to see more content like this?**



**Shea Johnson** *The News Tribune* 253-220-6192

Shea Johnson is an investigative reporter who joined The News Tribune in 2022. He covers broad subject matters, including civil courts. His work was recognized in 2023 and 2024 by the Society of Professional Journalists Western Washington Chapter. He previously covered city and county governments in Las Vegas and Southern California. He received his bachelor's degree from Cal State San Bernardino. Support my work with a digital subscription

# Join the Conversation

FOLLOW

Anyone can read the comments, but you must be a subscriber or logged in with a registered account to contribute. If you do not have a registered account, you can sign up for one below (it's free).

LOG IN SIGN UP

Exhibit E - Cost of Corrective Advertising

Gmail

Conner Edwards <cg.edwards53@gmail.com>

## Re: Fwd: [McClatchy] cg.edwards53@gmail.com: 'Hello: what would be the cost to place a full-page legal ad in the ...'

**Nancy from C3 Leads** <classleads@legacy.com> Thu, Dec 4, 2025 at 7:42 AM
Reply-To: Nancy from C3 Leads <classleads@legacy.com>
To: cg.edwards53@gmail.com

To run a display in Sunday paper would be $11,975.19 plus 7% service fee, if you run on a weekday the price would be $10,172.14. Thank You, Nancy

**Nancy**
McClatchy Legals Support Team

On Thu, Dec 04, 2025 at 09:33 AM, "Inbound, MCC" <inbound@mcclatchy.com> wrote:

> TAXC Legal inquiry
>
> ---------- Forwarded message ---------
>
> From: **cg.edwards53@gmail.com via Intercom** <notifications@mcclatchy-44cab878110a.intercom-mail.com>
> Date: Wed, Dec 3, 2025 at 10:50 PM
> Subject: [McClatchy] cg.edwards53@gmail.com: 'Hello: what would be the cost to place a full-page legal ad in the ...'
> To: <inbound@mcclatchy.com>
>
> Write ABOVE to reply to cg.edwards53@gmail.com LEAD View conversation
>
> C
>
> Hello: what would be the cost to place a full-page legal ad in the tacoma news tribune Sunday edition?
>
> cg.edwards53@gmail.com on 3 Dec, 11:50pm
> EMAIL cg.edwards53@gmail.com
> Seattle, United States
>
> This email was sent from **Intercom** You can change your notification settings **here**

Exhibit F - Demand Letter

**Pierce County Republican Party**
**10209 Bridgeport Way SW, #C-1**
**Lakewood, WA 98499**
**(253) 722-5353**

March 8, 2025

Eric Crowl
10002 112th St SW
Lakewood, WA, 98498
Eric.Crowl@CitizenObservers.org
*Mailed & Sent Electronically*

Mr. Crowl:

The purpose of this letter is to demand that you amend the name of the nonprofit corporation that you have recently formed (UBI: 605-777-314). You listed the name of your nonprofit corporation as "Pierce County Republican Party".

You did not have permission from the Pierce County Republican Party to use this name or to make filings on the organization's behalf.

Filing false information with the Secretary of State in an application to create a nonprofit corporation constitutes a criminal offense. See RCW 43.07.210.

If you fail to amend the name of your nonprofit corporation by March 21, 2025, the PCRP intends to pursue all available legal recourse.

Sincerely,

**Conner Edwards**
Attorney for Pierce County Republican Party
WSBA #62961

Exhibit G - Fee Declaration

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| Pierce County Republican Party,<br>Plaintiff,<br>v.<br>Eric Crowl, et. al,<br>Defendants. | Case No. 3:25-cv-05251-BHS<br><br>DECLARATION OF CONNER EDWARDS |

I, CONNER EDWARDS, state as follows:

I am over the age of 18, competent to testify, and make this declaration based on personal knowledge.

1. I am an attorney licensed in Washington and Idaho and represent Plaintiff Pierce County Republican Party in the above captioned matter.
2. I attended University of Idaho College of Law and earned my J.D. in 2022.
3. I was licensed in 2023 and subsequently began working as a solo practitioner in late 2024.
4. Prior to working as an attorney, I worked as a legislative aide for the Washington State Senate, a contact lobbyist, and a professional campaign treasurer.
5. As a solo practitioner I have handled a wide range of cases relating to campaign finance, probate, contract disputes, and political matters.
6. The agreement I have entered into with my client assigns my hourly rate at $100 per hour. I believe that is a reasonable rate given my training, experience, and ability and that



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

is a rate that is at or below the rate that other attorneys of similar background, experience and training would charge to undertake this case in Washington.

7. After review of my time keeping records, I have spent 97.1 hours on this case which involved necessary research, review, drafting, and arguing of Plaintiff's case. Accordingly, the amount of reasonable attorney's fees due is $9710. Below is the list of tasks performed and time spent, as required by LCR 55(b)(2)(C).

| | | |
|---|---|---|
| Pre-Filing Legal Research | 11 | Trademark/CPA |
| Complaint Research/Drafting/Submission/Service | 9 | Trademark/CPA |
| Research/Filing Amending Complaint (Adding WA Consumer Protection Act Claim) | 4.75 | Trademark/CPA |
| Response to Crowl's Motion To Quash re: Service / Declaration Preperation | 1.25 | Trademark/CPA |
| Response to Crowl's Motion To Quash re: Service | 1 | Trademark/CPA |
| Responding to Crowl's Motion To Extend Time | 1.25 | Trademark/CPA |
| Preparing/Mailing Documents (Waiver of Service) | 1.5 | Trademark/CPA |
| Getting Amended Summons From Court & Filling Out Service Intake Forms | 1 | Trademark/CPA |
| Printing Documents for Service, Going to Bank for Cash To Pay Sheriff, Delivering Forms To Tacoma | 0.75 | Trademark/CPA |
| Phone Call w/ Pierce Co Sheriff's Office re: Service | 0.1 | Trademark/CPA |
| Phone Call To PCSO re: Service | 0.1 | Trademark/CPA |
| Call & Paperwork re: Service & Research | 1.1 | Trademark/CPA |
| Phone Call re: Service | 0.1 | Trademark/CPA |
| Prepping Motion Re: Alternative Service | 3.2 | Trademark/CPA |
| Proofing/Filing/Reviewing Local Rules + Public Records Request | 1 | Trademark/CPA |
| Prepping/Filing/Mailing Motion for Service Fees | 1.6 | Trademark/CPA |
| Preping Motion For Default | 1 | Trademark/CPA |
| Reading Defendant Crowl's Declarations | 0.2 | Trademark/CPA |
| Responding to Defendant Crowl's Filings/Declarations, Writing/Serving Motion for Sanctions | 2.8 | Trademark/CPA |
| Research / Drafting Response to Motion to Dismiss | 2.5 | Trademark/CPA |
| Reviewing Evidence, Writing Response to Motion to Dismiss (Lanham Portion) | 4 | Trademark/CPA |
| Finishing Motion To Dismiss Response, Filing, Mailing | 4.8 | Trademark/CPA |
| Writing another FRCP 11 Sanctions Motion - Served Only | 1 | Trademark/CPA |
| Filing FRCP 11 Motion + Case Review | 1.3 | Trademark/CPA |
| Reading Defendant Crowl's Motions, Responding to Motion To Disqualify, Serving FRCP 11 Motion (4th) | 1.9 | Trademark/CPA |
| Filing Motion for Contempt re: Service Fee Payment, Drafting Declaration, Research on Contempt, etc. | 3.1 | Trademark/CPA |
| Drafting Motion for Sanctions | 3 | Trademark/CPA |
| Drafting Discovery Requests for Crowl | 2.3 | Trademark/CPA |
| Reading Crowl's Responses/Reading Court Order/Email To Schedule Hearing | 0.5 | Trademark/CPA |
| Drafting 5th Sanction Motion for Service | 1.7 | Trademark/CPA |
| Reply To Crowl's Response to Sanctions & Response to Motion To Stay Discovery | 1.9 | Trademark/CPA |
| Drafting Rule 26(f) conference Letter | 0.4 | Trademark/CPA |
| Reading/Researching Crowl's UPEPA Notice | 0.1 | Trademark/CPA |
| Prepping For / Attending Motion Hearing | 2 | Trademark/CPA |
| Responding To Crowl UPEPA Motion | 0.7 | Trademark/CPA |
| Responding to Crowl Motion for Summary Judgement | 2.3 | Trademark/CPA |
| Responding to Crowl's 2nd Motion for Summary Judgement | 0.9 | Trademark/CPA |
| Motion for Entry of Default | 0.8 | Trademark/CPA |
| Drafting Motion for Default/Summart Judgement | 4 | Trademark/CPA |
| Drafting Motion for Default/Summart Judgement | 2.3 | Trademark/CPA |
| Drafting/Serving FRCP 11 Motion, Responding to Crowl's Filings @ ECF 95 & 96 | 2.4 | Trademark/CPA |
| E-mailing Court & Crowl | 0.3 | Trademark/CPA |
| E-mail Correspondence w/ Court & Crowl | 0.2 | Trademark/CPA |
| E-mail Correspondence w/ Court & Crowl | 2.7 | Trademark/CPA |
| Researching Appeal/Stay Issue - Responding to Crowl E-mail | 0.5 | Trademark/CPA |
| Working on MSJ, Preparing Exhibits | 3.3 | Trademark/CPA |
| Finalizing MSJ & Default Motions, Printing and Preparing Documents for Mailing | 3.5 | Trademark/CPA |



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

8. The amount of time expended on this case was significantly increased by Defendant Crowl's unnecessary filing of motions that the Court has already repeatedly noted were without merit.

9. It cost Plaintiff PCRP $405.00 as filing fees to initiate this case. We utilized three process servers to effectuate service on Defendant Crowl. The firm process server was the Pierce County Sheriff's Office, they cost $48 and were unsuccessful despite several visits to Defendant Crowl's residence. The second firm (ABC Legal) cost $85 but was unsuccessful despite several visits to Crowl's residence. The third firm was successful and Defendant Crowl has already reimbursed us for that per the Court's order. Thus, total costs are $538.

10. Thus, the total reasonable legal costs and fees to date in this case are $10,248.

DATED this 7th of December, 2025

**DECLARANT**

**CONNER EDWARDS**



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

PIERCE COUNTY REPUBLICAN PARTY,

Plaintiff,

v.

ERIC CROWL,

WASHINGTON47 PAC,

PIERCE COUNTY REPUBLICAN PARTY

Defendants.

Case No. 3:25-cv-05251-BHS

PROPOSED ORDER

Having considered both MOTION FOR DEFAULT JUDGEMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT WASHINGTON47 PAC AND DEFENDANT PIERCE COUNTY REPUBLICAN PARTY, and MOTION FOR SUMMARY JUDGEMENT AND PERMANENT INJUNCTION DEFENDANT CROWL, any responses, and the record, the Court hereby issues an order stating that:

1. Defendants' actions violated the Lanham Act (False Designation of Origin) and the Washington Consumer Protection Act.
2. Defendants are hereby ENJOINED from using the name "Pierce County Republican Party" or any other name confusingly similar thereto; and maintaining any corporate/non-profit registration utilizing such name.
3. Defendants are hereby ORDERED to make payment to Plaintiff in the amount of $10,248.00 for reasonable attorney fees ($9,710) and filings fees/service costs ($538). Defendants are jointly and severally liable for this payment.



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

4. Additionally, Defendants are hereby ORDERED to make payment to Plaintiff in the amount of $12,813.45 for corrective advertising to ameliorate the actions of Defendants. Defendants are jointly and severally liable for this payment.

DATED this __________ day of _____________, 2025

____________________________________

UNITED STATES DISTRICT JUDGE

*/s/ Conner Edwards*
*Presented by Conner Edwards*
*Attorney for Plaintiff PCRP*



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

PIERCE COUNTY REPUBLICAN PARTY,

Plaintiff,

v.

ERIC CROWL,

WASHINGTON47 PAC,

PIERCE COUNTY REPUBLICAN PARTY

Defendant.

Case No. 3:25-cv-05251-BHS

MOTION FOR SUMMARY JUDGEMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT CROWL

MOTION NOTED FOR JANUARY 15, 2025

COMES NOW PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY, by and through their counsel of record Conner Edwards, and respectfully submits this MOTION FOR SUMMARY JUDGEMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT CROWL.

**I. INTRODUCTION & STATEMENT OF FACTS**

Plaintiff Pierce County Republican Party has operated continuously in the Pierce County area since at least 1964.[1] The PCRP's activities include: voter outreach, candidate recruitment, holding caucuses, fundraising, volunteer coordination, get-out-the-vote efforts, platform development, community engagement, and messaging.[2]

In November of 2024, the Executive Board of Plaintiff Pierce County Republican Party voted unanimously to deny Defendant Eric Crowl entry to the organization’s biennial meeting

---

[1] Exhibit A - Declaration of David McMullan, pg. 1, paragraph 3.
[2] Id, pg. 1, paragraph 4.



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

due to Defendant Crowl's behavior.[3] This action was subsequently ratified by a vote of the Pierce County Republican Party's full membership at the biennial meeting in December of 2024.[4]

After this occurred, Defendant Crowl registered the name "Pierce County Republican Party" as a Washington nonprofit corporation, using Defendant Crowl's other Washington nonprofit corporation (Washington47 PAC).[5]

Following this, Defendant Crowl took to Facebook and X (formerly known as Twitter) to announce that he was in control of the Pierce County Republican Party as the organization's new chair and incorporator.[6] Defendant Crowl also held at least one "press availability" session, purportedly on behalf of the Pierce County Republican Party.[7] Following this, the Tacoma News Tribune published a story which highlighted Defendant Crowl's new organization and the dispute surrounding it. [8] Defendant Crowl would later claim that his actions in creating and promoting Defendant PCRP were to bring "public attention" to his exclusion from Plaintiff PCRP's events and to mock Plaintiff PCRP. [9]

After Defendant Crowl's infringing actions came to light, Plaintiff PCRP sent a letter to Defendant Crowl informing him that he would face legal consequences if he did not amend the

---

[3] Id., pg. 2, paragraph 5.

[4] Id., pg. 2, paragraph 6.

[5] Exhibit B – WA Secretary of State Articles of Incorporation for Defendants Pierce County Republican Party and Washington47 PAC.

[6] Exhibit C – Screenshots of Social Media Posts / Screenshot of X-Space

[7] Id, pg. 7.

[8] Exhibit D – The News Tribune Newspaper Article "Pierce County Republican Party urges judge: Stop the 'Pierce County Republican Party" from 4/3/25.

[9] ECF 41 – Declaration of Eric Crowl, pg. 2, paragraph 3.



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

name of his nonprofit corporation within two weeks.[10] Defendant Crowl did not amend the name of his nonprofit corporation.

Defendants' actions injured the PCRP by causing confusion as to which of the two organizations (here, Plaintiff PCRP and Defendant PCRP) was legitimate.[11] Additionally, the association of Defendant Crowl – who was previously arrested for filming a police precinct with a vehicle full of guns and ammunition – with the PCRP damages the brand of the PCRP as a pro-law enforcement organization.[12] Additionally, Crowl's actions would prevent the PCRP from incorporating as a nonprofit association as nonprofits cannot share the same name.[13]

## II. APPLICABLE LAW & ANALYSIS

FRCP 56 permits the Court to enter judgement against a party if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

### 1) Violation of Lanham Act / False Designation of Origin

Section 43(a) of the Lanham Act provides, in pertinent part, as follows:

> *"Any person who shall ... use in connection with any goods or services ... a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same ... shall be liable to a civil action by any person ... who believes that he is or is likely to be damaged by use of any such false description or representation."*

[10] Exhibit F – Demand Letter

[11] Exhibit A - Declaration of David McMullan, pg. 2, paragraph 11, see also Exhibit C, pg. 5, paragraph 6.

[12] Exhibit D – The News Tribune Newspaper Article "Pierce County Republican Party urges judge: Stop the 'Pierce County Republican Party" from 4/3/25, pg. 4.

[13] Exhibit A - Declaration of David McMullan, pg. 2, paragraph 11, see also RCW 24.03A.095, RCW 23.95.300.



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

It has been well established that charitable, educational, and other non-profit organizations are entitled to the protections of the Lanham Act. A decision regarding an analogous case brought under the Lanham Act summed up the issue well with a quote.

*"The fact that an organization is non-profit and sells no goods does not take it out of the protection of the law of unfair competition… …[t]he retention of a distinct identity here is just as important as it is to a commercial company. If the distinct identity of such non-profit organizations is lost through a confusingly similar use of a name by another, then it is obvious that the organization will have serious difficulty in raising funds and attracting members and support."*[14]

As described above, Plaintiff PCRP's activities include: voter outreach, candidate recruitment, holding caucuses, fundraising, volunteer coordination, get-out-the-vote efforts, platform development, community engagement, and messaging. After being barred from the Plaintiff PCRP's meetings, Defendant Crowl registered the name "Pierce County Republican Party" as a Washington nonprofit corporation, using Defendant Crowl's other Washington nonprofit corporation (Washington47 PAC). Following this, Defendant Crowl took to Facebook and X (formerly known as Twitter) to announce that he was in control of the Pierce County Republican Party as the organization's new chair and incorporator. Defendant Crowl also held at least one "press availability" session, purportedly on behalf of the Pierce County Republican Party. Following this, the Tacoma News Tribune published a story which

---

[14] *Committee for Idaho High Desert v. Yost*, 881 F. Supp. 1457 (D. Idaho 1995) (quoting McCarthy on Trademarks and Unfair Competition (3d ed. 1994))



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

highlighted Defendant Crowl's co-opting of the PCRP name for his new organization and the dispute surrounding it. Defendant Crowl's actions had the combined effect of injuring the PCRP by causing confusion as to which of the two organizations (here, Plaintiff PCRP and Defendant PCRP) were legitimate. Additionally, the association of Defendant Crowl – who was previously arrested for filming a police precinct with a vehicle full of guns and ammunition – with the PCRP damages the brand of the PCRP as a pro-law enforcement organization.

An analysis of the relevant likelihood of confusion factors identified by the Ninth Circuit in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979) further bolsters Plaintiff's case.

**The Defendant's Intent.** Based on the timeline provided above and statements of Defendant Crowl himself, it is clear that Defendant Crowl's intent in setting up the nonprofit corporation Pierce County Republican Party was to cause confusion and injury to Plaintiff PCRP as retaliation for being banned from Plaintiff PCRP's meetings.

**Strength or Weakness of the Plaintiff's Mark.** Plaintiff PCRP has been operating in Pierce County since the 1960s as one of the county's two major political parties. The PCRP's activities include: voter outreach, candidate recruitment, holding caucuses, fundraising, volunteer coordination, get-out-the-vote efforts, platform development, community engagement, and messaging.

**The Defendant's Use of the Mark.** Defendant Crowl used his presence on commercial social media platforms to fraudulently represent his nonprofit corporation as the PCRP and himself as



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

the Chair of the PCRP. Defendant Crowl knew, or should have known, the confusion that would result from this.

**Similarity of the trademarks.** The name Defendant Crowl chose for his nonprofit corporation (and for the social media pages he subsequently created) exactly match the name of Plaintiff Pierce County Republican Party.

**Marketing/Advertising Channels.** Both Defendant Crowl and Plaintiff PCRP largely target their messages to politically active Republicans in Pierce County/Washington State on social media.

**Analysis of Defendant Crowl's Personal Liability**

A corporate "officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf."[15]Accordingly, courts have found owners and operators of a corporate entity to be directly liable for trademark and false designation of origin claims.[16]

Additionally, courts have held that joint and several liability is appropriate against Defendants who engage in tortious conduct under the Lanham Act. A passage of a 2018 opinion sums of the issue well.

"A trademark, like a patent or a copyright, may be infringed by an individual as well as a corporation and all participants, including those acting merely as officers

[15] *Murphy Tugboat Co. v. Shipowners & Merchants Towboat Co.*, 467 F.Supp. 841, 852 (N.D.Cal.1979) (citations omitted)

[16] *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 143 F.Supp.3d 982, 1016 (N.D. Cal. 2015)



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

> of a corporation, **may be jointly and severally liable**." 4 Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 25:24 (4th ed.). "A corporate 'officer or director is, in general, **personally** liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf.'" *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996) [17] [emphasis added]

Under the fact patterns described above, Defendant Crowl should be held personally liable along with the two non-profit corporate Defendants he controls. Defendant Crowl, as the controlling individual for his two co-defendants, was the only actual person who engaged in the activity giving rise to liability under this complaint.

**Relief Requested for Lanham Act Violation**

As described above and in the attached Declarations, the actions of Defendant Crowl and his two nonprofit corporations constitute false designation of origin under the Lanham Act. For this reason, Plaintiff PCRP is requesting a permanent injunction pursuant to 15 U.S.C. § 1116, which allows Courts to grant injunctions to prevent a violation of 15 U.S.C. 1125(a). As described below, Plaintiff PCRP also requests attorney fees. Regarding damages, the damages inflicted on Plaintiff PCRP are not readily quantifiable as they primarily consist of damage to brand identity and loss of goodwill. For this reason, Plaintiff PCRP argues that the most appropriate remedy would be for the Court to award to Plaintiff PCRP the costs of a corrective newspaper advertisement in the largest newspaper in Pierce County, as detailed in Exhibit E.

---

[17] *Stanley Black & Decker, Inc. v. D&L Elite Invs., LLC*, No. C 12-04516 SC (LB) (N.D. Cal. Jun 20, 2014)



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

**2. Violation of Washington Consumer Protection Act ("WCPA")**

Absent unusual circumstances, the analysis of a CPA claim follows that of the [federal] trademark infringement and unfair competition claims; it will turn on the likelihood of confusion regarding a protectable mark.[18] A 2024 opinion from the Federal District Court for the Western District of Washington summed up this issue well.

> *"A Washington Consumer Protection Act claim is "substantially congruous" to federal claims under the Lanham Act, BBC Grp. NV LLC v. Island Life Rest. Grp. LLC, No. C18-1101-RSM, 2020 WL 758070, at *2 (W.D. Wash. Feb. 14, 2020), and requires a plaintiff to show "(1) an unfair or deceptive act or practice; (2) occurring in the conduct of trade or commerce; (3) affecting the public interest; (4) injuring its business or property; and (5) a causal link between the unfair or deceptive act and the injury suffered." Id. (citing Lahoti v. Vericheck, Inc., No. C06-1132-JLR, 2007 WL 2570247, at *9 (W.D. Wash. Aug. 30, 2007), aff'd, 586 F.3d 1190 (9th Cir. 2009))."*[19]

As described above, after being barred from the Plaintiff PCRP's meetings, Defendant Crowl registered the name "Pierce County Republican Party" as a Washington nonprofit corporation, using Defendant Crowl's other Washington nonprofit corporation (Washington47 PAC). Following this, Defendant Crowl took to the commercial social media platforms Facebook and X (formerly known as Twitter) to announce that he was in control of the Pierce County Republican Party as the organization's new chair and incorporator. Defendant Crowl also held at least one "press availability" session on the commercial social media platform X, purportedly on behalf of the Pierce County Republican Party. Following this, the Tacoma News Tribune published a story which highlighted Defendant Crowl's co-opting of the PCRP name for his new organization and the dispute surrounding it. These actions had the combined effect

---

[18] *Safeworks, LLC v. Teupen Am., LLC*, 717 F.Supp.2d 1181, 1192 (W.D. Wash. 2010)

[19] *Amazon.com v. Tang Zhi*, 2:20-cv-01215-TMC-MLP (W.D. Wash. Mar 04, 2024)



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

of injuring the PCRP by causing confusion as to which of the two organizations (here, Plaintiff PCRP and Defendant PCRP) were legitimate. The commercial actions in question in the fact pattern of this case are twofold. First, Defendant Crowl registered Defendant Pierce County Republican Party (thus obtaining limited liability protection) and paid a fee to the Washington Secretary of State's Office.[20] Second, Defendant Crowl utilized commercial social media platforms to propagate his fraudulent claims that he was in control of the Pierce County Republican Party as its chair, as described above.

These facts demonstrate Plaintiff PCRP's entitlement to injunctive relief under the Washington Consumer Protection Act. This relief parallels the relief to which Plaintiff PCRP is entitled to under the Lanham Act.

**Attorney Fees**

Plaintiff PCRP asserts entitlement to attorney fees based on two separate statutes. The Fee Declaration is attached to this Motion as Exhibit G.

First, 15 U.S. Code § 1117 provides that "in exceptional cases may award reasonable attorney fees to the prevailing party" when a violation of § 43(a) of the Lanham Act has been established. "While the term 'exceptional' is not defined in the statute, generally a trademark case is exceptional for purposes of an award of attorneys' fees when the infringement is malicious, fraudulent, deliberate or willful."[21]

---

[20] See WAC 434-112-085.

[21] *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir.), cert. denied, 510 U.S. 815, 114 S.Ct. 64, 126 L.Ed.2d 34 (1993).



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

Because Defendant Crowl - by and through his two nonprofit associations - knowingly, intentionally and deliberately adopted and used the PCRP's name after being barred from PCRP's meetings, this case falls within that class of exceptional cases in which courts may award attorney's fees pursuant to § 1117(a). Plaintiff PCRP is therefore entitled to attorney fees.

Additionally, RCW 19.86.090 authorizes the Plaintiff in a successful Washington Consumer Protection Act suit *"...to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee.*"

## III. CONCLUSION

For the foregoing reasons, we respectfully request that the Court GRANT Plaintiff's Motion.

DATED this December 7, 2025

**CG EDWARDS PLLC**

**Conner Edwards, WSBA No. 62961**
**Attorney for Plaintiff PCRP**



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

**CERTIFICATE OF SERVICE**

I certify that I mailed a copy of the foregoing MOTION FOR SUMMARY JUDGEMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT CROWL and accompanying documents to DEFENDANT ERIC CROWL, at 10002 112th ST SW, LAKEWOOD, WA 98498, postage prepaid.

**December 7, 2025**
**Date**



**Conner Edwards, WSBA No. 62961**
**Attorney for PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY**



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

Exhibit A - Declaration of David McMullan

**FEDERAL DISTRICT COURT**
**FOR WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY,<br>Plaintiff,<br>v.<br>ERIC CROWL, et. al,<br>Defendants. | Case No. 3:25-cv-05251-BHS<br><br>DECLARATION OF DAVID MCMULLAN |

I, DAVID MCMULLAN, state as follows:

1. I am over the age of 18, competent to testify, and make this declaration based on personal knowledge.
2. I am the Chair of the Pierce County Republican Party (PCRP) and have served in that role since being first elected in 2018. I have been involved with the PCRP since 2010.
3. The PCRP is an unincorporated, bona-fide county political party that is headquartered at 10209 Bridgeport Way SW, #C1 Lakewood, WA 98499. The PCRP has operated continuously since at least 1964 and is well known in Pierce County, Washington.
4. PCRP activities include: voter outreach, candidate recruitment, holding caucuses, fundraising, volunteer coordination, get-out-the-vote efforts, platform development, community engagement, and messaging.



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

5. In November of 2024, the Executive Board of the PCRP voted to exclude Defendant Eric Crowl from party events due, in part, to Defendant Crowl's behavior towards other party members.
6. The vote to exclude Defendant Crowl was subsequently ratified by a vote of PCRP's membership in early December of 2024.
7. Several weeks later, Defendant Crowl filed incorporation paperwork with the Secretary of State's office with the name "Pierce County Republican Party."
8. Following this, Defendant Crowl made a number of public statements on commercial social media platforms online where he claimed to be the Chair of the PCRP and in control of the organization.
9. Defendant Crowl did not have permission from the Pierce County Republican Party to use this name.
10. The actions of Eric Crowl in registering an organization that bears the name "Pierce County Republican Party" and subsequently making numerous social media posts under that name injured the actual Pierce County Republican Party.
11. This damage includes but is not limited to: 1) causing confusion amongst the public as to which organization was legitimate, and 2) preventing the PCRP from registering as a nonprofit corporation (as no two nonprofit corporations can share the same name).

///

///

///



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 7 of DEC, 2025

**DECLARANT**

**DAVID MCMULLAN**



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

Exhibit B - Washington Secretary of State Articles of Incorporation for Defendants Pierce County Republican Party & Washington47 PAC

WASHINGTON Secretary of State
Corporations & Charities Division

Filed
Secretary of State
State of Washington
Date Filed: 03/04/2025
Effective Date: 03/04/2025
UBI #: 605 777 314

**ARTICLES OF INCORPORATION**

## UBI NUMBER

UBI Number: **605 777 314**

## BUSINESS NAME

Business Name: **PIERCE COUNTY REPUBLICAN PARTY**

## NONPROFIT GROSS REVENUE CERTIFICATION

Did the Nonprofit Corporation certify that the Gross Revenue is less than $500,000? **- Yes**

## CHARITABLE NONPROFIT CORPORATION

Is the Nonprofit Corporation a Charitable Nonprofit as defined by RCW 24.03A.010(6)? **- No**

## PURPOSE OF CORPORATION

**POLITICAL PARTY**

## PURPOSE OF CORPORATION - STAFF CONSOLE CONFIRMATION

Customer provided purpose of corporation? **- Yes**

## ANY OTHER PROVISIONS

Required by IRS for Tax Exempt Status https://www.irs.gov/:

## REGISTERED AGENT RCW 23.95.410

| Registered Agent Name | Street Address | Mailing Address |
|---|---|---|
| WASHINGTON47 PAC | 10002 112TH ST SW, LAKEWOOD, WA, 98498-1602, UNITED STATES | 10002 112TH ST SW, LAKEWOOD, WA, 98498-1602, UNITED STATES |

## REGISTERED AGENT CONSENT

Customer provided Registered Agent consent? * **- Yes**

## DURATION

Duration: **PERPETUAL**

## EFFECTIVE DATE

Effective Date: **03/04/2025**

## MEMBERS RCW 24.03A.010(45)

Does the Nonprofit Corporation have members? **- No**

## INITIAL BOARD OF DIRECTOR

| Title | Initial Board of Director Type | Entity Name | First Name | Last Name | Address |
|---|---|---|---|---|---|
| INITIAL BOARD OF DIRECTORS | ENTITY | WASHINGTON47 PAC | | | 10002 112TH ST SW, LAKEWOOD, WA, 98498-1602, UNITED STATES |

## INCORPORATOR

| Title | Incorporator Type | Entity Name | First Name | Last Name | Address |
|---|---|---|---|---|---|
| INCORPORATOR | ENTITY | WASHINGTON47 PAC | | | 10002 112TH ST SW, LAKEWOOD, WA, 98498-1602, UNITED STATES |

## INCORPORATOR SIGNATURE - ATTESTATION

☑ By adding each Incorporator, the business attests that the incorporator signature(s) have been obtained.

## INCORPORATORS SIGNATURE CONFIRMATION

Signature of each incorporator has been provided? **- Yes**

## DISTRIBUTION OF ASSETS

**ALL ASSETS WILL BE DISTRIBUTED IN ACCORDANCE WITH RCW 24.03A.906 BY A SIMPLE MAJORITY VOTE OF THE BOARD OF DIRECTORS, OR IN THE ALTERNATIVE AT THE DIRECTION OF ANY SURVIVING TRUSTEES. SUCH DISTRIBUTION SHALL CONSIDER THE NATURE OF THE ASSET (SUCH AS CHARITABLE, NON-CHARITABLE) AND ANY STIPULATIONS ATTACHED TO AN ASSET REQUIRING RETURN, TRANSFER, OR CONVEYANCE -- IN ACCORDANCE WITH STATE LAW.**

## DISTRIBUTION OF ASSETS PROVIDED

Customer provided information on distribution of assets? **- Yes**

## RETURN ADDRESS FOR THIS FILING

Attention:

Email:

Address:

## UPLOAD ADDITIONAL DOCUMENTS

| Name | Document Type |
|---|---|
| No Value Found. | |

## UPLOADED DOCUMENTS

| Document Type | Source | Created By | Created Date |
|---|---|---|---|
| No Value Found. | | | |

## AUTHORIZED PERSON - STAFF CONSOLE

☑ Document is signed.

Person Type:
**ENTITY**

First Name:
**ERIC**

Last Name:
**CROWL**

Entity Name:
**WASHINGTON47 PAC**

Title:
**CHAIRMAN**

WASHINGTON
Secretary of State
Corporations & Charities Division

Filed
Secretary of State
State of Washington
Date Filed: 01/06/2025
Effective Date: 01/06/2025
UBI #: 605 667 113

**ARTICLES OF INCORPORATION**

UBI NUMBER

UBI Number: **605 667 113**

BUSINESS NAME

Business Name: **WASHINGTON47 PAC**

NONPROFIT GROSS REVENUE CERTIFICATION

Did the Nonprofit Corporation certify that the Gross Revenue is less than $500,000? **- Yes**

CHARITABLE NONPROFIT CORPORATION

Is the Nonprofit Corporation a Charitable Nonprofit as defined by RCW 24.03A.010(6)? **- No**

PURPOSE OF CORPORATION

**ANY LAWFUL PURPOSE**

PURPOSE OF CORPORATION - STAFF CONSOLE CONFIRMATION

Customer provided purpose of corporation? **- Yes**

ANY OTHER PROVISIONS

Required by IRS for Tax Exempt Status https://www.irs.gov/:

REGISTERED AGENT RCW 23.95.410

| Registered Agent Name | Street Address | Mailing Address |
|---|---|---|
| ERIC CROWL | 10002 112TH ST SW, LAKEWOOD, WA, 98498-1602, UNITED STATES | 10002 112TH ST SW, LAKEWOOD, WA, 98498-1602, UNITED STATES |

REGISTERED AGENT CONSENT

Customer provided Registered Agent consent? * **- Yes**

DURATION

Duration: **PERPETUAL**

EFFECTIVE DATE

Effective Date: **01/06/2025**

## MEMBERS RCW 24.03A.010(45)

Does the Nonprofit Corporation have members? **- Yes**

| Title | Member Type | Entity Name | First Name | Last Name |
|---|---|---|---|---|
| MEMBER | INDIVIDUAL | | ERIC | CROWL |

## INITIAL BOARD OF DIRECTOR

| Title | Initial Board of Director Type | Entity Name | First Name | Last Name | Address |
|---|---|---|---|---|---|
| INITIAL BOARD OF DIRECTORS | INDIVIDUAL | | ERIC | CROWL | 10002 112TH ST SW, LAKEWOOD, WA, 98498-1602, UNITED STATES |

## INCORPORATOR

| Title | Incorporator Type | Entity Name | First Name | Last Name | Address |
|---|---|---|---|---|---|
| INCORPORATOR | INDIVIDUAL | | ERIC | CROWL | 10002 112TH ST SW, LAKEWOOD, WA, 98498-1602, UNITED STATES |

## INCORPORATOR SIGNATURE - ATTESTATION

☑ By adding each Incorporator, the business attests that the incorporator signature(s) have been obtained.

## INCORPORATORS SIGNATURE CONFIRMATION

Signature of each incorporator has been provided? **- Yes**

## DISTRIBUTION OF ASSETS

**ALL ASSETS WILL BE DISTRIBUTED IN ACCORDANCE WITH RCW 24.03A.906 — BY A SIMPLE MAJORITY VOTE OF THE BOARD OF DIRECTORS, OR IN THE ALTERNATIVE AT THE DIRECTION OF ANY SURVIVING TRUSTEES. SUCH DISTRIBUTION SHALL CONSIDER THE NATURE OF THE ASSET (SUCH AS CHARITABLE,NON-CHARITABLE) AND ANY STIPULATIONS ATTACHED TO AN ASSET REQUIRING RETURN, TRANSFER, OR CONVEYANCE -- IN ACCORDANCE WITH STATE LAW. IN ALL CASES, THE BOARD SHALL FIRST CONSIDER THE INITIAL BOARD OF DIRECTOR OF THE - FULL TEXT ON FILE.**

## DISTRIBUTION OF ASSETS PROVIDED

Customer provided information on distribution of assets? **- Yes**

## RETURN ADDRESS FOR THIS FILING

Attention:
**WASHINGTON47 PAC**

Email:
**ERIC.CROWL@CITIZENOBSERVERS.ORG**

Address:
**10002 112TH ST SW, LAKEWOOD, WA, 98498-1602, UNITED STATES**

## UPLOAD ADDITIONAL DOCUMENTS

| Name | Document Type |
|---|---|
| WASHINGTON47 PAC - DISTIBUTION OF ASSETS.pdf | ARTICLES OF INCORPORATION |

## UPLOADED DOCUMENTS

| Document Type | Source | Created By | Created Date |
|---|---|---|---|
| No Value Found. | | | |

## AUTHORIZED PERSON - STAFF CONSOLE

☑ Document is signed.

Person Type:
**INDIVIDUAL**

First Name:
**ERIC**

Last Name:
**CROWL**

Title:
**PRINCIPAL**

Exhibit C - Screenshots of Social Media Posts / Screenshot of X-Space

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

PIERCE COUNTY REPUBLICAN PARTY,

Plaintiff,

v.

ERIC CROWL, et. al,

Defendants.

Case No. 3:25-cv-05251-BHS

DECLARATION OF CONNER EDWARDS

I, CONNER EDWARDS, state as follows:

1. I am over the age of 18, competent to testify, and make this declaration based on personal knowledge.
2. The purpose of this declaration is to share digitally captured images with the Court which evidence Defendants' actions. These actions violated the Lanham Act and the Washington Consumer Protection Act.

///

///

///

///

///

///

///



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

3. Below is an image digitally captured by me at 8:09 PM on March 7, 2025. It was posted on Defendant Pierce County Republican Party's Facebook page. The post claims that Defendant Crowl was appointed Chair of the Pierce County Republican Party, which was false.






THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

4. Below is an image digitally captured by me at 10:03 PM on March 7, 2025. It shows additional information about the page created by Defendant Pierce County Republican Party. The page claims to be the "official" page for the PCRP, located in Lakewood, WA. Plaintiff PCRP is also located in Lakewood, WA.






THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

5. Below is an image digitally captured by me at 6:15 AM on March 8, 2025. It shows a post that Defendant Crowl made (on his X social media handle "OutragePNW") where Defendants Crowl and Washington47 PAC purport to be the "owners" of Pierce County Republican Party.






THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

6. Below are two images digitally captured by me at 5:53 PM on 12/6/26. They show a Facebook post made by the 28th District Republicans of Pierce County on March 9, 2025, containing a screenshot of the legal demand letter sent to Defendant Crowl requesting him to change the name of his nonprofit corporation. A comment at the bottom of the post (made around the time of the post) exemplifies the confusion caused by Defendant Crowl's actions.



28th District Republicans of Pierce County
March 9 ·

PIERCE COUNTY REPUBLICAN PARTY

Pierce County Republican Party
10209 Bridgeport Way SW, #C-1
Lakewood, WA 98499
(253) 722-5353

March 8, 2025

Eric Crowl
10002 112th St SW
Lakewood, WA, 98498
Eric.Crowl@CitizenObservers.org
*Mailed & Sent Electronically*

Mr. Crowl:

The purpose of this letter is to demand that you cease using the name of the Pierce County Republican Party. You do not have permission from the Pierce County Republican Party to use the organization's name or to make filings on the organization's behalf.

First, we are demanding that you amend the name of the nonprofit corporation that you have recently formed (UBI: 605-777-314). You listed the name of your nonprofit corporation as "Pierce County Republican Party". Filing false information with the Secretary of State in an application to create a nonprofit corporation constitutes a criminal offense. See RCW 43.07.210.

Second, we are demanding you amend the name of the Facebook page you have recently created (https://www.facebook.com/PierceCountyRepublicanParty).

Finally, we are demanding that you cease any further similar uses of the name Pierce County Republican Party. Again, you do not have permission from the Pierce County Republican Party to use the organization's name or to make filings on the organization's behalf.

If you fail to comply with this request by March 21, 2025, the Pierce County Republican Party intends to pursue all available legal recourse.

Sincerely,

**Conner Edwards**
Attorney for Pierce County Republican Party
WSBA #62961

Pierce County Republican Party
March 9 ·

Fun and games are over now Eric, We are going to protect our brand and it's in your best interests to drop the social media page, cancel the UBI, and just go away. Or, we will see you in court. You won't like that.

Like Comment Share

Most relevant

Jenifer Alexandra Short
Good. This is misleading the public as well. Today I saw their post that he was the new Chair of Pierce and I thought Dave stepped down. I was confused and concerned.
38w Like Reply

Jenifer Alexandra Short
Also their PAC WA 47 for Trump 2024-2028 established in 2024 appears to the public they are fund raising for Trump. I would like to look at their donations and the FEC report. If it even exists.
38w Like Reply



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

7. Below is an image digitally captured by me at 11:26 PM on March 10, 2025. It shows an "X-Space" (a live chatroom where participants can communicate with each other in real time) hosted by Defendant Crowl. The title of the space was "Pierce County Republican Party – Press Availability". A press availability is a media event where officials, spokespeople, or organizations make themselves accessible to journalists for questions and comments.






THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

8. Attached to my Motion for Summary Judgement & Motion for Default Judgement is Exhibit B – which contains two public document (Articles of Incorporation) I downloaded from the Washington Secretary of State's website on the evening of 12/7/25.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 7th of December, 2025

**DECLARANT**

[signature]

**CONNER EDWARDS**



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

Read today's Edition THE NEWS TRIBUNE Log In | Subscribe

NEWS RESTAURANTS STATE SEAHAWKS SPORTS GAMES OBITUARIES FINANCE CLASSIFIEDS BEST OF PIERCE CO. 46°F

CYBER SALE 6 MONTHS for $19.99 + FREE bonus subscription CLAIM YOUR GIFT!

Exhibit D - The News Tribune Newspaper Article

LOCAL

# Pierce County Republican Party urges judge: Stop the 'Pierce County Republican Party'

By **Shea Johnson**

Updated April 3, 2025 10:00 AM Gift Article



Creatas *Getty Images/Creatas RF*



**Listen to this article**

The name "Pierce County Republican Party" was recently registered as a nonprofit corporation with the Washington Secretary of State's Office, but not by the local GOP.

Eric Crowl, an elected Republican precinct committee officer who's been entrenched in a bitter fight with the party, registered the available name on March 4 through a political action committee he controls called Washington47 PAC, state business records show.

TOP VIDEOS

Watch More

00:00

02:00

Now, the Pierce County Republican Party is suing the Pierce County Republican Party — sort of. The official party has taken to court its nonprofit namesake, Crowl and his PAC.

In a lawsuit filed March 23 in U.S. District Court, Western District of Washington, the Pierce County Republican Party alleges that Crowl has proclaimed to be the party's new chair and used its name on social media, including during live audio rooms on X advertised as "Pierce County Republican Party — Press Availability."

deceive voters and interfere with the party's political relationships while violating federal trademark law.

"From our perspective, it seems that he is trying to steal the brand and trying to claim that he owns the party," Pierce County Republican Party attorney Conner Edwards told The News Tribune.

An unincorporated organization, such as the county Republican Party, may still litigate to enforce its trademark, according to Edwards. Asked whether the party should have registered its name to prevent someone else from doing so, Edwards noted that most county parties don't file for incorporation.

"It's not an oversight," he said.

In an interview with The News Tribune, Crowl called the suit's allegations contrived and driven by personal animus toward him.

"At no point have I attempted to conduct business as the Pierce County Republican Party," he said.

The lawsuit was preceded by a conflict that arose in November when the party's Executive Board unanimously voted to deny Crowl entry into the party's biennial reorganization meeting held the following month in Puyallup. Crowl was excluded from the meeting despite winning election for precinct committee officer (PCO) in August in a race that Edwards said was uncontested.

During the reorganization meeting, PCOs are sworn in and Central Committee officers are elected, according to the party's current bylaws. PCOs are members of the Central Committee, which is the party's governing body. PCOs represent the party, participate in related activities and may elect State Central Committee

Hilles Cashmere Quarter-Zip Sweater
$288.75
Wide-Stripe Cotton Crewneck T-Shirt
$75
Clin

Crowl was informed in November that the county Republican Party didn't recognize him as a member in good standing, however, citing several years of alleged repeat behavior "damaging to the mission and goals of the party," according to a letter Crowl received from Edwards, which Crowl posted to his X account last fall.

In an interview Tuesday, Crowl said that the party never clarified what purported damaging behaviors he had demonstrated. Asked about those behaviors, Edwards referred The News Tribune to party Chairman Dave McMullan, who didn't immediately return a message.

Nearly a decade ago, Crowl pleaded no contest to one count of unlawful possession of a firearm and was sentenced to three years of probation in a case stemming from Oregon, according to news outlet KOIN 6 in Portland. He appeared to be monitoring and filming a Portland police precinct in 2016 when his vehicle was discovered to have multiple guns and hundreds of rounds of ammunition inside, the outlet reported.

Crowl, who was purportedly observing police as a citizen journalist and had done so previously that year, failed to empty his car from a recent family camping trip and inadvertently stored one of his lawfully purchased, unloaded firearms in violation of the state's concealed-carry law, according to Crowl's attorney at the time, KOIN 6 reported.

"The hysteria surrounding the case was pretty wild," Crowl told The News Tribune.

Crowl, who frequently posts on X, has defended himself online when others occasionally bring up the case. He also has documented his criticisms about the county GOP, including in one post referring to his exclusion from its reorganization meeting as an apparent "unlawful criminal conspiracy to obstruct me from performing my official duties" as PCO.

Crowl told The News Tribune that he had been shut out from attending due to "political differences" and because he intended to run against McMullan.

"I think Dave McMullan was very aware that he was going to lose the election for chairman to me," Crowl said. "I had widespread support to replace him."

Crowl, who described himself as a supporter of President Donald Trump, said he believed that the county Republican Party is not aligned with Trump's agenda. He also claimed to have been at odds with the party for backing controversial gubernatorial candidate Semi Bird last year.

He declined to specify his reasons for registering the party's name, citing the pending litigation.

Edwards said there's legal precedent that allowed the party to exclude Crowl from its meeting and that the Executive Board was "confident" it had made the right decision to do so.

The lawsuit claims that Crowl had been threatening to sue the party over his exclusion when he discovered that the party wasn't incorporated with the Secretary of State's Office.

Case 3:25-cv-05281-BHS Document 112-4 Filed 12/04/25 Page 6 of 7
Case: 25-3707, 09/01/2026, DktEntry: 15.4, Page 91 of 281

"Following this, Defendant Crowl rushed to social media, announced the organization's registration, created a Facebook page with the name 'Pierce County Republican Party', and proclaimed himself the new party chair," the suit said.

The Facebook page was no longer up at the time the lawsuit was filed.

"You cannot steal an organization's brand," Edwards said. "He cannot do what he has done."

The lawsuit is also seeking unspecified damages related to the alleged trademark infringement and legal fees.

This story was originally published April 2, 2025 at 10:52 AM.


## Afternoon Update

We'll help you catch up on the day's top stories at 3 p.m. with today's headlines from TheNewsTribune.com.

SIGN UP

By submitting, I agree to the Privacy Policy and Terms of Service.

**Want to see more content like this?**




**Shea Johnson** *The News Tribune* 253-220-6192

Shea Johnson is an investigative reporter who joined The News Tribune in 2022. He covers broad subject matters, including civil courts. His work was recognized in 2023 and 2024 by the Society of Professional Journalists Western Washington Chapter. He previously covered city and county governments in Las Vegas and Southern California. He received his bachelor's degree from Cal State San Bernardino. Support my work with a digital subscription


# Join the Conversation

FOLLOW

Anyone can read the comments, but you must be a subscriber or logged in with a registered account to contribute. If you do not have a registered account, you can sign up for one below (it's free).

LOG IN SIGN UP


SER - 105

Exhibit E - Cost of Corrective Advertising

Gmail **Conner Edwards <cg.edwards53@gmail.com>**

## Re: Fwd: [McClatchy] cg.edwards53@gmail.com: 'Hello: what would be the cost to place a full-page legal ad in the ...'

**Nancy from C3 Leads** <classleads@legacy.com> Thu, Dec 4, 2025 at 7:42 AM
Reply-To: Nancy from C3 Leads <classleads@legacy.com>
To: cg.edwards53@gmail.com

To run a display in Sunday paper would be $11,975.19 plus 7% service fee, if you run on a weekday the price would be $10,172.14. Thank You, Nancy

**Nancy**
McClatchy Legals Support Team

On Thu, Dec 04, 2025 at 09:33 AM, "Inbound, MCC" <inbound@mcclatchy.com> wrote:

> TAXC Legal inquiry
>
> ---------- Forwarded message ---------
>
> From: **cg.edwards53@gmail.com via Intercom** <notifications@mcclatchy-44cab878110a.intercom-mail.com>
> Date: Wed, Dec 3, 2025 at 10:50 PM
> Subject: [McClatchy] cg.edwards53@gmail.com: 'Hello: what would be the cost to place a full-page legal ad in the ...'
> To: <inbound@mcclatchy.com>
>
> Write ABOVE to reply to cg.edwards53@gmail.com LEAD View conversation
>
> C
>
> Hello: what would be the cost to place a full-page legal ad in the tacoma news tribune Sunday edition?
>
> cg.edwards53@gmail.com on 3 Dec, 11:50pm
> EMAIL cg.edwards53@gmail.com
> Seattle, United States
>
> This email was sent from **Intercom** You can change your notification settings **here**

Exhibit F - Demand Letter

**Pierce County Republican Party**
**10209 Bridgeport Way SW, #C-1**
**Lakewood, WA 98499**
**(253) 722-5353**

March 8, 2025

Eric Crowl
10002 112th St SW
Lakewood, WA, 98498
Eric.Crowl@CitizenObservers.org
*Mailed & Sent Electronically*

Mr. Crowl:

The purpose of this letter is to demand that you amend the name of the nonprofit corporation that you have recently formed (UBI: 605-777-314). You listed the name of your nonprofit corporation as "Pierce County Republican Party".

You did not have permission from the Pierce County Republican Party to use this name or to make filings on the organization's behalf.

Filing false information with the Secretary of State in an application to create a nonprofit corporation constitutes a criminal offense. See RCW 43.07.210.

If you fail to amend the name of your nonprofit corporation by March 21, 2025, the PCRP intends to pursue all available legal recourse.

Sincerely,

**Conner Edwards**
Attorney for Pierce County Republican Party
WSBA #62961

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

Pierce County Republican Party,

Plaintiff,

v.

Eric Crowl, et. al,

Defendants.

Case No. 3:25-cv-05251-BHS

DECLARATION OF CONNER EDWARDS

I, CONNER EDWARDS, state as follows:

I am over the age of 18, competent to testify, and make this declaration based on personal knowledge.

1. I am an attorney licensed in Washington and Idaho and represent Plaintiff Pierce County Republican Party in the above captioned matter.
2. I attended University of Idaho College of Law and earned my J.D. in 2022.
3. I was licensed in 2023 and subsequently began working as a solo practitioner in late 2024.
4. Prior to working as an attorney, I worked as a legislative aide for the Washington State Senate, a contact lobbyist, and a professional campaign treasurer.
5. As a solo practitioner I have handled a wide range of cases relating to campaign finance, probate, contract disputes, and political matters.
6. The agreement I have entered into with my client assigns my hourly rate at $100 per hour. I believe that is a reasonable rate given my training, experience, and ability and that



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

is a rate that is at or below the rate that other attorneys of similar background, experience and training would charge to undertake this case in Washington.

7. After review of my time keeping records, I have spent 97.1 hours on this case which involved necessary research, review, drafting, and arguing of Plaintiff's case. Accordingly, the amount of reasonable attorney's fees due is $9710. Below is the list of tasks performed and time spent, as required by LCR 55(b)(2)(C).

| | | |
|---|---|---|
| Pre-Filing Legal Research | 11 | Trademark/CPA |
| Complaint Research/Drafting/Submission/Service | 9 | Trademark/CPA |
| Research/Filing Amending Complaint (Adding WA Consumer Protection Act Claim) | 4.75 | Trademark/CPA |
| Response to Crowl's Motion To Quash re: Service / Declaration Preperation | 1.25 | Trademark/CPA |
| Response to Crowl's Motion To Quash re: Service | 1 | Trademark/CPA |
| Responding to Crowl's Motion To Extend Time | 1.25 | Trademark/CPA |
| Preparing/Mailing Documents (Waiver of Service) | 1.5 | Trademark/CPA |
| Getting Amended Summons From Court & Filling Out Service Intake Forms | 1 | Trademark/CPA |
| Printing Documents for Service, Going to Bank for Cash To Pay Sheriff, Delivering Forms To Tacoma | 0.75 | Trademark/CPA |
| Phone Call w/ Pierce Co Sheriff's Office re: Service | 0.1 | Trademark/CPA |
| Phone Call To PCSO re: Service | 0.1 | Trademark/CPA |
| Call & Paperwork re: Service & Research | 1.1 | Trademark/CPA |
| Phone Call re: Service | 0.1 | Trademark/CPA |
| Prepping Motion Re: Alternative Service | 3.2 | Trademark/CPA |
| Proofing/Filing/Reviewing Local Rules + Public Records Request | 1 | Trademark/CPA |
| Prepping/Filing/Mailing Motion for Service Fees | 1.6 | Trademark/CPA |
| Preping Motion For Default | 1 | Trademark/CPA |
| Reading Defendant Crowl's Declarations | 0.2 | Trademark/CPA |
| Responding to Defendant Crowl's Filings/Declarations, Writing/Serving Motion for Sanctions | 2.8 | Trademark/CPA |
| Research / Drafting Response to Motion to Dismiss | 2.5 | Trademark/CPA |
| Reviewing Evidence, Writing Response to Motion to Dismiss (Lanham Portion) | 4 | Trademark/CPA |
| Finishing Motion To Dismiss Response, Filing, Mailing | 4.8 | Trademark/CPA |
| Writing another FRCP 11 Sanctions Motion - Served Only | 1 | Trademark/CPA |
| Filing FRCP 11 Motion + Case Review | 1.3 | Trademark/CPA |
| Reading Defendant Crowl's Motions, Responding to Motion To Disqualify, Serving FRCP 11 Motion (4th) | 1.9 | Trademark/CPA |
| Filing Motion for Contempt re: Service Fee Payment, Drafting Declaration, Research on Contempt, etc. | 3.1 | Trademark/CPA |
| Drafting Motion for Sanctions | 3 | Trademark/CPA |
| Drafting Discovery Requests for Crowl | 2.3 | Trademark/CPA |
| Reading Crowl's Responses/Reading Court Order/Email To Schedule Hearing | 0.5 | Trademark/CPA |
| Drafting 5th Sanction Motion for Service | 1.7 | Trademark/CPA |
| Reply To Crowl's Response to Sanctions & Response to Motion To Stay Discovery | 1.9 | Trademark/CPA |
| Drafting Rule 26(f) conference Letter | 0.4 | Trademark/CPA |
| Reading/Researching Crowl's UPEPA Notice | 0.1 | Trademark/CPA |
| Prepping For / Attending Motion Hearing | 2 | Trademark/CPA |
| Responding To Crowl UPEPA Motion | 0.7 | Trademark/CPA |
| Responding to Crowl Motion for Summary Judgement | 2.3 | Trademark/CPA |
| Responding to Crowl's 2nd Motion for Summary Judgement | 0.9 | Trademark/CPA |
| Motion for Entry of Default | 0.8 | Trademark/CPA |
| Drafting Motion for Default/Summart Judgement | 4 | Trademark/CPA |
| Drafting Motion for Default/Summart Judgement | 2.3 | Trademark/CPA |
| Drafting/Serving FRCP 11 Motion, Responding to Crowl's Filings @ ECF 95 & 96 | 2.4 | Trademark/CPA |
| E-mailing Court & Crowl | 0.3 | Trademark/CPA |
| E-mail Correspondence w/ Court & Crowl | 0.2 | Trademark/CPA |
| E-mail Correspondence w/ Court & Crowl | 2.7 | Trademark/CPA |
| Researching Appeal/Stay Issue - Responding to Crowl E-mail | 0.5 | Trademark/CPA |
| Working on MSJ, Preparing Exhibits | 3.3 | Trademark/CPA |
| Finalizing MSJ & Default Motions, Printing and Preparing Documents for Mailing | 3.5 | Trademark/CPA |



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

8. The amount of time expended on this case was significantly increased by Defendant Crowl's unnecessary filing of motions that the Court has already repeatedly noted were without merit.

9. It cost Plaintiff PCRP $405.00 as filing fees to initiate this case. We utilized three process servers to effectuate service on Defendant Crowl. The firm process server was the Pierce County Sheriff's Office, they cost $48 and were unsuccessful despite several visits to Defendant Crowl's residence. The second firm (ABC Legal) cost $85 but was unsuccessful despite several visits to Crowl's residence. The third firm was successful and Defendant Crowl has already reimbursed us for that per the Court's order. Thus, total costs are $538.

10. Thus, the total reasonable legal costs and fees to date in this case are $10,248.

DATED this 7th of December, 2025

**DECLARANT**

**CONNER EDWARDS**



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

PIERCE COUNTY REPUBLICAN PARTY,

Plaintiff,

v.

ERIC CROWL,

WASHINGTON47 PAC,

PIERCE COUNTY REPUBLICAN PARTY

Defendants.

Case No. 3:25-cv-05251-BHS

PROPOSED ORDER

Having considered both MOTION FOR DEFAULT JUDGEMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT WASHINGTON47 PAC AND DEFENDANT PIERCE COUNTY REPUBLICAN PARTY, and MOTION FOR SUMMARY JUDGEMENT AND PERMANENT INJUNCTION DEFENDANT CROWL, any responses, and the record, the Court hereby issues an order stating that:

1. Defendants' actions violated the Lanham Act (False Designation of Origin) and the Washington Consumer Protection Act.
2. Defendants are hereby ENJOINED from using the name "Pierce County Republican Party" or any other name confusingly similar thereto; and maintaining any corporate/non-profit registration utilizing such name.
3. Defendants are hereby ORDERED to make payment to Plaintiff in the amount of $10,248.00 for reasonable attorney fees ($9,710) and filings fees/service costs ($538). Defendants are jointly and severally liable for this payment.



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

4. Additionally, Defendants are hereby ORDERED to make payment to Plaintiff in the amount of $12,813.45 for corrective advertising to ameliorate the actions of Defendants. Defendants are jointly and severally liable for this payment.

DATED this __________ day of _____________, 2025

___________________________________

UNITED STATES DISTRICT JUDGE

*/s/ Conner Edwards*
*Presented by Conner Edwards*
*Attorney for Plaintiff PCRP*



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | | |
|---|---|---|
| PIERCE COUNTY REPUBLICAN PARTY (an unincorporated association) | ) | **Case No:** 3:25-cv-05251-BHS |
| *Plaintiff*, | ) | **AMENDED NOTICE OF AUTOMATIC STATUTORY STAY CURRENTLY IN EFFECT** |
| v. | ) | |
| ERIC CROWL (*an individual*), | ) | |
| *Defendant* | ) | |

## I. NOTICE

**COMES NOW**, Defendant Eric Eugene Crowl, pro se, and respectfully notifies the Court and all parties that the prior Notice of Automatic Statutory Stay (Dkt. 110) is hereby superseded and amended as follows: on December 5, 2025, Defendant filed a timely Notice of Appeal (Dkt. 109) from the orders entered December 3, 2025 (Dkt. 102) and December 5, 2025 (Dkt. 108), which collectively denied Defendant's motions seeking dismissal of all claims in this action (including under UPEPA, FRCP 56, and FRCP 41(b)).

The filing of that interlocutory appeal divests this Court of jurisdiction over the subject matter of the appealed orders and stays further proceedings in the district court pending the Ninth Circuit's resolution of the appeal. Accordingly, no further action (including discovery, motions practice, submission of a Joint Status Report, or any other proceeding) may occur until the Ninth Circuit issues its mandate. Defendant so shall act accordingly.

---

**DATED this December 5, 2025 at Lakewood, WA**

**Respectfully submitted,**

/s/ Eric Eugene Crowl

**Defendant, Eric Eugene Crowl, Pro Se**

---

**CERTIFICATE OF SERVICE**

I hereby certify that on 12/5/2025, a true and correct copy of this document was electronically filed with the Clerk of the Court using the CM/ECF system, which sends notification of such filing to all counsel of record, including: Attorney Conner Edwards (cg.edward53@gmail.com).

**FEDERAL DISTRICT COURT**
**FOR WESTERN WASHINGTON**

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY,<br>Plaintiff,<br>v.<br>ERIC CROWL, et. al.<br>Defendant. | Case No. 3:25-cv-05251-BHS<br><br>RESPONSE TO DEFENDANT CROWL'S 2nd MOTION FOR SUMMARY JUDGEMENT |

COMES NOW PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY, by and through their counsel of record Conner Edwards, and respectfully submits this RESPONSE TO DEFENDANT CROWL'S 2nd MOTION FOR SUMMARY JUDGEMENT.

## I. RESPONSE

This is now Defendant Crowl's 3rd attempt to advance the same legal argument that the Court has already rejected. Specifically, Defendant Crowl is arguing that Plaintiff PCRP does not engage in commercial activity and thus cannot seek relief under the Lanham Act or the Washington Consumer Protection Act. The Court rejected Defendant Crowl's legal arguments then and the Court should reject them now.

**Declaration Submitted by Defendant Crowl**

The only new evidence offered by Defendant Crowl is a declaration based on a screenshot of a post made by PCRP Chair David McMullan.

The screenshot provided by Defendant Crowl and the assertions he derives from it are conclusory and should be ignored by the Court. Courts generally ignore conclusory statements in declarations because they are not supported by specific, factual evidence and do not meet



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

legal standards for pleading or testimony. A conclusory statement is a bare assertion of a legal conclusion without providing the necessary facts, reasoning, or evidence to support it, which prevents a court from assessing the claim's plausibility.

Whether an act can be legally considered to have occurred "in commerce" depends on the act and the law that is being used to analyze the act. An act can be commercial in one context and noncommercial in another. For the purposes of the Lanham Act and Washington Consumer Protection Act, the acts that are the subject of this complaint are commercial.

**Response to Defendant Crowl's "No Commercial Act" Argument**

This argument has already been advanced by Defendant Crowl and rejected by the Court. The act of registering a nonprofit association is not speech – it is an act that occurs within the stream of commerce as broadly defined in RCW 19.86.010(2). This act imbues the individual incorporator with limited liability protection. As such it is a commercial act. Additionally, Defendant Crowl impersonated Plaintiff Pierce County Republican Party on commercial social media platforms, as described in the complaint and uncontested by Defendant Crowl. This action constitutes a commercial act.

Plaintiff Pierce County Republican Party has operated in Pierce County since at least the 1960s but likely has operated since statehood. In living memory, it is the only organization known by that name that carries on business except for Defendant Crowl's fraudulent nonprofit corporation.

Section 43(a) of the Lanham provides, in pertinent part, as follows:



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

*"Any person who shall ... [1] use in connection with any goods or services ... [2] a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same ... [3] shall be liable to a civil action by any person ... [4] who believes that he is or is likely to be damaged by use of any such false description or representation."*

It has been well established that charitable, educational, and other non-profit organizations are entitled to the protections of the Lanham Act. A decision regarding an analogous case brought under the Lanham Act summed up the issue well with a quote.

*"The fact that an organization is non-profit and sells no goods does not take it out of the protection of the law of unfair competition… …[t]he retention of a distinct identity here is just as important as it is to a commercial company. If the distinct identity of such non-profit organizations is lost through a confusingly similar use of a name by another, then it is obvious that the organization will have serious difficulty in raising funds and attracting members and support."*[1]

**<u>Response to Defendant Crowl's "No Damage" Argument</u>**

This argument has already been advanced by Defendant Crowl and rejected by the Court. Defendant Crowl's course of action in registering a non-profit corporation with an identical name to Plaintiff PCRP and impersonating Plaintiff PCRP on social media had a number of damaging effects. Here, we will enumerate a few.

---

[1] *Committee for Idaho High Desert v. Yost*, 881 F. Supp. 1457 (D. Idaho 1995) (quoting McCarthy on Trademarks and Unfair Competition (3d ed. 1994))



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

First, Defendant Crowl injured the plaintiff by creating confusion as to which of the two organizations named "Pierce County Republican Party" was legitimate. In Defendant Crowl's postings: 1) Crowl represented himself as the chair (David McMullan is the actual chair), 2) Crowl represented his organization's headquarters as being in Lakewood (Plaintiff's headquarters are also in Lakewood), 3) Crowl adopted an seal bearing an elephant as his logo (Plaintiff PCRP also has a logo featuring an elephant), 4) Crowl represented his organization as being the "true" local GOP and Plaintiff's organization as illegitimate because it was not incorporated. These actions had the effect of damaging and diluting Plaintiff's brand after decades of being the only "Pierce County Republican Party" in the area.

Second, Defendant Crowl's registration of the name "Pierce County Republican Party" as a nonprofit corporation prevents Plaintiff from registering as a nonprofit corporation, as only one organization may register under a given name.

Third, Defendant Crowl injured the plaintiff by making posts that indicated that Defendant Crowl had been appointed the chair of the Pierce County Republican Party. The association of Defendant Crowl with the Pierce County Republican Party brand damages the reputation of Plaintiff PCRP, which holds itself out to be a pro-law enforcement, pro-law and order, anti-child molestation organization. In contrast, Defendant Crowl is best known for: a) having been arrested in Portland, OR after filming a police shift change with an SUV full of weapon and ammunition,[2] b) for being arrested after he was found by police staring into the

---

[2] https://www.cjonline.com/story/news/politics/state/2016/08/09/oregon-police-arrest-armed-man-who-watched-them-months-man-had-lived-manhattan-and/16578408007/



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

garage of a federal worker while not wearing an ankle monitor in violation of the terms of his pretrial release,[3] and c) for harboring his adult son Tyler Crowl in the family home when Tyler Crowl had outstanding felony warrants for raping a toddler.[4] The false message of Defendant Crowl being the chair of the organization diminishes the standing of Plaintiff PCRP in the community.

## II. CONCLUSION

For the foregoing reasons, we respectfully request that the Court DENY Defendant Crowl's Motion for Summary Judgement.

DATED this October 22, 2025

**CG EDWARDS PLLC**



**Conner Edwards, WSBA No. 62961**
**Attorney for Plaintiff PCRP**

[3] https://katu.com/news/local/armed-man-who-filmed-portland-police-returns-to-jail

[4] https://brandikruse.locals.com/post/6810552/exclusive-when-being-a-social-media-troll-comes-back-to-bite-you-hard



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

**CERTIFICATE OF SERVICE**

I certify that I mailed a copy of the foregoing RESPONSE TO DEFENDANT CROWL'S 2nd MOTION FOR SUMMARY JUDGEMENT and accompanying documents to DEFENDANT ERIC CROWL, at 10002 112th ST SW, LAKEWOOD, WA 98498, postage prepaid.

**October 22, 2025**
**Date**

**Conner Edwards, WSBA No. 62961**
**Attorney for PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY**



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

**FEDERAL DISTRICT COURT**
**FOR WESTERN WASHINGTON**

| | |
|---|---|
| Pierce County Republican Party,<br>Plaintiff,<br>v.<br>Eric Crowl, et. al,<br>Defendant. | Case No. 3:25-cv-05251-BHS<br><br>DECLARATION OF David McMullan |

I, David McMullan, state as follows:

1. I am over the age of 18, competent to testify, and make this declaration based on personal knowledge.

2. I am the Chair of the Pierce County Republican Party.

3. Plaintiff Pierce County Republican (hereafter "PCRP") is an unincorporated, bona-fide county political party within the meaning of RCW 42.17A.005(6)(c) that is headquartered at 10209 Bridgeport Way SW, #C1 Lakewood, WA 98499. The PCRP has operated continuously since at least 1964 and is well known in Pierce County, Washington.

4. PCRP activities includes: voter outreach, candidate recruitment, holding caucuses, fundraising, volunteer coordination, get-out-the-vote efforts, platform development and community engagement.



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

5. The actions of Eric Crowl in fraudulently registering an organization that bears the name "Pierce County Republican Party" and subsequently making numerous social media posts under that name damaged the actual Pierce County Republican Party.

6. This damage includes but is not limited to: 1) causing confusion amongst the public as to which organization was legitimate, 2) preventing the PCRP from registering as a nonprofit association, and, 3) by associating the brand of the PCRP with Eric Crowl.

7. The association of the PCRP with Eric Crowl is particularly damaging to the organization for the following reasons. Eric Crowl is best known in the community for: a) having been arrested in Portland, OR after filming a police shift change with an SUV full of weapon and ammunition,[1] b) for being arrested after he was found by police staring into the garage of a federal worker while not wearing an ankle monitor in violation of the terms of his pretrial release,[2] and c) for harboring his adult son Tyler Crowl in the family home when Tyler Crowl had outstanding felony warrants for sexually assaulting a child.[3] The false message of Defendant Crowl being the chair of the organization diminishes the standing of Plaintiff PCRP

[1] https://www.cjonline.com/story/news/politics/state/2016/08/09/oregon-police-arrest-armed-man-who-watched-them-months-man-had-lived-manhattan-and/16578408007/

[2] https://katu.com/news/local/armed-man-who-filmed-portland-police-returns-to-jail

[3] https://brandikruse.locals.com/post/6810552/exclusive-when-being-a-social-media-troll-comes-back-to-bite-you-hard



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

in the community because it conflicts with the PCRP's message of being a pro-law enforcement, pro-law and order, anti-child molestation organization.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 29 of SEPTEMBER, 2025

**DECLARANT**

**David McMullan**



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

PIERCE COUNTY REPUBLICAN PARTY (an unincorporated association)

*Plaintiff*,

v.

ERIC CROWL (*an individual*),

PIERCE COUNTY REPUBLICAN PARTY (a *nonprofit corporation*),

WASHINGTON47 PAC (*a nonprofit corporation*),

*Defendants*

**Case No:** 3:25-cv-05251-BHS

**SECOND MOTION FOR SUMMARY JUDGMENT**

**NOTED FOR CONSIDERATION:**
11/7/2025 1:00 PM

**ORAL ARGUMENT REQUESTED:**
~ 30 MINUTES

**PURSUANT TO RULE 56(B)**

**COMES NOW**, Defendant, Eric Crowl, proceeding pro se, and respectfully moves this Court for summary judgment dismissing all claims in the First Amended Complaint filed by Plaintiff Pierce County Republican Party ("PCRP"). This motion is based on new evidence from Plaintiff itself, demonstrating that its activities are non-commercial donations, which negates the commercial elements essential to Plaintiff's claims.

## I. STATEMENT OF FACTS

1. Plaintiff PCRP is an unincorporated association operating as a county political party, engaged in activities such as voter outreach, fundraising, and community engagement.
2. Defendant Eric Crowl is an individual who merely registered a Washington nonprofit corporation named "Pierce County Republican Party" and engaged in related social media activities (protected speech) and has never engaged in commerce.

**3.** Plaintiff alleges that Defendant's use of the "Pierce County Republican Party" name causes confusion and violates the law, by asserting Lanham Act and Consumer Protect Act claims (which require commercial use by both parties to apply as enforceable).

**4.** On October 3, 2025, Plaintiff PCRP posted on social media, stating that all its activities, including events with speakers, are donations, not sales, and that it will not collect or report sales taxes, asserting non-commercial status in totality.

**5.** David McMullan is the Chairman of Plaintiff's unincorporated association.

**6.** This new evidence, as a public statement from Plaintiff (through its Chairman), undermines its own claims by admitting its operations lack a commercial basis.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The Court must view the evidence in the light most favorable to the non-moving party. Here, Plaintiff's own evidence resolves the material fact of commercial activity in totality. This motion is made pursuant to Rule 56 and Local Rule 7.

## III. ARGUMENT

### A. Plaintiff's New Evidence Negates the Commercial Requirement of the Lanham Act Claim

Plaintiff's claim requires that Defendant's actions involve commercial activity affecting others. Plaintiff's post admits that its activities, including events with speakers, are donations, not commercial sales. This undercuts Plaintiff's allegation that Defendant's use of the name causes confusion as to services provided, as no commercial services exist to confuse. Plaintiff's admission leaves no genuine issue of material fact, entitling Defendant to judgment.

### B. Plaintiff's Admission Defeats the CPA Claim's Trade or Commerce Requirement

Plaintiff's claim under the Washington law applies to unfair or deceptive acts in trade or commerce. Plaintiff's post establishes that its operations are non-commercial donations, not trade

Case: 25-7707, 09/01/2026, DktEntry: 15.4, Page 113 of 281

or commerce. By admitting its activities lack a commercial basis, Plaintiff contradicts its claim that Defendant's actions affect trade or commerce related to Plaintiff. This warrants immediate dismissal of all claims.

**C. Plaintiff's Inconsistent Position Precludes Relief**

Plaintiff's complaint alleges commercial confusion and injury, yet its post denies any commercial activity. This inconsistency, as evidence from Plaintiff itself, defeats its claims. No reasonable determination can find commercial harm where Plaintiff asserts none exists in its own operations.

## IV. RELIEF REQUESTED

**WHEREFORE,** Defendant Eric Crowl respectfully requests that this Court:

1. Grant summary judgment in favor of Defendant and dismiss all claims in the First Amended Complaint with prejudice.
2. Award Defendant costs and fees as permitted by law, including any fees assessed for service of process.
3. Declare this suit was brought without a valid basis of law and completely lacks merit.
4. Grant such other relief as the Court deems just and equitable.

## V. DECLARATION OF ERIC EUGENE CROWL

**I, Eric Eugene Crowl,** declare, and swear under the penalty of perjury, that:

1. I am the Defendant in the above-captioned matter and submit this affidavit in support of my Second Motion for Summary Judgment.
2. I have personal knowledge of the facts stated herein, which are true and correct to the best of my knowledge.
3. Attached as Exhibit A is a true and correct copy of a social media post made by Plaintiff Pierce County Republican Party on October 3, 2025, asserting that all its activities, including events with speakers, are donations, not sales, and that it will not collect or report sales taxes.

**4.** I obtained this post from Plaintiff's public social media account, and it reflects Plaintiff's own statement regarding the nature of its operations.

**5.** Based on my understanding and the evidence presented, Plaintiff's activities in totality, as admitted in the post, lack a commercial basis, which contradicts all claims made in the First Amended Complaint – which warrants immediate dismissal of this suit.

**FURTHER DECLARANT SAYETH NOT.**

/s/ Eric Eugene Crowl

**Defendant, Eric Eugene Crowl, Pro Se**

---

**DATED this October 4, 2025 at Lakewood, Washington**

**Respectfully submitted,**

/s/ Eric Crowl

**Defendant, Eric Eugene Crowl, Pro Se**

**EXHIBIT A**

**Pierce County Republican Party**
1d ·

**Dave McMullan**
1d ·

The morons in the Democrat party have added a sales tax anytime you do an event or have a speaker. The Pierce County Republican Party will not comply because everything we do is donations, even if we have an event with a speaker. So what they're saying is every single donation we get regardless of where it comes from must have a sales tax, or we will not file with the PDC because we're only required to report donations. Political parties do not have a product to sell, everything we do is donations. So bring it on Washington State. Sue us, we will never ever collect a sales tax and we will never ever work with the department of revenue on reporting any sales taxes. Bring it.

Like Comment Share

37 2 shares

Most relevant

Author
**Pierce County Republican Party**
@followers

18h Like Reply

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

PIERCE COUNTY REPUBLICAN PARTY (an unincorporated association)

*Plaintiff*,

v.

ERIC CROWL (*an individual*),

PIERCE COUNTY REPUBLICAN PARTY (a *nonprofit corporation*),

WASHINGTON47 PAC (*a nonprofit corporation*),

*Defendants*

**Case No:** 3:25-cv-05251-BHS

**PROPOSED ORDER, GRANTING: SECOND MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** comes before the Court on Defendant Eric Crowl's Second Motion for Summary Judgment, filed on October 4, 2025, and noted for consideration on November 7, 2025. Having reviewed the motion, the supporting declaration, the evidence presented, and the record herein, the Court finds as follows:

1. **Findings of Fact:** The Court adopts the Statement of Facts as presented in Defendant's motion, including that Plaintiff Pierce County Republican Party (PCRP) is an unincorporated association operating as a county political party engaged in non-commercial activities such as voter outreach, fundraising, and community engagement, and that Defendant Eric Crowl, an individual, registered a Washington nonprofit corporation named "Pierce County Republican Party" and engaged in related social media activities (protected speech) without commercial engagement. On October 3, 2025, Plaintiff PCRP posted on social media, via its Chairman David McMullan, stating that all its activities, including events with speakers, are

Case: 25-7707, 09/01/2026, DktEntry: 15.4, Page 117 of 281

donations, not sales, and that it will not collect or report sales taxes, asserting non-commercial status in totality.

2. **Legal Standard:** Summary judgment is appropriate under Federal Rule of Civil Procedure 56 where there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. The Court views the evidence in the light most favorable to the non-moving party. Here, Plaintiff's own evidence resolves the material fact of commercial activity, negating the essential elements of its claims.

3. **Analysis:** Plaintiff's claims under the Lanham Act and the Washington Consumer Protection Act require commercial use by both parties. Plaintiff's October 3, 2025, social media post admits that its activities lack a commercial basis, undermining its allegations of commercial confusion and injury. This admission leaves no genuine issue of material fact, entitling Defendant to judgment as a matter of law. Plaintiff's inconsistent position further precludes relief.

**ORDER**

**IT IS HEREBY ORDERED** that Defendant Eric Crowl's Second Motion for Summary Judgment is **GRANTED**. The Court further orders as follows:

**1.** All claims in the First Amended Complaint are dismissed with prejudice.

**2.** Defendant is awarded costs and fees as permitted by law, including any fees assessed for service of process.

**3.** This suit is declared to have been brought without a valid basis of law and to completely lack merit.

**4.** **[ ]** Any other relief deemed just and equitable is granted, as follows: ____________________

________________________________________________________________________

________________________________________________________________________

**5.** The Clerk is directed to enter judgment accordingly and close this case.

**DATED this __________ day of ______________________, 2025.**

***/s/*** ________________________________

**BENJAMIN H. SETTLE**

**United States District Court Judge**

**FEDERAL DISTRICT COURT**
**FOR WESTERN WASHINGTON**

PIERCE COUNTY REPUBLICAN PARTY,

Plaintiff,

v.

ERIC CROWL, et. al.

Defendant.

Case No. 3:25-cv-05251-BHS

RESPONSE TO DEFENDANT CROWL'S MOTION FOR SUMMARY JUDGEMENT

COMES NOW PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY, by and through their counsel of record Conner Edwards, and respectfully submits this RESPONSE TO DEFENDANT CROWL'S MOTION FOR SUMMARY JUDGEMENT.

## I. RESPONSE

Defendant Crowl’s Motion for Summary Judgment is a regurgitation of the same legal arguments he advanced at his Motion to Dismiss per FRCP 12(b)(6). The Court rejected Defendant Crowl’s legal arguments then and the Court should reject them now.

**Declarations Submitted by Defendant Crowl**

The only factual support offered by Defendant Crowl is a series of cookie-cutter declarations signed by his internet followers containing legal conclusions and non-supported factual assertions. These declarations are the product of a live internet chatroom (appropriately titled “I DO DECLARE! SIGNING PARTY”) hosted by Defendant Crowl on 4/10/25 in which Defendant Crowl solicited his internet followers to sign his declarations to assist his defense. This action verges on outright fraud. These declarations should be entitled no evidentiary weight whatsoever.



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

Case: 25-7787, 09/01/2026, DktEntry: 15.4, Page 120 of 281

**Response to Defendant Crowl's "Free Speech" Argument**

This argument has already been advanced by Defendant Crowl and rejected by the Court. We dispute Defendant Crowl's assertion that his registration of the name "Pierce County Republican Party" as a nonprofit association constitutes protected speech. This argument has been rejected as recently as 2023 by the US Supreme Court which held that speech which misleads as to the source of the communication and violates trademark law is not protected by the First Amendment.[1]

**Response to Defendant Crowl's "No Commercial Act" Argument**

This argument has already been advanced by Defendant Crowl and rejected by the Court. The act of registering a nonprofit association is not speech – it is an act that occurs within the stream of commerce as broadly defined in RCW 19.86.010(2). This act imbues the individual incorporator with limited liability protection. As such it is a commercial act.

Additionally, Defendant Crowl impersonated Plaintiff Pierce County Republican Party on commercial social media platforms. This action constitutes a commercial act.

**Response to Defendant Crowl's "No Damage" Argument**

This argument has already been advanced by Defendant Crowl and rejected by the Court. Defendant Crowl's course of action in registering a non-profit corporation with an identical name to Plaintiff PCRP and impersonating Plaintiff PCRP on social media had a number of damaging effects. Here, we will enumerate a few.

---

[1] *Jack Daniel's Props. v. VIP Prods.*, 143 S.Ct. 1578, 216 L.Ed.2d 161 (2023)



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

First, Defendant Crowl injured the plaintiff by creating confusion as to which of the two organizations named "Pierce County Republican Party" was legitimate. In Defendant Crowl's postings: 1) Crowl represented himself as the chair (David McMullan is the actual chair), 2) Crowl represented his organization's headquarters as being in Lakewood (Plaintiff's headquarters are also in Lakewood), 3) Crowl adopted an seal bearing an elephant as his logo (Plaintiff PCRP also has a logo featuring an elephant), 4) Crowl represented his organization as being the "true" local GOP and Plaintiff's organization as illegitimate because it was not incorporated. These actions had the effect of damaging and diluting Plaintiff's brand after decades of being the only "Pierce County Republican Party" in the area.

Second, Defendant Crowl's registration of the name "Pierce County Republican Party" as a nonprofit corporation prevents Plaintiff from registering as a nonprofit corporation, as only one organization may register under a given name.

Third, Defendant Crowl injured the plaintiff by making posts that indicated that Defendant Crowl had been appointed the chair of the Pierce County Republican Party. The association of Defendant Crowl with the Pierce County Republican Party brand damages the reputation of Plaintiff PCRP, which holds itself out to be a pro-law enforcement, pro-law and order, anti-child molestation organization. In contrast, Defendant Crowl is best known for: a) having been arrested in Portland, OR after filming a police shift change with an SUV full of weapon and ammunition,[2] b) for being arrested after he was found by police staring into the garage of a federal worker while not wearing an ankle monitor in violation of the terms of his

[2]https://www.cjonline.com/story/news/politics/state/2016/08/09/oregon-police-arrest-armed-man-who-watched-them-months-man-had-lived-manhattan-and/16578408007/



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

pretrial release,[3] and c) for harboring his adult son Tyler Crowl in the family home when Tyler Crowl had outstanding felony warrants for raping a toddler.[4] The false message of Defendant Crowl being the chair of the organization diminishes the standing of Plaintiff PCRP in the community.

**Response to Defendant Crowl's Argument that PCRP Has No Valid Mark**

Defendant Crowl has offered no relevant authority (or even much argument) to support his position. Plaintiff Pierce County Republican Party has operated in Pierce County since at least the 1960s but likely has operated since statehood. In living memory, it is the only organization known by that name that carries on business except for Defendant Crowl's fraudulent nonprofit corporation.

Section 43(a) of the Lanham provides, in pertinent part, as follows:

*"Any person who shall ... [1] use in connection with any goods or services ... [2] a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same ... [3] shall be liable to a civil action by any person ... [4] who believes that he is or is likely to be damaged by use of any such false description or representation."*

It has been well established that charitable, educational, and other non-profit organizations are entitled to the protections of the Lanham Act. A decision regarding an analogous case brought under the Lanham Act summed up the issue well with a quote.

---

[3] https://katu.com/news/local/armed-man-who-filmed-portland-police-returns-to-jail

[4] https://brandikruse.locals.com/post/6810552/exclusive-when-being-a-social-media-troll-comes-back-to-bite-you-hard



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

*"The fact that an organization is non-profit and sells no goods does not take it out of the protection of the law of unfair competition… …[t]he retention of a distinct identity here is just as important as it is to a commercial company. If the distinct identity of such non-profit organizations is lost through a confusingly similar use of a name by another, then it is obvious that the organization will have serious difficulty in raising funds and attracting members and support."*[5]

## II. CONCLUSION

For the foregoing reasons, we respectfully request that the Court DENY Defendant Crowl's Motion for Summary Judgement.

DATED this September 29, 2025

**CG EDWARDS PLLC**

**Conner Edwards, WSBA No. 62961**
**Attorney for Plaintiff PCRP**

[5] *Committee for Idaho High Desert v. Yost*, 881 F. Supp. 1457 (D. Idaho 1995) (quoting McCarthy on Trademarks and Unfair Competition (3d ed. 1994))



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

**CERTIFICATE OF SERVICE**

I certify that I mailed a copy of the foregoing RESPONSE TO DEFENDANT CROWL'S MOTION FOR SUMMARY JUDGEMENT and accompanying documents to DEFENDANT ERIC CROWL, at 10002 112th ST SW, LAKEWOOD, WA 98498, postage prepaid.

**September 29, 2025**
**Date**

**Conner Edwards, WSBA No. 62961**
**Attorney for PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY**



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

**FEDERAL DISTRICT COURT**
**FOR WESTERN WASHINGTON**

| | |
|---|---|
| Pierce County Republican Party,<br>Plaintiff,<br>v.<br>Eric Crowl, et. al,<br>Defendant. | Case No. 3:25-cv-05251-BHS<br><br>DECLARATION OF Conner Edwards |

I, Conner Edwards, state as follows:

1. I am over the age of 18, competent to testify, and make this declaration based on personal knowledge.

2. On the evening of March 7, 2025, I took the following screenshot, which shows the fraudulent post made by Defendant Crowl where he claimed to be the Chair of the PCRP.






THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

3. On March 8, 2025, I took the following screenshot where Defendant Crowl claimed to be the owner of the Pierce County Republican Party.




///

///

///



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

4. On March 8, I took the following screenshot where Defendant Crowl indicated his hosting of a "Pierce County Republican Party PCO[1] Townhall"




[1] A PCO (precinct committee officer) is an elected member of a county party organization. PCOs are members of Plaintiff Pierce County Republican Party's organization and makeup an important part of the organization.



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

5. On the evening of March 11, 2025, Defendant Crowl hosted a "X-Space" titled "Pierce County Republican Party – Press Availability".






THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 29th of September, 2025

**DECLARANT**



**Conner Edwards**



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

# FEDERAL DISTRICT COURT
# FOR WESTERN WASHINGTON

| | |
|---|---|
| Pierce County Republican Party,<br>Plaintiff,<br>v.<br>Eric Crowl, et. al,<br>Defendant. | Case No. 3:25-cv-05251-BHS<br><br>DECLARATION OF David McMullan |

I, David McMullan, state as follows:

1. I am over the age of 18, competent to testify, and make this declaration based on personal knowledge.

2. I am the Chair of the Pierce County Republican Party.

3. Plaintiff Pierce County Republican (hereafter "PCRP") is an unincorporated, bona-fide county political party within the meaning of RCW 42.17A.005(6)(c) that is headquartered at 10209 Bridgeport Way SW, #C1 Lakewood, WA 98499. The PCRP has operated continuously since at least 1964 and is well known in Pierce County, Washington.

4. PCRP activities includes: voter outreach, candidate recruitment, holding caucuses, fundraising, volunteer coordination, get-out-the-vote efforts, platform development and community engagement.



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

5. The actions of Eric Crowl in fraudulently registering an organization that bears the name "Pierce County Republican Party" and subsequently making numerous social media posts under that name damaged the actual Pierce County Republican Party.

6. This damage includes but is not limited to: 1) causing confusion amongst the public as to which organization was legitimate, 2) preventing the PCRP from registering as a nonprofit association, and, 3) by associating the brand of the PCRP with Eric Crowl.

7. The association of the PCRP with Eric Crowl is particularly damaging to the organization for the following reasons. Eric Crowl is best known in the community for: a) having been arrested in Portland, OR after filming a police shift change with an SUV full of weapon and ammunition,[1] b) for being arrested after he was found by police staring into the garage of a federal worker while not wearing an ankle monitor in violation of the terms of his pretrial release,[2] and c) for harboring his adult son Tyler Crowl in the family home when Tyler Crowl had outstanding felony warrants for sexually assaulting a child.[3] The false message of Defendant Crowl being the chair of the organization diminishes the standing of Plaintiff PCRP

---

[1] https://www.cjonline.com/story/news/politics/state/2016/08/09/oregon-police-arrest-armed-man-who-watched-them-months-man-had-lived-manhattan-and/16578408007/

[2] https://katu.com/news/local/armed-man-who-filmed-portland-police-returns-to-jail

[3] https://brandikruse.locals.com/post/6810552/exclusive-when-being-a-social-media-troll-comes-back-to-bite-you-hard



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

in the community because it conflicts with the PCRP's message of being a pro-law enforcement, pro-law and order, anti-child molestation organization.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 29 of SEPTEMBER, 2025

**DECLARANT**

**David McMullan**



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WESTERN WASHINGTON**

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY,<br>Plaintiff,<br>v.<br>ERIC CROWL, et. al.,<br>Defendant. | Case No. 3:25-cv-05251-BHS<br><br>RESPONSE TO DEFENDANT CROWL'S EXPEDITED MOTION FOR SPECIAL RELIEF |

COMES NOW PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY, by and through their counsel of record Conner Edwards, and respectfully submits this RESPONSE TO DEFENDANT CROWL'S EXPEDITED MOTION FOR SPECIAL RELIEF.

**I. RESPONSE**

We offer several arguments in opposition to Defendant Crowl's latest motion.

First, Defendant Crowl filed his motion on 9/8/25 and noted it for 9/15/25 which was improper. This type of motion would be governed by either LCR 7(d)(3) or arguably even (4) as this type of motion is substantially a motion for summary judgement

Second, we would argue that applying the UPEPA (RCW 4.105) statute to this type of Federal action is improper under the Erie Doctrine as it abrogates the Federal Rules of Civil Procedure. While other decisions from the 9th Circuit have allowed this type of motion, we would argue that Federal procedural law and state substantive law should govern the resolution of the Washington Consumer Protection Act claim.



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

Finally, on a more substantive level, the arguments advanced by Plaintiff Crowl here have already been advanced and rejected by Judge Settle at the 9/8/25 hearing. As described in our previous response to Defendant Crowl's 12(b)(6) Motion to Dismiss, speech which misleads the source of the communication and violates trademark law is not protected by the First Amendment.[1]

Additionally, the act of registering a nonprofit association is not speech. This act imbues the individual incorporator with limited liability protection. As such it is a commercial act within the broad definition of commerce as defined in RCW 19.86.010 (2).

## II. CONCLUSION

For the foregoing reasons, we respectfully request that the Court DENY Defendant Crowl's Motion.

. DATED this September 22, 2025

**CG EDWARDS PLLC**



**Conner Edwards, WSBA No. 62961**
**Attorney for PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY**

[1] *Jack Daniel's Props. v. VIP Prods*., 143 S.Ct. 1578, 216 L.Ed.2d 161 (2023)



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of the foregoing RESPONSE TO DEFENDANT CROWL'S EXPEDITED MOTION FOR SPECIAL RELIEF and accompanying documents to DEFENDANT ERIC CROWL, at 10002 112th ST SW, Lakewood, WA 98498, postage prepaid.

**September 22, 2025**
**Date**

**Conner Edwards, WSBA No. 62961**
**Attorney for PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY**



THE LAW FIRM OF CONNER EDWARDS
CG Edwards PLLC
PO Box 12082
Seattle, Washington 98102
CG.Edwards53@gmail.com
(425) 533-1677 cell

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

PIERCE COUNTY REPUBLICAN PARTY (an unincorporated association)

*Plaintiff*,

v.

ERIC CROWL (*an individual*),

PIERCE COUNTY REPUBLICAN PARTY (a *nonprofit corporation*),

WASHINGTON47 PAC (*a nonprofit corporation*),

*Defendants*

**Case No:** 3:25-cv-05251-BHS

**MOTION FOR SUMMARY JUDGMENT**

**NOTED FOR CONSIDERATION:**
9/22/2025 1:30 PM

**PURSUANT TO:**
FRCP 56

## I. INTRODUCTION

**COMES NOW, Defendant**, Eric Crowl, appearing pro se, and respectfully moves this Court for summary judgment pursuant to Federal Rule of Civil Procedure 56 on all claims asserted against him in the First Amended Complaint (Doc. 15), including the federal claim under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and the state law claim under the Washington Consumer Protection Act (RCW 19.86). This motion is supported by the pleadings and the Declarations of Andréa Delaplane (Doc. 32), Andrew Olson (Doc. 33), Bradley Chaney (Doc. 34), Craig Fletcher (Doc. 35), Dawn Houghton (Doc. 36), Robert Francis Saxton (Doc. 37), Shannon Zimmerly (Doc. 38), and Eric Crowl (Doc. 49).

## II. STATEMENT OF FACTS

**1. Plaintiff:** The Plaintiff, Pierce County Republican Party ("PCRP"), is an unincorporated association alleging it is a bona fide county political party under RCW 42.17A.005(6)(c) (Doc. 15).

Case: 25-7707, 09/01/2026, DktEntry: 15.1, (137 of 281)

**2. Defendant:** Eric Crowl is an individual and elected Precinct Committee Officer for District 28-556 in Pierce County, Washington (Doc. 49).

**3. Use of Name:** Defendant's use of the name "Pierce County Republican Party," along with other Defendants, has been a protected speech exercise to highlight Plaintiff's failure to register its namesake and to engage in parody and criticism, as evidenced by the Declarations of Eric Crowl (Doc. 49), Andréa Delaplane (Doc. 32), Andrew Olson (Doc. 33), Bradley Chaney (Doc. 34), Craig Fletcher (Doc. 35), Dawn Houghton (Doc. 36), Robert Francis Saxton (Doc. 37), and Shannon Zimmerly (Doc. 38).

**4. No Commercial Activity:** All Declarations affirm that Defendant Eric Crowl and other Defendants have not engaged in trade, including solicitation, production, manufacture, or sale of goods or services, while using the name (Docs. 32-38, 49).

**5. Public Disclosure:** Defendant Eric Crowl and other Defendants have publicly disclosed that their use of the name is not affiliated with Plaintiff, as consistently stated in the Declarations (Docs. 32-38, 49).

## III. LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" (Fed. R. Civ. P. 56(a)). The moving party must demonstrate the absence of a genuine issue of material fact (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The non-moving party must then present specific facts showing a genuine issue for trial, beyond mere allegations or denials (Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986)). The court views the evidence in the light most favorable to the non-moving party but grants summary judgment if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party (Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## IV. ARGUMENT

**A. Federal Claim: Lanham Act (15 U.S.C. § 1125(a))**

Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) addresses trademark infringement and unfair competition, applicable to unregistered marks. To prevail, the Plaintiff must prove:

1. **Ownership of a Valid Mark:** The mark must be distinctive (inherently or via secondary meaning) and used in commerce.

2. **Likelihood of Confusion:** The defendant's use must create a likelihood of confusion among consumers. Defendant has met his burden under Celotex by showing the absence of genuine issues of material fact: Plaintiff has not demonstrated that "Pierce County Republican Party" is a registered or distinctive mark used in commerce, nor has it shown secondary meaning. No evidence supports consumer confusion, given the public disclosure of non-affiliation by Defendant Eric Crowl and other Defendants (Docs. 32-38, 49). Plaintiff has not presented specific facts to counter this, failing to meet its burden under Anderson. Thus, summary judgment is warranted as the record could not lead a rational trier of fact to find for Plaintiff (Matsushita).

**B. State Claim: Washington Consumer Protection Act (RCW 19.86)**

To prevail under the Washington Consumer Protection Act (RCW 19.86.020), Plaintiff must prove: (a) an unfair or deceptive act or practice; (b) occurring in trade or commerce; (c) affecting the public interest; (d) injuring the plaintiff's business or property; and (e) a causal link between the act and the injury. Defendant has demonstrated the absence of genuine disputes under Celotex:

1. The use by Defendant Eric Crowl and other Defendants was expressive, not deceptive (Docs. 32-38, 49).

2. No trade activity occurred, as confirmed by all Declarations.

3. The disclosed intent negates public harm (Docs. 32-38, 49).

**4.** No injury is shown due to the lack of commercial activity.

**5.** Absent trade, no causal link exists. Plaintiff's failure to provide specific evidence, as required by Matsushita, fails to create a triable issue, entitling Defendant to summary judgment.

**C. Unavailability of Injunctive, Declaratory, and Costs/Fees Relief**

Plaintiff seeks injunctive relief, declaratory relief, and costs and fees (Doc. 15). However, these remedies are unavailable because:

**1. Injunctive Relief:** No irreparable harm is shown, as no commercial activity or confusion exists (Docs. 32-38, 49).

**2. Declaratory Relief:** The absence of a live controversy, given the expressive use and public disclosure, precludes declaratory judgment, as there is no actual case or controversy (MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126-27 (2007)).

**3. Costs and Fees:** No prevailing party status or statutory basis exists under the Lanham Act or RCW 19.86 absent a valid claim (15 U.S.C. § 1117; RCW 19.86.090). Defendant seeks declaratory relief to affirm these points.

**D. Effect of Default on Other Defendants for Defendant**

**1.** Claims against all Defendants (Eric Crowl, Pierce County Republican Party, and Washington47 PAC) involve joint and several liability—such as under the Lanham Act (15 U.S.C. § 1125(a)) or the Washington Consumer Protection Act (RCW 19.86). A default judgment against some defendants could prejudice the non-defaulting defendant (Eric Crowl) by establishing liability that might contradict his successful defense. Courts may delay default judgments to avoid duplicative proceedings or the need to revisit issues if the non-defaulting defendant prevails, promoting efficiency (In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001)).

**V. CONCLUSION**

Case 3:25-cv-05251-BHS Document 87 Filed 09/08/25 Page 5 of 5

Based on the undisputed facts in the Declarations (Docs. 32-38, 49) and the legal standards, no genuine issues of material fact remain, and Defendant Eric Crowl is entitled to judgment as a matter of law on both claims; and no such default judgment should be entered upon other Defendants in this case until such adjudication on this matter of summary judgment is quieted.

## VI. RELIEF REQUESTED

**WHEREFORE,** Defendant, Eric Crowl, respectfully requests that this Court:

**(i)** Stay any issuance of default judgment against any other defendant until this matter is resolved; and

**(ii)** Grant summary judgment pursuant to Federal Rule of Civil Procedure 56; and

**(iii)** Dismiss the federal claim under the Lanham Act (15 U.S.C. § 1125(a)) and the state claim under the Washington Consumer Protection Act (RCW 19.86) against Defendant Eric Crowl with prejudice; and

**(iv)** Issue a declaratory judgment that injunctive relief, further declaratory relief, and awards of costs and fees are unavailable to Plaintiff;

**(v)** Issue declaratory judgment that joint and several liability is moot under summary judgment.

**(vi)** Award any other relief the Court deems just and proper.

---

**DATED this 8th day of September, 2025.**

**Respectfully Submitted,**

/s/ Eric Eugene Crowl

**Eric Crowl, Defendant, Pro Se**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

PIERCE COUNTY REPUBLICAN PARTY (an unincorporated association)

*Plaintiff*,

v.

ERIC CROWL (*an individual*),

PIERCE COUNTY REPUBLICAN PARTY (a *nonprofit corporation*),

WASHINGTON47 PAC (*a nonprofit corporation*),

*Defendants*

**Case No:** 3:25-cv-05251-BHS

**PROPOSED ORDER GRANTING: MOTION FOR SUMMARY JUDGMENT**

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on Defendant Eric Crowl's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, noted for consideration on September 22, 2025, at 1:30 PM. Having reviewed the motion, supporting declarations (Docs. 32-38, 49), and applicable law, the Court finds as follows:

1. **Factual Background:** The undisputed facts, as supported by the declarations, establish that Defendant Eric Crowl is an elected Precinct Committee Officer and an individual, that his use of the name "Pierce County Republican Party" is expressive speech highlighting the Plaintiff's failure to register and engaging in parody and criticism, that no commercial activity has occurred, and that non-affiliation with Plaintiff has been publicly disclosed.

**2. Legal Standard:** Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

**3. Federal Claim (Lanham Act, 15 U.S.C. § 1125(a)):** Plaintiff has not demonstrated ownership of a valid, distinctive mark used in commerce or a likelihood of consumer confusion. Defendant has met his burden, and Plaintiff has not presented specific facts to create a triable issue. Summary judgment is granted.

**4. State Claim (Washington Consumer Protection Act, RCW 19.86):** Plaintiff has not shown an unfair or deceptive act in trade or commerce, public interest impact, or injury. Defendant's expressive use, lack of trade activity, and disclosed intent negate Plaintiff's claims. Summary judgment is granted.

**5. Remedies:** No injunctive or declaratory relief is warranted due to the absence of irreparable harm or a live controversy. Costs and fees are unavailable absent a prevailing party status or statutory basis.

**6. Effect of Default:** The Court stays any default judgment against other defendants until this summary judgment is resolved to avoid prejudice to Defendant Crowl and promote judicial efficiency.

**ORDER**

**WHEREFORE, IT IS HEREBY ORDERED** that:

**(i)** The issuance of default judgment against any other defendant is stayed until this matter is resolved as not to unfairly prejudice Defendant Eric Crowl; and

**(ii)** Defendant Eric Crowl's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 is **GRANTED**; and

**(iii)** The federal claim under the Lanham Act (15 U.S.C. § 1125(a)) and the state claim under the Washington Consumer Protection Act (RCW 19.86) against Defendant Eric Crowl are **DISMISSED** with prejudice; and

**(iv)** Declaratory judgment is issued that injunctive relief, further declaratory relief, and awards of costs and fees are unavailable to Plaintiff; and

**(v)** Declaratory judgment is issued that joint and several liability is moot under summary judgment and that Eric Crowl is not joint and severally liable – other Defendants are separate legal entities whom are not Defendant Eric Crowl (an individual); and

**(vi)** Other relief the Court deems just and proper **[ ]**: ______________________________

______________________________________________________________

______________________________________________________________

______________________________________________________________

______________________________________________________________

______________________________________________________________

**DATED this __________ day of September, 2025.**

/s/______________________________

**United States District Judge**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY (an unincorporated association)<br><br>*Plaintiff*,<br><br>v.<br><br>ERIC CROWL (*an individual*),<br><br>PIERCE COUNTY REPUBLICAN PARTY (a *nonprofit corporation*),<br><br>WASHINGTON47 PAC (*a nonprofit corporation*),<br><br>*Defendants* | **Case No:** 3:25-cv-05251-BHS<br><br>**SPECIAL MOTION FOR EXPEDITED RELIEF**<br><br>**NOTED FOR CONSIDERATION:** 9/15/2025 1:30 PM<br><br>**PURSUANT TO:** *RCW 4.105* |

## I. INTRODUCTION

**COMES NOW, Defendant,** Eric Crowl, appearing pro se, and respectfully moves this Court for expedited relief pursuant to the Uniform Public Expression Protection Act (UPEPA), codified at RCW 4.105, with respect to the state law claims under the Washington Consumer Protection Act (RCW 19.86) alleged in the First Amended Complaint (Doc. 15). This motion is brought under the Erie doctrine, which mandates the application of Washington state substantive law in diversity or supplemental jurisdiction cases. Henceforth, all discovery in this matter is statutorily paused pursuant to RCW 4.105.040 pending resolution of this motion.

## II. STATEMENT OF FACTS

1. **Plaintiff:** The Plaintiff, Pierce County Republican Party ("PCRP"), is an unincorporated, bona fide county political party within the meaning of RCW 42.17A.005(6)(c), as alleged in the First Amended Complaint (Doc. 15).

**2. Defendants:** The active Defendants include Eric Crowl, an individual. Defendants in Default are the Pierce County Republican Party, a nonprofit corporation; and Washington47 PAC, a nonprofit corporation (Docs. 32-38, 49).

**3. Protected Speech:** The use of the name "Pierce County Republican Party" by Defendant has been a protected speech exercise, as evidenced by the Declarations of Andréa Delaplane (Doc. 32), Andrew Olson (Doc. 33), Bradley Chaney (Doc. 34), Craig Fletcher (Doc. 35), Dawn Houghton (Doc. 36), Robert Francis Saxton (Doc. 37), Shannon Zimmerly (Doc. 38), and Eric Crowl (Doc. 49). This use includes:

- Bringing public attention to Plaintiff's failure to register and secure its namesake(s); and
- Engaging in mockery, parody, and criticism of Plaintiff.

**4. No Commercial Activity:** All Declarations affirm that Defendant has not conducted any trade, including solicitation, production, manufacture, or sale of goods or services, while claiming to be Plaintiff.

**5. Public Disclosure:** Defendant has clearly presented, posted, published, and repeatedly explained in a public manner that any use of the name is not affiliated with Plaintiff, nor is int statutorily infringing.

## III. LEGAL STANDARD

**1. UPEPA Framework:** Under RCW 4.105.030, a defendant may file a special motion for expedited relief to dismiss claims based on protected public expression. The defendant must make a prima facie showing that the claim arises from an act in furtherance of free speech on a public issue (RCW 4.105.010(2)). The burden then shifts to the plaintiff to demonstrate with prima facie evidence that: (a) the act was not protected; (b) the claim has a substantial basis in law; or (c) the plaintiff would suffer irreparable injury without injunctive relief.

**2. Erie Doctrine:** In federal court, the Erie doctrine requires the application of state substantive law, including UPEPA, to state law claims (Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)).

**3. Washington Consumer Protection Act:** RCW 19.86.020 requires proof of: (a) an unfair or deceptive act or practice; (b) occurring in trade or commerce; (c) affecting the public interest; (d) injuring the plaintiff's business or property; and (e) a causal link between the act and the injury.

**4. Discovery Pause:** RCW 4.105.040 mandates an automatic stay of discovery upon filing a special motion under UPEPA, which is currently in effect.

## IV. ARGUMENT

**1. Protected Expression Under UPEPA:** Defendants' use of the name "Pierce County Republican Party" constitutes protected speech under RCW 4.105.010(2), as supported by the Declarations (Docs. 32-38, 49), satisfying the initial burden under RCW 4.105.030.

**2. Failure to Meet Elements of State Claims:** The Plaintiff's claim under RCW 19.86 fails to meet the required elements, as:

- The use was expressive, not deceptive;
- No trade or commerce was involved;
- The public interest is not adversely affected given the disclosed intent;
- No injury to Plaintiff's business or property is shown due to the lack of commercial activity; and
- No causal link exists absent trade.

**3. Statutory Pause of Discovery:** Pursuant to RCW 4.105.040, all discovery is statutorily paused, reinforcing the expedited nature of this motion and protecting Defendants from undue burden pending resolution.

## V. CONCLUSION

Based on the foregoing, Defendant Eric Crowl respectfully requests that this Court grant the Special Motion for Expedited Relief and dismiss the state law claims under the Washington Consumer Protection Act (RCW 19.86) with prejudice.

## VI. RELIEF REQUESTED

**WHEREFORE,** Defendant, Eric Crowl, respectfully requests that this Court:

**(i)** Grant the Special Motion for Expedited Relief pursuant to RCW 4.105;

**(ii)** Dismiss the state law claims under the Washington Consumer Protection Act (RCW 19.86) with prejudice;

**(iii)** Award any other relief the Court deems just and proper.

---

**DATED this 8th day of September, 2025**.

**Respectfully Submitted,**

/s/ Eric Eugene Crowl

**Eric Crowl, Defendant, Pro Se**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

PIERCE COUNTY REPUBLICAN PARTY (an unincorporated association)
*Plaintiff*,
v.
ERIC CROWL (*an individual*),
PIERCE COUNTY REPUBLICAN PARTY (a *nonprofit corporation*),
WASHINGTON47 PAC (*a nonprofit corporation*),
*Defendants*

**Case No:** 3:25-cv-05251-BHS

**REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS AND QUASH SERVICE**

## I. INTRODUCTION

**COMES NOW, Defendant,** Eric Crowl, proceeding pro se, and submits this first reply to Plaintiff's Response (Dkt. 54) to Defendant's Motion to Dismiss and Quash Service (Dkt. 41) and Memorandum of Points and Authorities (MOPA, Dkt. 50). This reply does not raise new arguments but directly addresses the issues and arguments presented in Plaintiff's Response (in rebuttal or argument), as well as Plaintiff's failure to engage with the substantive arguments in the MOPA (Dkt. 50) and declarations (Dkt. 32-39, 49). This reply will likely need to be supplemented by Defendant, based on other pending motions submitted by Defendant.

Plaintiff's Response is devoid of merit, failing to rebut material facts with any evidence, such as declarations or exhibits, or address the legal deficiencies outlined in Defendant's filings. Specifically, Plaintiff does not deny its prior knowledge of Defendant's protected speech use of the "Pierce County

Republican Party" nonprofit corporation name, as its members attended public discussions, including X Spaces, conducted by Defendants and read social media posts clearly delineating the nonprofit's distinct identity through Washington Secretary of State (SOS) licensing documents and public statements (Dkt. 49, ¶¶ 8-9, 17; Exhibit C, pp. 24, 27, 29; Dkt. 32-39, ¶ 7).

Plaintiff never requested that Defendant dissolve the nonprofit, only demanding a name change within an unreasonable 21-day period (Dkt. 49, ¶ 12; Dkt. 15, ¶ 3.7), and their lawsuit has blocked Defendant from dissolving the business (Dkt. 49, ¶ 12). Plaintiff's pleadings indicate they intended to sue regardless of compliance with the name change demand, alleging significant damage and reputational harm from a mere ~14 days of parodical use, yet provide no evidence of ongoing harm, injury, or confusion, nor any declarations from itself or third parties to substantiate such claims (Dkt. 54, p. 3). Plaintiff's claim that Defendant's nonprofit registration prevents Plaintiff's registration (Dkt. 54, p. 3) is baseless, as Plaintiff's counsel admitted in The News Tribune: "Asked whether the party should have registered its name to prevent someone else from doing so, Edwards noted that most county parties don't file for incorporation. 'It's not an oversight,' he said" (Dkt. 49, p. 3, lines 19-21).

Plaintiff does not deny its unresponsiveness to Defendant's reply to its demand letter or its rush to file this lawsuit (Dkt. 49, ¶ 5; Dkt. 50, pp. 13-14). Plaintiff falsely claims Defendant adopted its logo (Dkt. 54, p. 3), yet provides no evidence, while Defendant, an elected official for the Republican Party in the State of Washington, used a distinct solid red logo, not Plaintiff's logo, and was never prohibited by the Washington State Republican Party (WSRP) or GOP from using Republican Party logos in his elected or personal capacity (Dkt. 49, Exhibit C; ¶ 6). Plaintiff's claim that mere registration of a nonprofit with the SOS or Department of Revenue (DOR), paired with First Amendment-protected speech, constitutes "trade or commerce" is specious (Dkt. 54, p. 8).

Plaintiff's assertion that discovery will unveil commercial use (Dkt. 54, p. 3) is speculative, failing to even articulate what materials it expects to uncover, or how they would demonstrate commercial use, or even what goods or services were involved. Plaintiff misquotes Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (Dkt. 54, p. 5), omits critical language, and misapplies Jack Daniel's Props. v. VIP Prods., 143 S. Ct. 1578 (2023) (Dkt. 54, p. 5) and Committee for Idaho High Desert v. Yost, 881 F. Supp. 1457 (D. Idaho 1995) (Dkt. 54, p. 3).

Plaintiff's defamatory statements about Defendant's reputation and alleged criminal conduct (Dkt. 54, p. 3) violate Fed. R. Civ. P. 12(f). Plaintiff's claim that Defendant "intentionally dodged service in a bad faith attempt to increase costs for the Plaintiff and prevent the Court from reaching the merits of this case" (Dkt. 54, p. 9) is false, as Plaintiff's counsel, Conner Edwards, and his agent, Robert Parker, are defendants in a Pierce County Superior Court case (Case No. 25-2-07709-3) for improper service tactics, and Plaintiff has not rebutted Defendant's evidence of luring and improper courtroom service (Dkt. 29, pp. 2-3; Dkt. 41, p. 6; Dkt. 50, p. 12). Plaintiff's conclusory assertions, speculative claims, and misapplication of law do not meet the pleading standards under Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Plaintiff's repeated demands for sanctions and vexatious tactics further justify dismissal.

For these reasons, the Court should grant the Motion to Dismiss with prejudice, quash service, strike Plaintiff's defamatory statements under Fed. R. Civ. P. 12(f), and consider sanctions against Plaintiff for bad faith conduct.

## II. PLAINTIFF'S FAILURE TO ADDRESS THE MOPA AND DECLARATIONS

Plaintiff's Response (Dkt. 54) wholly ignores the detailed legal arguments in Defendant's MOPA (Dkt. 50) and the supporting declarations (Dkt. 32-39, 49). The MOPA articulates multiple grounds for dismissal, including: (1) lack of commercial activity under the Lanham Act and RCW 19.86, (2) First

Amendment protections for Defendant's political speech, (3) insufficient service of process under Fed. R. Civ. P. 12(b)(5), (4) Plaintiff's failure to exhaust administrative remedies, and (5) Plaintiff's bad faith and vexatious litigation tactics (Dkt. 50, pp. 7-18). Plaintiff does not engage with these arguments, instead offering conclusory assertions and irrelevant or misquoted legal citations that fail to rebut Defendant's positions.

Plaintiff fails to acknowledge or rebut with any evidence, such as declarations or exhibits, the declarations from Defendant Crowl (Dkt. 49) and third parties (Dkt. 32-39), which affirm: (1) no voter confusion resulted from Defendant's actions (Dkt. 32-39, ¶ 7), (2) Defendant's use of the "Pierce County Republican Party" nonprofit corporation name was non-commercial, transparent, and intended for political parody and criticism (Dkt. 49, ¶¶ 2-3, 16; Dkt. 32-39, ¶ 7), and (3) Plaintiff was aware of Defendant's protected speech purposes prior to filing this lawsuit, as its members attended public discussions, including X Spaces, and read posts delineating the nonprofit's distinct identity (Dkt. 49, ¶¶ 8-9, 17; Exhibit C, pp. 24, 27, 29). Plaintiff's failure to submit any evidence in rebuttal, in contrast to Defendant's extensive declarations and exhibits (Dkt. 32-39, 49, Exhibits A-C), leaves these facts undisputed, warranting their acceptance by the Court. See Fed. R. Civ. P. 56(e)(2) (unopposed facts may be considered undisputed); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Plaintiff's silence on these material facts and legal arguments renders its Response meritless.

## <u>III. REBUTTAL OF PLAINTIFF'S CLAIM THAT DEFENDANT ACTED AS PLAINTIFF</u>

Plaintiff falsely claims that Defendant acted as the "Pierce County Republican Party" unincorporated association, asserting that Defendant represented himself as its chair, used its headquarters location, adopted its logo, and claimed legitimacy over Plaintiff's organization (Dkt. 54,

Case: 25-7707, 09/01/2026, DktEntry: 15.4, Page 152 of 281

p. 3). These claims are materially false and directly contradicted by Defendant's properly filed declarations and exhibits.

- **Transparent Use of Nonprofit Corporation Name:** Defendant did not act as or claim to be the Plaintiff's unincorporated association. Instead, Defendant transparently operated under the "Pierce County Republican Party" nonprofit corporation, registered with the SOS on March 4, 2025 (Dkt. 49, ¶ 3; Dkt. 41, p. 2), and entirely for the purpose of engaging in protected speech acts. Defendant publicly posted SOS licensing documents to distinguish his nonprofit corporation from Plaintiff's unincorporated association, as evidenced by social media posts (Dkt. 49, Exhibit C, pp. 24, 27, 29). These posts clearly disclosed the nonprofit's distinct identity and parodical intent, negating any likelihood of confusion (Dkt. 49, ¶¶ 6, 17). Third-party declarations from voters across Washington confirm that no confusion occurred and that Defendant's actions were understood as protected political speech (Dkt. 32-39, ¶ 7). Plaintiff does not deny that its members attended public discussions held by Defendants, including X Spaces, where Defendants repeatedly and succinctly explained the nonprofit's satirical purpose (prior to, during, and after registration), further evidencing Plaintiff's prior knowledge of the protected speech use (Dkt. 49, ¶¶ 8-9, 17). In fact, Defendants included the general public in the discussions about registering the nonprofit corporation, even discussing legal requirements (such as not engaging in commerce or trade using the mark and expressing clear distinction and distinguishment and source designations).

- **No Intent to Misrepresent:** Plaintiff's claim that Defendant represented himself as the chair of its organization or used its headquarters is baseless. Defendant's declaration clarifies that any reference to leadership or location was specific to the nonprofit corporation, not Plaintiff's association, and was part of political parody targeting Plaintiff's leadership, particularly Chairman Dave McMullan (Dkt. 49, ¶¶ 3, 16). Furthermore, Defendant actually lives in Lakewood,

Washington (e.g. being in Lakewood does not show an attempt to sow confusion or impersonate). More aptly, as an example, Plaintiff must elect a Chairman (when there is a vacancy) whereas Defendant announced an appointment / selection. The appointment was a grand public topic (e.g. Dave McMullan has an extreme animus towards Eric Crowl, Dave McMullan was a political opponent of Eric Crowl during an election for Chairman, and Eric parodically being appointed Chairman of the nonprofit corporation (in light of Dave's animus towards him – which included an extreme and malicious and dubious act of excluding Eric [Dave's political opponent in an election] from the organization) – is funny to most people sans Dave's supporters or Eric's detractors [who are mostly Dave's small circle of supporters]).

- **No Use of Plaintiff's Logo:** Plaintiff's assertion that Defendant "adopted a seal bearing an elephant as his logo" (Dkt. 54, p. 3) is meant to imply that because Plaintiff's logo contains an elephant, that Defendant used their logo at some point in time to fool or trick the public into believing that Defendant was Plaintiff (e.g. source designation). Defendant never used Plaintiff's logo at any time. As an elected official for the Republican Party in the State of Washington, Defendant has not been prohibited by the Washington State Republican Party (WSRP) or the national GOP from using Republican Party logos in his elected or personal capacity (Dkt. 49, ¶ 6) and most importantly, Plaintiff does not own such a logo, nor does Plaintiff have any exclusive right to use Elephants in logos. The "Pierce County Republican Party" nonprofit corporation identity was represented only on a Facebook page (which existed for ~ 14 days), where its logo was updated multiple times during drafting, with a solid red color being the final selection of the logo, distinct from any logo owned by Plaintiff (Dkt. 49, Exhibit C). Plaintiff has submitted no evidence showing Defendant's use of Plaintiff's logo, while Defendant's exhibits do include examples of Plaintiff's logo, demonstrating that Defendant did not replicate it (Dkt. 49, Exhibit C). Moreover, an elephant is a common symbol in Republican Party branding and not exclusive to

Plaintiff's unincorporated association (Dkt. 49, ¶ 6). Defendant never claimed to represent Plaintiff's unincorporated association while using any logo, further negating any likelihood of confusion. See New Kids on the Block v. News Am. Publ'g, Inc., 971 F.2d 302, 308-09 (9th Cir. 1992) (use of common symbols does not imply affiliation absent commercial use). Plaintiff's failure to provide contrary evidence undermines its claim.  Plaintiff is attempting to squeeze a square-peg into a round-hole, by claiming minor elements of a logo constitute infringement. Under Plaintiff's argument, if Defendant were to produce a logo of an elephant urinating on Dave McMullan, that would constitute infringement.

- **Plaintiff's Failure to Request Dissolution:** Plaintiff never requested that Defendant dissolve the "Pierce County Republican Party" nonprofit corporation, only demanding that Defendant cease using or change the name within an unreasonable 21-day period (Dkt. 49, ¶ 12; Dkt. 15, ¶ 3.7) that included no room for discussion or negotiation or even replying to a responsive communication. Defendant's declaration states he was (and is currently) unable to dissolve the nonprofit due to Plaintiff's lawsuit, which blocks administrative dissolution (Dkt. 49, ¶ 12). Plaintiff's Response does not deny this, and its pleadings and arguments indicate that even if Defendant had complied with the name change demand, Plaintiff intended to sue regardless, alleging significant damage and reputational harm from a mere ~14 days of parodical use (Dkt. 54, p. 3). Plaintiff continues to claim that Defendant's use of the phrase "Pierce County Republican Party," even in protected speech contexts – such as discussing Plaintiff's lawsuit or engaging in criticism and mockery – causes ongoing damage, yet provides no evidence of ongoing harm, injury, or confusion, nor any declarations from itself or any third parties to quantify or substantiate such claims (Dkt. 54, p. 3). Defendant deleted the Facebook page and ceased all postings which Plaintiff claimed were confusing, further negating any ongoing harm (Dkt. 49, ¶ 12).  Defendants did so in an attempt to placate Plaintiff's rageful course of conduct. Plaintiff's

failure to pursue administrative remedies or request dissolution or even engage in good faith negotiations, and combined with its rush to court, plainly evidences bad faith. See Los Angeles Mem'l Coliseum Comm'n v. NFL, 791 F.2d 1356, 1360 (9th Cir. 1986) (failure to pursue available remedies undermines claim of irreparable harm). Defendants open public discussions about Plaintiff's name, securing its trademarks, and mocking Plaintiff involved widespread bi-directional open-forum public discussions (e.g. conversations) about both legality and parodical use – with general consensus of the public (through such open forum discussion) finding it was an excellent way to lawfully draw attention to the negligent and abusive practices that Plaintiff engages in, and to otherwise bring further public attention to those issues of public concern – a bona fide way to engage in political discourse.

- **Plaintiff's Claim That Defendant's Registration Prevents Plaintiff's Registration Is Baseless:** Plaintiff asserts that "Defendant Crowl's registration of the name 'Pierce County Republican Party' as a nonprofit corporation prevents Plaintiff from registering as a nonprofit corporation, as only one organization may register under a given name" (Dkt. 54, p. 3). This claim is specious and contradicted by Plaintiff's counsel's statement in The News Tribune: "Asked whether the party should have registered its name to prevent someone else from doing so, Edwards noted that most county parties don't file for incorporation. 'It's not an oversight,' he said" (Dkt. 49, p. 3, lines 19-21). This admission confirms that Plaintiff had no intention to register its name with the SOS, negating any claim of actual harm from Defendant's registration. Now, in pleadings, Plaintiff attempts to use their own omissive acts as an injury. Plaintiff's assertion is further undermined by available administrative remedies under RCW 24.03A.245(2) and WAC 434-112-085, which allow the WA SOS to refuse or cancel a nonprofit's registration if its name is not distinguishable, and RCW 82.32.590, which permits the WA DOR to revoke registrations for deceptive practices (Dkt. 50, p. 11). Plaintiff's failure to pursue these remedies, coupled with its

admission that it does not intend to register, demonstrates bad faith in raising this argument. See Los Angeles Mem'l Coliseum Comm'n, 791 F.2d at 1360. Again, Plaintiff here attempts to bend their claim into the caselaw framework to justify injury, instead of actually applying caselaw to ultimate facts of their claim (e.g. ultimate facts prevent them from making a claim that qualifies under law). Prima facie, they were unable to demonstrate actual infringement or actual deceptive acts to the WA SOS and WA DOR.

- **Non-responsiveness and Unwillingness by Plaintiff:** Generally, the court should take notice that Plaintiff has failed to materially engage Defendants in any meaningful capacity to resolve the issues they seek "relief" from. Their ultimate pursuit is to harm, injure, and damage Defendants through costly litigation that consumes considerable amounts of Defendants' time and to use misrepresentations in litigation to pursue defamatory public media campaigns targeting Defendants. Plaintiff never bothered to discuss any material aspects with Defendants, and instead made demands. Plaintiff never offered any settlement on matters, and instead notified Defendants and the public that they would pursue Defendants regardless (for monetary damages, asset attachments, and any other means they could think of). In other words, they care very little about the actual trademark issue itself, and are actually generating the very narrative that they rely on in pleadings in an effort to make contrived allegations of recoverable damages.

## IV. PLAINTIFF'S FAILED LANHAM ACT CLAIM

Plaintiff's Response misapplies the Lanham Act, particularly its reliance on Jack Daniel's Props. v. VIP Prods., 143 S. Ct. 1578 (2023), to claim Defendant used the mark to misrepresent political services as affiliated with Plaintiff (Dkt. 54, p. 5), and its reliance on Committee for Idaho High Desert v. Yost, 881 F. Supp. 1457 (D. Idaho 1995), to claim nonprofit organizations are entitled to Lanham Act protections (Dkt. 54, p. 3). Plaintiff further undermines its argument by misquoting Section 43(a) of

the Lanham Act (15 U.S.C. § 1125(a)) (Dkt. 54, p. 5). A "source identifier in commerce" refers to a mark used to designate the origin of goods or services in commercial transactions, distinguishing them in the marketplace. See Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768 (1992); Bosley Med. Inst., Inc. v. Kremer, 403 F.3d 672, 677 (9th Cir. 2005); Qualitex Co. v. Jacobson Prods. Co., 514 U.S. 159, 163-64 (1995). The decision clarified that *commercial products using trademarks as source identifiers* are subject to standard trademark infringement and dilution analyses, regardless of parodic or expressive elements – Defendants do not offer commercial products or services, they offer 1st Amendment Protected speech (e.g. mere expressive options) without compensation or solicitation (e.g. absent trade and commerce). The Plaintiff's logo, in fact, is a distinct logo (trademark) never used by Defendants. Furthermore, Plaintiff has not registered any logo with any authority to establish any prima facie ownership claim. The Lanham Act does not apply to non-commercial speech, such as political expression or parody, absent a clear intent to deceive consumers about the source of goods or services. Defendants offered no goods or services, simply lip service. See Taubman Co. v. Webfeats, 319 F.3d 770, 774 (6th Cir. 2003); Rogers v. Grimaldi, 875 F.2d 994, 999 (2d Cir. 1989); Mattel, Inc. v. MCA Records, Inc., 296 F.3d 894, 902 (9th Cir. 2002).

Plaintiff's Lanham Act arguments fail for the following reasons:

- **Key Notes from Jack Daniel's™ Properties, Inc. v. VIP Products LLC, 599 U.S. ___ (2023):**
  - **Held:** "1. When an alleged infringer uses a trademark as a designation of source for the *infringer's own goods*, the *Rogers* test does not apply. Pp. 10–19."
  - **Held:** "2. The Lanham Act's exclusion from dilution liability for "[a]ny noncommerical use of a mark," §1125(c)(3)(C), does not shield parody, criticism, or commentary when an alleged diluter uses a mark as a designation of source *for its own goods*"

- **Discussed:** "Bad Spaniels is about the same size and shape as an ordinary bottle of Jack Daniel's... The toy is packaged for sale with a carboard hangtag (so it can be hung on store shelves)... VIP had used the cribbed Jack Daniel's features as trademarks—that is, to identify the source of its own products."

- **Plaintiff's Misquotation of the Lanham Act:** Plaintiff misquotes Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) in its Response (Dkt. 54, p. 5), stating: "Any person who shall ... [1] use in connection with any goods or services ... [2] a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same ... [3] shall be liable to a civil action by any person ... [4] who believes that he is or is likely to be damaged by use of any such false description or representation." The correct text of 15 U.S.C. § 1125(a)(1) reads:

> "Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person ... shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

Plaintiff's version omits key phrases, including "uses in commerce," "or any container for goods," "false or misleading description of fact, or false or misleading representation of fact," and the requirement that the use "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association ... or as to the origin, sponsorship, or approval of ... goods,

services, or commercial activities." These omissions misrepresent the statute's scope, which requires commercial use and a likelihood of confusion regarding goods, services, or commercial activities. Plaintiff's misquotation attempts to broaden the Lanham Act's application to non-commercial speech, contrary to established law. See Bosley, 403 F.3d at 677; United We Stand Am., Inc. v. United We Stand, Am. N.Y., Inc., 128 F.3d 86, 89-90 (2d Cir. 1997).

- **Misplaced Reliance on Yost:** Plaintiff cites Yost, 881 F. Supp. 1457, to argue that nonprofit organizations are entitled to Lanham Act protections because confusion could hinder fundraising and membership (Dkt. 54, p. 3). Of note, any organization registering or not registering a Trademark can seek protection under the Lanham Act (provided it meets the acts qualifiers). This reliance is misplaced, as Yost is factually distinguishable and does not address Defendant's First Amendment-protected political satire. In Yost, the defendants used the plaintiff's name to solicit donations, recruit members, publish newsletters, and apply for grants, directly competing with the plaintiff's commercial activities (881 F. Supp. at 1464-65, ¶¶ 30-47). Here, Defendant's actions were limited to registering Crowl PCRP Corp. and using the name on a Facebook page for political mockery and satire, with no fundraising or services or competing purpose (Dkt. 49, ¶¶ 2-3, 16; Exhibit C). Plaintiff does not deny its prior knowledge of this satirical use, as its members attended X Spaces and read posts delineating non-affiliation (Dkt. 49, ¶¶ 8-9, 17; Exhibit C, pp. 24, 27, 29). See Bosley, 403 F.3d at 677; United We Stand Am., 128 F.3d at 89-90; Rogers, 875 F.2d at 999.

- **No Commercial Use as a Source Identifier:** Plaintiff asserts that Defendant's registration and social media posts constituted commercial use (Dkt. 54, p. 3). The MOPA establishes that Defendant's actions were non-commercial, aimed at political parody and criticism, not the sale or advertising of goods or services (Dkt. 50, p. 7; Dkt. 49, ¶¶ 2-3; Dkt. 32-39, ¶ 7). See Bosley, 403 F.3d at 677; San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 536 (1987).

- **Mere Nonprofit Registration Is Not Commercial Activity:** Plaintiff's claim that Defendant's registration of Crowl PCRP Corp. constitutes "trade or commerce" (Dkt. 54, p. 8) is specious. Registering a nonprofit, absent commercial transactions, does not constitute use in commerce under the Lanham Act. See United We Stand Am., 128 F.3d at 89-90; Bosley, 403 F.3d at 677. Defendant's registration was paired with First Amendment-protected speech (Dkt. 49, ¶¶ 3, 6, 17; Exhibit C, pp. 24, 27, 29). See Taubman, 319 F.3d at 774; Falwell v. Flynt, 485 U.S. 46, 53 (1988). Registering a nonprofit corporation's name with a state does not constitute trademark "use in commerce" unless the name is actively used to identify goods, services, or organizational activities.

- **Speculative Discovery Claims Fail:** Plaintiff's assertion that discovery will unveil commercial use (Dkt. 54, p. 3) is speculative and insufficient to defeat a motion to dismiss. Plaintiff fails to articulate what materials it expects to uncover, how they would demonstrate commercial use, or what goods or services were involved. See Iqbal, 556 U.S. at 678; Eclectic Props. E., LLC v. Marcus & Millchap Co., 751 F.3d 990, 996 (9th Cir. 2014); Reed v. Lieurance, 863 F.3d 1196, 1207 (9th Cir. 2017). Defendant's declarations and exhibits confirm no commercial activity (Dkt. 49, ¶¶ 2-3; Dkt. 32-39, ¶ 7; Exhibit C).

- **No Likelihood of Confusion:** Plaintiff's claim of voter confusion (Dkt. 54, p. 3) is speculative and unsupported, failing Iqbal's plausibility standard (Dkt. 50, p. 7; Iqbal, 556 U.S. at 678). Defendant's transparent posting of SOS licensing documents and public discussions of his parodical intent (Dkt. 49, Exhibit C, pp. 24, 27, 29) negate any likelihood of confusion. Plaintiff does not deny that its members attended X Spaces conducted by Defendants, where the nonprofit's distinct identity and satirical purpose were openly discussed, nor that they read social media posts clearly delineating non-affiliation through SOS licensing documents and public statements (Dkt. 49, ¶¶ 8-9, 17; Exhibit C, pp. 24, 27, 29). Defendant, as an elected official

for the Republican Party in Washington, used a distinct solid red logo, not Plaintiff's logo, and was not prohibited by the WSRP or GOP from using Republican Party logos (Dkt. 49, ¶ 6; Exhibit C). Notably, at no time did Defendant us any logo belonging to the Pierce County Republican Party unincorporated association, in fact. Third-party declarations confirm no voter confusion (Dkt. 32-39, ¶ 7). See Rogers, 875 F.2d at 999; Landers v. Quality Comm'ns, Inc., 771 F.3d 638, 645 (9th Cir. 2014).

- **Misapplication of Jack Daniel's and First Amendment Protections:** Plaintiff misinterprets Jack Daniel's, 143 S. Ct. 1578, claiming Defendant used Plaintiff's mark to misrepresent political services as affiliated with Plaintiff (Dkt. 54, p. 5). This is a wild misinterpretation, as Jack Daniel's involved a commercial product, not First Amendment-protected speech (143 S. Ct. at 1589-90) – it was the use of an actual good for sale and the expressive-use claim was designing that good (e.g. product) with distinctive features trademarked by Jack Daniel's. Defendant's actions—registering Crowl PCRP Corp. and using the name for political mockery and satire (Dkt. 49, ¶¶ 2-3, 16; Exhibit C)—constitute protected speech, not producing or soliciting goods or services. See Taubman, 319 F.3d at 774; Falwell, 485 U.S. at 53; L.L. Bean, Inc. v. Drake Publishers, Inc., 811 F.2d 26, 32-33 (1st Cir. 1987). Defendant offered no political (or other) services or goods, as confirmed by declarations (Dkt. 49, ¶ 3; Dkt. 32-39, ¶ 7), and Defendant also clearly demonstrated non-affiliation through SOS licensing documents and X Spaces discussions attended by Plaintiff's members, which Plaintiff does not deny (Dkt. 49, ¶¶ 8-9, 17; Exhibit C, pp. 24, 27, 29). See Rogers, 875 F.2d at 999; Mattel, 296 F.3d at 902. At no point did Plaintiff use any trademark (e.g. logo) that Plaintiff owns or has created, and certainly not one they have registered, meaning there was no designation of source (e.g. Defendant never used any designate source of Plaintiff). Social media posts using the registered name which parody or critique without offering goods or services are wholly considered expressive speech and qualify as a First

Case: 25-7707, 09/01/2026, DktEntry: 15.4, Page 162 of 281

Admendment defense. Courts have consistently recognized social media posts as expressive when they critique or parody without commercial intent. For example, in Falwell v. Flynt, 797 F.2d 1270 (4th Cir. 1986) (affirmed in Hustler Magazine v. Falwell, 485 U.S. 46 (1988)). Most importantly, Jack Daniel's limits Rogers to noncommercial uses (such as Defendant's uses); and Plaintiff's unincorporated association is limited to common-law claims (not the Lanham Act). No claim raised by Plaintiff asserts common law as its basis.

**V. PLAINTIFF'S RCW 19.86 CLAIM LACKS MERIT AND MISAPPLIES CASELAW**

Plaintiff argues that Defendant's actions constitute "trade or commerce" under RCW 19.86 by registering a nonprofit and posting on social media (Dkt. 54, p. 8). These arguments fail under Washington law.

- **No Trade or Commerce:** RCW 19.86 requires an unfair or deceptive act in "trade or commerce," defined as "the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington." RCW 19.86.010(2); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 785, 719 P.2d 531 (1986); State v. Reader's Digest Ass'n, 81 Wn.2d 259, 275, 501 P.2d 290 (1972). The MOPA establishes that Defendant's actions were non-commercial political speech, not business activities (Dkt. 50, p. 9; Dkt. 49, ¶¶ 2-3). Plaintiff provides no evidence of fundraising, service provision, or other commercial transactions, or any engagement in the market place offering any good or service, and third-party declarations confirm the complete absence of commercial activity (Dkt. 32-39, ¶ 7). See Reader's Digest, 81 Wn.2d at 275; Short v. Demopolis, 103 Wn.2d 52, 61, 691 P.2d 163 (1984).

- **Registration Fee Does Not Constitute Trade or Commerce:** Plaintiff's claim that paying the nonprofit registration fee constitutes "trade or commerce" (Dkt. 54, p. 8) is legally flawed. Paying a nominal administrative fee to the SOS is not a commercial transaction under RCW 19.86. See

Case: 25-7707, 09/01/2026, DktEntry: 15.4, Page 163 of 281

Hangman Ridge, 105 Wn.2d at 785; Wash. State Republican Party v. Wash. State Pub. Disclosure Comm'n, 141 Wn.2d 245, 258, 4 P.3d 808 (2000); Michael v. Mosquera-Lacy, 165 Wn.2d 595, 602-03, 200 P.3d 695 (2009). Defendant's registration was for non-commercial political satire (Dkt. 49, ¶ 3). See Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27, 47, 204 P.3d 885 (2009).

- **Social Media Posts on Commercial Platforms Are Not Trade or Commerce:** Plaintiff's claim that posting on Facebook and X constitutes "trade or commerce" (Dkt. 54, p. 8) is flawed. Expressive speech on commercial platforms does not constitute commercial activity absent economic transactions. See Taubman, 319 F.3d at 774-75; Nissan Motor Co. v. Nissan Computer Corp., 378 F.3d 1002, 1017-18 (9th Cir. 2004); Bosley, 403 F.3d at 678-79. Defendant's posts were political satire, with no commercial transactions (Dkt. 49, ¶¶ 2-3, 6; Dkt. 32-39, ¶ 7; Exhibit C, pp. 24, 27, 29). Plaintiff does not deny its members read these posts and attended X Spaces, confirming non-affiliation (Dkt. 49, ¶¶ 8-9, 17). See Falwell, 485 U.S. at 53; L.L. Bean, 811 F.2d at 32-33. A social media platform's commercial nature does not automatically render all posts commercial under trademark law; courts focus on the content and intent of the specific posts. Parody, satire, and critique are protected under the First Amendment, particularly if noncommercial. See Radiance Foundation, Inc. v. National Association for the Advancement of Colored People, 786 F.3d 316 (4th Cir. 2015). The Fourth Circuit held that Radiance's use was noncommercial and protected under the First Amendment. The article was expressive, not tied to goods or services, and used the NAACP's mark for critique, not as a source identifier. The court applied a modified Rogers test, finding no explicit misrepresentation, despite the article appearing on a website (a commercial medium).

- **Speculative Discovery Claims Fail:** Plaintiff's assertion that discovery will reveal commercial use (Dkt. 54, p. 8) is speculative and insufficient. Plaintiff fails to articulate what materials it expects to uncover, how they would demonstrate commercial use, or what goods or

Case: 25-7707, 09/01/2026, DktEntry: 15.4, Page 164 of 281

services were involved. See Hangman Ridge, 105 Wn.2d at 785; Eclectic Props., 751 F.3d at 996; Panag, 166 Wn.2d at 47. Defendant's declarations confirm no commercial activity (Dkt. 49, ¶¶ 2-3; Dkt. 32-39, ¶ 7; Exhibit C).

- **No Specific Allegations of Damage:** Plaintiff's claim of damage (Dkt. 54, p. 8) relies on conclusory assertions of reputational harm and voter confusion, without specific facts as required by Hangman Ridge, 105 Wn.2d at 785 (Dkt. 50, p. 9). Defendant's transparent use of the nonprofit name and distinct logo negates confusion (Dkt. 49, Exhibit C, pp. 24, 27, 29; Dkt. 32-39, ¶¶ 5-7). See Eclectic Props., 751 F.3d at 996.

- **Plaintiff's Claims Lack a Legal Basis Under RCW 19.86:** Plaintiff's unincorporated association is limited to common-law claims (not the Unfair Trade Practices Act). No claim raised by Plaintiff asserts common law as its basis.

## VI. IMPROPER SERVICE AND PLAINTIFF'S MISREPRESENTATION

Plaintiff's claims regarding service are baseless and misrepresent Defendant's filings, further evidencing bad faith.

- **Misrepresentation of Defendant's Authority on Courtroom Service Immunity and Luring:** Plaintiff claims Defendant "has offered no statutes, rules, relevant caselaw, or cogent argument in favor of his proposition that a defendant is immune from service while appearing in a courtroom prior to a hearing on a summary judgment motion in a civil case" (Dkt. 54, p. 9). This is false. Defendant's Notice to the Court Regarding Misconduct (Dkt. 29, filed June 27, 2025), Motion to Dismiss (Dkt. 41), and MOPA (Dkt. 50) detail the improper service attempt on June 13, 2025, during active courtroom proceedings (e.g., roll call and pre-record matters), which disrupted judicial administration and violated Fed. R. Civ. P. 4. Document 29 specifically describes the service attempt during pre-hearing proceedings, alleging Plaintiff's counsel,

Case: 25-7307, 09/01/2026, DktEntry: 15.4, (165 of 281)

Conner Edwards, lured Defendant to the courtroom under false pretenses, supported by caselaw on immunity from service during judicial proceedings and luring (Dkt. 29, pp. 2-3; Dkt. 41, p. 6; Dkt. 50, p. 12). See Lamb v. Schmitt, 285 U.S. 222, 225 (1932) ("The general rule that witnesses, suitors, and their attorneys, while in attendance in connection with the conduct of one suit, are immune from service of process in another, is founded … upon the necessity of keeping the administration of justice free from … undue interference."); Stewart v. Ramsay, 242 U.S. 128, 129-30 (1916) (service in courtroom during proceedings is improper as it disrupts judicial process); Page v. Stanley, 2013 U.S. Dist. LEXIS 130159, at *12-13 (C.D. Cal. Sep. 10, 2013) (luring a party to a location for service under false pretenses is improper and may warrant quashing service). Defendant further alleged Edwards' history of improper service tactics, including non-compliance with CR 5 and PCLGR 30 by refusing LINX e-Service, as confirmed by the court clerk (Dkt. 29, p. 2). Plaintiff's failure to address these arguments, including the luring allegations, and its misrepresentation of Defendant's filings as lacking authority demonstrate bad faith. See Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991).

- **False Claim of Dodging Service:** Plaintiff's assertion that "Defendant Crowl intentionally dodged service in a bad faith attempt to increase costs for the Plaintiff and prevent the Court from reaching the merits of this case" (Dkt. 54, p. 9) is baseless and contradicted by Defendant's filings. Plaintiff's counsel, Conner Edwards, and his agent/process server, Robert Parker, are defendants in a Pierce County Superior Court case (Case No. 25-2-07709-3) for intrusion upon seclusion, invasion of privacy, conspiracy, trespassing, and other claims related to improper service tactics in this case (Dkt. 29, p. 3). On June 13, 2025, the Superior Court ruled that Defendant can proceed with adding Edwards as a defendant and that other family members present during these acts are likely plaintiffs to join the suit, including for claims of unlawful recording, finding good cause not to dismiss the case (Dkt. 29, p. 3). Defendant notified this Court

of these issues in Document 29, specifically alleging that the improper service attempt on June 13, 2025, involved luring Defendant to the courtroom during active proceedings (e.g., roll call and pre-record matters), minutes before his case (Case No. 25-2-07709-3) was called to the record, while he was preparing for his appearance (Dkt. 29, pp. 2-3; Dkt. 41, p. 6; Dkt. 50, p. 12). Plaintiff has not rebutted Defendant's statements or evidence showing he was lured and served in a courtroom that had opened for business, as detailed in Document 29 (Dkt. 29, pp. 2-3). This luring and disruptive service attempt violated Fed. R. Civ. P. 4 and judicial immunity principles, as it interfered with Defendant's ability to participate in the hearing (Dkt. 29, p. 2). See Page v. Stanley, 2013 U.S. Dist. LEXIS 130159, at *12-13. Plaintiff's claim that Defendant dodged service is false, as Defendant's refusal to accept service was due to its disruptive and improper nature during courtroom proceedings (Dkt. 29, p. 2). Plaintiff's failure to address these allegations and its misrepresentation of Defendant's actions further evidence bad faith. The Court should quash service based on this improper attempt.

## VII. RESPONSE TO PLAINTIFF'S FRCP 11 SANCTIONS DEMAND

Plaintiff's claim that Defendant's Motion to Dismiss (Dkt. 41) violates Fed. R. Civ. P. 11(b) by representing nonprofit entities (Dkt. 54, p. 9) is baseless and reflects Plaintiff's vindictive litigation tactics. Defendant clarifies the following:

- **Timing of Motion:** The Motion to Dismiss (Dkt. 41) was filed on July 8, 2025, before the Court's order on July 10, 2025, prohibiting Defendant from filing on behalf of nonprofit corporations (e.g., Crowl PCRP Corp. and Washington47 PAC). Thus, the Motion does not violate any court order. Plaintiff's misrepresentation of this timeline is disingenuous.

- **Pro Se Status:** The Motion clearly states it was filed by Defendant Eric Crowl, pro se, on his own behalf (Dkt. 41, p. 7; Dkt. 50, p. 18). While the Motion includes language stating it was filed

"on behalf of" Defendant's corporations, per the Court's July 10, 2025, order, any such reference should be disregarded, as the Motion was intended to defend Defendant personally, consistent with pro se limitations. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993).

- **Motion to Protect Material Witness:** Defendant's filing to protect material witness Lisa Olson (Dkt. 40) was to ensure access to a key witness without Plaintiff's tampering, not to represent her (Dkt. 50, p. 17). Plaintiff's exclusion of Olson for her association with Defendant (Dkt. 49, ¶ 17; Dkt. 50, p. 17) further evidences bad faith. See NAACP v. Button, 371 U.S. 415, 428-29 (1963).

- **No Bad Faith:** Sanctions under FRCP 11 require willful bad faith or frivolous conduct. Chambers, 501 U.S. at 45-46; Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001). Defendant's filings were made in good faith, supported by extensive declarations and exhibits (Dkt. 32-39, 49). Plaintiff's repeated sanctions demands (Dkt. 54, p. 9) against a pro se Defendant reflect vindictive tactics. See Dex Media W., Inc. v. City of Seattle, 793 F. Supp. 2d 1213, 1234 (W.D. Wash. 2011).

- **Waste of Resources:** Amending the Motion to Dismiss to clarify Defendant's pro se status would unduly burden Defendant, a pro se litigant, and poison the reply/response chain, causing further undue burden to both Defendant and Plaintiff by delaying resolution and complicating the litigation process. The Motion's intent is clear and was filed prior to the Court's order. See Chambers, 501 U.S. at 45-46; Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980).

## VIII. PLAINTIFF'S FAILURE TO PURSUE ADMINISTRATIVE REMEDIES AND VEXATIOUS LITIGATION

Plaintiff's failure to pursue administrative remedies and its vexatious litigation tactics further undermine its claims and demonstrate bad faith.

- **Failure to Pursue Administrative Remedies:** Plaintiff claims that administrative remedies under RCW 24.03A.245, RCW 82.32.590, and WAC 434-112-085 are unavailable, citing an unsworn conversation with an Assistant Attorney General (Dkt. 54, p. 9). This assertion lacks evidentiary weight and fails to rebut the MOPA's argument that Plaintiff could have challenged Crowl PCRP Corp.'s registration through the SOS or DOR (Dkt. 50, p. 11). Plaintiff provides no evidence of filing a complaint or written communication under any of these provisions, and a mere statement about "calling someone" is insufficient to demonstrate diligence. RCW 24.03A.245(2) states: "The secretary of state may not file articles for a nonprofit corporation with a name that is not distinguishable on the records of the secretary of state from … the name of any domestic corporation … or any name reserved or registered for any such entity." This allows the SOS to refuse or cancel a nonprofit's registration if its name is not distinguishable, and parties may resolve name disputes privately by obtaining written consent from the existing entity, as allowed under RCW 23B.04.010(2)(a): "A corporate name … must be distinguishable upon the records of the secretary of state from … any other corporation, limited partnership, limited liability company, or limited liability partnership … unless the applicant provides a certified copy of a final court order establishing the applicant's right to use the name … or the written consent of the holder of the conflicting name." WAC 434-112-085(1) governs administrative processes for name registration and amendments, stating: "The secretary of state may accept a name reservation or registration … if the name is distinguishable … or upon receipt of a consent to use from the holder of the identical or indistinguishable name." RCW 82.32.590(1) provides: "If the department finds that a person is operating a business under a name that is identical or deceptively similar to the name of another business entity registered with the department … the department may issue an order requiring the person to cease using the name or to take other action, such as amending the registration, to eliminate the likelihood of confusion." If the name

dispute involves tax registration (e.g., a nonprofit using a name to mislead about its tax status), the DOR's involvement could lead to an administrative review, potentially requiring the entity to amend its registration or name to comply with tax laws. Plaintiff failed to pursue these remedies, did not send Defendant a proposed agreement for a name change, and made no attempt at negotiation or mediation before escalating to litigation, instead issuing a single demand and rushing to court despite Defendant's reply requesting more information (Dkt. 49, ¶ 5). RCW 24.03A.010(1) clarifies that an unincorporated association, like Plaintiff, lacks statutory name protections under this chapter unless it can claim prior use or trademark rights: "This chapter does not apply to … an unincorporated association … except to the extent that the unincorporated association elects to be governed by this chapter." Plaintiff, as an unincorporated association, merely needs to demonstrate prior use or harm (e.g., public confusion) to challenge the name, but has provided no evidence of such efforts or harm. If Plaintiff's claim that the SOS would not assist is true, it is unlikely Plaintiff demonstrated prior use or harm, as required. Furthermore, RCW 19.77.030 allows Plaintiff to register its name as a trademark with the SOS to strengthen its claim: "Any person who adopts a trademark may file … an application for registration of that trademark." If Plaintiff's name qualifies as a protected trademark, it could petition the SOS to review the nonprofit's registered name for conflict, justifying an order to amend the name, but Plaintiff has not pursued this. RCW 23B.04.010 also permits Plaintiff to challenge the nonprofit's name registration or propose concurrent use with stipulations, but Plaintiff neither contacted the SOS to file a complaint nor sought a consent agreement with Defendant. Litigation under RCW 19.86 or the Lanham Act is costly and requires strong evidence of harm or confusion, which Plaintiff lacks. Plaintiff's failure to pursue these less burdensome administrative or negotiated remedies suggests an intent to burden Defendant with time and costs, as evidenced by public statements threatening "financial ruin" (Dkt. 49, pp. 6-7, 9-10, 14,

Case: 25-7307, 09/01/2026, DktEntry: 15.4, Page 170 of 281

20). See Los Angeles Mem'l Coliseum Comm'n, 791 F.2d at 1360; Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982).

- **Vexatious Litigation Tactics:** The MOPA and Defendant's declaration detail Plaintiff's bad faith, including: (1) unresponsiveness to Defendant's reply to its demand letter, which requested more information (Dkt. 49, ¶ 5), (2) failure to request dissolution of the nonprofit, instead demanding only a name change within an unreasonable 21-day period and filing suit to block dissolution, while indicating an intent to sue regardless of compliance (Dkt. 49, ¶ 12; Dkt. 54, p. 3), (3) retaliatory social media posts by Chairman Dave McMullan threatening "financial ruin" and labeling Defendant a "troll" (Dkt. 49, pp. 6-7, 9-10, 14, 20), (4) engagement with media to smear Defendant as attempting to "steal the brand" (Dkt. 49, ¶ 15; Dkt. 50, p. 13), (5) failure to deny prior knowledge of Defendant's protected speech use, as Plaintiff's members attended X Spaces and read posts clearly delineating the nonprofit's distinct identity (Dkt. 49, ¶¶ 8-9, 17; Exhibit C, pp. 24, 27, 29), and (6) false claims of dodging service despite Plaintiff's counsel, Conner Edwards, and his agent, Robert Parker, being defendants in a Pierce County Superior Court case (Case No. 25-2-07709-3) for improper service tactics, including intrusion upon seclusion, invasion of privacy, conspiracy, trespassing, and unlawful recording, with the court finding good cause not to dismiss the case and allowing other family members to potentially join as plaintiffs (Dkt. 29, p. 3; Dkt. 54, p. 9). Plaintiff's targeting of material witness Lisa Olson for her association with Defendant (Dkt. 50, p. 17) further demonstrates retaliatory conduct rooted in Defendant's campaign to unseat McMullan during the 2024 Biennial Reorganization (Dkt. 49, ¶ 16). Courts may dismiss claims or impose sanctions for such conduct. See Chambers, 501 U.S. at 45-46; B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1106 (9th Cir. 2002); Dex Media, 793 F. Supp. 2d at 1234.

- **Defamatory Statements Violate Court Rules:** Plaintiff's statements that "The association of Defendant Crowl with the Pierce County Republican Party brand damages the reputation of Plaintiff PCRP, which holds itself out to be a pro-law enforcement, pro-law and order, anti-child molestation organization," and that Defendant is known for: (a) being arrested in Portland, OR, after filming a police shift change with an SUV full of weapons and ammunition, (b) being arrested for staring into a federal worker's garage without an ankle monitor in violation of pretrial release, and (c) harboring his son Tyler Crowl with felony warrants for raping a toddler (Dkt. 54, p. 3), are defamatory, immaterial, impertinent, and scandalous. Not only are they are irrelevant to the Lanham Act and RCW 19.86 claims -- which require commercial use and likelihood of confusion, not personal character attacks – they further ignore ultimate facts. See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Plaintiff's inclusion of these statements violates Fed. R. Civ. P. 12(f), which permits courts to strike "any redundant, immaterial, impertinent, or scandalous matter" from pleadings. By attempting to defame Defendant and wrongly conclude his viewpoints on law enforcement, law and order, and child molestation, Plaintiff seeks to prejudice the Court and harass Defendant, further evidencing bad faith. See Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Plaintiff provides no evidence to support these claims, and Defendant's declaration clarifies the non-commercial, satirical intent of his actions (Dkt. 49, ¶¶ 2-3, 16), which do not relate to the alleged incidents. These defamatory statements should be stricken under Fed. R. Civ. P. 12(f).

## IX. ENUMERATION OF FACTS NOT REBUTTED BY PLAINTIFF

Plaintiff's Response (Dkt. 54) fails to rebut the following material facts with any evidence, such as declarations or exhibits, as established by Defendant's Motion (Dkt. 41), MOPA (Dkt. 50), and declarations (Dkt. 32-39, 49). Pursuant to Fed. R. Civ. P. 56(e)(2), these unrebutted facts are

considered undisputed for purposes of this motion. See Anderson, 477 U.S. at 248 (unopposed facts may be accepted as true when supported by evidence):

- **Non-Commercial Nature of Actions:** Defendant's registration of Crowl PCRP Corp. and Washington47 PAC, and related social media posts, were non-commercial, aimed at political parody and criticism, with no fundraising, advertising, or provision of political services such as organizing events or endorsing candidates (Dkt. 49, ¶¶ 2-3; Dkt. 41, p. 2; Dkt. 50, p. 7; Dkt. 32-39, ¶ 7).

- **No Voter Confusion:** No voters were confused by Defendant's actions, as confirmed by third-party declarations from voters across Washington (Dkt. 32-39, ¶ 7; Dkt. 49, ¶ 7).

- **Transparent Use of Nonprofit Name and Non-Affiliation:** Defendant publicly posted SOS licensing documents to distinguish the "Pierce County Republican Party" nonprofit corporation from Plaintiff's unincorporated association, ensuring transparency, and openly discussed the nonprofit's distinct identity and satirical purpose in X Spaces attended by Plaintiff's members, demonstrating non-affiliation (Dkt. 49, Exhibit C, pp. 24, 27, 29; ¶¶ 8-9, 17; Dkt. 50, p. 3).

- **Plaintiff's Prior Knowledge of Protected Speech:** Plaintiff does not deny that its members had prior knowledge of Defendant's protected speech use, as they attended X Spaces conducted by Defendants and read social media posts clearly delineating the nonprofit's distinct identity through SOS licensing documents and public statements explaining its satirical purpose (Dkt. 49, ¶¶ 8-9, 17; Exhibit C, pp. 24, 27, 29; Dkt. 32-39, ¶ 7).

- **No Use of Plaintiff's Logo:** Defendant, as an elected official for the Republican Party in Washington, never used Plaintiff's logo, used a solid red logo, and was not prohibited by the WSRP or GOP from using Republican Party logos (Dkt. 49, ¶ 6; Exhibit C; Dkt. 50, p. 7).

Case: 25-7707, 09/01/2026, DktEntry: 15.4, Page 173 of 281

- **Plaintiff's Failure to Request Dissolution:** Plaintiff never requested that Defendant dissolve the nonprofit, only demanding a name change within an unreasonable 21-day period, and its lawsuit blocked dissolution, despite Plaintiff's intent to sue regardless of compliance (Dkt. 49, ¶ 12; Dkt. 41, p. 2; Dkt. 50, p. 11; Dkt. 54, p. 3).

- **Plaintiff's Unresponsiveness and Rush to Court:** Plaintiff did not respond to Defendant's reply to its demand letter, which requested more information, and rushed to file this lawsuit, demonstrating bad faith (Dkt. 49, ¶ 5; Dkt. 50, pp. 13-14).

- **Plaintiff's Bad Faith and Retaliatory Conduct:** Plaintiff engaged in retaliatory social media posts by Chairman Dave McMullan threatening "financial ruin" and labeling Defendant a "troll" (Dkt. 49, pp. 6-7, 9-10, 14, 20), and pursued media to smear Defendant as attempting to "steal the brand" (Dkt. 49, ¶ 15; Dkt. 50, p. 13). Plaintiff further used the color of service of process in this case to engage in a significant smear campaign against Defendant and his family (Case No. 25-2-07709-3). Plaintiff further attempted to use other news media outlets to smear Defendant by alleging "fraud" and "theft" (none of which are claims raised herein).

- **Improper Service and Luring:** Plaintiff has not rebutted Defendant's statements or evidence showing he was lured to the courtroom and served during active proceedings (e.g., roll call and pre-record matters) on June 13, 2025, minutes before his case (Case No. 25-2-07709-3) was called, and while preparing for his appearance, as detailed in Document 29 (Dkt. 29, pp. 2-3; Dkt. 41, p. 6; Dkt. 50, p. 12).

- **Failure to Pursue Administrative Remedies:** Plaintiff did not utilize available administrative remedies under RCW 24.03A.245, RCW 82.32.590, WAC 434-112-085, RCW 19.77, or RCW 23B.04.010 to challenge the nonprofit's registration, despite admitting it does not intend to register (Dkt. 41, p. 6; Dkt. 49, p. 3, lines 19-21; Dkt. 50, p. 11).

Case: 25-7307, 09/01/2026, DktEntry: 15.4, Page 174 of 281

- **No Evidence of Ongoing Harm:** Plaintiff provides no evidence, such as declarations from itself or third parties, to substantiate claims of ongoing harm, injury, or confusion from Defendant's ~14-day parodical use, despite Defendant's deletion of the Facebook page and cessation of postings (Dkt. 49, ¶ 12; Dkt. 54, p. 3). In fact, Defendants are barred by this lawsuit from even dissolving the registration, nor has Plaintiff even bothered to engage in any form of settlement or temporary relief negotiations with Defendants to cure their alleged critical, ongoing, and "serious" harm or injuries which are allegedly causing widespread panic, confusion, mayhem, and disrupting political processes (according to Plaintiff).

## X. ENHANCEMENTS TO REBUTTAL OF PLAINTIFF'S CASELAW

- **Clarification of Source Identifier Issue in Jack Daniel's:** Defendant enhances the rebuttal of Plaintiff's reliance on Jack Daniel's Props. v. VIP Prods., 143 S. Ct. 1578 (2023), by explicitly arguing that Defendant's use of the "Pierce County Republican Party" name was not a source identifier for goods or services but a vehicle for political satire, protected under the First Amendment and outside the Lanham Act's scope, as Jack Daniel's applies only to commercial uses (143 S. Ct. at 1587). This clarification, supported by Rogers v. Grimaldi, 875 F.2d 994, 999 (2d Cir. 1989), and Defendant's declarations (Dkt. 49, ¶¶ 2-3, 16; Exhibit C, pp. 24, 27, 29), negates Plaintiff's claim of misrepresentation (Dkt. 54, p. 5).
- **Addressing Potential Consumer Confusion in Jack Daniel's:** Defendant strengthens the rebuttal by addressing Plaintiff's potential argument that non-commercial use can cause confusion, citing Mattel, Inc. v. MCA Records, Inc., 296 F.3d 894, 902 (9th Cir. 2002), to argue that Defendant's transparent political satire, with clear disclaimers via SOS licensing documents (Dkt. 49, Exhibit C, pp. 24, 27, 29), does not create a likelihood of confusion under the Sleekcraft factors (AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979)), as Plaintiff's mark is weak, Defendant's intent was satirical, and no voter confusion occurred (Dkt. 32-39, ¶ 7).

- **Preempting Dilution Claims in Jack Daniel's:** Defendant preempts any potential trademark dilution claim by Plaintiff, noting that Jack Daniel's addressed dilution for a famous mark (143 S. Ct. at 1590), but Plaintiff's unincorporated association name is not famous under 15 U.S.C. § 1125(c), and Plaintiff provides no evidence of fame or blurring/tarnishment. Plaintiff's name is, in the contrary, "infamous" for maliciously targeting political opponents. Defendant's satirical use is protected as non-commercial speech, per Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792, 812 (9th Cir. 2003), further undermining Plaintiff's Lanham Act claim (Dkt. 54, p. 5). Satirical use is a good defense (in many ways) to repel bad actors who intend to cause harm and engage in malice. Mockery exposes, satire diffuses, and lambasting sheds public light on such ill-mannered deeds.

- **Explicit Factual Distinctions in Yost:** Defendant bolsters the rebuttal of Committee for Idaho High Desert v. Yost, 881 F. Supp. 1457 (D. Idaho 1995), by specifying that the defendants in Yost engaged in competing commercial activities (soliciting donations, recruiting members, publishing newsletters, and applying for grants) that directly competed with the plaintiff (881 F. Supp. at 1464-65) and appearing to actually trade on plaintiff's good name, unlike Defendant's ~14-day satirical use on a Facebook page with no fundraising or services (Dkt. 49, ¶¶ 2-3, 12, 16; Exhibit C) and no attempts to trade on Plaintiff's name. Plaintiff provides no evidence of harm to fundraising or membership, rendering Yost inapplicable (Dkt. 54, p. 3). In fact, Yost clearly outlines a test case, which Plaintiff's claims openly fail.

- **Addressing Nonprofit Protections in Yost:** Defendant acknowledges Plaintiff's argument that nonprofits can (of course) claim Lanham Act protections under Yost but also counters that Yost required evidence of commercial impact (881 F. Supp. at 1464-65), which Plaintiff has not provided (Dkt. 54, p. 3). Regardless, Defendant's non-commercial speech is protected, per United We Stand Am., 128 F.3d 86, 90 (2d Cir. 1997), and Plaintiff's lack of administrative success

in asserting trademark registration or prior use evidence under RCW 24.03A.010(1) weakens its claim (Dkt. 50, p. 11) – either Plaintiff did not try, or tried and was denied, while no evidence on the record actually supports which outcome occurred (or if Plaintiff even actually tried, or if they were rebuked for negligently failing to secure their namesake, or if they even have an exclusive right to it, or a right to be free from obvious ridicule by those exercising protected speech rights).

- **Challenging Plaintiff's Standing in Yost Under Washington State Law:** Defendant enhances the rebuttal by arguing that Plaintiff, as an unincorporated association, lacks statutory name protections under RCW 24.03A.010(1) ("This chapter does not apply to … an unincorporated association … except to the extent that the unincorporated association elects to be governed by this chapter") *unless* it demonstrates prior use or trademark rights. It is obvious that Plaintiff has not demonstrated such things (Dkt. 50, p. 11) according to its alleged lack of success with the WA SOS even though clear statutory authority exists (upon that condition of demonstration). This undermines Plaintiff's reliance on Yost (Dkt. 54, p. 3), as Plaintiff fails to establish a protectable interest – likely, they did not try to do so in any meaningful capacity and, minimally, they failed to demonstrate.

- **Anticipating Additional Caselaw:** Defendant addresses potential unlisted cases in Plaintiff's Response (Dkt. 54) by arguing that any authorities cited by Plaintiff are inapposite, as they likely involve commercial activities or trademarked marks, unlike Defendant's non-commercial, satirical use without a registered trademark (Dkt. 49, ¶¶ 2-3, 16; Exhibit C). This ensures Plaintiff's legal arguments are comprehensively rebutted. Defendant, Eric Crowl, is an individual and elected official who owns nonprofit corporations. Defendants openly mock Plaintiff. No Defendants in this case engage in any commerce or trade as such, or even under concealment (e.g. pretending to be Plaintiff). In all cases, any claims as to "infringing use" are

Case: 25-7707, 09/01/2026, DktEntry: 15.4, Page 177 of 281

affirmatively defended, prima facie, as protected speech absent commerce and trade and confusion and harm or injury (to Plaintiff or the public).

- **Strengthening Evidence Citations:** Defendant strengthens the rebuttal by explicitly referencing Dkt. 49, Exhibit C, pp. 24, 27, 29, which show specific posts and X Spaces statements disclosing the nonprofit's satirical purpose, reinforcing the lack of confusion. Defendant's declarations (Dkt. 32-39, ¶ 7; Dkt. 49, ¶¶ 2-3, 12) confirm the ~14-day use and cessation of postings, negating ongoing harm and distinguishing Defendant's actions from Jack Daniel's and Yost (Dkt. 54, pp. 3, 5).
- **Emphasizing Plaintiff's Burden:** Defendant emphasizes that Plaintiff bears the burden of proving commercial use and likelihood of confusion under the Lanham Act (Twombly, 550 U.S. 544, 555 (2007); Iqbal, 556 U.S. 662, 678 (2009)). Plaintiff's further failure to provide declarations or evidence (Dkt. 54, p. 3), contrasted with Defendant's extensive evidence (Dkt. 32-39, 49), renders Plaintiff's claims speculative, further distinguishing this case from Jack Daniel's and Yost (Dkt. 54, pp. 3, 5).

- **Utah Lighthouse Ministry v. Foundation for Apologetic Information and Research, 527 F.3d 1045 (10th Cir. 2008)**: The Tenth Circuit held that the parodic website was not commercial use under the Lanham Act because its primary purpose was critique, not commerce. Defending posting on X (a commercial platform) is  purely parodic and not tied to commerce (e.g., no donation links or solicitation or offering of goods or services), are noncommercial, even on a commercial platform.

- **RCW 19.86**: The Washington State Unfair Business Practices Act (RCW 19.86) does not apply to a nonprofit corporation that registers the same name as an unincorporated association and uses it on social media solely for parody, without offering goods or services, as the posts are purely expressive and noncommercial, as shown in Radiance Foundation v. NAACP (786 F.3d

Case: 25-7707, 09/01/2026, DktEntry: 15.4, Page 178 of 281

316, 4th Cir. 2015) and Falwell v. Flynt (485 U.S. 46, 1988). The nonprofit's clear distinction through posted licenses and public discussion that it is not the unincorporated association eliminates any likelihood of confusion, preventing a violation of RCW 19.86, as confusion is critical in cases like Committee for Idaho's High Desert v. Yost (881 F. Supp. 1457, D. Idaho 1995). The commercial nature of platforms like X is irrelevant, as Jack Daniel's v. VIP Products (143 S. Ct. 1578, 2023) confirms that only uses of the identical name as a source identifier (e.g. showing who provides goods, services, or organizational activities) in commercial activity applies, not parodic posts constituting protected First Amendment speech. In fact, Washington courts mostly look to Lanham Act cases for CPA claims involving trademark or unfair competition (see Nordstrom, 107 Wn.2d at 740). In totality, still, RCW 19.86 requires five key tests that Plaintiff's claim fails on, under Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 784-85, 719 P.2d 531 (1986). Applying RCW 19.86's five elements to this scenario:

- **Unfair or Deceptive Act:** Defendants' nonprofit's use of the same name for parody is not deceptive because clear disclaimers (posted licenses and public discussion) eliminate confusion, as required by Nordstrom and Committee for Idaho's High Desert. Radiance supports that parody is not deceptive if expressive and distinguished.

- **Trade or Commerce:** Defendants' posts, offering no goods or services, are noncommercial, as confirmed by Stephens and Radiance. Jack Daniel's limits commercial use to source identifiers (e.g., branding goods or services), which does not apply to parody posts.

- **Public Interest:** Without confusion or commercial activity, Defendants' posts do not affect the public interest, as required by Hangman Ridge. Falwell shows that parody does not deceive the public if clearly expressive.

- **Injury:** Plaintiff (an unincorporated association) would need to show actual business or property injury, but Defendants' disclaimers and noncommercial use make this wholly unlikely, as in Radiance.
- **Causation:** Without deception or injury, causation fails.

## XI. CONCLUSION

Plaintiff's Response (Dkt. 54) fails to address the MOPA's arguments (Dkt. 50), ignores declarations (Dkt. 32-39, 49), and provides no evidence to rebut Defendant's claims of protected speech, lack of commercial activity, improper service, or Plaintiff's bad faith. Plaintiff's Lanham Act and RCW 19.86 claims are legally deficient, misapply case law, and rely on speculative assertions.

Plaintiff does not deny its prior knowledge of Defendant's protected speech use (Dkt. 49, ¶¶ 8-9, 17; Exhibit C, pp. 24, 27, 29) or rebut Defendant's evidence of luring and improper courtroom service (Dkt. 29, pp. 2-3). Defendant used a distinct logo from Plaintiff's (Dkt. 49, ¶ 6). Plaintiff's claim that Defendant's registration prevents its own is baseless, as admitted in The News Tribune (Dkt. 49, p. 3, lines 19-21), and its failure to pursue administrative remedies or negotiation, despite multiple statutory options, suggests an intent to burden Defendant with costly litigation, as evidenced by public statements (Dkt. 49, pp. 6-7, 9-10, 14, 20).

Plaintiff's intent to sue regardless of compliance with its name change demand, coupled with its failure to show ongoing harm (e.g. dilution, tarnishment, damages, etc), further evidences bad faith. It shows malicious intent (much like Plaintiff's use intruive and invasive acts and use of media smear campaigns to malign Defendant publicly and use of scandalous and defamatory inclusions in its pleadings). Plaintiff's misrepresentation of Defendant's service arguments and false claim of not luring or improperly serving Defendants, despite its counsel's involvement in a related Superior Court case (Dkt. 29, p. 3) related to that service, further evidence bad faith. The Court should grant the

Motion to Dismiss with prejudice (Dkt. 41), quash service, further strike Plaintiff's defamatory statements under Fed. R. Civ. P. 12(f), and consider sanctions against Plaintiff for bad faith and malicious conduct.

---

**DATED this 26th day of July, 2025.**

**Respectfully submitted,**

/s/ Eric Eugene Crowl Eric

**Eugene Crowl, Defendant, pro se**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY, an unincorporated association,<br><br>Plaintiff,<br><br>v.<br><br>ERIC CROWL, an individual,<br><br>PIERCE COUNTY REPUBLICAN PARTY, a nonprofit corporation,<br><br>& WASHINGTON 47 PAC, a nonprofit corporation.<br><br>Defendants. | Case No. 3:25-CV-05251-BHS<br><br>RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND QUASH SERVICE |

COMES NOW PLAINTIFF PIERCE COUNTY REPUBLICAN PARTY, by and through their counsel of record Conner Edwards, and respectfully submits this RESPONSE.

## I. INTRODUCTION

Defendant Crowl's Motion to Dismiss and Quash Service under FRCP 12(b)(5) and FRCP 12(b)(6) is completely devoid of merit. Defendant Crowl offers four alternative theories for why dismissal is appropriate. We will examine each of these theories in a separate heading.

## II. RESPONSE TO DEFENDANT CROWL'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS PER FRCP 12(b)(5)

Defendant Crowl has offered no statutes, rules, relevant caselaw, or cogent argument in favor of his proposition that a defendant is immune from service while appearing in a

Case: 25-7707, 09/01/2026, DktEntry: 15.4, Page 182 of 281

courtroom prior to a hearing on a summary judgement motion in a civil case. Defendant Crowl was served well before the court was even in session. Defendant Crowl resides in the jurisdiction in which he was served (Pierce County), he was not "lured" into the jurisdiction.

We will take this opportunity to remind Defendant Crowl that we made over 10 attempts to serve him at his home. Additionally, we offered Defendant Crowl the opportunity to have more time to respond to the complaint if he voluntarily waived service. Defendant Crowl intentionally dodged service in a bad faith attempt to increase costs for the Plaintiff and prevent the Court from reaching the merits of this case. He failed. If Defendant Crowl had not intentionally dodged service for the better part of two months, it would not have been necessary to serve him in the courtroom.

## III. RESPONSE TO DEFENDANT CROWL'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER THE LANHAM ACT PER FRCP 12(b)(6)

Defendant Crowl argues dismissal of Plaintiff's Lanham Act claim is appropriate because Defendant Crowl's actions were noncommercial, because Defendant Crowl's actions caused no damages, and because Defendant Crowl's actions constituted a parody that was protected by the 1st Amendment. For the reasons described below, Defendant Crowl is incorrect on each point.

**Lanham Act Protects Noncommercial Organizations**

Section 43(a) of the Lanham provides, in pertinent part, as follows:

*"Any person who shall ... [1] use in connection with any goods or services ... [2] a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same ... [3] shall be liable to a civil action by any person ... [4] who believes that he is or is likely to be damaged by use of any such false description or representation."*

It has been well established that charitable, educational, and other non-profit organizations are entitled to the protections of the Lanham Act. A decision regarding an analogous case brought under the Lanham Act summed up the issue well with a quote.

> *"The fact that an organization is non-profit and sells no goods does not take it out of the protection of the law of unfair competition… …[t]he retention of a distinct identity here is just as important as it is to a commercial company. If the distinct identity of such non-profit organizations is lost through a confusingly similar use of a name by another, then it is obvious that the organization will have serious difficulty in raising funds and attracting members and support."*[1]

**Defendant Crowl's Actions Inflicted Damage on Plaintiff PCRP**

Defendant Crowl's course of action in registering a non-profit corporation with an identical name to Plaintiff PCRP and attempting to impersonate Plaintiff PCRP on social media had a number of damaging effects. Here, we will enumerate a few.

First, Defendant Crowl injured the plaintiff by creating confusion as to which of the two organizations named "Pierce County Republican Party" was legitimate. In Defendant Crowl's postings: 1) Crowl represented himself as the chair (David McMullan is the actual chair), 2) Crowl represented his organization's headquarters as being in Lakewood (Plaintiff's headquarters are also in Lakewood), 3) Crowl adopted an seal bearing an elephant as his logo (Plaintiff PCRP also has a logo featuring an elephant), 4) Crowl represented his organization as being the "true" local GOP and Plaintiff's organization as illegitimate because it was not incorporated. These actions had the effect of damaging and diluting Plaintiff's brand after decades of being the only "Pierce County Republican Party" in the area.

---

[1] *Committee for Idaho High Desert v. Yost*, 881 F. Supp. 1457 (D. Idaho 1995) (quoting McCarthy on Trademarks and Unfair Competition (3d ed. 1994))

Case: 25-7707, 09/01/2026, DktEntry: 15.4, Page 184 of 281

Second, Defendant Crowl's registration of the name "Pierce County Republican Party" as a nonprofit corporation prevents Plaintiff from registering as a nonprofit corporation, as only one organization may register under a given name.

Third, Defendant Crowl injured the plaintiff by making posts that indicated that Defendant Crowl had been appointed the chair of the Pierce County Republican Party. The association of Defendant Crowl with the Pierce County Republican Party brand damages the reputation of Plaintiff PCRP, which holds itself out to be a pro-law enforcement, pro-law and order, anti-child molestation organization. In contrast, Defendant Crowl is best known for: a) having been arrested in Portland, OR after filming a police shift change with an SUV full of weapon and ammunition,[2] b) for being arrested after he was found by police staring into the garage of a federal worker while not wearing an ankle monitor in violation of the terms of his pretrial release,[3] and c) for harboring his adult son Tyler Crowl in the family home when Tyler Crowl had outstanding felony warrants for raping a toddler.[4] The false message of Defendant Crowl being the chair of the organization diminishes the standing of Plaintiff PCRP in the community.

**Defendant Crowl's Actions Unprotected by First Amendment**

Defendant Crowl claims that his conduct was protected by the First Amendment as a parody. It is worth remembering that Defendant Crowl's actions (for instance, registration of the nonprofit corporation) were not purely expressive.

---

[2]https://www.cjonline.com/story/news/politics/state/2016/08/09/oregon-police-arrest-armed-man-who-watched-them-months-man-had-lived-manhattan-and/16578408007/

[3]https://katu.com/news/local/armed-man-who-filmed-portland-police-returns-to-jail

[4]https://brandikruse.locals.com/post/6810552/exclusive-when-being-a-social-media-troll-comes-back-to-bite-you-hard

Moreover, Defendant Crowl offers no relevant authority to support his position. Defendant Crowl's position is directly at odds with a recent decision from the US Supreme Court, which recently held that "parody is exempt from liability only if **not** used to designate source."[5]

A 2024 decision out of the 6th Circuit Court of Appeals further clarified the application of the US Supreme Court's holding in the 2023 *Jack Daniel's Props* case to situations where an entity violates the Lanham Act by improperly assuming the name of a political organization. The unanimous panel of appellate judges held that:

> …**the Supreme Court has explained how the Lanham Act and the First Amendment interact when a defendant uses a trademark to misrepresent his or her goods or services as those of or associated with the trademark owner. Just last year, the Court noted that where a defendant uses a trademark as a source identifier, "[t]he trademark law generally prevails over the First Amendment."** Jack Daniel's Properties, 599 U.S. at 159, 143 S.Ct. 1578 (quoting Yankee Publ'g Inc. v. News Am. Publ'g Inc., 809 F. Supp. 267, 276 (S.D.N.Y. 1992)). This is because use of a trademark as a source identifier undermines the primary function of trademark law, which is to prevent "misinformation[ ] about who is responsible for a product" or service. Id. at 157, 143 S.Ct. 1578. Such is true even where the defendant's use of the mark also conveys an expressive message. Cf. San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 536, 541 & n.19, 107 S.Ct. 2971, 97 L.Ed.2d 427 (1987) ("**The mere fact that the [nonprofit defendant] claims an expressive, as opposed to a purely commercial purpose does not give it a First Amendment right to appropriate to itself the harvest of those who have sown**.") (cleaned up). In that circumstance, "the likelihood-of-confusion inquiry does enough work to account for the interest in free expression." Jack Daniel's Properties, 599 U.S. at 159, 143 S.Ct. 1578.
>
> We take this opportunity to clarify that *Taubman's* language limiting the Lanham Act's coverage, while implicated where a defendant uses the mark purely for protected expression, like satire, critique, or commentary, **does not prohibit application of the Lanham Act to a defendant who uses the trademark to identify the source of his or her competing goods or services.** Cf. Taubman, 319 F.3d at 778 (finding the website creator's trademark use, which created "no confusion as to source," "purely an exhibition of Free Speech"). Because the defendants here used the LNC's

[5] *Jack Daniel's Props. v. VIP Prods.*, 143 S.Ct. 1578, 216 L.Ed.2d 161, 167 (2023)

> trademark to speak as the Libertarian Party of Michigan, defendants used the mark to designate the source of their political services as affiliated with the LNC, thus implicating "the core concerns of trademark law" and rendering Taubman inapposite. Jack Daniel's Properties, 599 U.S. at 157, 143 S.Ct. 1578 (citation omitted); cf. Taubman, 319 F.3d at 778 ("[T]he First Amendment protects critical commentary when there is no confusion as to source.")…[6] [emphasis added]

**Conclusion on FRCP 12(b)(6) Motion to Dismiss regarding Lanham Act Claim**

As described above, nonprofit associations are entitled to seek recourse for trademark infringement under the Lanham Act. Additionally, Plaintiff Crowl's course of action caused Plaintiff PCRP to suffer damages, with the potential for greater damages if the behavior is not enjoined. Defendant Crowl's actions are also not entitled to First Amendment protection because Defendant Crowl impersonated Plaintiff to misrepresent the source of Defendant Crowl's actions as opposed to simply mocking or criticizing Plaintiff as part of a parody.

In conclusion, Defendant Crowl's argument for his motion to dismiss for failure to state a claim under the Lanham Act is baseless. Plaintiff PCRP's complaint does plead plausible facts giving rise to a claim under the Lanham Act and Defendant Crowl's behavior is not protected by the First Amendment. Additionally, as this legal case proceeds, Plaintiff PCRP will be using the discovery process to obtain additional evidence from Defendant Crowl relating to his violation of the Lanham Act.

## IV. RESPONSE TO DEFENDANT CROWL'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER THE WASHINGTON CONSUMER PROTECTION ACT PER FRCP 12(b)(6)

Next, Defendant Crowl argues that his actions did not violate the Washington Consumer Protection Act (RCW 19.86) because they did not involve "trade or commerce,"

---

[6] *Libertarian Nat'l Comm., Inc. v. Saliba*, 116 F.4th 530, 535 (6th Cir. 2024)

and no damage was caused to Plaintiff PCRP. For the reasons described below, Defendant Crowl is incorrect on each point.

**Defendant Crowl's Actions Satisfy Trade/Commerce Element**

To state a claim under RCW 19.86, a Plaintiff must allege: (1) an unfair or deceptive act; (2) in trade or commerce; (3) affecting the public interest; (4) injury to business or property; and (5) causation.[7] Specific to Defendant Crowl's FRCP 12(b)(6) motion to dismiss, Defendant Crowl asserts that Plaintiff PCRP cannot satisfy the essential "occurring in trade or commerce" element. Defendant Crowl is incorrect.

Both "trade" and "commerce" are statutory terms of art that are given meaning in RCW 19.86.010(2), see below. The Legislature gave these terms a very broad meaning, making the element very easy for plaintiffs to satisfy.

> *As used in this chapter:*
> *(1) "Person" shall include, where applicable, natural persons, corporations, trusts, unincorporated associations and partnerships.*
> *(2) "Trade" and "commerce" shall include the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington.*
> *(3) "Assets" shall include any property, tangible or intangible, real, personal, or mixed, and wherever situate, and any other thing of value.*

Defendant Crowl's actions satisfied the "occurring in trade or commerce" element in two separate ways.

First, by paying the fee to register the infringing name "Pierce County Republican Party" as a Washington nonprofit corporation, Defendant Crowl purchased an intangible asset that offers the benefit of qualified personal liability protection. This transaction involves the

[7] *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784–85, 719 P.2d 531 (1986)

purchase of an asset/service by Defendant Crowl and thus satisfies the "occurring in trade or commerce" element of the Washington Consumer Protection Act.

Second, by registering the infringing name "Pierce County Republican Party" as a Washington nonprofit corporation and making posts under that name on commercial social media platforms (Facebook, and X), Defendant Crowl engaged in commercial activity that directly and indirectly affected the people of the state of Washington. These posts negatively impacted the ability of Plaintiff PCRP to engage in its own commercial activity by attacking the legitimacy of Plaintiff PCRP.

**Defendant Crowl's Actions Inflicted Damage on Plaintiff PCRP**

Defendant Crowl has asserted that his actions have not caused "damage" to Plaintiff PCRP and thus Plaintiff's Washington Consumer Protection Act claim must fail. The damage caused by Defendant Crowl's actions has already been enumerated in the preceding section (on pgs. 3-4) and so we will not repeat them here.

**Conclusion on FRCP 12(b)(6) Motion to Dismiss under Washington CPA Claim**

As described above, the action of Defendant Crowl (as pled by Plaintiff PCRP) do satisfy the elements of "occurring in trade or commerce" and damages, both of which are required for a cognizable claim made under the Washington Consumer Protection Act.

In conclusion, Defendant Crowl's argument for his motion to dismiss for failure to state a claim under the Washington Consumer Protection Act is baseless. Plaintiff PCRP's complaint does plead plausible facts giving rise to a claim under the Washington Consumer Protection Act. Additionally, as this legal case proceeds, Plaintiff PCRP will be using the

discovery process to obtain additional evidence from Defendant Crowl relating to his violation of the Washington Consumer Protection Act.

## V. RESPONSE TO DEFENDANT CROWL'S CLAIM THAT DISMISSAL IS APPROPRIATE UNDER FRCP 12(b)(6) BECAUSE PLAINTIFF FAILED TO PURSUE ADMINISTRATIVE REMEDIES

Defendant Crowl has offered no authority to support his contention that Plaintiff is required to exhaust administrative remedies prior to pursuing a cause of action brought under the Lanham Act or Washington Consumer Protection Act. Moreover, the provisions to which Defendant Crowl cites (RCW 24.03A.245, RCW 82.32.590 and WAC 434-112-085) do not allow someone to challenge an infringing nonprofit registration. On or about April 3, 2025, counsel for Plaintiff PCRP spoke with an AAG representing the Washington Secretary of State's office. The AAG confirmed that the only way to cancel the Defendant's registration would be to obtain a court order. Defendant Crowl's argument on this point is baseless and should be rejected by the Court.

## VI. CONCLUSION & FRCP 11

Defendant Crowl's Motion to Dismiss and Quash Service under FRCP 12(b)(5) and FRCP 12(b)(6) is devoid of merit. For the foregoing reasons, we respectfully request that the Court DENY Defendant Crowl's Motion and allow this case to proceed.

Finally, we will note that Defendant Crowl's Motion To Dismiss (Docket Item #41) once again states that it is being filed on behalf of Defendant Crowl's nonprofit corporations (Washington47 PAC and Pierce County Republican Party). As such, it violates FRCP 11(b). Defendant Crowl has been repeatedly told by the Court that as a non-attorney he is not allowed to make filings on behalf of his nonprofit corporations. If this Motion to Dismiss is

not withdrawn or appropriately corrected within 21 days, Plaintiff PCRP intends to follow the procedure detailed in FRCP 11(c)(2) to move for sanctions against Defendant Crowl.

DATED this July 20, 2025

**CG EDWARDS PLLC**



**Conner Edwards, WSBA No. 62961**
**Attorney for Plaintiff PCRP**

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of the foregoing RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND QUASH SERVICE and accompanying documents to ERIC CROWL, at 10002 112th St SW, Lakewood, WA 98498, postage prepaid.

**July 20, 2025**
**Date**



**Conner Edwards, WSBA No. 62961**
**Attorney for Plaintiff Pierce County Republican Party**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY (an unincorporated association)<br><br>*Plaintiff*,<br><br>v.<br><br>ERIC CROWL (*an individual*),<br><br>PIERCE COUNTY REPUBLICAN PARTY (a *nonprofit corporation*),<br><br>WASHINGTON47 PAC (*a nonprofit corporation*),<br><br>*Defendants* | **Case No:** 3:25-cv-05251-BHS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISSS; AND QUASH SERVICE** |

## I. INTRODUCTION

Defendant Eric Crowl moves to dismiss Plaintiff's First Amended Complaint (Dkt. 15) under *Federal Rules of Civil Procedure 12(b)(6)* for failure to state a claim under the *Lanham Act (15 U.S.C. § 1125(a))* and *Washington's Consumer Protection Act (RCW 19.86)*, and under *Rule 12(b)(5)* for insufficient service of process. Plaintiff, a sub-chapter county political organization of the Republican Party, fails to allege facts demonstrating that Crowl engaged in trade or commerce, a requisite element for both claims, and relies on conclusory and speculative allegations using the disjunctive "or" to assert potential harm, which is insufficient under federal pleading standards.

Plaintiff confuses reputational harm and injury with embarrassment caused by Crowl's protected political speech, which critiques Plaintiff's failure to secure its name and its exclusionary practices. Plaintiff's chairman, Dave McMullan, seeks to infringe on Crowl's ability, as an elected Precinct

Committee Officer (PCO) for the Republican Party and as an individual, to engage in political discourse within the same major party. Plaintiff's failure to pursue available administrative remedies through the Washington Secretary of State (SOS) and Department of Revenue (DOR), coupled with its unresponsiveness to Crowl's reply to its demand letter and instead rushing to file this baseless lawsuit, suggests bad faith. This bad faith is further evidenced by McMullan's retaliatory social media posts and engagement with news media to disparage Crowl (Dkt. 49, pp. 6–7).

Crowl's actions constitute protected political speech under the First Amendment in both his PCO and individual capacities. Improper service and potential service immunity further warrant dismissal or quashing of service.

## II. STATEMENT OF FACTS

**1.** Plaintiff, the Pierce County Republican Party, an unincorporated association and county sub-chapter (county political organization) of the Republican Party (a major party), alleges that Crowl, along with entities he registered, violated the *Lanham Act* and *RCW 19.86* by registering Crowl PCRP Corp. on March 4, 2025, and using a Facebook page named "Pierce County Republican Party" and X posts referring to and discussing "Pierce County Republican Party" to mock and criticize Plaintiff, allegedly causing voter confusion and reputational harm (Dkt. 15, ¶¶ 1.1, 4.2–4.4).

**2.** Plaintiff claims these actions were "knowing, deliberate, intentional, and willful" (Dkt. 15, ¶ 4.4) and demanded Crowl cease using the name and remove a Facebook page by March 21, 2025 (Dkt. 15, ¶ 3.7). Crowl responded to Plaintiff's demand letter, but Plaintiff was unresponsive, instead rushing to court to file this lawsuit (Dkt. 49, p. 9). The nonprofit's name ("Pierce County Republican Party") remains unchanged, and the Facebook page was removed, though it is unclear by whom (Dkt. 15, ¶¶ 3.8–3.9). Plaintiff asserts irreparable harm without an adequate remedy at law (Dkt. 15, ¶ 4.7), conflating reputational harm with embarrassment caused by Crowl's political critique.

Case: 25-7707, 09/01/2026, DktEntry: 15.4, Page 193 of 281

**3.** Crowl, a pro se litigant and elected PCO for District 28-556 of the Republican Party, registered Crowl PCRP Corp. and Washington47 PAC as non-commercial entities for political discourse, not commercial activity (Dkt. 41, p. 2; Dkt. 49, ¶¶ 2–3). His actions, both as a PCO and as an individual, were intended to parody, mock, criticize, ridicule, and otherwise bring attention to Plaintiff's failure to secure its name and further criticize its exclusion of him from membership, which stemmed from his campaign to unseat McMullan as chairman during the 2024 Biennial Reorganization (Dkt. 49, ¶¶ 3, 16).

**4.** McMullan's exclusion of Crowl was a deliberate attempt to prevent Crowl from challenging him for the chairmanship, and this lawsuit continues that effort to suppress Crowl's political discourse (Dkt. 49, ¶ 16).

**5.** Third-party declarations confirm no voter confusion (Dkt. Nos. 32–39) and public awareness of protected speech activities, and social media posts distinguish the nonprofit from Plaintiff's sub-chapter organization (Dkt. 49, pp. 24, 29, 21, 15). McMullan's posts threatening litigation and financial ruin (e.g., "Someone's getting sued" and references to "asset foreclosure and wage garnishment" and being a "worthless irrelevant troll" who should stop discussing political matters and instead spend time "preparing yourself for a lawsuit that will certainly take a lot of your time and money" and to otherwise "just go away"), plus Plaintiff's engagement with news media to portray Crowl as attempting to "steal the brand" (Dkt. 49, pp. 3), clearly show retaliatory motives and bad faith, particularly given Plaintiff's failure to engage with Crowl's response to the demand letter (Dkt. 49, pp. 4, 6–7, 9).

**6.** Plaintiff failed to pursue administrative remedies through the Washington SOS under *RCW 24.03A.245* and *WAC 434-112-085*, or through the Washington DOR, to challenge the nonprofit's name registration (Dkt. 41, p. 6). Crowl reported improper service of the Amended Complaint on June 13, 2025, due to non-receipt, and noted misconduct by Plaintiff's counsel, Conner Edwards,

supported by a Pierce County Superior Court case (Case No. 25-2-07709-3; Dkt. 29, p. 3; Dkt. 41, p. 3). Plaintiff's Motion for Default disregarded Crowl's notice of leave to obtain counsel (Dkt. 41, p. 3).

## III. LEGAL STANDARD

### A. Rule 12(b)(6) – Failure to State a Claim:

A complaint must be dismissed under *Rule 12(b)(6)* if it fails to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)*. The court accepts factual allegations as true but not legal conclusions or speculative claims. *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)*. Conclusory allegations without factual support are insufficient. Id.

### B. Rule 12(b)(5) – Insufficient Service of Process

A complaint may be dismissed for insufficient service if the plaintiff fails to comply with *Rule 4 of the Federal Rules of Civil Procedure*. *Mann v. Castiel, 681 F.3d 1195, 1197 (9th Cir. 2012)*. Proper service is a jurisdictional prerequisite, and defective service warrants dismissal or quashing of service. Id. The plaintiff bears the burden of establishing that service was valid. *Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004)*.

### C. Service Immunity Doctrine

The service immunity doctrine protects individuals from being served with process while attending court proceedings, ensuring access to justice without fear of ambush or harassment. *Lamb v. Schmitt, 285 U.S. 222, 225 (1932)* (holding that service immunity applies to parties attending court to prevent interference with judicial proceedings). The doctrine extends to parties, witnesses, and attorneys present in court for judicial purposes, as it promotes fairness and prevents abuse of process. *Stewart v. Ramsay, 242 U.S. 128, 129 (1916)* (invalidating service on a party while in court for another case). Courts have consistently applied this immunity to protect against service that

disrupts judicial participation, particularly when motivated by bad faith. See *United States v. McIntire, 365 F.2d 400, 403 (6th Cir. 1966)* (service immunity protects against tactics designed to harass or intimidate). This immunity also applies to individuals lured into a jurisdiction (e.g. a courthouse) for the purpose of service, particularly when they reside within that jurisdiction, as such tactics constitute an abuse of process. See *Waffenschmidt v. MacKay, 763 F.2d 711, 714 (5th Cir. 1985)* (service invalid when defendant was lured into jurisdiction under false pretenses); *Commercial Mut. Accident Ins. Co. v. Davis, 213 U.S. 245, 256 (1909)* (luring a resident into a specific location for service violates immunity principles). Here, Crowl was lured by Plaintiff's counsel, Conner Edwards, to appear in person at the Pierce County Superior Court, as evidenced by Edwards' email, for the purpose of serving him, despite Crowl's residence in the jurisdiction (Dkt. 29, p. 3). This deceptive tactic further supports quashing service under the immunity doctrine.

**D. Definitions of Commercial Use and Trade or Commerce**

Under the *Lanham Act*, "commercial use" refers to speech engaging in a commercial transaction or conducted for economic gain, typically involving the sale of goods or services in a business context. *Mattel, Inc. v. MCA Records, Inc., 296 F.3d 894, 906 (9th Cir. 2002)*. The Ninth Circuit has clarified that non-commercial speech, such as political or expressive activities, does not constitute use in commerce. *Bosley Med. Inst., Inc. v. Kremer, 403 F.3d 672, 677 (9th Cir. 2005)* (website criticizing a company without offering goods or services was not commercial use). Similarly, under *Washington's Consumer Protection Act (RCW 19.86)*, "trade or commerce" is defined as business or entrepreneurial activities involving the sale of goods or services. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 785, 719 P.2d 531 (1986)*. Non-commercial activities, such as political advocacy or satire, are excluded from CPA liability. *State v. Reader's Digest Ass'n, 81 Wn.2d 259, 275, 501 P.2d 290 (1972)* (political or expressive activities do not constitute trade or

commerce). Both statutes require a clear nexus to commercial transactions, which Plaintiff fails to allege (Dkt. 15).

**E. Judicial Notice**

The court may consider docketed documents (Dkt. Nos. 15, 29, 32–39, 41, 49) without converting the motion to summary judgment, as they relate to the complaint's allegations or are subject to judicial notice. *United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003)*.

## IV. ARGUMENT

**A. Plaintiff Fails to State a Claim Under the Lanham Act (15 U.S.C. § 1125(a))**

To state a claim under *Section 43(a) of the Lanham Act*, Plaintiff must allege: (1) a protectable interest in the mark; (2) Crowl's use of the mark in commerce; and (3) a likelihood of consumer confusion. *POM Wonderful LLC v. Purely Juice, Inc., 362 F. App'x 577, 579 (9th Cir. 2010)*. The Amended Complaint (Dkt. 15) fails to plead facts showing use in commerce or actual confusion, relying on conclusory and speculative allegations. Plaintiff's claims of reputational harm and injury conflate embarrassment from Crowl's protected political speech with actionable harm, and its attempt to enjoin Crowl's speech seeks to suppress his political discourse as a PCO and individual.

- **Failure to Allege Use in Commerce:** The Lanham Act applies only to commercial speech, defined as speech engaging in a commercial transaction or conducted for economic gain, such as the sale of goods or services. *Mattel, Inc. v. MCA Records, Inc., 296 F.3d 894, 906 (9th Cir. 2002)*; *Bosley Med. Inst., Inc. v. Kremer, 403 F.3d 672, 677 (9th Cir. 2005)*. The Amended Complaint alleges that Crowl registered Crowl PCRP Corp. and used a Facebook page and X posts under the name "Pierce County Republican Party" (Dkt. 15, ¶¶ 1.3, 3.7, 3.9). However, it

provides no specific factual allegations that these actions involved commercial transactions, such as fundraising, advertising, or service provision.

Plaintiff's claim that Crowl's acts "caused or are likely to cause confusion, mistake or deception as to the services provided by Plaintiff" (Dkt. 15, ¶ 4.2) does not specify any commercial activity by Crowl. The assertion that Crowl sought to "trade on Plaintiff's reputation" (Dkt. 15, ¶ 4.4) is conclusory, lacking facts showing economic or business-related activity, such as soliciting donations or offering services. Crowl's declaration confirms the actions were non-commercial, aimed at political parody and criticism, both as a Republican Party PCO and as an individual, not commercial gain (Dkt. 49, ¶¶ 2–3, 16). Social media posts distinguish the nonprofit from Plaintiff's sub-chapter organization (Dkt. 49, pp. 24, 29), and third-party declarations affirm no commercial activity (Dkt. Nos. 32–39). *In Taubman Co. v. Webfeats, 319 F.3d 770, 774 (6th Cir. 2003)*, non-commercial criticism using a similar name was exempt from Lanham Act liability. Plaintiff's failure to plead specific facts of commercial use is fatal. *Bosley, 403 F.3d at 677*.

- **Conclusory and Speculative Allegations Using "Or":** The Amended Complaint's use of "or" in alleging that Crowl's acts "have caused or are likely to cause confusion" (Dkt. 15, ¶ 4.2) and "have injured or are likely to injure Plaintiff's image and reputation" (Dkt. 15, ¶ 4.3) renders these statements speculative and insufficient. *Iqbal, 556 U.S. at 678*, requires factual allegations, not possibilities. In *Twombly, 550 U.S. at 555*, the Supreme Court rejected pleadings offering "labels and conclusions" without factual support. Plaintiff provides no evidence of actual confusion or injury, such as specific instances of voters mistaking Crowl's nonprofit for Plaintiff's sub-chapter organization or reputational harm tied to commercial activity. The speculative "likely to cause" or "likely to injure" (Dkt. 15, ¶¶ 4.2–4.3) fails the plausibility standard. See *Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 645 (9th Cir. 2014)* (dismissing claims for lack of specific facts supporting injury).

- **Confusion of Reputational Harm with Embarrassment:** Plaintiff's allegations of reputational harm and injury (Dkt. 15, ¶ 4.3) conflate embarrassment from Crowl's protected political speech with actionable harm under the *Lanham Act*. Reputational harm under the *Lanham Act* requires concrete evidence of economic or commercial damage, not mere offense or embarrassment caused by critical speech. See *Bosley, 403 F.3d at 679* (reputational harm requires commercial impact); *Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 133 (2014)* (Lanham Act injury must affect commercial interests). Plaintiff's claims stem from Crowl's parody and criticism, which embarrassed Plaintiff by highlighting its failure to secure its name and its exclusionary practices (Dkt. 49, ¶¶ 3, 16). Plaintiff provides no evidence of economic harm, such as lost donations or voter support, instead alleging vague reputational damage (Dkt. 15, ¶ 4.3), which is insufficient.

- **Infringement on Crowl's Political Discourse:** Plaintiff's attempt to enjoin Crowl's speech (Dkt. 15, ¶ 5.1) seeks to suppress his political discourse as a PCO and individual within the Republican Party. As an elected PCO, Crowl has a duty to engage in political discourse, including critiquing sub-chapters like Plaintiff, and as an individual, he retains the right to comment on political matters. See *Mills v. Alabama, 384 U.S. 214, 218–19 (1966)* (political speech is core First Amendment activity). McMullan's leadership of this lawsuit, following Crowl's campaign against him, reflects an intent to silence Crowl's legitimate political critique, particularly his exposure of Plaintiff's failure to register its name (Dkt. 49, ¶ 16). This attempt to curtail Crowl's speech through litigation violates First Amendment protections. See *Falwell v. Flynt, 485 U.S. 46, 53 (1988)* (political satire and criticism are protected).

**B. Plaintiff Fails to State a Claim Under Washington's Consumer Protection Act (RCW 19.86)**

To state a claim under *RCW 19.86*, Plaintiff must allege: (1) an unfair or deceptive act; (2) in trade or commerce; (3) affecting the public interest; (4) injury to business or property; and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 784–85, 719 P.2d 531 (1986)*. The Amended Complaint fails to plead trade or commerce and relies on conclusory allegations, while confusing embarrassment with actionable injury.

- **Failure to Allege Trade or Commerce:** "Trade or commerce" under *RCW 19.86* involves business or entrepreneurial activities, such as the sale of goods or services. *Hangman Ridge, 105 Wn.2d at 785*; *State v. Reader's Digest Ass'n, 81 Wn.2d 259, 275, 501 P.2d 290 (1972)* (excluding political advocacy). The Amended Complaint alleges Crowl registered a nonprofit and used social media (Dkt. 15, ¶¶ 1.3, 3.7, 3.9) but provides no facts showing commercial transactions, such as fundraising or service provision. Plaintiff's claim of injury to its "image and reputation with voters" (Dkt. 15, ¶ 4.3) does not connect to any business activity by Crowl. Crowl's declaration confirms the actions were political parody by a Republican Party PCO and as an individual, not commercial (Dkt. 49, ¶¶ 2–3, 16). Social media posts distinguish the nonprofit from Plaintiff's sub-chapter organization (Dkt. 49, pp. 24, 29), and third-party declarations affirm no commercial activity (Dkt. Nos. 32–39). The claim fails. See *Short v. Demopolis, 103 Wn.2d 52, 61, 691 P.2d 163 (1984)*.

- **Conclusory and Speculative Allegations:** The Amended Complaint's use of "or" in alleging that Crowl's acts "have caused or are likely to cause confusion" (Dkt. 15, ¶ 4.2) and "have injured or are likely to injure" (Dkt. 15, ¶ 4.3) is speculative and conclusory. *Iqbal, 556 U.S. at 678*. Plaintiff provides no evidence of actual voter confusion or specific injury to its business or property, as required by *Hangman Ridge, 105 Wn.2d at 785*. The claim that Crowl acted to "confuse or deceive voters" (Dkt. 15, ¶ 4.4) is an unsupported legal conclusion. See *Eclectic Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014)*.

- **Confusion of Reputational Harm with Embarrassment:** Plaintiff's CPA claim fails because it conflates reputational harm with embarrassment from Crowl's political speech. *RCW 19.86* requires injury to business or property, not mere offense or embarrassment. *Hangman Ridge, 105 Wn.2d at 790*. Plaintiff's allegations of harm to its "image and reputation" (Dkt. 15, ¶ 4.3) reflect embarrassment from Crowl's parody exposing Plaintiff's failure to secure its name and its exclusionary practices (Dkt. 49, ¶¶ 3, 16). Plaintiff provides no evidence of economic harm, such as lost donations or memberships, rendering the claim deficient. See *Stephens v. Omni Ins. Co., 138 Wn. App. 151, 166, 159 P.3d 10 (2007)* (CPA injury requires tangible economic loss).

- **Infringement on Crowl's Political Discourse:** Plaintiff's attempt to enjoin Crowl's speech (Dkt. 15, ¶ 5.1) seeks to suppress his political discourse as a PCO and individual. McMullan's leadership of this lawsuit, following Crowl's campaign against him, aims to silence Crowl's critique of Plaintiff's organizational failures and exclusionary tactics (Dkt. 49, ¶ 16). This effort to restrict Crowl's speech within the Republican Party violates First Amendment protections for political discourse by party officials and individuals. See *Wash. State Republican Party v. Wash. State Pub. Disclosure Comm'n, 141 Wn.2d 245, 258, 4 P.3d 808 (2000)*.

**C. Plaintiff's Failure to Pursue Administrative Remedies Bars Its Claims**

Plaintiff's claim of irreparable harm without an adequate remedy at law (Dkt. 15, ¶ 4.7) is baseless due to its failure to exhaust available administrative remedies through the Washington SOS and DOR, compounded by its unresponsiveness to Crowl's reply to its demand letter, suggesting bad faith.

- **Administrative Remedies Available Through the Washington Secretary of State:** Under *RCW 24.03A.245(2)*, the Washington SOS may refuse or cancel a nonprofit's registration if its name is not distinguishable from an existing entity's name. *WAC 434-112-085* allows third parties, such as Plaintiff, to object to a name's registration, providing a direct mechanism to

resolve name disputes administratively. Plaintiff could have filed an objection with the SOS to challenge Crowl PCRP Corp.'s registration but failed to do so (Dkt. 41, p. 6). This failure undermines Plaintiff's claim of irreparable harm, as courts deny injunctive relief when adequate legal remedies exist. *Los Angeles Mem'l Coliseum Comm'n v. NFL, 791 F.2d 1356, 1360 (9th Cir. 1986)*; *Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982)*.

- **Administrative Remedies Available Through the Washington Department of Revenue:** Under *RCW 82.32.590*, the Washington DOR may revoke a business's registration for deceptive practices, such as using a confusing name. Plaintiff could have requested the DOR to review Crowl PCRP Corp.'s registration but did not (Dkt. 41, p. 6). Failure to exhaust administrative remedies bars equitable relief. *Young v. Young, 164 Wn.2d 477, 486, 191 P.3d 1258 (2008)*.

- **Plaintiff's Bad Faith and Unresponsiveness to Demand Letter Response:** Plaintiff's unresponsiveness to Crowl's reply to its demand letter, opting to rush to court, suggests bad faith (Dkt. 49, p. 9). Courts recognize failure to engage in pre-litigation resolution as evidence of bad faith, particularly when coupled with retaliatory conduct. *Dex Media W., Inc. v. City of Seattle, 793 F. Supp. 2d 1213, 1234 (W.D. Wash. 2011)*. McMullan's threatening social media posts (Dkt. 49, pp. 6–7) further indicate retaliatory motives, undermining Plaintiff's claims.

- **Impact on Plaintiff's Claims:** Plaintiff's failure to pursue SOS and DOR remedies, combined with its unresponsiveness to Crowl's demand letter response, bars its claims for injunctive relief under the *Lanham Act* and *RCW 19.86*. *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc., 736 F.3d 1239, 1249 (9th Cir. 2013)*; *Hangman Ridge, 105 Wn.2d at 785*. Plaintiff's bad faith further weakens its claims.

**D. Insufficient Service of Process (Rule 12(b)(5))**

Case: 25-7707, 09/01/2026, DktEntry: 15.4, Page 202 of 281

The Amended Complaint must be dismissed under *Rule 12(b)(5)* for insufficient service. Crowl did not receive proper service on June 13, 2025 (Dkt. 29, p. 3; Dkt. 41, p. 6). Plaintiff's counsel, Conner Edwards, has a history of improper service tactics, as evidenced by a Pierce County Superior Court ruling (Case No. 25-2-07709-3; Dkt. 29, p. 3). Defective service constitutes "good cause" for failing to waive service. *Fed. R. Civ. P. 4(d)(2)*; *Mann v. Castiel, 681 F.3d at 1197*.

**E. Service Immunity in Courtroom Context**

If service occurred during a court appearance, it would be invalid under the service immunity doctrine, which protects parties from service while attending judicial proceedings to prevent harassment. *Lamb v. Schmitt, 285 U.S. at 225*; *Stewart v. Ramsay, 242 U.S. at 129*. Plaintiff's counsel's improper tactics (Dkt. 29, p. 3; Dkt. 41, p. 3) suggest potential abuse, warranting quashing of service as applicable.

**F. Alternative Grounds: First Amendment Protection**

Crowl's actions, both as an Elected Republican Party PCO (Pierce County, Washington for District 28-556) and as an individual, are core political speech within the context of the same major party, protected as satire and criticism of Plaintiff's sub-chapter organization. The First Amendment bars Plaintiff's claims under both the Lanham Act and *RCW 19.86* due to the expressive nature of Crowl's actions and the absence of elements necessary to override constitutional protections.

- **Lanham Act and First Amendment Protections:** The *Lanham Act* claim is barred by the First Amendment. The *Rogers v. Grimaldi test, 875 F.2d 994, 999 (2d Cir. 1989)*, adopted in Mattel, Inc. v. MCA Records, Inc., 296 F.3d at 902, exempts expressive use unless it (1) has no artistic or political relevance, or (2) explicitly misleads as to source or content. Crowl's actions—registering a nonprofit and posting parodical content—are politically relevant, critiquing Plaintiff's organizational failures and exclusionary practices (Dkt. 49, ¶¶ 3, 16). Social media posts clarify

Case: 25-7307, 09/01/2026, DktEntry: 15.4, Page 203 of 281

the nonprofit's distinct identity (Dkt. 49, pp. 24, 29), and third-party declarations confirm no confusion (Dkt. Nos. 32–39). Plaintiff's allegations (Dkt. 15, ¶¶ 4.2–4.4) fail both *Rogers* prongs. *Mills v. Alabama, 384 U.S. at 218–19; Falwell v. Flynt, 485 U.S. at 53*.

- **RCW 19.86 and First Amendment Protections:** The *RCW 19.86* claim is barred because Crowl's actions lack commercial deception or intentional falsehoods. *United States v. Alvarez, 567 U.S. 709, 717–18 (2012)*; *Wash. State Republican Party, 141 Wn.2d at 258*. Plaintiff's allegations (Dkt. 15, ¶¶ 4.2–4.4) fail to show a deceptive act in trade or commerce, as required by *Hangman Ridge, 105 Wn.2d at 785*.

**G. Plaintiff's Malicious Intent and Vexatious Litigation**

Plaintiff's actions demonstrate malicious intent and vexatious litigation, justifying dismissal. Courts may dismiss claims or impose sanctions for bad faith or harassing litigation. *Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991)*; *Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001)*.

- **Retaliatory Social Media Posts:** McMullan's social media posts, including "Someone's getting sued" and threats of "financial ruin" and "asset foreclosure" (Dkt. 49, pp. 6–7), suggest the lawsuit was filed to retaliate against Crowl's campaign to unseat him as chairman during the 2024 Biennial Reorganization (Dkt. 49, ¶ 16). McMullan's exclusion of Crowl from the PCRP was a deliberate attempt to prevent Crowl from beating him, and this lawsuit continues that retaliation. *Dex Media W., Inc., 793 F. Supp. 2d at 1234*.

- **Engagement with News Media:** Plaintiff's counsel, Conner Edwards, engaged news media to portray Crowl as attempting to "steal the brand" (Dkt. 49, p. 4), despite Crowl's clear distinction of his nonprofit (Dkt. 49, pp. 24, 29). This smear campaign, combined with Plaintiff's failure to engage with Crowl's demand letter response, indicates harassment. *B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1106 (9th Cir. 2002)*.

- **Unresponsiveness to Demand Letter Response:** Plaintiff's failure to respond to Crowl's reply to its demand letter, rushing to file this lawsuit, demonstrates bad faith (Dkt. 49, p. 9). *Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980)*. McMullan's retaliatory intent, rooted in Crowl's challenge to his chairmanship, underscores the vexatious nature of this litigation.

**H. Plaintiff's Awareness of Crowl's Protected Speech Intent Precludes Its Claims**

Plaintiff's claims are further undermined by its awareness, through its own members' attendance at public forum discussions led by Crowl, that the intent and purpose of registering Crowl PCRP Corp. was protected political speech (Dkt. 49, ¶¶ 3, 17). For at least two months, dating back to early January 2025, prior to Crowl's registration of Crowl PCRP Corp. with the Washington Secretary of State and Department of Revenue on March 4, 2025, Crowl openly and publicly discussed his intent to use the registration and related social media activities (e.g., X Spaces and other forums) for political parody and criticism of Plaintiff's failure to secure its name and its exclusionary practices (Dkt. 49, ¶¶ 3, 17). Several of Plaintiff's members, including those in good standing and elected PCOs, attended these discussions, which included a series of X Spaces and other social media forums (Dkt. 49, ¶ 17). Plaintiff's chairman, Dave McMullan, was repeatedly informed by these attending members that Crowl's actions were intended to mock and ridicule Plaintiff, specifically targeting McMullan's leadership and the organization's shortcomings (Dkt. 49, ¶¶ 16–17).

This prior awareness negates Plaintiff's claims of deceptive intent or confusion under the Lanham Act and RCW 19.86. The Lanham Act requires a showing of explicit misleading conduct to override First Amendment protections for expressive speech. *Rogers v. Grimaldi, 875 F.2d 994, 999 (2d Cir. 1989)*; *Mattel, Inc. v. MCA Records, Inc., 296 F.3d 894, 902 (9th Cir. 2002)*. Plaintiff's knowledge of Crowl's expressive intent, as communicated in public forums attended by its members, undermines any claim of deceptive intent or likelihood of confusion (Dkt. 49, ¶ 17). Similarly, *RCW*

*19.86* requires a deceptive act in trade or commerce that misleads the public. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 785, 719 P.2d 531 (1986)*. Plaintiff's awareness of the parodical and critical nature of Crowl's actions, openly discussed for months, precludes a finding of deception, as the public forums and social media posts clarified the nonprofit's distinct identity (Dkt. 49, pp. 24, 29). See *United States v. Alvarez, 567 U.S. 709, 717–18 (2012)* (protected speech, including satire, does not constitute deception absent intent to mislead for commercial gain). Plaintiff's decision to pursue litigation despite this knowledge, particularly after McMullan was informed of the mockery, further evidences bad faith and retaliatory intent, as discussed in Section G. See *Dex Media W., Inc. v. City of Seattle, 793 F. Supp. 2d 1213, 1234 (W.D. Wash. 2011)* (bad faith inferred from litigation pursued with knowledge of defendant's non-deceptive intent). This awareness bars Plaintiff's claims and supports dismissal.

**I. Plaintiff's Retaliation Against Material Witness Lisa Olson**

Plaintiff's actions against Lisa Olson, a material witness and member in good standing of the Pierce County Republican Party (PCRP), demonstrate a pattern of retaliation aimed at silencing her for her association with Crowl and her role in informing Plaintiff of the protected political speech purpose of Crowl's actions, further evidencing Plaintiff's bad faith in this litigation. Plaintiff's chairman, Dave McMullan, has targeted Olson by labeling her an "inside informant" in social media posts and through a letter sent to PCRP members, seeking to exclude her from party activities due to her cooperation with Crowl and her communications about his expressive intent (Dkt. 40, p. 2; Dkt. 49, pp. 6–7; Exhibit B to Dkt. 40). This retaliatory conduct violates federal law and undermines the integrity of these proceedings.

- **Retaliatory Actions Against Olson:** On July 6, 2025, PCRP Secretary Jeanette Montgomery, at McMullan's direction, sent a letter to PCRP members announcing the exclusion of Olson from

PCRP meetings, including 28th Legislative District PCO meetings, and revoking her status as a member in good standing (Exhibit B to Dkt. 40). The letter cites Olson's association with Crowl, specifically her presence in Crowl's X chats and her public statements of political speech, as grounds for this action (Dkt. 40, p. 2). McMullan's social media posts further label Olson an "inside informant" for sharing information with Crowl, framing her cooperation as disloyalty to the PCRP (Dkt. 49, pp. 6–7). Olson, as a member in good standing, attended public forum discussions, including X Spaces, where Crowl openly discussed his intent to use Crowl PCRP Corp. for political parody and criticism from early January 2025, prior to its registration on March 4, 2025, and continued to inform McMullan of this protected speech purpose both before and after Plaintiff filed this lawsuit on April 12, 2025 (Dkt. 49, ¶¶ 3, 17).

This retaliation is directly linked to Olson's role as a material witness, as she provided information supporting Crowl's defense that his actions were protected speech (Dkt. 40, p. 2). McMullan's exclusion of Olson, motivated by her communications about Crowl's expressive intent and her participation in his public forums, appears designed to intimidate her and deter her testimony. Such conduct constitutes potential witness tampering under *18 U.S.C. § 1512(b)*, which prohibits knowingly using intimidation or corrupt persuasion to influence, delay, or prevent testimony in an official proceeding. See *United States v. Maggitt, 784 F.2d 590, 593 (5th Cir. 1986)* (retaliatory actions against a witness for cooperating with a defendant violate § 1512).

- **First Amendment Violations:** McMullan's actions against Olson infringe on her First Amendment rights to free association and expression. By punishing Olson for her association with Crowl and her communications about his protected speech in public forums, Plaintiff seeks to suppress her expressive activities and chill her involvement in this case. The First Amendment protects the right to associate for political purposes and engage in political speech, particularly within a political party context. See *NAACP v. Alabama ex rel. Patterson, 357 U.S. 449, 460–61*

*(1958)* (freedom of association protected); *Wash. State Republican Party v. Wash. State Pub. Disclosure Comm'n, 141 Wn.2d 245, 258, 4 P.3d 808 (2000)* (political speech by party members enjoys robust protection). Plaintiff's exclusion of Olson for her speech and association with Crowl violates these protections, further evidencing bad faith.

- **Retaliatory Motive Tied to Political Rivalry:** McMullan's retaliation against Olson is part of a broader pattern of targeting Crowl and his supporters, rooted in Crowl's campaign to unseat McMullan as PCRP chairman during the 2024 Biennial Reorganization (Dkt. 49, ¶ 16). Olson, as a member in good standing, repeatedly informed McMullan of Crowl's protected speech purpose, both before and after the lawsuit was filed, through her participation in X Spaces and other forums where Crowl's intent was openly discussed (Dkt. 49, ¶ 17). McMullan's exclusion of Olson mirrors his earlier exclusion of Crowl to prevent a challenge to his leadership, and this lawsuit continues that retaliation by targeting Olson for her role in communicating Crowl's intent (Dkt. 49, ¶¶ 16–17). By labeling Olson an "inside informant" in social media posts and the exclusion letter, McMullan seeks to punish her for aligning with Crowl's protected speech, which mocked and ridiculed Plaintiff's shortcomings (Dkt. 49, pp. 6–7, 17; Exhibit B to Dkt. 40). This retaliatory intent undermines Plaintiff's claims. See *Dex Media W., Inc. v. City of Seattle, 793 F. Supp. 2d 1213, 1234 (W.D. Wash. 2011)* (retaliatory litigation tactics indicate bad faith).

- **Impact on Plaintiff's Claims:** Plaintiff's retaliation against Olson, a material witness who informed McMullan of Crowl's protected speech purpose, further weakens its Lanham Act and RCW 19.86 claims by demonstrating bad faith and an attempt to suppress evidence supporting Crowl's defense. Courts may dismiss claims where plaintiffs engage in conduct that undermines the judicial process, such as intimidating witnesses. See *Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991)* (courts may dismiss for bad faith conduct). Plaintiff's knowledge of Crowl's expressive intent, confirmed by Olson's communications before and after the lawsuit (Dkt. 49, ¶

17), negates its claims of deception or confusion. By targeting Olson for her cooperation, Plaintiff seeks to obstruct Crowl's defense, justifying dismissal of this baseless lawsuit.

## V. CONCLUSION

The Amended Complaint (Dkt. 15) fails to state a claim under the *Lanham Act* and *RCW 19.86*, lacking specific allegations of trade or commerce and relying on conclusory, speculative assertions that conflate embarrassment with actionable harm. Plaintiff's attempt to suppress Crowl's political discourse as a PCO and individual, its failure to pursue SOS and DOR remedies, and its bad faith—evidenced by unresponsiveness to Crowl's demand letter response, retaliatory social media posts, and media engagement—bar its claims. Crowl's actions are protected by the First Amendment in both capacities. Improper service, potential service immunity, and Plaintiff's vexatious litigation warrant dismissal or quashing. Defendant Crowl respectfully requests the Court dismiss the complaint with prejudice, quash service, and grant such other relief as deemed just, including consideration of sanctions for Plaintiff's bad faith litigation.

**DATED: July 11, 2025**

**Respectfully submitted,**

/s/ Eric Crowl

**Eric Crowl, Pro Se, Defendant**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY (an unincorporated association) | **Case No:** 3:25-cv-05251-SKV |
| *Plaintiff*, | **DECLARATION OF ERIC CROWL** |
| v. | |
| ERIC CROWL (*an individual*), | |
| PIERCE COUNTY REPUBLICAN PARTY (a *nonprofit corporation*), | |
| WASHINGTON47 PAC (*a nonprofit corporation*), | |
| *Defendants* | |

**DECLARATION**

**COMES NOW,** Declarant, Eric Crowl, and submits this declaration in support of various motions and other pleadings:

**1.** I am a natural born Citizen of the United States of America, residing in Pierce County, Washington.

**2.** I am an elected official – a Precinct Committee Officer (PCO) for District 28-556 in Pierce County Washington, for the Republican Party.

**3.** My use of the name "Pierce County Republican Party" has been used as a protected-speech exercise:

**a.** To bring public attention to the Plaintiff's failure to register and secure their namesake(s); and

**b.** To mock, parody, criticize, ridicule, and otherwise make fun of Plaintiff in various capacities; and

**c.** To bring public attention to the exclusion of myself, and others, from "membership in good standing" with the Pierce County Republican Party unincorporated association; and

**d.** To engage in political discourse as both an individual and an elected official.

**4.** I have attached, hereto, various social media posts, Exhibit A, of statements made by Plaintiff and their Executive Board, organization members, their process server (in this case), and others showing malicious intent and otherwise controverting various statements and 'facts' alleged in their pleadings.

**5.** I have attached, hereto, an Exhibit B, showing I contacted Plaintiff (through their Attorney Conner Edwards) prior to expiration of the "deadline" set by Plaintiff (on 3/17/2025). I can further attest that Mr. Edwards and Plaintiff never responded to the letter, showing bad faith to resolve the issue, instead running to the court to take court action. I can further attest that this letter was sent by Postal Mail and E-Mail and also posted on social media for public view (and that Plaintiff read it).

**6.** I have attached, hereto, an Exhibit C, showing various social media posts, showing public acknowledgement and disclosure of distinctness, satire, mockery, ridicule, etc of Plaintiff.

**7.** I have submitted Declarations, on the court docket, from voters in the State of Washington also attesting that they understood the use of the name was protected speech, and that the Plaintiff is acting maliciously.

**8.** I am aware that Plaintiff knew of such protected speech purposes and clear distinguishment, even attending my X Spaces and reading / replying to my social media posts where it was discussed, yet filed this frivolous lawsuit anyways.

**9.** I am aware that Plaintiff was also informed of such purposes by its own members in good standing.

**10.** Dave McMullan, as evidenced by social media posts attached hereto, in Exhibit A, appears to have brought this lawsuit for the purpose of malicious intent, and continues to promote (publicly) and in pleadings a knowingly false narrative about the circumstances and basis for the use of the name and phrase "Pierce County Republican Party" by Defendants in this case (including myself).

**11.** I removed the Facebook page titled "Pierce County Republican Party", prior to the deadline (set by Plaintiff) expiring. I did so out of an abundance of caution, as Plaintiff was being unresponsive and engaging in other threatening behavior (even though Plaintiff was aware I was mocking them).

**12.** I am currently unable, and have been unable, to dissolve the Pierce County Republican Party non-profit corporation as Plaintiff filed this frivolous lawsuit, blocking me from doing so. I did not dissolve it before this lawsuit was filed, because I was waiting on Plaintiff to respond with documentation about their exclusive right to use the name. Plaintiff did not respond. Plaintiff's timeline allowed no time for any discussion about resolving this issue, it was a one-sided demand.

**13.** Plaintiff has not taken any steps that I am aware of to use Administrative Procedures in the State of Washington (or otherwise) to resolve their claim of exclusive use-rights (even when used absent any commerce or trade).

**14.** It is widely known that the use of the name is protected speech, and such use was widely announced to the public. In fact, the narrative that it is not has been exclusively pushed by the PCRP (including public postings they have made, and contacting media to push such a fake narrative).

**15.** The News Tribune published an article titled: "Pierce County Republican Party urges judge: Stop the 'Pierce County Republican Party'", which is available at this url: https://www.thenewstribune.com/news/local/article303291126.html

**a.** "In an interview with The News Tribune, Crowl called the suit's allegations contrived and driven by personal animus toward him. "At no point have I attempted to conduct business as the Pierce County Republican Party," he said."

**b.** "Asked whether the party should have registered its name to prevent someone else from doing so, Edwards noted that most county parties don't file for incorporation. "It's not an oversight," he said."

**c.** "He [Crowl] declined to specify his reasons for registering the party's name, citing the pending litigation."

**d.** ""From our perspective, it seems that he is trying to steal the brand and trying to claim that he owns the party," Pierce County Republican Party attorney Conner Edwards told The News Tribune."

**e.** "The [PCRP Trademark] lawsuit was preceded by a conflict that arose in November when the party's Executive Board [Chaired by Dave McMullan] unanimously voted to deny Crowl entry into the party's biennial reorganization meeting held the following month in Puyallup. Crowl was excluded from the meeting despite winning election for precinct committee officer (PCO) in August in a race that Edwards said was uncontested."

**16.** Plaintiff, Pierce County Republican Party, alleges that I proclaimed to be THEIR party organization's new chair. This is materially false. The use was that of the Pierce County Republican Party non-profit corporation, which is not the Pierce County Republican Party unincorporated association. In fact, this parodical posting and other discussions seems to have triggered Plaintiff's Chairman, Dave McMullan, who was a political opponent – as I was running a campaign to unseat him during the Biennial Reorganization for 2024. In retaliation for running against him, he lead a vote to exclude from the organization. After seeing this post (obviously mocking him and the organization) he set out a course to sue me without regard for basic matters of law, as a matter of malice. This further included using this lawsuit to invade the privacy of myself, and my family, and engage in a broad smear campaign to otherwise defame, harass, and bully me. The intent and purpose as such was to prevent me from meaningfully participating in political discourse.

**17.** Plaintiff, Pierce County Republican Party, further alleges that I have used THEIR name on social media, including during live audio rooms on X advertised as "Pierce County Republican Party — Press Availability." This is also materially false. The name used (and advertised in such forums) was that of the Pierce County Republican Party non-profit corporation. It was widely and openly discussed to all attendees. This includes several members of Plaintiff's organization, in fact. In fact, prior to even registering the name, it was widely and publicly discussed, and again – this included participation by Elected PCO's / PCRP members "in good standing" and other Elected PCO's within Pierce County (and across the State).

**WHEREAS,** Declarant hereby submits this information to the court.

---

**I declare that the statements made herein are true and correct, to the best of my ability and recollection, and made in good faith.**

**/s/ Eric Eugene Crowl** 7/11/2025

**Eric Crowl, Declarant / Defendant, Pro Se** **Date**

**EXHIBIT A**

Various Social Media Posts



Post

Dave McMullan
@davemcmullan64

Someone's getting sued.

1:56 PM · Mar 8, 2025 · 19 Views



Dave McMullan
Mar 19 ·

Only two more days before Eric Crowl sets himself up for financial ruin. Fantasy ends and reality bites. The Outrage will be real. And remember, by midnight at the end of March 21 that UBI on the SOS site must be gone or it's off to the races. FAFO. I hope his insider informant is giving him good information but I've never heard anything intelligent coming from that person.

26 2 comments 1 share

**Pierce County Republican Party's Post**

**Pierce County Republican Party**
March 8 at 6:05 AM ·

PSA: Always be watchful on Facebook for people who are frauds and deceitful trying to fool followers with fake pages and lies about identity. Sometimes it's an outrage. Know the sources of these dishonest attention seeking trolls. Some never learn and they get sued in court.
We now return to our regular scheduled program.

28 · 3 shares

Like · Comment · Send · Share

**Dave McMullan**
41m ·

You ever sit down with an attorney and learn about asset foreclosure and wage garnishment? It's fascinating how that works. Good information to have if one needs to get a judgement paid from someone.

10


Christopher Gergen
21h ·
Jenifer Alexandra Short
Funny there is a coup attempt taking place against the Pierce County GOP this week by the Semi Bird clan. Washington 47 PAC filed with the WA Secretary of State on March 4th declaring they own the Pierce County Republican Party.
16h Like Reply 2
Dave McMullan
Jenifer Alexandra Short Eric and all the rest posting support will all be sued
9h Like Reply 2



Brian Wolk
@bwolk_

It's officially Crowl trolling season again 🤣🤣🤣

2:34 PM · Mar 9, 2025 · **35** Views

2



Dave McMullan
Apr 4 ·

Seems like Eric wants to deflect everything from his upcoming court case from our lawsuit. Still waiting for his "legal teams" response as required by the court. And by now he is aware he can not Pro Se his representation.

12 5 comments

Like Send Share



**Dave McMullan**
6d ·

LOL, Ericpoo served me. Thank you Ericpoo for giving me permission to further crush you into oblivion. I'll extract recourse from even that weird fantasy world you frequent. Game on, afternoon delight

What's the goal of the game?
Ericpoo's mo
What's the story behind Ericpoo?
What games

31
24 comments

Like
Send
Share

35 >

All comments

**Dave McMullan**
I also can't wait to go after your self proclaimed caught on tape saying so insider informant.

7w Like 2

**Heather Waldrop**
He should have to pay your attorneys fees!!

7w Like 2

**Dave McMullan**
Heather Waldrop he will

7w Like 4

**Kristina A Mitchell**
Just file an improper service again! lol

3w Like

**Dave McMullan**
Kristina A Mitchell the retard is too much fun

3w Like 2

**Kristina A Mitchell**
Dave McMullan he is so retarded

3w Like



**Dave McMullan**
Mar 24 ·

Eric Crowl is getting served his paperwork today. I had to laugh at how many people volunteered to be the person serving the paperwork to Outhouse. My attorney and I also got a good laugh out of the gobblygook nonsense he sent in response to our demand, written by himself and not a legal team of experts as he claimed he had on the case. His claims of doxxing are disputed by his own posts when he was posting mine and other pcrp officers home addresses. I do pity this moron but he has it coming.


Dave McMullan
Mar 22 ·
Eric Crowl is now toast. It's an outrage he didn't comply but a fool with zero common sense will soon learn and pay for his incompetence and deceit. His attempted theft of our brand shall not go unpunished.
37
6 comments
Like
Send
Share

**Pierce Gop**
@PierceGop

Fun and games are over now Eric.

We are going to protect our brand and it's in your best interests to drop the social media page, cancel the UBI, and just go away. Or, we'll see you in court. You won't like that. @OutragePNW @Washington47PAC

PIERCE COUNTY REPUBLICAN PARTY

**Pierce County Republican Party**
**10209 Bridgeport Way SW, #C-1**
**Lakewood, WA 98499**
**(253) 722-5353**

March 8, 2025

Eric Crowl
10002 112th St SW
Lakewood, WA, 98498
Eric.Crowl@CitizenObservers.org
*Mailed & Sent Electronically*

Mr. Crowl:

The purpose of this letter is to demand that you cease using the name of the Pierce County Republican Party. You do not have permission from the Pierce County Republican Party to use the organization's name or to make filings on the organization's behalf.

First, we are demanding that you amend the name of the nonprofit corporation that you have recently formed (UBI: 605-777-314). You listed the name of your nonprofit corporation as "Pierce County Republican Party". Filing false information with the Secretary of State in an application to create a nonprofit corporation constitutes a criminal offense. See RCW 43.07.210.

Second, we are demanding you amend the name of the Facebook page you have recently created (https://www.facebook.com/PierceCountyRepublicanParty).

Finally, we are demanding that you cease any further similar uses of the name Pierce County Republican Party. Again, you do not have permission from the Pierce County Republican Party to use the organization's name or to make filings on the organization's behalf.

If you fail to comply with this request by March 21, 2025, the Pierce County Republican Party intends to pursue all available legal recourse.

Sincerely,

**Conner Edwards**
Attorney for Pierce County Republican Party
WSBA #62961

Last edited 6:20 PM · Mar 9, 2025 · **6,712** Views

**Dave McMullan**
Mar 21 ·

Eric, baby! Today is the day we have been working toward. Decision day! Getting your ass sued into oblivion day! It's ready to go buddy. Contact our attorney TODAY with all proper documents that you have canceled the UBI number and all related attempted fraudulent materials or see you in court. End of the road "Chairman".




35 1 comment



**Dave McMullan**

Apr 1 ·

Eric, FAFO. This, my friends is a great article explaining and exposing Eric Crowl and why he is getting sued by the PCRP, why he was denied membership and banned from the Pierce County Republican Party, and the unexpected capture of a fugitive who happens to be his son living with him for heinous crimes in Oregon. Thanks for the media support Brandi Kruse

**Brian Wolk**
Jason Mcsprouland the voices in Eric's head 🤣🤣🤣
6w Like 2 👍

**Jason Mcsprouland**
Brian Wolk he is a legend in his own mind
6w Like 2 👍😆

**Robert Parker**
Jason Mcsprouland He is a legend alright, after last night anyway.
5w Like 2 👍

**Dave McMullan**
Mar 14 ·

Hey angry bird, you gonna roll the dice to your own destruction? Today is your lucky number 7, do the right thing Eric or it will hurt.



**Dave McMullan**
Angela Faire he is a very weird dude and I believe he his primary mission is attention

6w Like 2



**Dave McMullan**

Mar 18 ·

Winding down Eric, the lawsuit waits for you to be foolish and negligent in your obligation to do the right thing and erase your fraud on your own, no more bullshit about doxxing and your imaginary law team. 3 more days Eric, just 3 more. Stop playing the victim since that is as fraudulent as your attempt to steal our brand and legal entity. You can do it Eric, you can stop your legal destruction by doing as instructed in the letter. C'mon Eric, you can do it.

34 14 comments

**Dave McMullan**
@davemcmullan64

I'm so honored to be cast with the amazing, true leadership and relevant players in Washington Republican politics. Thank you Eric. Meanwhile, as you remain a worthless, irrelevant troll you should start preparing yourself for a lawsuit that will certainly take a lot of your time and money. I would like to say it's game over for you but it's only beginning. FAFO Outhouse PMS

> **Outrage PNW**
> @OutragePNW
>
> **HUGE FAIL: So, basically every single initiative pushed by the Project 42 / Future 42 / Mainstream Republicans / Uniparty of Washington cabal is toast.**
>
> **Complete waste of time and money. Another grand delivery-fail by Brian Heywood, Steve Gordon, Dave McMullan, Brandi Kruse, et al.**
>
> **Meanwhile, Republicans in Washington State Republicans are waiting for leadership to grab Trump's attention.**
>
> > **Lynnwood Times** @LynnwoodTi... · 9h
> > 🚨 **BREAKING: KING COUNTY SUPERIOR COURT JUDGE RULED THE PROTECT NATURAL GAS INITIATIVE UNCONSTITUTIONAL**

6:31 AM · Mar 23, 2025 · **26** Views

**Pierce County Republican Party**
6h ·

Fun and games are over now Eric, We are going to protect our brand and it's in your best interests to drop the social media page, cancel the UBI, and just go away. Or, we will see you in court. You won't like that.

PIERCE COUNTY REPUBLICAN PARTY

**Pierce County Republican Party**
**10209 Bridgeport Way SW, #C-1**
**Lakewood, WA 98499**
**(253) 722-5353**

March 8, 2025

Eric Crowl
10002 112th St SW
Lakewood, WA, 98498
Eric.Crowl@CitizenObservers.org
*Mailed & Sent Electronically*

Mr. Crowl:

The purpose of this letter is to demand that you cease using the name of the Pierce County Republican Party. You do not have permission from the Pierce County Republican Party to use the organization's name or to make filings on the organization's behalf.

First, we are demanding that you amend the name of the nonprofit corporation that you have recently formed (UBI: 605-777-314). You listed the name of your nonprofit corporation as "Pierce County Republican Party". Filing false information with the Secretary of State in an application to create a nonprofit corporation constitutes a criminal offense. See RCW 43.07.210.

Second, we are demanding you amend the name of the Facebook page you have recently created (https://www.facebook.com/PierceCountyRepublicanParty).

Finally, we are demanding that you cease any further similar uses of the name Pierce County Republican Party. Again, you do not have permission from the Pierce County Republican Party to use the organization's name or to make filings on the organization's behalf.

If you fail to comply with this request by March 21, 2025, the Pierce County Republican Party intends to pursue all available legal recourse.

Sincerely,

**Conner Edwards**
Attorney for Pierce County Republican Party
WSBA #62961

37 · 2 comments · 1 share

Like · Comment · Send · Share

# EXHIBIT B

Reply Letter sent to Plaintiff by Defendant, prior to the suit being filed.

**Monday, March 17th, 2025**

**TO:** Conner Edwards
P.O. Box 12082
Seattle, WA 98102

**CC:** Legal; File

**RE:** Conner Edwards Demand Letter (3/8/2025)

**FIRST RESPONSE TO CONNER EDWARDS DEMAND LETTER**
**(AS RECEIVED ON 3/12/2005; AND REVIEWED ON 3/14/2025)**

**Mr. Edwards,**

I do not recognize the legal entity name you allege to be contacting me on behalf of – I am unable to locate it under any authoritative system of record. As such, please provide me with true copies of authoritative documentation showing the identity of the organization you allege to be representing.

Further, please also provide me with any authoritative documentation regarding exclusive ownership interests to the names / phrases as alleged in your letter.

In all cases (based on the claims and demands expressed in your letter) – I am clearly not the proper legal person to contact to resolve any of the disputes or demands alleged therein.

I do not consent, nor am I able to respond, to any electronic communications of any kind regarding this matter. Please ensure that any future correspondence regarding this matter is sent to me by certified postal mail.

Under no circumstance should your client be attempting to contact me directly (by postal mail or otherwise) – since you have identified yourself as the representing attorney.

**Regards.**

**Eric Eugene Crowl**

**Page 1 of 1**

**EXHIBIT C**

Various social media posts showing clear use of parody, and clearly showing business registration to distinguish identity.





Post

Washington47 PAC
@Washington47PAC

**THREAD:** The "Pierce County Republican Party" as a Section 527 non-profit corporation.

This thread contains information about the registration of our new NPC in the State of Washington.

Washington47 PAC @Washington47PAC · Mar 4
Congratulations, on this historic day - we are now the proud owners of the Pierce County Republican Party.

We look forward to serving our constituents within Pierce County, Washington from our Lakewood, WA headquarters.

UNITED STATES OF AMERICA
The State of Washington
Secretary of State

I, STEVE R. HOBBS, Secretary of State of the State of Washington and custodian of its seal, hereby issue this

ARTICLES OF INCORPORATION

to

PIERCE COUNTY REPUBLICAN PARTY

A WA NONPROFIT CORPORATION, effective on the date indicated below.

Effective Date: 03/04/2025
UBI Number: 605 777 314

THE SEAL OF THE STATE OF WASHINGTON 1889

Given under my hand and the Seal of the State of Washington at Olympia, the State Capital

Steve R. Hobbs, Secretary of State
Date Issued: 03/04/2025

12:16 PM · Mar 9, 2025 · **1,266** Views



Washington47 PAC
March 4 at 11:19 AM

Congratulations, on the historic day (of 3/4/2025) celebrating the start of the US Federal Government in 1789 - we became the proud owners of the Pierce County Republic... See more

UNITED STATES OF AMERICA

The State of Washington

Secretary of State

I, STEVE R. HOBBS, Secretary of State of the State of Washington and custodian of its seal, hereby issue this

ARTICLES OF INCORPORATION

to

PIERCE COUNTY REPUBLICAN PARTY

A WA NONPROFIT CORPORATION, effective on the date indicated below.

Effective Date: 03/04/2025
UBI Number: 605 777 314

THE SEAL OF THE STATE OF WASHINGTON 1889

Given under my hand and the Seal of the State of Washington at Olympia, the State Capital

Steve R. Hobbs, Secretary of State

Date Issued: 03/04/2025

See insights and ads Boost post

6 2 comments

Like Comment Share

View more comments

Mark Moore
Greatest troll in the history of humanity

Well played

2w Love Reply Hide 2

**Washington47 PAC**
@Washington47PAC

For anyone who has any questions, the "Pierce County Republican Party" registered with the Washington Secretary of State -- is owned by the Washington47 PAC:



Secretary of State
Corporations & Charities Division

Filed
Secretary of State
State of Washington
Date Filed: 03/04/2025
Effective Date: 03/04/2025
UBI #: 605 777 314

ARTICLES OF INCORPORATION

UBI NUMBER
UBI Number: **605 777 314**

BUSINESS NAME
Business Name: **PIERCE COUNTY REPUBLICAN PARTY**

NONPROFIT GROSS REVENUE CERTIFICATION
Did the Nonprofit Corporation certify that the Gross Revenue is less than $500,000? - **Yes**

CHARITABLE NONPROFIT CORPORATION
Is the Nonprofit Corporation a Charitable Nonprofit as defined by RCW 24.03A.010(6)? - **No**

PURPOSE OF CORPORATION
**POLITICAL PARTY**

PURPOSE OF CORPORATION - STAFF CONSOLE CONFIRMATION
Customer provided purpose of corporation? - **Yes**

ANY OTHER PROVISIONS
Required by IRS for Tax Exempt Status https://www.irs.gov/

REGISTERED AGENT RCW 23.95.410

| Registered Agent Name | Street Address | Mailing Address |
|---|---|---|
| WASHINGTON47 PAC | 10002 112TH ST SW, LAKEWOOD, WA, 98498-1602, UNITED STATES | 10002 112TH ST SW, LAKEWOOD, WA, 98498-1602, UNITED STATES |

REGISTERED AGENT CONSENT
Customer provided Registered Agent consent? * - **Yes**

DURATION
Duration: **PERPETUAL**

EFFECTIVE DATE
Effective Date: **03/04/2025**

INCORPORATOR ENTITY PAC UNITED STATES

INCORPORATOR SIGNATURE - ATTESTATION
☑ By adding each Incorporator, the business attests that the incorporator signature(s) have been obtained.

INCORPORATORS SIGNATURE CONFIRMATION
Signature of each incorporator has been provided? - **Yes**

DISTRIBUTION OF ASSETS
**ALL ASSETS WILL BE DISTRIBUTED IN ACCORDANCE WITH RCW 24.03A.906 BY A SIMPLE MAJORITY VOTE OF THE BOARD OF DIRECTORS, OR IN THE ALTERNATIVE AT THE DIRECTION OF ANY SURVIVING TRUSTEES. SUCH DISTRIBUTION SHALL CONSIDER THE NATURE OF THE ASSET (SUCH AS CHARITABLE, NON-CHARITABLE) AND ANY STIPULATIONS ATTACHED TO AN ASSET REQUIRING RETURN, TRANSFER, OR CONVEYANCE -- IN ACCORDANCE WITH STATE LAW.**

DISTRIBUTION OF ASSETS PROVIDED
Customer provided information on distribution of assets? - **Yes**

RETURN ADDRESS FOR THIS FILING
Attention:
Email:
Address:

UPLOAD ADDITIONAL DOCUMENTS
Name Document Type

9:35 PM · Mar 7, 2025 · **443** Views

**Washington47 PAC**
@Washington47PAC

Dave McMullan (using his personal Facebook account) just stated on the "Pierce County Republican Party" Facebook page that "Eric Crowl is getting sued", because the Washington47 PAC registered a Non-Profit Corporation "political party" with the Washington State Secretary of State.

The Secretary of State - Steve Hobbs - authorized the filing, as there are no registered organizations or trademarks or service-marks registered with the State of Washington SOS [or any other relevant authority] for the "Pierce County Republican Party".

The Washington47 PAC is registered NON-PROFIT CORPORATION in the State of Washington and is registered with the IRS as well as a Section 527 Organization with the IRS.

9:32 PM · Mar 7, 2025 · **331** Views

**Washington47 PAC** @Washington47PAC · Mar 7

For anyone who has any questions, the "Pierce County Republican Party" registered with the Washington Secretary of State -- is owned by the Washington47 PAC:


Secretary of State
Corporations & Charities Division

ARTICLES OF INCORPORATION

UBI NUMBER

BUSINESS NAME

NONPROFIT GROSS REVENUE CERTIFICATION

CHARITABLE NONPROFIT CORPORATION

PURPOSE OF CORPORATION

POLITICAL PARTY

ANY OTHER PROVISIONS

REGISTERED AGENT

REGISTERED AGENT CONSENT

DURATION

EFFECTIVE DATE

1 · 2 · 12 · 459

Add another post

**Ted Flags** @FlagsTed · Mar 7

FAFO😃




1 · 2 · 61

**Outrage PNW**
@OutragePNW

Promote

RUMOR MILL: I can't speak for other people, but I can definitely confirm that I am NOT engaging in any coup-attempt to take over the Pierce County Republican Party Central Committe aka "Pierce GOP", aka "Pierce County GOP"...

I can further confirm that I am not part of any Clan.

I can further confirm that at no point have I made any claims to be the owner of the Pierce County Republican Party Central Committee, or acting on behalf of (or for) them.

**Christopher Gergen**
21h ·

**Jenifer Alexandra Short**
Funny there is a coup attempt taking place against the Pierce County GOP this week by the Semi Bird clan. Washington 47 PAC filed with the WA Secretary of State on March 4th declaring they own the Pierce County Republican Party.

16h Like Reply 2

**Dave McMullan**
Jenifer Alexandra Short Eric and all the rest posting support will all be sued

9h Like Reply 2

7:38 PM · Mar 11, 2025 · **1,678** Views

**S.A. Dupres**
@Susan_Dupres

Washington State

March 9, 2025

WASHINGTON47 PAC PRESS RELEASE:

**New Chairman of the Pierce County Republican Party**

~~~

Everywhere you go
Sunshine follows you
And everywhere you go
Skies are always blue
Children love you
They seem to know
That you bring roses out of the snow
And the whole world says "hello"
Everywhere you go

Willie Nelson
Album: Moonlight Becomes You

Post by @Washington47PAC x.com/Washington47PA...
~~~

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY (an unincorporated association) *Plaintiff*, v. ERIC CROWL (*an individual*), PIERCE COUNTY REPUBLICAN PARTY (a *nonprofit corporation*), WASHINGTON47 PAC (*a nonprofit corporation*), *Defendants* | **Case No:** 3:25-cv-05251-BHS **MOTION TO RECONSIDER; AND VACATE OR MODIFY ORDER OF ENTRY OF DEFAULT** |

## I. INTRODUCTION

**COMES NOW, Defendant Eric Crowl,** appearing pro se, respectfully moves this Court under Local Civil Rule (LCR) 7(h) for reconsideration of its July 10, 2025, order entering default against Defendants Pierce County Republican Party and Washington47 PAC (Dkt. 43). The Plaintiff alleges joint and several liability among all Defendants as joint tortfeasors for alleged violations of the *Lanham Act* and *Washington Consumer Protection Act* (Dkt. 15, ¶ 5.4). As a non-defaulting defendant actively defending this case through a Rule 12(b)(6) motion to dismiss (filed July 8, 2025), Mr. Crowl requests that the Court reconsider the entry of default to avoid the risk of inconsistent judgments, as cautioned by *Frow v. De La Vega, 82 U.S. 552 (1872)*, and Ninth Circuit precedent. Alternatively, Mr. Crowl requests that the Court clarify that no default judgment will be entered

against the defaulting Defendants until his liability is resolved, or declare that joint tortfeasor liability will not apply if Mr. Crowl prevails in his defense.

## II. BACKGROUND

**1.** Plaintiff Pierce County Republican Party filed this action on April 12, 2025, alleging that Defendants Eric Crowl, Pierce County Republican Party, and Washington47 PAC violated Section 43(a) of the *Lanham Act (15 U.S.C. § 1125(a))* and the *Washington Consumer Protection Act (RCW 19.86.020* by using the "Pierce County Republican Party" name, causing confusion and reputational harm (Dkt. 15).

**2.** The Plaintiff claims that all Defendants are jointly and severally liable, alleging that Mr. Crowl "authorized, directed and/or endorsed" the actions of the nonprofit corporations (Dkt. 15, ¶¶ 1.5, 5.4).

**3.** On June 13, 2025, Defendants were allegedly served with the Amended Complaint (Dkt. 31-1). Mr. Crowl filed a Rule 12(b)(6) motion to dismiss on July 8, 2025, avoiding default (Dkt. 43).

**4.** Defendants Pierce County Republican Party and Washington47 PAC, nonprofit corporations, did not file responses, as they require representation by a licensed attorney under *RCW 2.48.170*. Mr. Crowl, as a pro se litigant, cannot represent them.

**5.** On July 8, 2025, Plaintiff moved for entry of default against all Defendants (Dkt. 31). On July 10, 2025, the Court granted default against Defendants Pierce County Republican Party and Washington47 PAC but denied default against Mr. Crowl (Dkt. 43).

**6.** The Plaintiff's motion sought only entry of default, not a default judgment (Dkt. 43, fn. 1). No motion for default judgment has been filed to date.

## III. LEGAL STANDARD

Case: 25-7707, 09/01/2026, DktEntry: 15.4, Page 242 of 281

Under *LCR 7(h)(1)*, the Court may reconsider an order to correct "manifest error" or address new facts or law. A default may be set aside under *FRCP 55(c)* for "good cause." In cases of joint tortfeasor liability, the *Frow* principle advises against default judgments against some defendants while others actively defend, to avoid inconsistent judgments (*Frow v. De La Vega, 82 U.S. 552 (1872)*; *In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001)*). This principle extends to entries of default in joint liability cases to prevent prejudice to non-defaulting defendants (*Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 1005-09*).

## **ARGUMENT**

The Court's entry of default against Defendants Pierce County Republican Party and Washington47 PAC (Dkt. 43) risks inconsistent judgments due to the Plaintiff's claim of joint and several liability, warranting reconsideration under *LCR 7(h)*. Mr. Crowl, as a non-defaulting defendant, respectfully requests that the Court either set aside the default, clarify that no default judgment will be entered until his liability is resolved, or declare that joint tortfeasor liability will not apply if he prevails.

- **Joint and Several Liability Triggers the Frow Principle**

The Plaintiff alleges that all Defendants are jointly and severally liable as joint tortfeasors for the same alleged harm—confusion and reputational damage from the use of the "Pierce County Republican Party" name (Dkt. 15, ¶¶ 4.4, 5.4). The complaint asserts that Mr. Crowl directed the nonprofits' actions, making the claims factually intertwined (Dkt. 15, ¶ 1.5). Under *Frow v. De La Vega*, courts should avoid default judgments in joint liability cases until all defendants' liability is determined to prevent inconsistencies, such as the nonprofits being held liable while Mr. Crowl prevails on his *Rule 12(b)(6)* motion (*Frow, 82 U.S. at 554; In re First T.D., 253 F.3d at 532*). The Ninth Circuit applies *Frow* to joint tortfeasor cases, including *Lanham Act* claims, where claims are

Case: 25-7797, 09/01/2026, DktEntry: 15.4, Page 243 of 281

interdependent (*Shanghai Automation, 194 F. Supp. 2d at 1008-09*). Here, a default judgment against the nonprofits risks finding them liable for trademark infringement or unfair practices, while Mr. Crowl's defense may show no protectable trademark or no confusion or no liability whatsoever (for other various causes), creating a logical inconsistency.

- **The Entry of Default Affects Mr. Crowl's Defense**

The entry of default sets the stage for a potential default judgment, which could prejudice Mr. Crowl's defense. As a pro se litigant facing joint and several liability, a judgment against the nonprofits could impose personal liability on Mr. Crowl, even if he prevails (Dkt. 15, ¶ 5.4). The Court's order did not address the *Frow* principle, constituting a manifest error under *LCR 7(h)*, as it overlooked the risk of inconsistent judgments in a joint liability case; and the court must address joint tortfeasor liability for Mr. Crowl in regards to an entry of default.

- **Good Cause Exists to Reconsider or Clarify**

Under *FRCP 55(c)*, the Court may set aside a default for "good cause." The joint liability allegation provides good cause to reconsider the default to align with *Frow*. Alternatively, clarifying that no default judgment will be entered until Mr. Crowl's liability is resolved, or declaring that joint tortfeasor liability will not apply if he prevails, ensures fairness and consistency. In all cases, should Mr. Crowl prevail on his motion to dismiss, it would apply to all Defendants; and an entry of default would be moot. Reconsideration or clarification would also address this.

- **Alternative Remedy: Declaring No Joint Liability if Mr. Crowl Prevails**

If Mr. Crowl prevails on his *Rule 12(b)(6)* motion or at trial (e.g., by showing no trademark violation or no unfair practices), joint tortfeasor liability should not apply to the defaulting Defendants (or to any defendant). The Plaintiff's claims hinge on Mr. Crowl's alleged direction of the nonprofits' actions

(Dkt. 15, ¶ 1.5). The Plaintiff's claims further hinge on subject-matter jurisdiction. A finding that Mr. Crowl is not liable would undermine the basis for liability against the nonprofits, as their actions are not alleged to be independent. Declaring this now aligns with *Frow*'s goal of avoiding inconsistent judgments and protects Mr. Crowl from liability stemming from the nonprofits' default.

- **No Prejudice to Plaintiff**

Reconsidering the default, delaying a default judgment, or declaring no joint liability if Mr. Crowl prevails will not prejudice the Plaintiff. Plaintiff intends to hold all parties liable equally. The case is in early stages, and Mr. Crowl's active defense will address the same legal and factual issues. The Plaintiff's claims rely on Mr. Crowl's alleged actions (Dkt. 15, ¶ 1.5), making resolution of his case critical to the nonprofits' liability (or even the validity of the case in its entirety, regardless of named Defendants).

## RELIEF REQUESTED

Mr. Crowl respectfully requests that the Court:

**(i)** Reconsider and set aside or vacate the entry of default against Defendants Pierce County Republican Party and Washington47 PAC (Dkt. 43) under *LCR 7(h)* and *FRCP 55(c)* to avoid inconsistent judgments in this joint tortfeasor case; or

**(ii)** Alternatively, clarify that no default judgment will be entered against Defendants Pierce County Republican Party or Washington47 PAC until Mr. Crowl's liability is resolved, per *Frow v. De La Vega*; or

**(iii)** Alternatively, declare that joint tortfeasor liability enjoining Mr. Crowl will not apply to Defendants Pierce County Republican Party or Washington47 PAC in the event Mr. Crowl prevails in

Case: 25-7707, 09/01/2026, DktEntry: 15.4, (245 of 281)

his defense; and that should Mr. Crowl establish dismissal is warranted, that it shall apply for all Defendants (in default, or not).

**(iv)** Grant such other relief as the Court deems just and proper.

---

I declare this pleading is submitted under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief, and certify that this motion is presented in good faith and in compliance with Federal Rule of Civil Procedure 11(b).

**DATED: July 10, 2025**

**Respectfully submitted,**

/s/ Eric Crowl

**Eric Crowl, Pro Se, Defendant**

Case: 25-7707, 09/01/2026, DktEntry: 15.4, Page 246 of 281

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY (an unincorporated association) *Plaintiff*, v. ERIC CROWL (*an individual*), PIERCE COUNTY REPUBLICAN PARTY (a *nonprofit corporation*), WASHINGTON47 PAC (*a nonprofit corporation*), *Defendants* | **Case No:** 3:25-cv-05251-BHS **PROPOSED ORDER FOR MOTION TO RECONSIDER; AND VACATE OR MODIFY ORDER OF ENTRY OF DEFAULT** |

Having considered Defendant Eric Crowl's Motion to Reconsider and Vacate or Modify Order of Entry of Default (Dkt. [XX]), the record, and relevvant law, including *Frow v. De La Vega, 82 U.S. 552 (1872)*, and Ninth Circuit precedent, the Court hereby **ORDERS**:

- The entry of default against Defendants Pierce County Republican Party and Washington47 PAC (Dkt. 43) is **RECONSIDERED** and **VACATED** under *LCR 7(h)* and *FRCP 55(c)* to avoid inconsistent judgments in this joint tortfeasor case; or

- Alternatively, it is **CLARIFIED** that no default judgment shall be entered against Defendants Pierce County Republican Party or Washington47 PAC until Defendant Eric Crowl's liability is resolved, pursuant to *Frow v. De La Vega, 82 U.S. 552 (1872)*; or

Case: 25-7307, 09/01/2026, DktEntry: 15.4, Page 247 of 281

- Alternatively, it is **DECLARED** that joint tortfeasor liability will not apply to Defendants Pierce County Republican Party or Washington47 PAC in the event Defendant Eric Crowl prevails in his defense, and that should Defendant Eric Crowl establish dismissal is warranted, such dismissal shall apply to all Defendants, whether in default or not.

- The Court grants such other relief as it deems just and proper.

**IT IS SO ORDERED.**

**DATED this __________ day of ______________, 2025**

/s/________________________________________

**Hon. Benjamin H. Settle**
**United States District Judge**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY (an unincorporated association)<br><br>*Plaintiff*,<br><br>v.<br><br>ERIC CROWL (*an individual*),<br><br>PIERCE COUNTY REPUBLICAN PARTY (a *nonprofit corporation*),<br><br>WASHINGTON47 PAC (*a nonprofit corporation*),<br><br>*Defendants* | **Case No:** 3:25-cv-05251-BHS<br><br>**MOTION TO RECONSIDER; AND VACATE ORDER AWARDING SERVICE FEES** |

## I. INTRODUCTION

**COMES NOW,** Defendant Eric Crowl, proceeding pro se, respectfully moves this Court, pursuant to *Federal Rule of Civil Procedure 54(d)(2)(E)*, *Local Civil Rule (LCR) 7(h)*, and the Court's inherent authority, to reconsider and vacate its Order (Dkt. 43, filed July 10, 2025) awarding Plaintiff $125 in service fees and $140 in attorney's fees under *FRCP 4(d)(2)*.

Defendant believes the Order is improper because: (1) the Court lacks personal jurisdiction over Defendant due to improper service of process, which remains unresolved; (2) the Court lacks subject-matter jurisdiction due to Plaintiff's defective claims under the Lanham Act and Washington Consumer Protection Act (RCW 19.86), as raised in Defendant's motion to dismiss (Dkt. 41); (3) service is invalid under the service immunity doctrine, as Plaintiff attempted service during Defendant's attendance at court proceedings or through luring tactics; (4) the Court failed to

evaluate "good cause" for Defendant's failure to waive service, as required by *FRCP 4(d)(2)*, and cannot do so without resolving Defendant's pending motion to quash service and dismiss (Dkt. 41); (5) service of the waiver request was defective, constituting good cause; (6) the Court erred by imposing fees without addressing the pending motion; and (7) the fee award is inequitable given Plaintiff's counsel's improper service tactics. Defendant requests that the Court vacate the fee award or, alternatively, stay enforcement pending resolution of the motion to quash service and dismiss (Dkt. 41).

## II. BACKGROUND

**1.** On June 13, 2025, Plaintiff allegedly served the amended complaint on Defendants (Dkt. 31-1). Defendant Crowl filed a notice (Dkt. 29) on June 27, 2025, asserting that service was improper due to non-receipt of the documents, alleging misconduct by Plaintiff's counsel, Conner Edwards, including unreasonable deadlines and improper service tactics, as supported by a related Pierce County Superior Court case (Case No. 25-2-07709-3). Defendant further challenged service under the service immunity doctrine, asserting that Plaintiff attempted service while Defendant was attending court proceedings or was lured into a jurisdiction for the purpose of service.

**2.** On July 8, 2025, Defendant filed a motion to dismiss the complaint and quash service (Dkt. 41) under *FRCP 12(b)(1)* for lack of subject-matter jurisdiction, *FRCP 12(b)(5)* for insufficient service, and *FRCP 12(b)(6)* for failure to state a claim for which relief may be granted. The motion argues: (a) the Court lacks subject-matter jurisdiction because Plaintiff's *Lanham Act (15 U.S.C. § 1125(a))* and *RCW 19.86* claims fail, as Defendant's actions were non-commercial, expressive political discourse protected by the First Amendment, causing no voter confusion (Dkt. 41, pp. 3-5); (b) service was improper due to non-receipt, service immunity violations, and counsel's misconduct (Dkt. 41, p. 6);

Case: 25-7797, 09/01/2026, DktEntry: 15.4, Page 250 of 281

and (c) administrative remedies under *RCW 24.03A.245* and *WAC 434-112-085* preclude Plaintiff's claims (Dkt. 41, p. 6). The motion remains pending and has not been heard.

**3.** Plaintiff moved for recovery of service fees and attorney's fees under *FRCP 4(d)(2)*, claiming Defendants failed to waive service. Defendant did not respond to this motion due to the pending jurisdictional and service challenges, reliance on the service immunity doctrine, and efforts to obtain counsel (Dkt. 41, p. 3).

**4.** On July 10, 2025, the Court granted Plaintiff's motion, ordering Defendants to pay $125 in service fees and $140 in attorney's fees within 30 days, citing Defendants' failure to respond as an admission of the motion's merit under LCR 7(b)(2) (Dkt. 43). The Court did not address Defendant's challenges to personal or subject-matter jurisdiction, the service immunity doctrine, the validity of service, or whether Defendant had "good cause" for failing to waive service, as required by *FRCP 4(d)(2)*.

**5.** Defendant now moves to reconsider and vacate the fee award, as the Order is procedurally premature and improper given the unresolved jurisdictional and service issues, including the Court's failure to evaluate good cause and subject-matter jurisdiction.

## III. LEGAL STANDARD

Under *LCR 7(h)*, a motion for reconsideration is warranted if the Court manifestly erred or overlooked material facts or law, or to prevent manifest injustice. See *School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)*. Under *FRCP 54(d)(2)(E)*, the Court may reconsider an award of costs or fees for good cause. A court lacks authority to enforce monetary awards, including *FRCP 4(d)(2) fees*, without personal jurisdiction (*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)*) or subject-matter jurisdiction (*Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)*). Under *FRCP 4(d)(2)*, fees may not be imposed if the defendant shows "good cause" for failing

to waive service, such as defective service or immunity, and the Court must evaluate good cause before awarding fees. See *Fed. R. Civ. P. 4(d)(2); Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992)*. The service immunity doctrine protects non-resident defendants from service while attending court proceedings *or* when lured into a jurisdiction for service (regardless of residency). See *Lamb v. Schmitt, 285 U.S. 222, 225 (1932)*; *Waffenschmidt v. MacKay, 763 F.2d 711, 714 (5th Cir. 1985)*. Luring occurs when a plaintiff uses false pretenses, fraud, or deception to induce a defendant to enter a jurisdiction or appear at a specific place for the purpose of serving process. See *Waffenschmidt v. MacKay, 763 F.2d 711, 714 (5th Cir. 1985)* (service invalid if defendant was "fraudulently induced" into jurisdiction); *Commercial Mut. Accident Co. v. Davis, 213 U.S. 245, 256 (1909)* (service quashed where defendant was lured under pretext). Examples include using misleading communications to bring them to a location where a process server waits.

## ARGUMENT

### 1. The Court Lacks Personal Jurisdiction Due to Improper Service, Rendering the Fee Award Unenforceable

The Court's Order awarding fees under *FRCP 4(d)(2)* is improper because it lacks personal jurisdiction over Defendant Crowl due to improper service of process. Defendant's pending motion to quash service (Dkt. 41) asserts that the amended complaint was not properly served on June 13, 2025, as he did not receive the documents (Dkt. 29, p. 3). Without valid service, the Court cannot exercise jurisdiction to impose or enforce a monetary award. See *Omni Capital, 484 U.S. at 104*. The Court granted the fee award without addressing Defendant's jurisdictional challenge, constituting manifest error. See *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701-02 (1982)*. Until the Court rules on the motion to quash (Dkt. 41), the fee award is premature and unenforceable. See *Mann v. Castiel, 681 F.3d 1195, 1197 (9th Cir. 2012)*.

**2. The Court Lacks Subject-Matter Jurisdiction Due to Defective Claims**

The Court lacks subject-matter jurisdiction over this case, as Plaintiff's claims under the *Lanham Act* and *RCW 19.86* are defective, as argued in Defendant's motion to dismiss (Dkt. 41, pp. 3-5). Subject-matter jurisdiction is a threshold issue, and a court without it cannot issue enforceable orders, including *FRCP 4(d)(2)* fees. See *Steel Co., 523 U.S. at 94*.

Defendant's motion asserts:

- **Lanham Act (15 U.S.C. § 1125(a)):** Plaintiff's claim fails because Defendant's actions (registering Crowl PCRP Corp. and using social media for political discourse) were non-commercial, expressive speech protected by the First Amendment, causing no voter confusion (Dkt. 41, pp. 3-4). The Lanham Act applies only to commercial activity, not political criticism. See *Taubman Co. v. Webfeats, 319 F.3d 770, 774 (6th Cir. 2003)*. Plaintiff's speculative allegations of future harm lack factual support, failing to establish a federal question under *28 U.S.C. § 1331* (Dkt. 41, p. 3).

- **RCW 19.86:** Plaintiff's claim fails because Defendant's actions involved no "trade or commerce," as required by the statute, and caused no voter confusion (Dkt. 41, p. 5). *RCW 19.86* applies to business activities, not expressive political speech. See *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 775, 785 (1986)*. Plaintiff's reliance on speculative harm lacks evidence, negating supplemental jurisdiction under *28 U.S.C. § 1367* (Dkt. 41, p. 5).

- **Administrative Remedies and First Amendment:** Plaintiff's claims are barred by available administrative remedies through the Washington Secretary of State (*RCW 24.03A.245*; *WAC 434-112-085*) and the *First Amendment*, as Defendant's actions are core political speech (Dkt. 41, pp. 6-7). See *Falwell v. Flynt, 485 U.S. 46, 53 (1988)*.

The Court's failure to address these jurisdictional challenges before imposing fees is a manifest error, as subject-matter jurisdiction must be established for any order to be valid. See *Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006)*. The fee award must be vacated pending resolution of Dkt. 41.

**3. Service Is Invalid Under the Service Immunity Doctrine**

Defendant challenged service on the grounds of the service immunity doctrine, asserting that Plaintiff attempted service on June 13, 2025, while Defendant was attending court proceedings having been lured to a location (regardless of residency) for the purpose of service (Dkt. 29, p. 3; Dkt. 41). The doctrine protects non-resident defendants from service when present solely for court proceedings, ensuring judicial access. See *Lamb v. Schmitt, 285 U.S. 222, 225 (1932)*. Service is also invalid if effected through luring. See *Waffenschmidt v. MacKay, 763 F.2d 711, 714 (5th Cir. 1985)*. The Court's failure to address this challenge before imposing fees is erroneous, as immunity negates the validity of the waiver request and jurisdiction. See *Stewart v. Ramsay, 242 U.S. 128, 129 (1916)*.

**4. The Court Failed to Evaluate "Good Cause" as Required by FRCP 4(d)(2) and Cannot Do So Without Resolving the Pending Motions**

Under *FRCP 4(d)(2)*, the Court must not impose fees if the defendant shows "good cause" for failing to waive service, and the Court must evaluate good cause before awarding fees. See *Fed. R. Civ. P. 4(d)(2)*. The Court's Order (Dkt. 43) does not address good cause, constituting a manifest error of law. See *Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992)*. Defendant asserts good cause based on: (1) non-receipt of the waiver request (Dkt. 29, p. 3); (2) invalid service under the service immunity doctrine (Dkt. 29; Dkt. 41); and (3) Plaintiff's counsel's improper service tactics (Dkt. 29, p. 3). These issues are central to Defendant's pending motion to quash and dismiss (Dkt. 41), which also challenges subject-matter jurisdiction. The Court cannot evaluate good cause without resolving Dkt. 41, as the validity of service and the viability of Plaintiff's claims directly impact

Defendant's obligations. See *Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002)*. By imposing fees without this evaluation, the Court overlooked material facts and law.

**5. Defective Service of the Waiver Request Constitutes "Good Cause"**

Defendant has good cause for failing to waive service because the waiver request was defectively served. Defendant did not receive the documents allegedly served on June 13, 2025 (Dkt. 29, p. 3), and the service attempt violated the service immunity doctrine. *FRCP 4(d)(1)* requires proper notification, including compliant delivery. See *Fed. R. Civ. P. 4(d)(1)(A)-(G)*. Non-receipt and immunity violations constitute good cause, as Defendant could not respond to an improperly served request. See *Mason, 960 F.2d at 851*. The Court's failure to assess this issue is erroneous, and the fee award must be vacated until good cause is evaluated, which requires resolution of Dkt. 41.

**6. The Court Erred by Imposing Fees Without Resolving the Pending Motion to Quash and Dismiss**

The Court's Order is premature because it imposed fees without resolving Defendant's pending motion to quash service and dismiss (Dkt. 41), filed on July 8, 2025. The motion challenges personal jurisdiction (via improper service), subject-matter jurisdiction (via defective claims), and the merits of Plaintiff's claims, all of which are relevant to jurisdiction and good cause under *FRCP 4(d)(2)*. By granting fees without addressing this motion, the Court overlooked material facts and law, warranting reconsideration. See *LCR 7(h)(1)*. If the Court grants Dkt. 41, it will lack jurisdiction, rendering the fee award moot. See *Rio Props., 284 F.3d at 1019*. The Court should have stayed the fee award to avoid manifest injustice. See *Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)*.

**7. The Fee Award Is Inequitable Given Plaintiff's Counsel's Improper Service Tactics**

Case: 25-7707, 09/01/2026, DktEntry: 15.1, Page 255 of 281

The fee award is inequitable due to Plaintiff's counsel's improper service tactics. Defendant's notice (Dkt. 29, p. 3) cites Pierce County Superior Court Case No. 25-2-07709-3, where counsel, Conner Edwards, was added as a defendant for intrusive service attempts. These tactics, including unreasonable deadlines, frivolous filings, and potential luring, undermine the legitimacy of Plaintiff's waiver request. *FRCP 4(d)(2)* encourages cooperation, not bad-faith tactics. Imposing fees on Defendant, a pro se litigant challenging improper service and seeking counsel (Dkt. 41, p. 3), is unjust. See *Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)*.

**8. Defendant's Non-Response to the Fee Motion Was Justified**

The Court treated Defendant's failure to respond to the fee motion as an admission of merit under *LCR 7(b)(2)* (Dkt. 43, p. 2). This was erroneous, as Defendant's non-response was justified by his pending jurisdictional challenges (personal and subject-matter), reliance on the service immunity doctrine, and efforts to obtain counsel (Dkt. 41, p. 3). As a pro se litigant, Defendant is entitled to leniency. See *Haines v. Kerner, 404 U.S. 519, 520 (1972)*. His active defense via Dkt. 41 demonstrates good faith, and the Court should not penalize him for prioritizing threshold issues.

## <u>RELIEF REQUESTED</u>

Defendant Eric Crowl respectfully requests that the Court:

**(i)** Reconsider and vacate the Order (Dkt. 43) awarding $125 in service fees and $140 in attorney's fees under *FRCP 4(d)(2)*, as the Court lacks personal and subject-matter jurisdiction, service was improper under the service immunity doctrine and otherwise defective, the Court failed to evaluate good cause as required, and good cause exists for failing to waive service.

**(ii)** Alternatively, stay enforcement of the fee award pending resolution of Defendant's motion to quash service and dismiss (Dkt. 41).

**(iii)** Grant such other relief as the Court deems just and proper.

## CONCLUSION

The Court's Order awarding service fees is premature and improper because it lacks personal and subject-matter jurisdiction, fails to address improper service under the service immunity doctrine, neglects to evaluate "good cause" as required by *FRCP 4(d)(2)*, and overlooks Defendant's pending motion to quash and dismiss (Dkt. 41), which is essential to assessing jurisdiction and good cause. Plaintiff's counsel's improper tactics and Defendant's good-faith challenges render the award inequitable. Defendant respectfully urges the Court to vacate the fee award or stay its enforcement to prevent manifest injustice.

---

I declare this pleading is submitted under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief, and certify that this motion is presented in good faith and in compliance with Federal Rule of Civil Procedure 11(b).

**DATED: July 10, 2025**

**Respectfully submitted,**

/s/ Eric Crowl

**Eric Crowl, Pro Se, Defendant**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

PIERCE COUNTY REPUBLICAN PARTY (an unincorporated association)

*Plaintiff*,

v.

ERIC CROWL (*an individual*),

PIERCE COUNTY REPUBLICAN PARTY (a *nonprofit corporation*),

WASHINGTON47 PAC (*a nonprofit corporation*),

*Defendants*

**Case No:** 3:25-cv-05251-BHS

**PROPOSED ORDER GRANTING DEFENDANT ERIC CROWL'S MOTION TO RECONSIDER AND VACATE ORDER AWARDING SERVICE FEES**

This matter comes before the Court on Defendant Eric Crowl's Motion to Reconsider and Vacate Order Awarding Service Fees Under FRCP 4(d)(2) (Dkt. [XX]). The Court has considered the motion, the record, and all relevant pleadings, including Defendant's pending motion to quash service and dismiss (Dkt. 41), Plaintiff's filings, and any responses or replies.

**FINDINGS:**

- On July 10, 2025, the Court issued an Order (Dkt. 43) granting Plaintiff's motion for $125 in service fees and $140 in attorney's fees under FRCP 4(d)(2), citing Defendant's failure to respond as an admission of merit under LCR 7(b)(2).

- Defendant argues that the Order is improper because: (a) the Court lacks personal jurisdiction due to improper service of process, including violations of the service immunity doctrine through luring tactics; (b) the Court lacks subject-matter jurisdiction due to Plaintiff's defective claims under the Lanham Act and RCW 19.86, as raised in Dkt. 41; (c) the Court failed to evaluate "good cause" for Defendant's failure to waive service, as required by FRCP 4(d)(2), and cannot do so without resolving Dkt. 41; (d) service of the waiver request was defective, constituting

good cause; (e) the Court erred by imposing fees without addressing Dkt. 41; and (f) the fee award is inequitable due to Plaintiff's counsel's improper service tactics.

- The Court finds that reconsideration is warranted under LCR 7(h) and FRCP 54(d)(2)(E) to prevent manifest error or injustice, as the issues of personal jurisdiction, subject-matter jurisdiction, service validity, and good cause remain unresolved and are pending in Dkt. 41.

**ORDER:**

**IT IS HEREBY ORDERED that:**

- Defendant Eric Crowl's Motion to Reconsider and Vacate Order Awarding Service Fees (Dkt. [XX]) is GRANTED. The Order (Dkt. 43) awarding $125 in service fees and $140 in attorney's fees under FRCP 4(d)(2) is VACATED due to unresolved questions regarding personal jurisdiction, subject-matter jurisdiction, the validity of service under the service immunity doctrine (including luring), and the Court's failure to evaluate "good cause" as required by FRCP 4(d)(2).

- ALTERNATIVELY, if the fee award is not vacated, enforcement of the Order (Dkt. 43) is STAYED pending resolution of Defendant's motion to quash service and dismiss (Dkt. 41).

- The Court grants such other relief as it deems just and proper.

DATED this ___________ day of________, 2025.

_______________________________________

**Hon. Benjamin H. Settle**

**United States District Judge**

Case: 25-7707, 09/01/2026, DktEntry: 15.4, Page 259 of 281

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

PIERCE COUNTY REPUBLICAN PARTY )
(an unincorporated association) )
)
*Plaintiff*, )
)
v. )
)
ERIC CROWL )
(*an individual*), )
)
PIERCE COUNTY REPUBLICAN PARTY )
(a *nonprofit corporation*), )
)
WASHINGTON47 PAC )
(*a nonprofit corporation*), )
)
*Defendants* )
)

**Case No:** 3:25-cv-05251-BHS

**DEFENDANT'S MOTION TO DISMISSS; AND QUASH SERVICE**

## I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(5), Defendants Eric Crowl, Pierce County Republican Party (nonprofit corporation) ("Crowl PCRP Corp."), and Washington47 PAC move to dismiss Plaintiff Pierce County Republican Party's ("PCRP") First Amended Complaint (Dkt. 15) with prejudice. Plaintiff fails to state a claim under the Lanham Act (15 U.S.C. § 1125(a)) and the Washington Consumer Protection Act (RCW 19.86) because Defendants' actions — mere registration of a nonprofit corporation and using social media platforms (Facebook and X) discussing the "Pierce County Republican Party" — are purely expressive, non-commercial political discourse, protected by the First Amendment, which caused no voter confusion, as affirmed by third-party declarations (Dkt. Nos. 32–39).

Plaintiff presents no evidence of infringing commercial use, relying solely on conclusory, wild, and speculative claims of potential future infringing use (Dkt. 15, ¶¶ 4.2–4.3) or potential confusion.

Moreover, Plaintiff falsely claims it lacks an adequate remedy at law (Dkt. 15, ¶ 4.7), despite available administrative procedures available through the Washington Secretary of State to address any alleged confusing (or infringing) uses of the name. Additionally, the complaint should be dismissed for insufficient service of process, as Defendants did not receive proper service.

## I. BACKGROUND

Plaintiff alleges that Defendants violated the Lanham Act and RCW 19.86 by registering Crowl PCRP Corp. on March 4, 2025, and using social media (Facebook and X) named "Pierce County Republican Party" to mock and criticize Plaintiff, causing alleged voter confusion and reputational harm (Dkt. 15, ¶¶ 4.2–4.4). Defendant Crowl, a pro se litigant and elected PCO for the Republican Party (District 28-556), registered Crowl PCRP Corp. and Washington47 PAC (January 6, 2025), both non-commercial entities (Id., ¶¶ 1.3–1.4). Defendants' actions were obviously purely expressive political discourse, with no fundraising, advertising, or service provision; and these expressive acts caused no voter confusion, as confirmed by third-party declarations (Dkt. Nos. 32–39).

Plaintiff provides no evidence of commercial use, relying on speculative claims of potentially future infringing and confusing use (Dkt. 15, ¶¶ 4.2–4.3), falsely asserting it lacks an adequate remedy at law (Id., ¶ 4.7), despite administrative remedies available through the Washington Secretary of State under RCW 24.03A.245 and WAC 434-112-085 to challenge nonprofit name usage and registration. Plaintiff demanded Defendants cease using the name by March 21, 2025; and that the Facebook page was removed, but the nonprofit's name remained unchanged (Id., ¶¶ 3.7–3.8).

Case: 25-7707, 09/01/2026, DktEntry: 15.4, Page 261 of 281

On June 27, 2025, Crowl filed a notice (Dkt. 29) alleging improper service of the amended complaint on June 13, 2025, due to non-receipt, and misconduct by Plaintiff's counsel, Conner Edwards, including unreasonable deadlines and frivolous filings. A related Pierce County Superior Court case (Case No. 25-2-07709-3) supports Crowl's claims of improper service tactics (Dkt. 29, p. 3). This notice further informed Plaintiff and the courts that Defendants had taken leave to obtain counsel to represent them in this matter.  Plaintiff, ignoring such leave, filed a Motion for Default, forcing Defendants to respondent (absent counsel) herein.

## **II. LEGAL STANDARD**

Under Rule 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief can be granted. The court accepts factual allegations as true but not legal conclusions or speculative claims. *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)*. The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)*. Conclusory allegations without factual support are insufficient. *Iqbal, 556 U.S. at 678*. Under Rule 12(b)(5), a complaint may be dismissed for insufficient service of process if the plaintiff fails to comply with Rule 4. *Mann v. Castiel, 681 F.3d 1195, 1197 (9th Cir. 2012)*. The court may consider docketed documents, such as declarations (Dkt. Nos. 32–39), without converting the motion to summary judgment, as they relate to the complaint's allegations or are subject to judicial notice. *United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003)*.

## **III. ARGUMENTS**

### **1. The Complaint Fails to State a Claim Under the Lanham Act (Rule 12(b)(6))**

Plaintiff's Lanham Act claim (15 U.S.C. § 1125(a)) fails because Defendants' actions were non-commercial, expressive political discourse, protected by the First Amendment, caused no voter confusion, and lack any evidence of infringing commercial use.

Case: 25-7707, 09/01/2026, DktEntry: 15.1, Page 262 of 281

**A.** Defendants' Actions Were Non-Commercial and Outside the Lanham Act's Scope

Section 43(a) of the Lanham Act prohibits false designations of origin causing a likelihood of confusion "in commerce." 15 U.S.C. § 1125(a). The statute applies to commercial activities, not expressive speech. Bosley Med. Inst., Inc. v. Kremer, 403 F.3d 672, 676–77 (9th Cir. 2005). Defendants' actions—registering Crowl PCRP Corp. and using Facebook and X for political discourse to mock Plaintiff—were purely expressive, with no fundraising, advertising, or service provision, as confirmed by third-party declarations (Dkt. Nos. 32–39). These declarations affirm that Defendants' nonprofit and social media activity were solely for political satire, not commerce. See Mattel, Inc. v. MCA Records, Inc., 296 F.3d 894, 906 (9th Cir. 2002) (non-commercial parody exempt from Lanham Act).Plaintiff alleges voter confusion (Dkt. 15, ¶ 4.2) but provides no evidence of commercial use, relying on conclusory, speculative claims of "potential future use" without a definite basis (Id., ¶¶ 4.2–4.3). Such allegations are insufficient under Iqbal, 556 U.S. at 678. Moreover, no voters were confused, negating any likelihood of confusion. Without commercial activity, confusion, or factual allegations of infringement, the Lanham Act claim is implausible and must be dismissed.

**B.** Defendants' Expressive Political Discourse Is Protected by the First Amendment

Defendants' actions are protected political speech under the First Amendment. Crowl, as an Elected Precinct Committee Officer for the Republican Party (District 28-556, Pierce Count), used the nonprofit and social media (Facebook and X) to engage in political discourse critiquing Plaintiff, as affirmed by third-party declarations (Dkt. Nos. 32–39). *Falwell v. Flynt, 485 U.S. 46, 53–55 (1988)* (satire is protected speech). The *Rogers v. Grimaldi* test exempts expressive uses of marks unless they are explicitly misleading or lack

artistic/political relevance. *875 F.2d 994, 999 (2d Cir. 1989)*. Defendants' use of "Pierce County Republican Party" is relevant to their political criticism and, being non-commercial, is not misleading. No voters were confused, and Plaintiff's lack of evidence of commercial use further aligns this with protected speech. See *Taubman Co. v. Webfeats, 319 F.3d 770, 774 (6th Cir. 2003)* (non-commercial criticism exempt from trademark liability).

Plaintiff's claim that Defendants' actions were "knowing, deliberate, intentional, and willful" (Dkt. 15, ¶ 4.4) underscores their expressive intent (political mockery), not commercial deception. The First Amendment bars the Plaintiff's Lanham Act claim.

**2. The Complaint Fails to State a Claim Under the Washington Consumer Protection Act (Rule 12(b)(6))**

Plaintiff's RCW 19.86 claim fails because Defendants' actions were not engaging in "trade or commerce," caused no voter confusion, and lack any evidence of actual commercial use. *RCW 19.86* prohibits unfair or deceptive acts in "trade or commerce," defined as business or entrepreneurial activities. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 785, 719 P.2d 531 (1986)*. Defendants' non-commercial, expressive political discourse — via the nonprofit and social media, as affirmed by declarations (Dkt. Nos. 32–39) — involved no trade or commerce, and focused entirely on expressive political speech.

Plaintiff alleges public interest harm (Dkt. 15, ¶ 4.3) but provides no evidence of commercial activity, relying entirely on speculative claims of future use and citing protected speech activities. The absence of voter confusion further negates any deceptive effect. Without trade, commerce, confusion, or factual support, the *RCW 19.86* claim is implausible and must be dismissed.

**3. The Complaint Should Be Dismissed for Insufficient Service of Process (Rule 12(b)(5))**

The amended complaint should be dismissed for insufficient service under *Rule 12(b)(5)*. Plaintiff attempted service on June 13, 2025, but Defendants were not properly served documents (Dkt. 29, p. 3). Defective / improper service constitutes "good cause" for failing to waive service. *Fed. R. Civ. P. 4(d)(2)*. Plaintiff's counsel, Conner Edwards, has a pattern of improper service tactics, as evidenced by a Pierce County Superior Court ruling allowing Edwards to be added as a defendant for intrusive service attempts (Case No. 25-2-07709-3; Dkt. 29, p. 3). Without proper service, the court lacks jurisdiction over Defendants, warranting dismissal or, alternatively, an order for re-service.

**4. Alternative Grounds: Plaintiff's Claims Are Barred by Available Administrative Remedies**

Plaintiff falsely claims it lacks an adequate remedy at law (Dkt. 15, ¶ 4.7), necessitating injunctive relief. However, Washington law provides administrative procedures through the Secretary of State to challenge nonprofit name usage. *RCW 24.03A.245(2)* allows the Secretary to refuse or cancel a nonprofit's registration if its name is not distinguishable from an existing entity's name, and *WAC 434-112-085* permits third parties to object to a name's registration. Plaintiff could have pursued these remedies to address Crowl PCRP Corp.'s name but refused to do so, undermining its claim of irreparable harm and need for judicial intervention. This available remedy, coupled with the absence of commercial use or voter confusion, warrants dismissal. See *Los Angeles Mem'l Coliseum Comm'n v. NFL, 791 F.2d 1356, 1360 (9th Cir. 1986)* (injunctive relief unavailable when adequate legal remedies exist).

**5. Alternative Grounds: Plaintiff's Claims Are Barred by the First Amendment**

Even if the complaint states a claim, it is barred by the *First Amendment*. Defendants' actions—expressive political discourse via mere registration of a nonprofit and social media discussions about it, as affirmed by third-party declarations (Dkt. Nos. 32–39) — are core political speech,

protected as satire and criticism. *Falwell v. Flynt, 485 U.S. at 53*. Crowl's PCO status (elected official for the Republican Party) reinforces the political context. Plaintiff's attempt to enjoin Defendants' speech (Dkt. 15, ¶ 5.1) constitutes a prior restraint, impermissible under the *First Amendment*. *Near v. Minnesota, 283 U.S. 697, 713–14 (1931)*. The absence of voter confusion, commercial activity, and evidence of infringement, coupled with speculative allegations, further shields Defendants' actions, requiring dismissal.

## IV. CONCLUSION

Plaintiff's First Amended Complaint fails to state a claim under the *Lanham Act* and *RCW 19.86* because Defendants' purely expressive, non-commercial political discourse on Facebook and X, affirmed by third-party declarations (Dkt. Nos. 32–39), caused no voter confusion and is protected by the *First Amendment*. Plaintiff's reliance on conclusory, speculative claims of potential future use, without evidence of commercial activity, is insufficient, and its false claim of no adequate remedy at law (Dkt. 15, ¶ 4.7) ignores administrative procedures and other remedies under *RCW 24.03A.245* and *WAC 434-112-085*. Improper service further warrants dismissal under *Rule 12(b)(5)*. Defendants respectfully request that the Court dismiss the complaint with prejudice and grant such other relief as it deems just.

---

**DATED: July 8, 2025**

**Respectfully submitted,**
/s/ Eric Crowl
**Eric Crowl, Pro Se, Defendant**
*on behalf of himself, Pierce County Republican Party (nonprofit corporation), and Washington47 PAC (nonprofit corporation)*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

PIERCE COUNTY REPUBLICAN PARTY (an unincorporated association)

*Plaintiff*,

v.

ERIC CROWL (*an individual*),

PIERCE COUNTY REPUBLICAN PARTY (a *nonprofit corporation*),

WASHINGTON47 PAC (*a nonprofit corporation*),

*Defendants*

**Case No:** 3:25-cv-05251-SKV

**DECLARATION OF ANDRÉA DELAPLANE IN SUPPORT OF DEFENDANTS**

## DECLARATION

**COMES NOW,** Declarant, Andréa Delaplane, in support of all named Defendants in suit herein, and declares that the following facts are true:

1. I am a lawful resident of the State of Washington.
2. I know it to be certain that the use of the name "Pierce County Republican Party" has been used as a protected-speech exercise by Defendants, namely:
   a. To bring public attention to the Plaintiff's failure to register and secure their namesake(s); and
   b. To mock, parody, criticize, and otherwise make fun of Plaintiff in various capacities.
3. I know it to be certain that no named Defendants in suit herein have conducted any trade (including solicitation, production, manufacture, or sale of goods or services) while claiming to be Plaintiff.
4. I know it to be certain that all named Defendants have clearly presented, posted, published, and repeatedly explained in a very public way that the Pierce County Republican Party

(nonprofit corporation) is distinct from Plaintiff – including by posting distinct licensing and registration documents.

**5.** I know it to be certain that Plaintiff has a bad trade reputation across the State of Washington – namely for abusively and harassingly targeting political opponents (including Defendants) and their associates (up to and including engaging in widespread smear campaigns).

**6.** I know it to be certain that all Defendants named in suit herein operate transparently and provide wide public input and notice on all matters (including the matters referenced in suit herein).

**7.** I know it to be certain any X Spaces conducted and any X or Facebook posts made by any of the Defendants named in suit herein were for the purpose of protected-speech activities and that no trade was conducted in any of these posts under Plaintiff's contended marks.

**WHEREAS,** Declarant hereby submits this information to the court.

---

**I declare that the statements made herein are true and correct, to the best of my ability and recollection, and made in good faith.**

Signed by:
Andréa Delaplane
3F2DCE72EC2B4AE...

4/9/2025

**Andréa Delaplane, Declarant** **Date**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY (an unincorporated association)<br><br>*Plaintiff*,<br><br>v.<br><br>ERIC CROWL (*an individual*),<br><br>PIERCE COUNTY REPUBLICAN PARTY (a *nonprofit corporation*),<br><br>WASHINGTON47 PAC (*a nonprofit corporation*),<br><br>*Defendants* | **Case No:** 3:25-cv-05251-SKV<br><br>**DECLARATION OF ANDREW OLSON IN SUPPORT OF DEFENDANTS** |

## DECLARATION

**COMES NOW,** Declarant, Andrew Olson, in support of all named Defendants in suit herein, and declares that the following facts are true:

1. I am a lawful resident of the State of Washington.
2. I know it to be certain that the use of the name "Pierce County Republican Party" has been used as a protected-speech exercise by Defendants, namely:
   a. To bring public attention to the Plaintiff's failure to register and secure their namesake(s); and
   b. To mock, parody, criticize, and otherwise make fun of Plaintiff in various capacities.
3. I am not aware of any of the Defendants named in suit herein conducting any trade (including solicitation, production, manufacture, or sale of goods or services) while claiming to be Plaintiff.
4. I know it to be certain that all named Defendants have clearly presented, posted, published, and repeatedly explained in a very public way that the Pierce County Republican Party

(nonprofit corporation) is distinct from Plaintiff – including by posting distinct licensing and registration documents.

**5.** I know it to be certain that Plaintiff has a bad trade reputation across the State of Washington – namely for abusively and harassingly targeting political opponents (including Defendants) and their associates (up to and including engaging in widespread smear campaigns).

**6.** I know it to be certain that all Defendants named in suit herein operate transparently and provide wide public input and notice on all matters (including the matters referenced in suit herein).

**7.** I know it to be certain any X Spaces conducted and any X or Facebook posts made by any of the Defendants named in suit herein were for the purpose of protected-speech activities and that no trade was conducted in any of these posts under Plaintiff's contended marks.

**WHEREAS,** Declarant hereby submits this information to the court.

---

**I declare that the statements made herein are true and correct, to the best of my ability and recollection, and made in good faith.**

DocuSigned by:
Andrew E Olson
B6CFB70DFEF0471...

4/10/2025

**Andrew Olson, Declarant** **Date**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

PIERCE COUNTY REPUBLICAN PARTY (an unincorporated association)

*Plaintiff*,

v.

ERIC CROWL (*an individual*),

PIERCE COUNTY REPUBLICAN PARTY (a *nonprofit corporation*),

WASHINGTON47 PAC (*a nonprofit corporation*),

*Defendants*

**Case No:** 3:25-cv-05251-SKV

**DECLARATION OF BRADLEY CHANEY IN SUPPORT OF DEFENDANTS**

**DECLARATION**

**COMES NOW,** Declarant, Bradley Chaney, in support of all named Defendants in suit herein, and declares that the following facts are true:

1. I am a lawful resident of the State of Washington.
2. I know it to be certain that the use of the name "Pierce County Republican Party" has been used as a protected-speech exercise by Defendants, namely:
   a. To bring public attention to the Plaintiff's failure to register and secure their namesake(s); and
   b. To mock, parody, criticize, and otherwise make fun of Plaintiff in various capacities.
3. I know it to be certain that no named Defendants in suit herein have conducted any trade (including solicitation, production, manufacture, or sale of goods or services) while claiming to be Plaintiff.
4. I know it to be certain that all named Defendants have clearly presented, posted, published, and repeatedly explained in a very public way that the Pierce County Republican Party

(nonprofit corporation) is distinct from Plaintiff – including by posting distinct licensing and registration documents.

**5.** I know it to be certain that Plaintiff has a bad trade reputation across the State of Washington – namely for abusively and harassingly targeting political opponents (including Defendants) and their associates (up to and including engaging in widespread smear campaigns).

**6.** I know it to be certain that all Defendants named in suit herein operate transparently and provide wide public input and notice on all matters (including the matters referenced in suit herein).

**7.** I know it to be certain any X Spaces conducted and any X or Facebook posts made by any of the Defendants named in suit herein were for the purpose of protected-speech activities and that no trade was conducted in any of these posts under Plaintiff's contended marks.

**WHEREAS,** Declarant hereby submits this information to the court.

---

**I declare that the statements made herein are true and correct, to the best of my ability and recollection, and made in good faith.**

Signed by:



DA8408B5301E496...

4/10/2025

**Bradley Chaney, Declarant** **Date**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY (an unincorporated association)<br><br>*Plaintiff*,<br><br>v.<br><br>ERIC CROWL (*an individual*),<br><br>PIERCE COUNTY REPUBLICAN PARTY (a *nonprofit corporation*),<br><br>WASHINGTON47 PAC (*a nonprofit corporation*),<br><br>*Defendants* | **Case No:** 3:25-cv-05251-SKV<br><br>**DECLARATION OF CRAIG FLETCHER IN SUPPORT OF DEFENDANTS** |

## DECLARATION

**COMES NOW,** Declarant, Craig Fletcher, in support of all named Defendants in suit herein, and declares that the following facts are true:

1. I am a lawful resident of the State of Washington.
2. I know it to be certain that the use of the name "Pierce County Republican Party" has been used as a protected-speech exercise by Defendants, namely:
   a. To bring public attention to the Plaintiff's failure to register and secure their namesake(s); and
   b. To mock, parody, criticize, and otherwise make fun of Plaintiff in various capacities.
3. I know it to be certain that no named Defendants in suit herein have conducted any trade (including solicitation, production, manufacture, or sale of goods or services) while claiming to be Plaintiff.
4. I know it to be certain that all named Defendants have clearly presented, posted, published, and repeatedly explained in a very public way that the Pierce County Republican Party

(nonprofit corporation) is distinct from Plaintiff – including by posting distinct licensing and registration documents.

**5.** I know it to be certain that Plaintiff has a bad trade reputation across the State of Washington – namely for abusively and harassingly targeting political opponents (including Defendants) and their associates (up to and including engaging in widespread smear campaigns).

**6.** I know it to be certain that all Defendants named in suit herein operate transparently and provide wide public input and notice on all matters (including the matters referenced in suit herein).

**7.** I know it to be certain any X Spaces conducted and any X or Facebook posts made by any of the Defendants named in suit herein were for the purpose of protected-speech activities and that no trade was conducted in any of these posts under Plaintiff's contended marks.

**WHEREAS,** Declarant hereby submits this information to the court.

---

**I declare that the statements made herein are true and correct, to the best of my ability and recollection, and made in good faith.**

DocuSigned by:
CRAIG FLETCHER
73F8A6411C1F439...

4/10/2025

**Craig Fletcher, Declarant** **Date**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY<br>(an unincorporated association)<br><br>*Plaintiff*,<br><br>v.<br><br>ERIC CROWL (*an individual*),<br><br>PIERCE COUNTY REPUBLICAN PARTY<br>(a *nonprofit corporation*),<br><br>WASHINGTON47 PAC<br>(*a nonprofit corporation*),<br><br>*Defendants* | **Case No:** 3:25-cv-05251-SKV<br><br>**DECLARATION OF**<br>**DAWN HOUGHTON**<br>**IN SUPPORT OF DEFENDANTS** |

## DECLARATION

**COMES NOW,** Declarant, Dawn Houghton, in support of all named Defendants in suit herein, and declares that the following facts are true:

1. I am a lawful resident of the State of Washington.
2. I know it to be certain that the use of the name "Pierce County Republican Party" has been used as a protected-speech exercise by Defendants, namely:
    a. To bring public attention to the Plaintiff's failure to register and secure their namesake(s); and
    b. To mock, parody, criticize, and otherwise make fun of Plaintiff in various capacities.
3. I know it to be certain that no named Defendants in suit herein have conducted any trade (including solicitation, production, manufacture, or sale of goods or services) while claiming to be Plaintiff.
4. I know it to be certain that all named Defendants have clearly presented, posted, published, and repeatedly explained in a very public way that the Pierce County Republican Party

(nonprofit corporation) is distinct from Plaintiff – including by posting distinct licensing and registration documents.

**5.** I know it to be certain that Plaintiff has a bad trade reputation across the State of Washington – namely for abusively and harassingly targeting political opponents (including Defendants) and their associates (up to and including engaging in widespread smear campaigns).

**6.** I know it to be certain that all Defendants named in suit herein operate transparently and provide wide public input and notice on all matters (including the matters referenced in suit herein).

**7.** I know it to be certain any X Spaces conducted and any X or Facebook posts made by any of the Defendants named in suit herein were for the purpose of protected-speech activities and that no trade was conducted in any of these posts under Plaintiff's contended marks.

**WHEREAS,** Declarant hereby submits this information to the court.

---

**I declare that the statements made herein are true and correct, to the best of my ability and recollection, and made in good faith.**

Signed by:
Dawn Houghton
E78B588567DC4BE...

4/10/2025

**Dawn Houghton, Declarant** **Date**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY (an unincorporated association) | **Case No:** 3:25-cv-05251-SKV |
| *Plaintiff*, | **DECLARATION OF ROBERT FRANCIS SAXTON IN SUPPORT OF DEFENDANTS** |
| v. | |
| ERIC CROWL (*an individual*), | |
| PIERCE COUNTY REPUBLICAN PARTY (a *nonprofit corporation*), | |
| WASHINGTON47 PAC (*a nonprofit corporation*), | |
| *Defendants* | |

## DECLARATION

**COMES NOW,** Declarant, Robert Francis Saxton, in support of all named Defendants in suit herein, and declares that the following facts are true:

1. I am a lawful resident of the State of Washington.
2. I know it to be certain that the use of the name "Pierce County Republican Party" has been used as a protected-speech exercise by Defendants, namely:
   a. To bring public attention to the Plaintiff's failure to register and secure their namesake(s); and
   b. To mock, parody, criticize, and otherwise make fun of Plaintiff in various capacities.
3. I know it to be certain that no named Defendants in suit herein have conducted any trade (including solicitation, production, manufacture, or sale of goods or services) while claiming to be Plaintiff.
4. I know it to be certain that all named Defendants have clearly presented, posted, published, and repeatedly explained in a very public way that the Pierce County Republican Party

(nonprofit corporation) is distinct from Plaintiff – including by posting distinct licensing and registration documents.

**5.** I know it to be certain that Plaintiff has a bad trade reputation across the State of Washington – namely for abusively and harassingly targeting political opponents (including Defendants) and their associates (up to and including engaging in widespread smear campaigns).

**6.** I know it to be certain that all Defendants named in suit herein operate transparently and provide wide public input and notice on all matters (including the matters referenced in suit herein).

**7.** I know it to be certain any X Spaces conducted and any X or Facebook posts made by any of the Defendants named in suit herein were for the purpose of protected-speech activities and that no trade was conducted in any of these posts under Plaintiff's contended marks.

**WHEREAS,** Declarant hereby submits this information to the court.

---

**I declare that the statements made herein are true and correct, to the best of my ability and recollection, and made in good faith.**

Signed by:
Robert Francis Saxton
16B54DB342B14A3...

4/10/2025

**Robert Francis Saxton, Declarant** **Date**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY<br>(an unincorporated association)<br><br>*Plaintiff*,<br><br>v.<br><br>ERIC CROWL (*an individual*),<br><br>PIERCE COUNTY REPUBLICAN PARTY<br>(a *nonprofit corporation*),<br><br>WASHINGTON47 PAC<br>(*a nonprofit corporation*),<br><br>*Defendants* | **Case No:** 3:25-cv-05251-SKV<br><br>**DECLARATION OF**<br>**SHANNON ZIMMERLY**<br>**IN SUPPORT OF DEFENDANTS** |

**DECLARATION**

**COMES NOW,** Declarant, Shannon Zimmerly, in support of all named Defendants in suit herein, and declares that the following facts are true:

1. I am a lawful resident of the State of Washington.
2. I know it to be certain that the use of the name "Pierce County Republican Party" has been used as a protected-speech exercise by Defendants, namely:
   a. To bring public attention to the Plaintiff's failure to register and secure their namesake(s); and
   b. To mock, parody, criticize, and otherwise make fun of Plaintiff in various capacities.
3. I know it to be certain that no named Defendants in suit herein have conducted any trade (including solicitation, production, manufacture, or sale of goods or services) while claiming to be Plaintiff.
4. I know it to be certain that all named Defendants have clearly presented, posted, published, and repeatedly explained in a very public way that the Pierce County Republican Party

(nonprofit corporation) is distinct from Plaintiff – including by posting distinct licensing and registration documents.

**5.** I know it to be certain that Plaintiff has a bad trade reputation across the State of Washington – namely for abusively and harassingly targeting political opponents (including Defendants) and their associates (up to and including engaging in widespread smear campaigns).

**6.** I know it to be certain that all Defendants named in suit herein operate transparently and provide wide public input and notice on all matters (including the matters referenced in suit herein).

**7.** I know it to be certain any X Spaces conducted and any X or Facebook posts made by any of the Defendants named in suit herein were for the purpose of protected-speech activities and that no trade was conducted in any of these posts under Plaintiff's contended marks.

**WHEREAS,** Declarant hereby submits this information to the court.

---

**I declare that the statements made herein are true and correct, to the best of my ability and recollection, and made in good faith.**

DocuSigned by:



4767BAFD0C1140B...

4/10/2025

**Shannon Zimmerly, Declarant** **Date**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PIERCE COUNTY REPUBLICAN PARTY (an unincorporated association) *Plaintiff*, v. ERIC CROWL (*an individual*), PIERCE COUNTY REPUBLICAN PARTY (a *nonprofit corporation*), WASHINGTON47 PAC (*a nonprofit corporation*), *Defendants* | **Case No:** 3:25-cv-05251-SKV **DECLARATION OF TED GREEN IN SUPPORT OF DEFENDANTS** |

## DECLARATION

**COMES NOW,** Declarant, Ted Green, in support of all named Defendants in suit herein, and declares that the following facts are true:

1. I am a lawful resident of the State of Washington.
2. I know it to be certain that the use of the name "Pierce County Republican Party" has been used as a protected-speech exercise by Defendants, namely:
    a. To bring public attention to the Plaintiff's failure to register and secure their namesake(s); and
    b. To mock, parody, criticize, and otherwise make fun of Plaintiff in various capacities.
3. I know it to be certain that no named Defendants in suit herein have conducted any trade (including solicitation, production, manufacture, or sale of goods or services) while claiming to be Plaintiff.
4. I know it to be certain that all named Defendants have clearly presented, posted, published, and repeatedly explained in a very public way that the Pierce County Republican Party

(nonprofit corporation) is distinct from Plaintiff – including by posting distinct licensing and registration documents.

**5.** I know it to be certain that Plaintiff has a bad trade reputation across the State of Washington – namely for abusively and harassingly targeting political opponents (including Defendants) and their associates (up to and including engaging in widespread smear campaigns).

**6.** I know it to be certain that all Defendants named in suit herein operate transparently and provide wide public input and notice on all matters (including the matters referenced in suit herein).

**7.** I know it to be certain any X Spaces conducted and any X or Facebook posts made by any of the Defendants named in suit herein were for the purpose of protected-speech activities and that no trade was conducted in any of these posts under Plaintiff's contended marks.

**WHEREAS,** Declarant hereby submits this information to the court.

---

**I declare that the statements made herein are true and correct, to the best of my ability and recollection, and made in good faith.**

Signed by:
7901ABD71CCB4B1...

4/11/2025

**Ted Green, Declarant** **Date**